UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MPH TECHNOLOGIES OY,<br>　　　　Plaintiff,<br>　　v.<br>APPLE, INC.,<br>　　　　Defendant. | Case No. 18-cv-05935-PJH<br><br>**ORDER STAYING CASE PENDING IPR AND VACATING HEARING**<br>Re: Dkt. No. 48 |

Before the court is defendant Apple Inc.'s ("Apple") motion to stay pending inter partes review ("IPR"). Dkt. 48. Plaintiff filed neither an opposition nor a statement of non-opposition to Apple's motion, in violation of Civil Local Rule 7-3(b), and the deadline to do so has passed. Apple has represented that plaintiff does not oppose the motion. Dkt. 48 at 1–2. Plaintiff also indicated in a letter to the court that it did not anticipate opposing Apple's motion, if filed. Dkt. 46. The matter is suitable for decision without oral argument. Accordingly, the hearing set for May 8, 2019 is VACATED. Having read the motion and carefully considered the arguments and the relevant legal authority, and good cause appearing, the court hereby GRANTS defendant's motion to stay pending IPR.

A court may stay proceedings as part of its inherent power "to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." Landis v. N. Am. Co., 299 U.S. 248, 254 (1936); Ethicon, Inc. v. Quigg, 849 F.2d 1422, 1426–27 (Fed. Cir. 1988) ("Courts have inherent power to manage their dockets and stay proceedings, including the authority to order a stay pending conclusion of a PTO reexamination."). Use of this power "calls for the exercise

of judgment, which must weigh competing interests and maintain an even balance." Landis, 299 U.S. at 254–55.

In determining whether to stay an action pending IPR, courts consider "(1) whether discovery is complete and whether a trial date has been set; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party." Evolutionary Intelligence, LLC v. Facebook, Inc., Case No. 13-cv-4202-SI, 2014 WL 261837, at *1 (N.D. Cal. Jan. 23, 2014); accord Uniloc United States of Am., Inc. v. Apple Inc., Case No. 18-cv-00361-PJH, 2018 WL 2387855, at *1 (N.D. Cal. May 25, 2018).

Those factors support staying this action. First, the litigation is still in an early phase. The first case management conference has not yet taken place, and the parties jointly informed the court that the previously-scheduled CMC may "no longer [be] necessary" in anticipation of Apple's unopposed motion to stay. Dkt. 46 at 1. No deadlines have been set by the court, and no trial date is set.

Second, the IPR petitions could clarify and simplify the issues for trial. The parties agree that Apple's promptly-filed IPR petitions, along with this stay, "will promote judicial efficiency and conserve party resources in this litigation." Dkt. 46 at 1. "Because there is a potential for the IPR process to narrow the issues in this case, the parties also agree, with the Court's approval, not to exchange contentions and associated documents required under the Patent Local Rules or engage in other discovery at this time." Id.

Third, given the statements from both parties, the court finds that a stay would not unduly prejudice or present a clear tactical disadvantage to the non-moving party.

**CONCLUSION**

For the foregoing reasons, defendant's motion to stay this action pending final resolution of its IPRs challenging the patents asserted in this action is GRANTED, and

/ / /

/ / /

/ / /

the hearing scheduled for May 8, 2019 is VACATED.

**IT IS SO ORDERED.**

Dated: April 26, 2019

_____
PHYLLIS J. HAMILTON
United States District Judge