Patricia L. Peden, Esq. (SBN 206440)
ppeden@bwslaw.com
BURKE, WILLIAMS & SORENSEN, LLP
1901 Harrison Street, Suite 900
Oakland, CA 94612
Phone: (510) 273.8780
Fax: (510) 839.9104

Christopher J. Lee (*pro hac vice*)
clee@leesheikh.com
David J. Sheikh (*pro hac vice*)
dsheikh@leesheikh.com
Brian E. Haan (*pro hac vice*)
bhaan@leesheikh.com
Ashley E. LaValley (*pro hac vice*)
alavalley@leesheikh.com
Dragan Gjorgiev (*pro hac vice*)
dgjorgiev@leesheikh.com
James D. Mitchell (*pro hac vice*)
jmitchell@leesheikh.com
LEE SHEIKH & HAAN LLC
111 West Jackson Boulevard, Suite 2230
Chicago, IL 60604
Phone: (312) 982-0070
Fax: (312) 982-0071

Attorneys for Plaintiff
MPH TECHNOLOGIES OY

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| MPH TECHNOLOGIES OY,<br><br>                Plaintiff,<br><br>  v.<br><br>APPLE INC.,<br><br>                Defendant. | CASE NO. 3:18-cv-05935-TLT<br><br>**PLAINTIFF MPH TECHNOLOGIES OY'S RE-NOTICE OF MOTION AND UNOPPOSED MOTION TO LIFT STAY**<br><br>Date: April 25, 2023<br>Time: 2:00 p.m.<br>Place: San Francisco Courthouse, Courtroom 9<br>Judge: Hon. Trina L. Thompson |

**RE-NOTICE OF MOTION AND UNOPPOSED MOTION**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that, should the Court hold a hearing on this unopposed motion, on April 25, 2023, at 2:00 p.m., or as soon thereafter as the matter may be heard, in the courtroom of the Honorable Trina L. Thompson at the United States District Court for the Northern District of California, San Francisco Division, located at 450 Golden Gate Avenue, San Francisco, CA 94102, MPH Technologies OY ("MPH") will and hereby does move the Court to lift the stay of this action as set forth in this Court's Order of April 26, 2019 (Dkt. No. 49).

Lifting of the stay is warranted because all of the *inter partes* reviews ("IPR") that were the original basis for the stay have now been fully resolved, with the exception of the IPR of one patent that MPH has now dismissed from this lawsuit in the interest of proceeding with this litigation expeditiously. (Dkt. No. 65.) In connection with MPH's dismissal of that patent from this lawsuit, Defendant Apple Inc. ("Apple") has agreed not to oppose this motion. (Dkt. No. 63 at 3 ("Apple does not oppose MPH's motion [to lift the stay].").)

This motion is based on this re-notice of motion and motion; the supporting memorandum of points and authorities; the accompanying Declaration of Ashley E. LaValley in Support of this Unopposed Motion ("LaValley Decl."); all pleadings, papers, and records on file in this action; and such additional evidence and arguments as may hereinafter be presented.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.    INTRODUCTION**

MPH respectfully requests that the Court lift the stay of this case. In Spring 2019, the Court granted Apple's unopposed motion for a stay based on then-pending petitions for *inter partes* review ("IPR") filed by Apple directed to the eight patents originally asserted in this case. This Court stayed this action pending IPR because of the possibility that review by the Patent Trial and Appeal Board ("PTAB") concerning those eight patents-in-suit would simplify the issues in the litigation, reduce the burden of litigation on the parties and the Court, and/or eliminate the need for trial entirely if the challenged patents were invalidated. The circumstances have now changed, and none of those goals is served by further delay of proceedings.

After four years of proceedings before the PTAB and the Federal Circuit, the IPRs for seven of the eight patents initially asserted in this litigation have now been fully and finally resolved. Only three claims (claims 4-6) of U.S. Patent No. 7,620,810 (the "'810 patent") are subject to further consideration by the PTAB following a vacatur and remand by the Federal Circuit, and after MPH disclaimed certain claims of the '810 patent and U.S. Patent No. 7,937,581 (the "'581 patent") that were also remanded to the PTAB. To proceed with this litigation before the Court without further delays, MPH has dismissed its claims of infringement of the '810 patent from this lawsuit with prejudice, and Apple has dismissed its corresponding counterclaims. (Dkt. No. 65.) Thus, all events giving rise to the stay and having any further effect on this proceeding have been resolved completely. This case is ready to resume, and there is no reason for further delay.

Accordingly, MPH requests that the Court lift the stay and set a status conference to discuss the remaining schedule in this case. Pursuant to an agreement of the parties to dismiss all claims and counterclaims involving the '810 patent, Apple has also agreed to not oppose a motion to lift the stay. (Dkt. No. 63 at 3 ("Apple does not oppose MPH's motion [to lift the stay].").)

## II.   STATEMENT OF FACTS

On September 27, 2018, MPH filed its complaint against Apple in this Court. (Dkt. No. 1). MPH's Complaint alleged that Apple infringed and continues to infringe eight of MPH's patents, the '810 patent, the '581 patent, and US. Patent Nos. 8,346,949 ("the '949 patent"), 9,762,397 (the "'397 patent"), U.S. Patent No. 8,037,302 (the "'302 patent"), U.S. Patent No. 9,712,494 (the "'494 patent"), U.S. Patent No. 9,712,502 (the "'502 patent"), and U.S. Patent No 9,838,362 (the "'362 patent") (collectively, the "Asserted Patents"). Apple filed its Answer and Counterclaims on November 26, 2018. (Dkt. No. 38.) MPH filed an Answer to Apple's counterclaims on December 17, 2018. (Dkt. No. 40.) The parties filed a Joint Case Management Statement on January 3, 2019 that notified the Court of the parties' agreed scheduling proposal in view of Apple's plan to file IPR petitions. (Dkt. No. 45 at 8-9.)

Between March 27, 2019, and March 29, 2019, Apple filed eight IPR petitions arguing that each of the asserted claims of the Asserted Patents are invalid. On March 29, 2019, Apple moved

the Court to stay proceedings in this action pending *inter partes* review. (Dkt. No. 48.) MPH did not oppose Apple's motion. On April 26, 2019, the Court entered an order granting Apple's motion to stay. (Dkt. No. 49.)

The PTAB denied institution for the requested IPRs of two of the Asserted Patents, the '949 patent and the '397 patent. *See* LaValley Decl. at ¶¶2-3, Exs. A and B (Orders denying Institution). For the six remaining Asserted Patents, the PTAB instituted IPRs and rendered Final Written Decisions upholding the patentability of the claims of each of the patents in whole or in part. *See* LaValley Decl. at ¶¶4-9, Exs. C-H (Final Written Decisions).

Following appeals by Apple, the Federal Circuit affirmed the PTAB's patentability determinations for the claims of four patents, namely, the '302 patent, '494 patent, '502 patent, and '362 patent. *See Apple Inc. v. MPH Techs. Oy*, 28 F.4th 254 (Fed. Cir. 2022) (affirming PTAB's final written decisions on '494 patent, '502 patent, and '362 patent) (attached as LaValley Decl., Ex. I); *Apple Inc. v. MPH Techs. Oy*, No. 2021-1387, 2022 WL 215129 (Fed. Cir. Jan. 25, 2022) (affirming PTAB's final written decision on '302 Patent) (attached as LaValley Decl., Ex. J).

As to the remaining two Asserted Patents, the Federal Circuit affirmed the PTAB's finding that Apple failed to meet its burden of proving invalidity of claims 6-8 of the '581 patent, but vacated and remanded the PTAB's patentability findings as to claim 4 of the '581 patent and claims 1-6 of the '810 patent based on what it determined was an "erroneous claim construction" of a claim term. *See Apple Inc. v. MPH Techs. Oy*, Nos. 2021-1355, 2021-1356, 2022 WL 4103286, at *8 (Fed. Cir. Sept. 8, 2022) (attached as LaValley Decl., Ex. K).

Following the Federal Circuit's decision on the '581 and '810 patents, in the interest of narrowing the remaining issues before the PTAB, MPH disclaimed claim 4 of the '581 patent and claims 1-3 of the '810 patent, leaving only the validity of claims 4-6 of the '810 patent pending on remand before the PTAB. *See* LaValley Decl. at ¶¶13-14, Exs. L & M. In connection with Apple's agreement not to oppose this motion to lift the stay (*see* Dkt. No. 63 at 3), and in the interest of finally moving this case forward more than four years after the filing of the complaint, the parties entered a joint stipulation dismissing all claims and counterclaims involving the '810 patent in this

action, which was entered by the Court on January 11, 2023. (Dkt. Nos. 64-65.) Therefore, all IPR proceedings and related appeals as to the remaining asserted claims in this litigation have been exhausted, the stay should be lifted, and the case should resume.

### III.     LEGAL STANDARD

"A court may lift a stay if the circumstances supporting the stay have changed such that the stay is no longer appropriate." *Murata Mach. USA v. Daifuku Co.,* 830 F.3d 1357, 1361 (Fed. Cir. 2016).  The standard for determining whether an existing stay should remain in place is the same as the standard for determining whether a court should impose a stay in the first place. *Oyster Optics, LLC v. Ciena Corp*, No. 17-cv-5920-JSW, 2019 WL 4729468, at *2 (N.D. Cal. Sept. 23, 2019) (citing *Smart Modular Techs., Inc. v. Netlist, Inc.*, No. 12-cv-2319, 2016 WL 5159524, at *2 (E.D. Cal. Sept. 21, 2016)).

"District courts have broad discretion to stay judicial proceedings pending the conclusion of *inter partes* review." *Juno Therapeutics, Inc. v. Kite Pharma*, No. 17-cv-07639, 2018 WL 1470594, at *6 (C.D. Cal. Mar 8, 2018); *see also Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426–27 (Fed. Cir. 1988) (the court has the "inherent power" to manage its own docket, and decisions regarding stays are within the court's discretion). However, "[t]he proponent of a stay bears the burden of establishing its need." *Clinton v. Jones*, 520 U.S. 681, 708 (1997).

When deciding whether to establish or lift a stay of the proceedings, the Court considers (1) the stage of the litigation, including the status of discovery and whether the matter has been set for trial; (2) whether a stay will unduly prejudice or tactically disadvantage the party opposing the stay; and (3) whether a stay will simplify the issues in question and streamline the trial. *Oyster Optics*, 2019 WL 4729468, at *2 (citing *VirtualAgility, Inc. v. Salesforce.com, Inc.*, 759 F.3d 1307, 1309 (Fed. Cir. 2014); *In re Cygnus Telecom. Tech., LLC Patent Litig.*, 385 F. Supp. 2d 1022, 1023 (N.D. Cal. 2005)). "A court may also examine the 'totality of the circumstances' to determine whether a stay is appropriate. *Id.* (citing *Netlist, Inc. v. Smart Storage Sys, Inc.*, No. 13-cv-5889-YGR, 2014 WL 4145412, at *1 (N.D. Cal. Aug. 21, 2014)).

IV.     **ARGUMENT**

        A.     **The Litigation Will Remain at an Early Stage Unless the Stay Is Lifted**

MPH acknowledges that this case was stayed when it was at an early stage, prior to discovery and before any trial date had been set. "However, the existence of a stay, on its own, does not justify its perpetuation: this case would remain frozen in its nascent stage if the Court continued the stay." *Oyster Optics*, 2019 WL 4729468, at *2 (citing *Milwaukee Elec. Tool Corp. v. Hilti, Inc.*, No. 14-cv-1288, 2016 WL 7495808, at *2 (E.D. Wis. Dec. 30, 2016) ("Yet until the stay in this case is lifted, there will always be a great deal of discovery remaining.")). This case, which has been pending for over four years, cannot advance unless and until the stay is lifted. As shown below, there is no justification for keeping the stay in place.

        B.     **There Will Be No Further Simplification of Issues from the PTAB on the Asserted Patents Remaining in this Case**

As stated above, all IPR proceedings for the patents remaining in this lawsuit have now concluded, and there will be no further simplification of issues from the PTAB. Out of the initial eight IPR proceedings, only the IPR of claims 4-6 of the '810 patent remains pending following the Federal Circuit's vacatur and remand. But the parties have now dismissed their respective claims involving the '810 patent from this lawsuit. (Dkt. Nos. 64-65.)

Although the '581 patent is a continuation of the '810 patent, the patentability of claims 6-8 of the '581 patent has already been fully tried before the PTAB and affirmed by the Federal Circuit. *Apple Inc.*, 2022 WL 4103286, at **6-8 (LaValley Decl., Ex. K). Thus, further simplification of this case is unlikely to be achieved by waiting for the conclusion of the IPR proceedings for the '810 patent claims (no longer asserted in this case) or any possible appeals therefrom.

Courts have lifted stays even in cases where the IPR process had not been finally resolved for *all* of the patents in suit. For example, in *Oyster Optics*, the court lifted a stay where "all outstanding IPR issues are resolved as to two of the three patents in suit," despite a pending appeal from the IPR of the remaining patent, finding that "the case for simplification [was] quite different than it was when Defendant applied for the stay." *Oyster Optics*, 2019 WL 4729468, at *3 (citing

*Elm 3DS Innovations, LLC v. Samsung Elecs. Co., Ltd.*, No. 14-cv-1430-LPS-CJB, 2018 WL 1061370, at *2 (D. Del. Feb. 26, 2018)); *see also Elm 3DS Innovations, LLC*, 2018 WL 1061370, at *2 (lifting stay where appeals from IPRs on 11 of the 13 patents-in-suit remained pending). As recognized by the court in *Oyster Optics*, "this Court can adjust the scope of the litigation appropriately" even in the unlikely event that the remanded IPR proceedings for the '810 patent somehow implicate any issues in this case. *Oyster Optics*, 2019 WL 4729468, at *3.

All outstanding IPR issues have been fully resolved as to the seven remaining patents in the case. The potential for simplification and judicial economy that was sought by staying these proceedings pending IPR has been realized.

### C.   Additional Delay Would Prejudice MPH

The delay inherent to all stays does not, without more, normally constitute sufficient prejudice on its own. However, in this case, there is no good reason to allow any further delay in this case when all IPR proceedings for all seven remaining patents-in-suit are now fully resolved after four years before the PTAB and the Federal Circuit. *Elm 3DS Innovations*, 2018 WL 1061370, at *2 ("For a Plaintiff who filed this suit over three years ago, and who saw nearly all of its claims emerge unscathed in the PTAB, [months of further delay] is a long time to be asked to continue to wait."). This case is ready to resume.

## V.   CONCLUSION

For all the foregoing reasons, MPH respectfully asks that the Court grant its unopposed motion and enter an order lifting the stay on proceedings in this action.

| | | |
|---|---|---|
| 1 | Dated: January 18, 2023 | Respectfully submitted, |
| 2 | | */s/ Ashley E. LaValley* |
| 3 | | Attorneys for Plaintiff<br>*MPH TECHNOLOGIES OY* |

Patricia L. Peden, Esq. (SBN 206440)
ppeden@bwslaw.com
BURKE, WILLIAMS & SORENSEN, LLP
1901 Harrison Street, Suite 900
Oakland, CA 94612
Phone: (510) 273.8780
Fax: (510) 839.9104

Christopher J. Lee (*pro hac vice*)
clee@leesheikh.com
David J. Sheikh (*pro hac vice*)
dsheikh@leesheikh.com
Brian E. Haan (*pro hac vice*)
bhaan@leesheikh.com
Ashley E. LaValley (*pro hac vice*)
alavalley@leesheikh.com
Dragan Gjorgiev (*pro hac vice*)
dgjorgiev@leesheikh.com
James D. Mitchell (*pro hac vice*)
jmitchell@leesheikh.com
LEE SHEIKH & HAAN LLC
111 West Jackson Boulevard, Suite 2230
Chicago, IL 60604
Phone: (312) 982-0070
Fax: (312) 982-0071