Patricia L. Peden, Esq. (SBN 206440)
ppeden@bwslaw.com
BURKE, WILLIAMS & SORENSEN, LLP
1999 Harrison Street, Suite 1650
Oakland, CA 94612
Phone: (510) 273.8780
Fax: (510) 839.9104

Christopher J. Lee (*Pro Hac Vice*)
clee@leesheikh.com
David J. Sheikh (*Pro Hac Vice*)
dsheikh@leesheikh.com
Brian E. Haan (*Pro Hac Vice*)
bhaan@leesheikh.com
Ashley E. LaValley (*Pro Hac Vice*)
alavalley@leesheikh.com
Dragan Gjorgiev (*Pro Hac Vice*)
dgjorgiev@leesheikh.com
James D. Mitchell (*Pro Hac Vice*)
jmitchell@leesheikh.com
LEE SHEIKH & HAAN LLC
125 South Clark Street, Suite 1175
Chicago, IL 60603
Phone: (312) 982-0070
Fax: (312) 982-0071

Attorneys for Plaintiff
*MPH TECHNOLOGIES OY*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| MPH TECHNOLOGIES OY,<br><br>Plaintiff,<br><br>vs.<br><br>APPLE INC.,<br><br>Defendant. | Case No. 3:18-cv-05935-TLT<br><br>**MPH TECHNOLOGIES OY'S REPLY IN SUPPORT OF PARTIALLY AGREED MOTION FOR LEAVE TO AMEND INFRINGEMENT CONTENTIONS**<br><br>Date: March 19, 2024<br>Time: 2:00 P.M.<br>Place: San Francisco Courthouse, Courtroom 9<br>Judge: Hon. Trina L. Thompson |

# TABLE OF CONTENTS

**Page**

I.    INTRODUCTION .................................................................................................... 1

II.   MPH'S REQUEST FOR RELIEF ........................................................................... 1

III.  MPH DID NOT KNOW APPLE'S FINAL CLAIM CONSTRUCTIONS POSITIONS
      UNTIL THE JOINT CLAIM CONSTRUCTION STATEMENT AND, FOR
      "INTERMEDIATE COMPUTER," UNTIL THE HEARING ........................................ 2

IV.   MPH ACTED DILIGENTLY TO PREPARE AND SERVE ITS DOE CONTENTIONS
      AFTER BECOMING AWARE OF APPLE'S PROPOSED CONSTRUCTIONS ............ 5

      A.    Amendment to Add a Theory of Infringement Under the Doctrine of Equivalents
            is Not Subject to Higher Standard of Diligence Under the Rules .......................... 6

      B.    MPH Exercised Diligence Under Patent Local Rule 3-6(a) .................................... 8

V.    APPLE'S CLAIMS OF PREJUDICE LACK MERIT ............................................ 12

      A.    The Court Can Grant Leave to Amend When No Prejudice Exists .................... 12

      B.    Apple's Prejudice Argument Nullifies Patent Local Rule 3-6 ............................ 13

      C.    Apple's Vague Assertions of Prejudice are Insufficient for Denying MPH's
            Motion ................................................................................................................ 15

VI.   CONCLUSION ...................................................................................................... 15

1

**<u>TABLE OF AUTHORITIES</u>**

2

**Page(s)**

3

**Federal Cases**

4

*Advanced Micro Devices, Inc. v. LG Elecs., Inc.,*
5
    2017 WL 2774339 (N.D. Cal. June 26, 2017) ........................................................................ 14

6

*Apple Inc. v. Samsung Elecs. Corp.,*
    2012 WL 5632618 ((N.D. Cal. Nov. 15, 2012)...................................................................... 13
7

*Apple Inc. v. Samsung Elecs. Co.,*
8
    2013 WL 3246094 (N.D. Cal. June 26, 2013) ............................................................. 6, 8, 11

9

*Asetek Danmark A/S v. CoolIT Sys. Inc.,*
    2019 WL 7589209 (N.D. Cal. Dec. 30, 2019) ...................................................................... 15
10

11

*Asetek Danmark A/S v. CoolIT Sys. Inc.,*
    2020 WL 6562319 (N.D. Cal. Nov. 9, 2020)................................................................... 10, 14
12

*Cellspin Soft, Inc. v. Fitbit, Inc.,*
13
    2021 WL 4923380 (N.D. Cal. Aug. 10, 2021) ..................................................................... 6, 9

14

*ChriMar Sys. Inc. v. Cisco Sys., Inc.,*
15
    2015 WL 13449849 (N.D. Cal. May 14, 2015) ...................................................................... 9

16

*Dynetix Design Solutions Inc. v. Synopsys Inc.,*
    2012 WL 6019898 (N.D. Cal. Dec. 3, 2012) ........................................................................ 14
17

*Emblaze Ltd. v. Apple Inc.,*
18
    2013 U.S. Dist. LEXIS 132169 (N.D. Cal. Sept. 12, 2013).................................................... 9

19

*EON CorpIP Holdings LLC v. Aruba Networks Inc.,*
    2013 WL 6001179 (N.D. Cal. Nov. 12, 2013) ...................................................................... 10
20

*Finjan, Inc. v. Symantec Corp.,*
21
    2017 WL 4025219 (N.D. Cal. Sept. 13, 2017)...................................................................... 15

22

*Fujifilm Corp. v. Motorola Mobility, LLC,*
23
    2015 WL 757575 (N.D. Cal. Feb. 20, 2015)........................................................................... 7

24

*GPNE Corp. v. Apple Inc.,*
    2013 WL 6157930 (N.D. Cal. Nov. 22, 2013) ........................................................................ 9
25

26

*Illumina Inc. v. BGI Genomics Co.,*
    2021 WL 2400941 (N.D. Cal. June 11, 2021) ...................................................................... 15
27

*Impinj, Inc. v. NXP USA, Inc.,*
28
    2022 WL 2125135 (N.D. Cal. Jan. 14, 2022) ............................................................... 6, 9, 15

MPH TECHNOLOGIES OY'S REPLY IN SUPPORT OF PARTIALLY AGREED
MOTION FOR LEAVE TO AMEND INFRINGEMENT CONTENTIONS
CASE NO. 3:18-CV-05935-TLT

ii

*Karl Storz Endoscopy-Am., Inc. v. Stryker Corp.*,
  2016 WL 7386136 (N.D. Cal. Dec. 21, 2016) ............................................................ 4, 13, 14

*Looksmart Grp., Inc. v. Microsoft Corp.*,
  2019 WL 462987 (N.D. Cal. Feb. 6, 2019) ........................................................................ 4, 10

*Nitride Semiconductors Co. v. RayVio Corp.*,
  2018 WL 4214983 (N.D. Cal. Aug. 6, 2018) ............................................................................ 7

*Nuance Commc'ns, Inc. v. Abbyy Software House*,
  2012 WL 2427160 (N.D. Cal. June 26, 2012) ....................................................................... 11

*O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*,
  467 F.3d 1355 (Fed. Cir. 2006) ................................................................................................ 8

*Opticurrent, LLC v. Power Integrations, Inc.*,
  2017 WL 11392680 (N.D. Cal. Oct. 3, 2017) ....................................................................... 13

*PersonalWeb Techs. LLC v. GitHub Inc.*,
  2016 WL 3519292 (N.D. Cal. June 28, 2016) ......................................................................... 9

*Power Integrations, Inc. v. Fairchild Semiconductor Int'l., Inc.*,
  2013 WL 4604206 (N.D. Cal. Aug. 28, 2013) ...................................................................... 10

*Radware Ltd. v. F5 Networks, Inc.*,
  2014 WL 3728482 (N.D. Cal. Jan. 1, 2014) ...................................................................... 6, 11

*Tech. Licensing Corp. v. Blackmagic Design Pty Ltd.*,
  2014 WL 5499511 (N.D. Cal. Oct. 30, 2014) ....................................................................... 13

*Tech. Props. Ltd. LLC v. Canon, Inc.*,
  2016 WL 1360756 (N.D. Cal. Apr. 6, 2016) .................................................................... 10, 13

*THX, Ltd. v. Apple, Inc.*,
  2016 WL 178137 (N.D. Cal. Apr. 29, 2016) ......................................................................... 11

*Uniloc 2017 LLC v. Apple, Inc.*,
  2019 WL 8810168 (N.D. Cal. Dec. 16, 2019) ........................................................................ 8

*Vasudevan Software, Inc. v. Int'l Bus. Machs. Corp.*,
  2011 WL 940263 (N.D. Cal. Feb. 18, 2011) .................................................................... 11, 14

*Verinata Health, Inc. v. Ariosa Diagnostics, Inc.*,
  236 F. Supp. 3d 1110 (N.D. Cal. 2017) ................................................................................... 8

*Verinata Health, Inc. v. Sequenom, Inc.*,
  2014 WL 789197 (N.D. Cal. Feb. 26, 2014) ........................................................................ 10

*Via Techs., Inc. v. Asus Comp. Int'l*,
  2017 WL 396172 (N.D. Cal. Jan. 30, 2017) ......................................................................... 10

MPH TECHNOLOGIES OY'S REPLY IN SUPPORT OF PARTIALLY AGREED
MOTION FOR LEAVE TO AMEND INFRINGEMENT CONTENTIONS
CASE NO. 3:18-CV-05935-TLT

iii

*Word to Info, Inc. v. Facebook Inc.*,
    2016 WL 6276956 (N.D. Cal. Oct. 27, 2016) .................................................................. 11, 12

**Federal Statutes**

35 U.S.C. § 315(e)(2) ..................................................................................................... 15

MPH TECHNOLOGIES OY'S REPLY IN SUPPORT OF PARTIALLY AGREED
MOTION FOR LEAVE TO AMEND INFRINGEMENT CONTENTIONS
CASE NO. 3:18-CV-05935-TLT

iv

## I.   INTRODUCTION

Apple relies on documents as giving MPH notice of Apple's proposed claim constructions that either have *nothing* to do with the constructions on which MPH's motion is based or expressly state that they are *not* intended to reflect Apple's claim construction positions. In short, Apple cannot justifiably deny that MPH exercised diligence after it became aware of Apple's proposed claim constructions through Apple's local patent rule disclosures and Apple's Responsive Claim Construction brief. The fact is that MPH acted diligently by moving to amend even *before* the Court issued its order adopting some of Apple's proposed constructions and construing "intermediate computer" differently from the parties' proposed constructions.

Apple also identifies no prejudice apart from vague and non-specific speculation that is insufficient under the case law. No prejudice exists because MPH provided a draft of its proposed amendments *nearly a year* prior to the close of discovery, before any party depositions have taken place, and the amendments will not disrupt the case schedule.

## II.   MPH'S REQUEST FOR RELIEF

MPH filed its motion on December 1, 2023, a month before the Court's Order Construing Claims, ECF No. 109. MPH sought amendment based on claim constructions proposed by Apple for the "secure" terms, "unique identity," the "key exchange" terms, and "intermediate computer" in case the Court adopted one or more of Apple's constructions. *See* ECF No. 103 at pp. 5–9. The relief sought by MPH is slightly changed as a result of the Court's claim construction rulings.

First, the Court adopted Apple's constructions of the "secure" terms and "unique identity." ECF No. 109 at pp. 4, 6. Thus, the contingency in MPH's motion has come to fruition—the Court adopted Apple's proposed constructions of these terms. Thus, MPH maintains its request to amend its contentions to assert infringement under the Doctrine of Equivalents ("DOE") under the Court's constructions. Contrary to Apple's mischaracterization of MPH's DOE positions, ECF No. 110 at p. 2, MPH seeks to amend its contentions to assert that Apple's security protocol is the equivalent of "secure connection," "secure forwarding," and "secure message." MPH also seeks to assert that the tokens used by the accused Apple instrumentalities are equivalent to the claimed "unique identity."

Second, the Court adopted MPH's constructions of the "key exchange" terms. *Id.* at pp. 8, 10.

MPH TECHNOLOGIES OY'S REPLY IN SUPPORT OF PARTIALLY AGREED
MOTION FOR LEAVE TO AMEND INFRINGEMENT CONTENTIONS
CASE NO. 3:18-CV-05935-TLT

1

Thus, MPH notified Apple that it viewed its motion as moot for these terms because MPH maintains that Apple literally infringes under the Court's constructions. Ex. G, Jan. 5, 2024 email. Apple refused to agree unless MPH withdrew "its DOE contentions for those terms with prejudice and will not reassert them later in this case under any circumstances" while reserving its right to appeal the Court's constructions. Ex. H, Jan. 8, 2024 (12:05 PM CT) email. Thus, MPH informed Apple that it now maintains its request to amend its contentions to assert DOE infringement for Apple's constructions of the "key exchange" terms to preserve its own rights. Ex. I, Jan. 8, 2024 (7:25 PM CT) email.

Third, the Court adopted its own construction of "intermediate computer." ECF No. 109 at p. 13. MPH now seeks leave to amend its literal infringement contentions to address the Court's requirement that the intermediate computer is "at least one intermediate computer that individually satisfies each recited requirement on the intermediate computer" and provide its contention regarding whether the accused instrumentalities are comprised of a single or multiple devices under the Court's construction. MPH also seeks to add an alternative DOE theory of infringement to the extent the accused instrumentalities do not literally meet the Court's requirement of "at least one intermediate computer that individually satisfies each recited requirement on the intermediate computer." MPH informed Apple of its intention to modify the relief requested by its motion and its basis for doing so. Ex. G, Jan. 5, 2024. Apple refused to withdraw its objections. Ex. H, Jan. 8, 2024 (12:05 PM CT) email.

Finally, MPH's motion also sought leave to add Apple's recently released products to its contentions. Apple does not oppose MPH's motion on that basis. *See* ECF No. 110 at 14 n. 5.

## III. MPH DID NOT KNOW APPLE'S FINAL CLAIM CONSTRUCTIONS POSITIONS UNTIL THE JOINT CLAIM CONSTRUCTION STATEMENT AND, FOR "INTERMEDIATE COMPUTER," UNTIL THE HEARING

Apple relies on documents that, even under its strained reading, at best only "implicitly" put MPH on notice of its claim construction positions before the Patent L.R. 4-2 and 4-3 disclosures. *See* ECF No. 110 at pp. 8–11. But, *none* of the cited papers notified MPH of Apple's proposed constructions, even "implicitly." Some of the documents expressly told MPH ***not to*** rely on them.

Apple is grasping at straws by relying on a February 18, 2017 *pre-suit* letter to argue that MPH was on notice of any claim construction positions before filing suit. *See* ECF No. 110 at p. 10. MPH could not have anticipated Apple's claim constructions based on that letter, which contains nothing

MPH TECHNOLOGIES OY'S REPLY IN SUPPORT OF PARTIALLY AGREED
MOTION FOR LEAVE TO AMEND INFRINGEMENT CONTENTIONS
CASE NO. 3:18-CV-05935-TLT

2

more than naked denials of infringement, let alone cognizable claim construction arguments that Apple sought in this case. Nothing in the letter mentions IPSec or SPI values, or anything about how Apple interpreted the key exchange terms or intermediate computer. *See, generally,* ECF No. 110-3.

Apple also relies on the IPR proceedings for the '494 patent as "implicitly" putting MPH on notice of its proposed constructions of the "secure" terms and "unique identity." As discussed during the claim construction briefing, Apple took materially different positions on claim construction during the IPRs than the ones it has taken in this case. The footnote Apple relies on from MPH's IPR Patent Owner Response does not show that Apple would seek to limit "secure connection," "secure forwarding," and "secure message" across all of the patent claims in the '949 family patents to "IPSec" in this litigation. On the contrary, that footnote only refers to Apple's argument that "secure connection" be construed as "one or more security associations" for the '949 patent (IPR2019-00824), a construction that differs from Apple's construction in this case for "secure connection" ("IPSec Connection"), which the Court adopted. ECF No. 109 at p. 4. Apple also did not ask for *any* construction of "secure forwarding" or "secure message" during the IPRs. *See* Ex. J, '494 IPR Petition at p. 18.

Apple also did not contend in the IPRs that "unique identity" should be construed as "one or more SPI values," as it did in this case. *Id.* Instead, it proposed a broader construction ("one or more parameters that uniquely identify a secure connection"), as Apple conceded in its claim construction brief, ECF No. 98 at p. 10 n. 6, and the Court acknowledged in its Order, ECF No. 109 at p. 7. MPH could not have anticipated that Apple would seek a narrower construction in this case.

Apple also relies on its June 2023 invalidity contentions as "confirm[ing]" its position that certain claim terms should be limited to IPSec. But those, too, were insufficient to put MPH on notice of Apple's proposed constructions of the "secure" terms and "unique identity" that were adopted by the Court. Notably, ***Apple expressly instructed MPH not to rely on its invalidity contentions*** for claim construction, stating "[t]hese Contentions are not intended to reflect Apple's claim construction positions, which will be disclosed in due course in accordance with the case schedule." Ex. K, at p. 2. Moreover, Apple's contentions included 37 claim charts comprising over 1,000 pages. ECF No. 110 at pp. 9–10. To assert that MPH had any meaningful notice of Apple's claim constructions based on that massive disclosure "in June 2023" is an overstatement at best, given Apple's representation that the

MPH TECHNOLOGIES OY'S REPLY IN SUPPORT OF PARTIALLY AGREED
MOTION FOR LEAVE TO AMEND INFRINGEMENT CONTENTIONS
CASE NO. 3:18-CV-05935-TLT

3

disclosure is not intended to reflect Apple's claim construction positions. Not surprisingly, multiple references cited in Apple's contentions had no disclosure on IPSec or SPI values, and could not have reflected Apple's later claim construction positions, "implicitly" or otherwise. *See, e.g.*, Exs. L–N, Excerpts from Apple's invalidity charts.

Apple's interrogatory answer on infringement also provided MPH no notice. It included only bare denials of infringement, devoid of claim constructions of the disputed terms. Akin to Apple's invalidity contentions, this interrogatory answer told MPH to wait for Apple's claim construction positions at a later time "in accordance with Patent Local Rule 4." *See* ECF No. 110-6 at p. 6.

Thus, the **earliest** possible date when MPH could have notice of Apple's positions on the "secure" terms, "unique identity," or the "key exchange" terms was on August 3, 2023, when Apple provided its Patent L.R. 4-2(a) disclosure. But even then, Apple insisted that its positions were "preliminary," subject to later finalization in the Joint Claim Construction and Prehearing Statement ("JCC Statement"), filed on August 28, 2023. ECF No. 92. Apple reserved "the right to amend, modify, or supplement its proposed constructions, including, but not limited to, in response to MPH's proposed claim constructions, as a result of the meet-and-confer process…" ECF No. 110-8 at 2. Indeed, the rule encourages the parties to narrow the issues by changing constructions and eliminating terms from the list. Patent L.R. 4-2(c). That Apple did not change its positions on "secure connection" or "unique identity," for example, from the Patent L.R. 4-2 date to the Patent L.R. 4-3 date is irrelevant. At the time of the Patent L.R. 4-2 disclosures, MPH did not know what terms Apple would pursue or whether it would modify its constructions based on Apple's reservation. Apple did not formally solidify its positions on the final list of 10 terms and its proposed constructions until the Patent L.R. 4-3 deadline, when the parties submitted the JCC Statement on August 28, 2023 after negotiations. *See, e.g.,* Ex. A, Aug. 17–25, 2023 email exchanges between counsel. Even the cases that Apple relies on measured diligence from the joint claim construction date. *Karl Storz Endoscopy-Am., Inc. v. Stryker Corp.*, 2016 WL 7386136, at *1, *4 (N.D. Cal. Dec. 21, 2016) (measure diligence from date parties submitted Patent L.R. 4-3 joint claim construction statement "at which time both parties became aware of the claim constructions advocated by the opposing party"); *Looksmart Grp., Inc. v. Microsoft Corp.*, 2019 WL 462987, at *3 (N.D. Cal. Feb. 6, 2019) ("[T]he Court will measure [] diligence from [] the date the

MPH TECHNOLOGIES OY'S REPLY IN SUPPORT OF PARTIALLY AGREED
MOTION FOR LEAVE TO AMEND INFRINGEMENT CONTENTIONS
CASE NO. 3:18-CV-05935-TLT

4

parties submitted their joint claim construction statement.").

Moreover, Apple changed its positions *after* the JCC Statement, proposing a new construction of "intermediate computer" in its November 2, 2023 responsive claim construction brief. Apple initially argued that "intermediate computer" was "***one*** intermediate computer (not a system of computers)." In its responsive brief, Apple argued for the first time that it be construed as "***at least one*** intermediate computer that individually satisfies each recited requirement on the intermediate computer." ECF No. 98 at p. 23. And Apple then changed that new construction further at the December 10, 2023 *Markman* hearing when it argued that its construction requires *one individual device*—not just one individual computer—to satisfy all the claimed requirements, as the Court noted in its Order. ECF No. 109 at p. 13. The Court ultimately adopted a construction neither party had proposed. *Id.*

## IV. MPH ACTED DILIGENTLY TO PREPARE AND SERVE ITS DOE CONTENTIONS AFTER BECOMING AWARE OF APPLE'S PROPOSED CONSTRUCTIONS

Cases from this district reflect the highly factual underpinnings that determine due diligence under Patent L.R. 3-6(a). Based on their unique factual circumstances, some measure diligence from the date on which a party received an opposing party's proposed constructions and others measure diligence from the claim construction order date. Apple asks the Court to adopt a "one-size-fits-all" approach. For one, it entirely ignores the latter interpretation of Patent L.R. 3-6(a) because MPH's diligence cannot be disputed as MPH moved to amend *before* the Court's claim construction order. ECF No. 103.

Even applying the cases that measured diligence from when the movant was first put on notice of an adverse party's claim constructions, MPH acted with diligence. MPH (1) put Apple on notice of MPH's intent to amend merely *days* after the parties finalized their claim constructions; (2) served a detailed draft of its amended contentions only two months later, addressing 5 technically complex patents, requiring analyses of technical documents, and requiring revisions after Apple changed its construction of "intermediate computer" in its responsive claim construction brief; and (3) moved to amend days after Apple stated its opposition to MPH's request, before the claim construction hearing and over a month before the Court's claim construction. Not surprisingly, Apple has not cited a single case in which a court denied a motion for leave to amend contentions on the basis of claim construction

MPH TECHNOLOGIES OY'S REPLY IN SUPPORT OF PARTIALLY AGREED
MOTION FOR LEAVE TO AMEND INFRINGEMENT CONTENTIONS
CASE NO. 3:18-CV-05935-TLT

5

*that was filed before the court even issued its claim construction order,* let alone did so based on anything similar to the facts of this case.

### A. Amendment to Add a Theory of Infringement Under the Doctrine of Equivalents is Not Subject to Higher Standard of Diligence Under the Rules

Apple contends that DOE theories of infringement are due at the time a party serves its initial infringement contentions under Patent L.R. 3-1(e). ECF No. 110 at p. 9. Apple's position that a DOE theory can never be added based on an opposing party's proposed constructions or unanticipated claim construction rulings is simply wrong. Patent L.R. 3-6 permits amendment upon a showing of good cause, including a court's claim construction, without limitation on the types of amendments allowed. *Apple Inc. v. Samsung Elecs. Co.*, 2013 WL 3246094, at *5–9 (N.D. Cal. June 26, 2013) (finding good cause to *add* multiple DOE theories based on court's claim constructions).

Apple's argument necessarily requires that a party must guess every conceivable way a claim limitation might be construed before even learning an opposing party's claim construction proposals, and then address infringement, whether literal or DOE, under every potential construction at the outset of the case. The rules don't require that much, and Apple has not cited any case that holds otherwise. *See Radware Ltd. v. F5 Networks, Inc.*, 2014 WL 3728482, at *2 (N.D. Cal. Jan. 1, 2014) ("[T]he expectation that a patentee would have a precise sense of its infringement theory at the outset is unrealistic …") (cleaned up). In fact, a party's attempt to inject an "unforeseeable" claim construction requirement into the diligence assessment was squarely rejected in *Impinj, Inc. v. NXP USA, Inc.*, 2022 WL 2125135, at *4 (N.D. Cal. Jan. 14, 2022). *See also Cellspin Soft, Inc. v. Fitbit, Inc.*, 2021 WL 4923380, at *2 (N.D. Cal. Aug. 10, 2021) ("It is not clear to the Court—and Plaintiff cites no authority in support—that a party must anticipate all potential definitions of a term, including those not raised by a litigant.").

Apple's cases mostly addressed untimely DOE theories based on an opposing party's ***non-infringement*** positions or the discovery of other publicly available information. They do not address whether an adverse party's disclosure of ***claim construction*** positions ***after*** service of initial contentions or an unanticipated claim construction by the Court can support good cause to amend, as is the case here. As explained above, none of Apple's claim construction positions were made known

MPH TECHNOLOGIES OY'S REPLY IN SUPPORT OF PARTIALLY AGREED
MOTION FOR LEAVE TO AMEND INFRINGEMENT CONTENTIONS
CASE NO. 3:18-CV-05935-TLT

6

1   to MPH until, at the earliest, Apple provided its Patent L.R. 4-2 disclosure on August 3, 2023. But even

2   those constructions were subject to change based on the patent rule exchanges that came after, and *did*

3   change as late as Apple's responsive claim construction brief and the *Markman* hearing.

4           In *Nitride Semiconductors Co. v. RayVio Corp.*, 2018 WL 4214983 (N.D. Cal. Aug. 6, 2018),

5   the plaintiff moved for amendment *after* the Court's claim construction order and *the close of discovery*.

6   *Id.* at *4. And it did not move on the basis of the defendant's proposed constructions or those adopted

7   by the court as is the case here. *Id.* at *3–4. While the plaintiff later argued that its proposed amendments

8   were also justified by the court's construction, the court found that its *Markman* order did not support

9   good cause because the plaintiff failed to make that argument in the parties' joint discovery statement,

10   and because the court adopted the defendant's construction proposed more than seven months *before*

11   plaintiff's motion. Here, MPH moved to amend shortly after learning of Apple's positions by promptly

12   putting Apple on notice of its intent to amend its contentions to assert DOE, and by providing Apple

13   its proposed amendments *before* the Court's claim construction order and the close of fact discovery.

14           In *Fujifilm Corp. v. Motorola Mobility, LLC*, 2015 WL 757575 (N.D. Cal. Feb. 20, 2015), the

15   court denied a leave to add a DOE theory *after* the close of discovery. *Id.* at *7. Apart from blaming

16   deficiencies in the defendant's prior non-infringement contentions, the plaintiff provided no

17   explanation of why those theories could not have been reasonably asserted earlier. *Id.* at *8. Here,

18   MPH's basis for amendment is not Apple's vague non-infringement assertions, but Apple's proposed

19   constructions which MPH could not have anticipated earlier in the case and the Court's claim

20   construction order. Notably, the *Fujifilm* plaintiff asserted a second ground for amendment under Patent

21   L.R. 3-6(a) which was based on claim construction positions raised by the defendant in its summary

22   judgment motion. *Id.* at *7. The court recognized that "[t]here is some force to" that argument because

23   Patent L.R. 3-6(a) permits a finding of good cause where terms are construed "in a manner that is

24   materially 'different from that proposed by' [the plaintiff]." *Id.* at *8. Although the court ultimately

25   found this argument moot based on its summary judgement ruling, *id.*, this shows that even *Fujifilm,*

26   which Apple contends is "instructive," discerned a difference between seeking leave to amend based

27   on non-infringement positions containing no new information (do not support good cause) versus

28   seeking to amend based on newly raised and adopted claim constructions (support good cause).

Similarly, *Verinata Health, Inc. v. Ariosa Diagnostics, Inc.*, 236 F. Supp. 3d 1110 (N.D. Cal. 2017) denied leave to add new DOE theories based on the opposing party's service of non-infringement contentions, which disclosed no previously unknown information. *Id.* at 1114–16; *see also O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1366 (Fed. Cir. 2006) (affirming district court's denial of motion to amend filed *after* close of discovery and which relied on documents produced 15 months prior to motion and deposition testimony from 3 months prior to motion).

Apple's reliance on an order from its lawsuit in *Samsung Elecs.*, 2013 WL 3256094, is misplaced because leave to add DOE contentions was denied where the contentions were "not based on new discovery or claim construction," but, instead, like the above cases, based on non-infringement positions. *See* ECF No. 110 at p. 8. Notably, Apple ignores the portions of the order in which the court *allowed* amendments to *add* multiple DOE theories based on the court's recent claim constructions. *Samsung Elecs.*, 2013 WL 3246094, at *5–6.

Finally, *Uniloc 2017 LLC v. Apple, Inc.*, 2019 WL 8810168 (N.D. Cal. Dec. 16, 2019) was decided on a motion to strike and held that boilerplate contentions did not meet the standard of Patent L.R. 3-1. ECF No. 110 at 6. MPH is not relying on boilerplate DOE contentions, and has provided Apple with a detailed draft of its DOE theories using Apple's proposed claim constructions.

MPH asserted literal infringement in its infringement contentions, and reserved the right to later add infringement under the DOE, because it had a good faith belief that all asserted claims were ***literally*** infringed under its proposed constructions. Now, MPH has acted with diligence to assert infringement under the DOE upon learning of Apple's constructions, and upon the Court's adoption of some of Apple's constructions as well as the Court's own construction of "intermediate computer."

**B. MPH Exercised Diligence Under Patent Local Rule 3-6(a)**

The Patent Local Rules provide that "[a] claim construction by the Court different from that proposed by the party seeking amendment" is a circumstance that may support a finding of good cause to amend, absent undue prejudice to the non-moving party. Patent L.R. 3-6(a). This is precisely the case here because the Court adopted Apple's proposed constructions of the terms "secure connection," "secure forwarding," "secure message," and "unique identity," and adopted its own construction of "intermediate computer." *See* ECF No. 109. Apple's dismissal of the cases cited by MPH on the basis

MPH TECHNOLOGIES OY'S REPLY IN SUPPORT OF PARTIALLY AGREED
MOTION FOR LEAVE TO AMEND INFRINGEMENT CONTENTIONS
CASE NO. 3:18-CV-05935-TLT

8

that they arise from "unanticipated claim construction rulings" is an incorrect overstatement, and also neglects that the Court *did* adopt its own construction of "intermediate computer."

In *ChriMar Sys. Inc. v. Cisco Sys., Inc.*, 2015 WL 13449849 (N.D. Cal. May 14, 2015), which Apple failed to address, the court found diligence in moving to amend within a month of the court's claim construction order even though plaintiff had the defendants' proposed constructions "years ago" and the court's tentative constructions "more than fourteen months ago*." Id.* at *3–5. Rejecting defendant's argument that the plaintiff must establish that it acted with diligence from the time it received the proposed claim constructions, the court stated that "Rule 3-6(a) does not require a party to seek leave to amend prior to issuance of the final claim construction order." *Id.* at *4. Even in the cases where the court adopted a different claim construction than either party's proposal, the court expressly stated that the outcome would have been the same even had the adopted claim construction been first proposed by the opposing party because Patent L. R. 3-6(a) "imposes no different standard when the different claim construction was first proposed by the opposing party." *Emblaze Ltd. v. Apple Inc.,* 2013 U.S. Dist. LEXIS 132169, at *5–6 (N.D. Cal. Sept. 12, 2013) (no Westlaw cite); *GPNE Corp. v. Apple Inc.,* 2013 WL 6157930, at *2 (N.D. Cal. Nov. 22, 2013) ("GPNE could not have anticipated the full scope of the amendments needed without the court's claims construction order…."); *PersonalWeb Techs. LLC v. GitHub Inc.,* 2016 WL 3519292 (N.D. Cal. June 28, 2016) (measuring diligence from Court's claim construction order and finding diligence where motion filed 2.5 months after order).

Apple's attempt to distinguish these cases as involving "unanticipated [] rulings" also fails because it cannot deny that the Court adopted a construction of "intermediate computer" that neither party proposed. *See* ECF No. 110 at 12. Nor can it deny that the Court's construction *is* materially different as it adopts wording not proposed by either party ("wherein a computer can be comprised of multiple devices") and a portion of Apple's construction[1] that showed up for the first time in its responsive brief **on November 2, 2023,** only weeks before MPH served Apple with amended contentions, and less than a month before MPH filed this motion. ECF No. 98. MPH was more than

---

[1] Apple all but concedes the Court's construction is different from the parties' proposals. Thus, Apple's argument is really directed to whether the Court's construction was "foreseeable," but there is no authority requiring a moving party to show that a construction was unforeseeable. *Impinj*, 2022 WL 2125135, at *4; *Cellspin Soft*, 2021 WL 4923380, at *2.

MPH TECHNOLOGIES OY'S REPLY IN SUPPORT OF PARTIALLY AGREED
MOTION FOR LEAVE TO AMEND INFRINGEMENT CONTENTIONS
CASE NO. 3:18-CV-05935-TLT

9

1   diligent in moving to amend within weeks of Apple proposing its new construction during the claim

2   construction briefing. *Asetek Danmark A/S v. CoolIT Sys. Inc.*, 2020 WL 6562319, at *4 (N.D. Cal.

3   Nov. 9, 2020) (finding diligence where opposing party changed construction mid-briefing); *Tech.*

4   *Props. Ltd. LLC v. Canon, Inc.*, 2016 WL 1360756, at *4 (N.D. Cal. Apr. 6, 2016) (diligence where

5   party moved to amend one month after claim construction order).

6       Courts have reached different conclusions based on specific facts of their cases on whether to

7   measure diligence from the date of an adverse claim construction order or from when a moving party

8   knew about the proposed constructions. But, even the courts that have applied the more stringent "date-

9   of-disclosure" standard have not required "that the moving party [] draft its proposed amendments the

10  very next day [upon receiving those constructions]; but a diligent party would prepare so that it would

11  be ready to respond expeditiously to the court's issuance of an adverse claim construction order." *Via*

12  *Techs., Inc. v. Asus Comp. Int'l*, 2017 WL 396172, at * 3 (N.D. Cal. Jan. 30, 2017). MPH did precisely

13  that here, and even moved for leave to amend *before the Court issued its claim construction order* to

14  provide Apple with even more notice of its DOE positions.

15      Unsurprisingly, Apple ***has not cited a single case*** in which a court denied a motion for leave in

16  which a party moved to amend based on proposed constructions *prior to issuance of the claim*

17  *construction order. See Verinata Health, Inc. v. Sequenom, Inc.*, 2014 WL 789197, at *2 (N.D. Cal.

18  Feb. 26, 2014) (no diligence where party waited *over a year* from when it learned of proposed

19  constructions that formed basis for amendments and over *3 months after* the court adopted them to file

20  motion to amend); *Power Integrations, Inc. v. Fairchild Semiconductor Int'l., Inc.,* 2013 WL 4604206,

21  at *4 (N.D. Cal. Aug. 28, 2013) (no diligence where party waited 2 months to file motion *after* claim

22  construction order adopting claim constructions which opposing party proposed *seven months* prior to

23  motion); *Looksmart Group.,* 2019 WL 462987, at *3 (no diligence in filing motion *after* claim

24  construction order and *six-and-a-half months* after joint claim construction submission); *EON CorpIP*

25  *Holdings LLC v. Aruba Networks Inc.,* 2013 WL 6001179, at *2 (N.D. Cal. Nov. 12, 2013) (no

26  diligence in filing motion 3 months *after* claim construction order and "nearly a year" after receiving

27  defendant's constructions).

28      Here, there can be no question that MPH exercised diligence even if diligence is measured from

MPH TECHNOLOGIES OY'S REPLY IN SUPPORT OF PARTIALLY AGREED          10
MOTION FOR LEAVE TO AMEND INFRINGEMENT CONTENTIONS
CASE NO. 3:18-CV-05935-TLT

Apple's August 8, 2023 disclosure of preliminary claim constructions. Apple claims that MPH did not exercise diligence in amending by waiting 110 days after receiving Apple's Patent L.R. 4-2 disclosures, more than 2 months after it had informed Apple that it planned to serve them, and 2 months after Apple followed up on their status. Apple ignores the time spent to ascertain the impact of Apple's positions and in preparing detailed DOE analyses. In any event, courts have rarely found such short timeframes as showing a lack of diligence. *Radware*, 2014 WL 3728482, at *2 (finding three months diligent); *Nuance Commc'ns, Inc. v. Abbyy Software House*, 2012 WL 2427160, at *2 (N.D. Cal. June 26, 2012) (finding a "few months" diligent); *Vasudevan Software, Inc. v. Int'l Bus. Machs. Corp.*, 2011 WL 940263 at *3–4 (N.D. Cal. Feb. 18, 2011) (finding four months diligent).

MPH acted diligently by investigating potential amendments to its contentions shortly after becoming aware of Apple's preliminary constructions in early August, and informed Apple that it intended to amend its contentions to assert DOE if the court adopted certain of Apple's constructions just **three days** after Apple's constructions were finalized in the parties JCC Statement on August 28, 2023. ECF No. 92; ECF No. 103-7. In *Word to Info*, which Apple relies on, the court found lack of diligence because the party chose to wait until after the final claim construction order to even begin investigating whether it could formulate infringement contentions, noting that the party could have instead taken other steps that would have helped demonstrate diligence *such as reaching out to the opposing party after submission of the joint claim construction statement to inform them that they would be amending if certain construction were adopted*, just like MPH did here. *Word to Info, Inc. v. Facebook Inc.*, 2016 WL 6276956, at *6 (N.D. Cal. Oct. 27, 2016); *see also THX, Ltd. v. Apple, Inc.*, 2016 WL 178137, at *2 (N.D. Cal. Apr. 29, 2016) (finding *Apple* was diligent in seeking leave to amend invalidity contentions by promptly notifying plaintiff of its intent to amend and filing motion *within five months* of receiving the first relevant documents prompting the amendment).

After informing Apple of its intent to amend on September 1, 2023, MPH revised and provided its infringement contentions to add DOE contentions only 70 days after Apple requested it on September 12, 2023, ECF Nos. 103-8, 103-15, doing so all while preparing its opening and reply claim construction briefs due on October 12, 2023 and November 16, 2023, *see* ECF Nos. 83, 95, 99, as well as attending to numerous other discovery matters. *See* Mitchell Decl. at ¶¶ 3–7.

MPH TECHNOLOGIES OY'S REPLY IN SUPPORT OF PARTIALLY AGREED
MOTION FOR LEAVE TO AMEND INFRINGEMENT CONTENTIONS
CASE NO. 3:18-CV-05935-TLT

11

The claims and technology here are highly technical, and the complexity of the telecommunication systems at issue required significant time and resources to analyze to prepare contentions. MPH acted with diligence to assess its infringement positions under the DOE within a few months of learning of Apple's initially proposed construction across the *five* '949 family patents, including by completing relevant legal research and analysis, and having its technical expert analyze and review technical materials produced by Apple. *See id.* at ¶¶ 3, 5. In fact, the few months MPH took to prepare its amended infringement contentions under DOE, if anything, show good faith diligence and thoroughness in assessing and preparing such contentions. Moreover, Apple's argument is further belied by its changing of its own construction of "intermediate computer" in its responsive brief on November 2, 2023 as MPH would have been able to serve its proposed amended infringement contentions earlier. *Id.* at ¶ 6. MPH promptly revised its DOE theories based on Apple's changed position, and served them on Apple within three weeks. *Id.* at ¶¶ 6–7. After Apple indicated its opposition on November 29, 2023, ECF No. 103-16, MPH filed its motion only days later. ECF No. 103.

This timeline demonstrates diligence, particularly considering the number of patent claims at issue that needed to be analyzed and addressed, and the complexity of the technology. Apple has cited no case where a Court denied a motion to amend on similar facts. *Word to Info*, 2016 WL 6276956, at *6 ("Diligence determinations are necessarily fact intensive inquiries and must be determined based on the individual facts of each case.").Whether the Court decides to measure MPH's diligence from the Patent L.R. 4-2 disclosure, Patent L.R. 4-3 disclosure, or the filing of Apple's Responsive Claim Construction Brief, MPH was diligent in serving its proposed amended contentions on Apple by November 21, 2023, less than *three weeks* after receiving Apple's responsive claim construction brief, and just over three months from receiving its preliminary claim construction positions.

## V.   APPLE'S CLAIMS OF PREJUDICE LACK MERIT

### A.  The Court Can Grant Leave to Amend When No Prejudice Exists

Courts have allowed a party, including Apple, to amend its contentions based solely on a lack of prejudice to the non-moving party, regardless of diligence, including "when the movant made an honest mistake, the request to amend did not appear to be motivated by gamesmanship, or where there

MPH TECHNOLOGIES OY'S REPLY IN SUPPORT OF PARTIALLY AGREED
MOTION FOR LEAVE TO AMEND INFRINGEMENT CONTENTIONS
CASE NO. 3:18-CV-05935-TLT

12

1    was still ample time left in discovery." *Apple Inc. v. Samsung Elecs. Corp.*, 2012 WL 5632618, at *5

2    (N.D. Cal. Nov. 15, 2012); *Karl Storz*, 2016 WL 2855260, at *3 ("[T]he court retains discretion to grant

3    leave to amend even in the absence of diligence so long as there is no prejudice to the opposing party").

4    A court found prejudice minimal where "little discovery had occurred." *Opticurrent, LLC v. Power*

5    *Integrations, Inc.*, 2017 WL 11392680, at *7 (N.D. Cal. Oct. 3, 2017). "Prejudice is typically found

6    when amending contentions stand [sic] to disrupt the case schedule or other court orders." *Karl Storz*,

7    2016 WL 2855260, at *3.

8        Here, MPH served Apple with its proposed amendments ten months before the close of

9    discovery. No party depositions had taken place, and no party depositions have been scheduled in the

10   two months since then. MPH's amendments would have no effect on the case schedule, as the next

11   scheduled date is the close of fact discovery, still eight months away. "Accordingly, the Patent Local

12   Rules concern with parties sandbagging opponents late in the discovery period is not at issue." *Tech.*

13   *Licensing Corp. v. Blackmagic Design Pty Ltd.*, 2014 WL 5499511, at *3 (N.D. Cal. Oct. 30, 2014)

14   (cleaned up). Further, the timing of these amendments are not the result of gamesmanship. MPH moved

15   diligently to analyze Apple's claim constructions and its document production to prepare DOE theories

16   for these complex devices and systems as promptly as it could. With ample time left in discovery, this

17   Court should find that Apple would not be prejudiced by giving leave for MPH to amend.

### B. Apple's Prejudice Argument Nullifies Patent Local Rule 3-6

18

19       Apple claims prejudice arising from the timing of MPH's proposed amendments relative to the

20   claim construction briefing. But Apple's alleged prejudice is flatly contradicted by the rule supporting

21   good cause for amendment *after* the Court adopts a construction different than the party seeking

22   amendment. *See* Patent L.R. 3-6(a). If Apple's alleged prejudice was sufficient to bar amended

23   infringement contentions, then amendment would *never* be allowed after the claim construction order,

24   or even after the JCC Statement. That can't be true given that the Court's adoption of constructions

25   different from the party seeking amendment may provide good cause. *Id.; see, e.g., Tech. Props. Ltd.*,

26   2016 WL 1360756, at *4 (no prejudice where party moved to amend a month *after Markman* order).

27       MPH promptly put Apple on notice that it would supplement its contentions to add DOE to

28   address Apple's proposed constructions *before* any claim construction briefs were filed, and served

Apple with a draft of the amendments weeks before the *Markman* hearing. *Cf. Vasudevan*, 2011 WL 940263, at \*3 (no prejudice where motion filed after claim construction briefing *and* hearing). If Apple truly felt that MPH's proposed amendments would affect claim construction or prejudice Apple, it could have requested supplemental briefing, made additional arguments during the hearing, proposed revised constructions, or requested additional constructions. *See id.* (noting court could issue supplemental claim construction order if necessary based on amendments); *Asetek Danmark A/S*, 2020 WL 6562319, at \*5 (no prejudice to opposing party based on claim construction).

The fact that Apple had filed its responsive brief before MPH provided its amended contentions did not deter Apple from serving supplemental case law over the weekend immediately before the *Markman* hearing. Mitchell Decl. at ¶¶ 10–12; Ex. E, Dec. 8, 2023 email from Apple; Ex. F, Dec. 9, 2023 email from Apple. In fact, MPH had expressed its intent to raise its motion for leave at the December 11 *Markman* hearing, but Apple insisted that the parties file a stipulation prior to the hearing to delay the remaining briefing schedule by a month. *See* Ex. D, Dec. 4–7, 2023 email exchange. After waiting a month after the claim construction hearing, Apple now objects to MPH's amendments on the basis of prejudicing Apple's claim construction efforts. If MPH's amendments were truly prejudicial as Apple claims, then it could have addressed them while claim construction was still pending.

The three cases cited by Apple don't support that amending infringement contentions after claim construction prejudices Apple here. In *Advanced Micro*, the court denied the plaintiff's motion for leave to amend its infringement contentions to include indirect infringement theories filed *after* the claim construction order issued, and years after the parties' exchanged their proposed constructions. *Advanced Micro Devices, Inc. v. LG Elecs., Inc.*, 2017 WL 2774339, at \*7 (N.D. Cal. June 26, 2017). Here, MPH informed Apple of its intention to amend its contentions before any briefs were filed and before claim construction proceedings had concluded. In *Karl Storz*, the court denied plaintiff's motion for leave to add new infringement theories *after claim construction had concluded*, and did so because plaintiff had notice of defendant's constructions for **20 months** before moving for leave. *Karl Storz*, 2016 WL 7386136, at \*5–6. There are no such facts in this case.

In *Dynetix*, the court denied plaintiff's motion to add a new claim of infringement against a *new product*, *after claim construction had concluded*. *Dynetix Design Solutions Inc. v. Synopsys Inc.*,

MPH TECHNOLOGIES OY'S REPLY IN SUPPORT OF PARTIALLY AGREED
MOTION FOR LEAVE TO AMEND INFRINGEMENT CONTENTIONS
CASE NO. 3:18-CV-05935-TLT

14

2012 WL 6019898, at *3 (N.D. Cal. Dec. 3, 2012). The defendant had selected terms for construction without knowing that one of their separate products would later be accused. Here, MPH's DOE theories are asserted against the same functionalities in Apple's devices, software, and server systems.

### C. Apple's Vague Assertions of Prejudice are Insufficient for Denying MPH's Motion

Apple does not say how MPH's proposed amendments would have changed its claim construction strategy, had Apple known about them sooner. Apple vaguely asserts that it would have "pressed prosecution history-related arguments more in its briefing," but Apple already focused on the prosecution history where it wanted. *See, e.g.*, ECF No. 98 at pp. 10, 12. Apple also doesn't say what other terms it would have proposed for construction. Courts typically find such vague assertions insufficient as prejudice. *Finjan, Inc. v. Symantec Corp.*, 2017 WL 4025219, at *2–4 (N.D. Cal. Sept. 13, 2017) ; *Illumina Inc. v. BGI Genomics Co.*, 2021 WL 2400941, at *7 (N.D. Cal. June 11, 2021).

Apple similarly complains that MPH's amendments would lead to additional work for Apple because it "would need to reassess its non-infringement positions and search for art that MPH's new DOE theories might ensnare." But "extra work alone does not support a finding of prejudice." *Impinj*, 2022 WL 2125133, at *2. Moreover, Apple's assertion exaggerates any possible expansion of the scope of the case. First, Apple received a draft of MPH's amended contentions in November 2023 and, since then, has not served any discovery requests directed to those theories or indicated that it intended to seek leave to amend its invalidity contentions to assert new art. Second, Apple is legally estopped from asserting new prior art-based invalidity grounds for the majority of patents in suit that it reasonably could have raised during the IPRs. 35 U.S.C. § 315(e)(2); *see also Asetek Danmark A/S v. CoolIT Sys. Inc.*, 2019 WL 7589209, at *5–10 (N.D. Cal. Dec. 30, 2019). Finally, it is unclear what prior art Apple would need to search for to address MPH's new DOE theories since Apple has already asserted ample references that don't disclose the claim terms at issue as construed, including prior art that has nothing to do with "IPSec" or "one or more SPI values." *See, e.g.*, Ex. L, Ex. M, Ex. N. Accordingly, Apple's alleged prejudice based on the doctrine of ensnarement has no merit.

### VI.   CONCLUSION

For the foregoing reasons, the Court should grant MPH's motion for leave to amend, including MPH's unopposed request to include recently-released Apple products. *See* ECF No. 110, p. 14 n. 5.

MPH TECHNOLOGIES OY'S REPLY IN SUPPORT OF PARTIALLY AGREED
MOTION FOR LEAVE TO AMEND INFRINGEMENT CONTENTIONS
CASE NO. 3:18-CV-05935-TLT

15

1
2

Dated: January 23, 2024                    Respectfully Submitted,

3

*/s/ James D. Mitchell*
Patricia L. Peden, Esq. (SBN 206440)
4  ppeden@bwslaw.com
BURKE, WILLIAMS & SORENSEN, LLP
5  1999 Harrison Street, Suite 1650
Oakland, CA 94612
6  Phone: (510) 273.8780
Fax: (510) 839.9104

7

8  Christopher J. Lee (*Pro Hac Vice*)
clee@leesheikh.com
9  David J. Sheikh (*Pro Hac Vice*)
dsheikh@leesheikh.com
10  Brian E. Haan (*Pro Hac Vice*)
bhaan@leesheikh.com
11  Ashley E. LaValley (*Pro Hac Vice*)
alavalley@leesheikh.com
12  Dragan Gjorgiev (*Pro Hac Vice*)
dgjorgiev@leesheikh.com
13  James D. Mitchell (*Pro Hac Vice*)
jmitchell@leesheikh.com
14  LEE SHEIKH & HAAN LLC
125 South Clark Street, Suite 1175
15  Chicago, IL 60603
Phone: (312) 982-0070
16  Fax: (312) 982-0071

17

18  Attorneys for Plaintiff
*MPH TECHNOLOGIES OY*

19
20
21
22
23
24
25
26
27
28

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on January 23, 2024 the foregoing:

**MPH TECHNOLOGIES OY'S REPLY IN SUPPORT OF PARTIALLY AGREED MOTION FOR LEAVE TO AMEND INFRINGEMENT CONTENTIONS**

was served via electronic transmission on the following counsel of record.

| | |
|---|---|
| Bita Rahebi (brahebi@mofo.com) Nima I. Kiaei (nkiaei@mofo.com) Rose S Lee (roselee@mofo.com) Ryan James Malloy (rmalloy@mofo.com) Morrison & Foerster LLP 707 Wilshire Boulevard Suite 6000 Los Angeles, CA 90017-3543 (213) 892-5428 Fax: (213) 892-5200<br><br>Bethany Marvin Stevens (bstevens@wscllp.com) Hannah L. Cannom (hcannom@wscllp.com) Walker Stevens Cannom LLP 500 Molino Street #118 Los Angeles, CA 90013 213-337-4551 Fax: 213-403-4906 | Richard S.J. Hung (rhung@mofo.com) Morrison & Foerster LLP 425 Market Street San Francisco, CA 94105 (415) 268-7000 Fax: (415) 268-7522 |

*/s/ James D. Mitchell*
Attorneys for Plaintiff
MPH TECHNOLOGIES OY