BITA RAHEBI (CA SBN 209351)
brahebi@mofo.com
RYAN J. MALLOY (CA SBN 253512)
rmalloy@mofo.com
ROSE S. LEE (CA SBN 294658)
roselee@mofo.com
NIMA KIAEI (CA SBN 336142)
nkiaei@mofo.com
MORRISON & FOERSTER LLP
707 Wilshire Boulevard
Los Angeles, California 90017-3543
Telephone: (213) 892-5200
Facsimile: (213) 892-5454

RICHARD S.J. HUNG (CA SBN 197425)
rhung@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105
Telephone: (415) 268-7000
Facsimile: (415) 268-7522

Attorneys for Defendant
APPLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| MPH Technologies Oy,<br><br>              Plaintiff,<br><br>   v.<br><br>Apple Inc.,<br><br>              Defendant. | Case No.   3:18-cv-05935-TLT<br><br>**DEFENDANT APPLE INC.'S OBJECTIONS AND FIRST SUPPLEMENTAL RESPONSES TO PLAINTIFF MPH TECHNOLOGIES OY'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS (NOS. 12, 26, 28, 30, 85, 90, 91)** |

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, the Northern District of California Local Patent Rules, and any applicable local procedures, laws, or Court orders, Defendant Apple Inc. supplements its responses to Plaintiff MPH Technologies Oy's ("MPH") Requests for Production Nos. 12, 26, 28, 30, 85, 90, and 91 ("Requests").

**PRELIMINARY STATEMENT**

Apple's objections and responses to these Requests for Production are based on the facts and information presently known and available to Apple. Statements below that Apple will produce responsive documents that it locates pursuant to a reasonable search do not imply that such documents exist. Discovery has recently begun and consequently, Apple may not have identified all information responsive to the Requests at this time. As discovery in this action proceeds, Apple may discover additional or different information or documents. Apple reserves the right to later supplement or amend its answers and responses to these Requests throughout its investigation pursuant to Federal Rule of Civil Procedure 26(e). Apple responds to the Requests as it interprets and understands them. Apple reserves its right to supplement its responses if MPH subsequently asserts an interpretation of any Request that differs from Apple's current understanding.

Apple does not waive its right to object to the admissibility into evidence of any information provided in response to MPH's Requests. Apple further does not waive the right to raise all questions of authenticity, relevancy, materiality, and privilege for any purpose with regard to the information provided in response to MPH's Requests, which may arise in any subsequent proceeding and/or the trial of this or any other action. Moreover, the assertion by Apple of various general and specific objections is not a waiver of other objections that might be applicable or become so at some future time. Apple's responses are based on a search of electronically stored information and physical documents as they are maintained in the normal course of business. Apple will not search for or produce email outside of the procedures set forth in the Parties' agreed-upon ESI order, which provides that "[g]eneral ESI production requests under Federal Rules of Civil Procedure 34 and 45 shall not include email or other forms of electronic correspondence." Apple will produce documents on a rolling basis.

**OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS**

1.      Apple objects to the definition of "Defendant," "Apple," "You," and "Your" as overbroad, unduly burdensome, and seeking information that is irrelevant to, and not proportional to the needs of, this case, to the extent they purport to refer to information about Apple personnel who have no connection to the technology accused in MPH's complaint or infringement contentions, exceeding the scope and proportionality limitations of Federal Rule of Civil Procedure 26(b)(1).  In responding to the Requests, Apple interprets "Defendant," "Apple," "You," and "Your" to mean Apple Inc.

2.      Apple objects to the definitions of "Document(s)" and "Thing(s)" to the extent they are broader than the definitions provided by Federal Rule of Civil Procedure 34(a).  Apple further objects to the definition of "Document" to the extent it includes email or other forms of electronic correspondence.  Apple will not search for or produce email outside of the procedures set forth in the Parties' agreed-upon ESI order, which provides that "[g]eneral ESI production requests under Federal Rules of Civil Procedure 34 and 45 shall not include email or other forms of electronic correspondence."

3.      Apple objects to the definition of "Electronic data compilation" to the extent it imposes on Apple a greater obligation than that which is required under the Federal Rules of Civil Procedure and procedures set forth in the Parties' agreed-upon ESI order.

4.      Apple objects to the definition of "Communication" to the extent it imposes on Apple a greater obligation than that which is required under the Federal Rules of Civil Procedure. Apple further objects to the definition of "Communication" to the extent it includes email or other forms of electronic correspondence.  Apple will not search for or produce email outside of the procedures set forth in the Parties' agreed-upon ESI order.

5.      Apple objects to the definition of "identify" and "locate" as overbroad and unduly burdensome because it requires Apple to identify "each person who presently has custody of the document or thing and of any copy thereof."

6.      Apple objects to the definition of "acts of a person" as overbroad and unduly burdensome because it includes "the acts of directors, officers, owners, members, employees,

APPLE'S FIRST SUPPLEMENTAL OBJECTIONS AND RESPONSES TO MPH'S FIRST SET OF REQUESTS FOR PRODUCTION (NOS. 12, 26, 28, 30, 85, 90, 91)
CASE NO. 3:18-CV-05935-TLT

2

agents or attorneys acting on the person's behalf."

7. Apple objects to the definition of "Apple Products and Services" as seeking irrelevant information, overbroad, vague, and ambiguous. In responding to these Requests, Apple interprets "Apple Products and Services" to mean "encrypted messaging for use in iMessage, FaceTime, Handoff, Universal Clipboard, iPhone Cellular Call Relay, and iPhone Text Message Forwarding, and mobile VPN in the U.S. market versions of the accused Apple Devices."

8. Apple objects to the definition of "Apple Devices" as seeking irrelevant information, overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks information about products that are not accused of infringement and/or do not include encrypted messaging or mobile VPN technologies. In responding to these Requests, Apple interprets "Apple Devices" to mean U.S. market versions of the accused Apple Devices that include encrypted messaging for use in iMessage, FaceTime, Handoff, Universal Clipboard, iPhone Cellular Call Relay, and iPhone Text Message Forwarding, and mobile VPN.

9. Apple objects to Instruction No. 2 to the extent it imposes requirements on Apple beyond those already agreed to by the Parties as stated in Paragraph 8(e) of the Joint Case Management Statement (ECF No. 45).

10. Apple objects to Instruction Nos. 4 and 5 the extent they request Apple to search for and produce electronically stored information, including email, before the parties have negotiated an appropriate ESI order in accordance with the Scheduling Order. Apple will search for and produce such electronically stored information in accordance with the parties' ESI order once agreed to or as otherwise ordered by the Court.

## RESPONSES TO REQUSTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 12:**

Documents and things sufficient to show usage of the Apple Products and Services in the United States from September 2014 to the present including any data summaries of daily or monthly active users.

APPLE'S FIRST SUPPLEMENTAL OBJECTIONS AND RESPONSES TO MPH'S FIRST SET OF REQUESTS FOR PRODUCTION (NOS. 12, 26, 28, 30, 85, 90, 91)
CASE NO. 3:18-cv-05935-TLT

3

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

Apple incorporates its Objections to Definitions and Instructions as set forth above. Apple further objects to this Request to the extent that it calls for information that falls within the protection of the attorney-client privilege, the common interest or joint defense privilege, the work-product doctrine, or any other applicable privilege, doctrine, or immunity. Apple further objects to this Request to the extent it seeks third party confidential information or seeks information protected from disclosure by third parties' rights of privacy. Apple will not produce privileged documents responsive to this Request. Apple further objects to this Request as vague and ambiguous with respect to "usage," "data summaries," and "active users." Apple further objects to this Request as seeking irrelevant information, overly broad, unduly burdensome, and not proportional to the needs of the case, including, without limitation, in that it requests information about "usage of the Apple Products and Services" without limitation to the accused encrypted messaging and mobile VPN technologies. Apple further objects to this Request on the ground and to the extent that it seeks documents in a manner different from how Apple maintains them in its ordinary course of business.

**FIRST SUPP. RESPONSE TO REQUEST FOR PRODUCTION NO. 12 (2/29/2024):**

Subject to and maintaining its objections above, and after meeting and conferring with MPH regarding this Request, Apple supplements its Response to this Request as follows:

Apple objects to this Request as vague and ambiguous with respect to "[d]ocuments and things sufficient to show usage." Apple will produce summary data as kept in the ordinary course of business sufficient to show usage. Apple objects to this Request as vague and ambiguous with respect to "the Apple Products and Services." In responding to this Request, Apple limits its response to this Request to the accused encrypted messaging for use in iMessage, FaceTime, Handoff, Universal Clipboard, iPhone Cellular Call Relay, and iPhone Text Message Forwarding and Always-on VPN in the U.S. market versions of the accused Apple Devices. To the extent this Request requests anything other than what Apple has agreed to produce, Apple objects that this Request seeks irrelevant information, and is overly broad and unduly burdensome in that it is not relevant nor proportional to the needs of this case.

APPLE'S FIRST SUPPLEMENTAL OBJECTIONS AND RESPONSES TO MPH'S FIRST SET OF REQUESTS FOR PRODUCTION (NOS. 12, 26, 28, 30, 85, 90, 91)
CASE NO. 3:18-CV-05935-TLT

4

Subject to these objections, Apple will produce non-privileged documents sufficient to show usage of iMessage and FaceTime in the United States.  After performing a reasonable, diligent search, Apple has not located any usage data for Handoff, Universal Clipboard, iPhone Cellular Call Relay, iPhone Text Message Forwarding, encryption for Apple Watch apps with streaming data, and Always-on VPN.

**REQUEST FOR PRODUCTION NO. 26:**

Documents and things sufficient to show the projected unit and dollar volumes of sales of the Apple Devices in the United States through September 2025.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 26:**

Apple incorporates its Objections to Definitions and Instructions as set forth above. Apple further objects to this Request to the extent that it calls for information that falls within the protection of the attorney-client privilege, the common interest or joint defense privilege, the work-product doctrine, or any other applicable privilege, doctrine, or immunity.  Apple will not produce privileged documents responsive to this Request.  Apple further objects to this Request as vague and ambiguous with respect to "projected unit and dollar volumes."  Apple further objects to this Request as seeking irrelevant information, overly broad, unduly burdensome, and not proportional to the needs of the case, including, without limitation, in that it requests "projected unit and dollar volumes of sales" of "the Apple Devices" without limitation to the accused encrypted messaging and mobile VPN technologies.  Apple limits its response to this Request to the accused encrypted messaging for use in iMessage, FaceTime, Handoff, Universal Clipboard, iPhone Cellular Call Relay, and iPhone Text Message Forwarding and mobile VPN in the U.S. market versions of the accused Apple Devices.  Apple further objects to this Request to the extent it seeks information under Patent Local Rule 3-4 before the deadline for such disclosures, which Apple will provide in accordance with the Scheduling Order.  Apple further objects to this Request on the ground and to the extent that it seeks documents in a manner different from how Apple maintains them in its ordinary course of business.  To the extent this Request requests anything other than what Apple has agreed to produce, Apple objects that this

APPLE'S FIRST SUPPLEMENTAL OBJECTIONS AND RESPONSES TO MPH'S FIRST SET OF REQUESTS FOR PRODUCTION (NOS. 12, 26, 28, 30, 85, 90, 91)
CASE NO. 3:18-CV-05935-TLT

5

Request seeks irrelevant information, and is overly broad and unduly burdensome in that it is not relevant nor proportional to the needs of this case.

Subject to these objections, Apple will produce non-privileged documents sufficient to show the sales, revenue, cost, and profits for the accused Apple Devices sold in the United States since September 2014 pursuant to Patent Local Rule 3-4(d).

**FIRST SUPP. RESPONSE TO REQUEST FOR PRODUCTION NO. 26 (2/29/2024):**

Subject to and maintaining its objections above, and after meeting and conferring with MPH regarding this Request, Apple supplements its Response to this Request as follows:

Apple objects to this Request as vague and ambiguous in that it requests "projected unit and dollar volumes of sales" of "the Apple Devices" "through September 2025" without specifying the start date. Apple further objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case, including, without limitation, in that it requests "projected unit and dollar volumes of sales" of "the Apple Devices" "through September 2025" when Apple has already produced documents sufficient to show the unit sales and revenue of the accused Apple Devices sold in the United States from July 2014 to March 2023 (Q4 FY2014 – Q2 FY2023). Apple objects to this Request on the ground and to the extent that it seeks documents in a manner different from how Apple maintains them in its ordinary course of business. To the extent that the documents that Apple maintains in its ordinary course of business contains information beyond what is requested, Apple states that the following information are irrelevant: information not limited to the United States; information not limited to the accused encrypted messaging and mobile VPN technologies; and information for time period after September 6, 2025. To the extent this Request requests anything other than what Apple has agreed to produce, Apple objects that this Request is overly broad and unduly burdensome in that it is not proportional to the needs of this case.

Subject to these objections, Apple has produced non-privileged documents sufficient to show the sales, revenue, cost, and profits for the accused Apple Devices sold in the United States since September 2014 pursuant to Patent Local Rule 3-4(d). In addition, Apple will produce

non-privileged documents sufficient to show the forecasted unit sales and revenue of the accused Apple Devices sold in the United States through September 2025.

**REQUEST FOR PRODUCTION NO. 28:**

Documents and things sufficient to show projected profitability of Apple Devices in the United States through September 2025.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 28:**

Apple incorporates its Objections to Definitions and Instructions as set forth above. Apple further objects to this Request to the extent that it calls for information that falls within the protection of the attorney-client privilege, the common interest or joint defense privilege, the work-product doctrine, or any other applicable privilege, doctrine, or immunity. Apple will not produce privileged documents responsive to this Request. Apple further objects to this Request as vague and ambiguous with respect to "profitability." Apple further objects to this Request as seeking irrelevant information, overly broad, unduly burdensome, and not proportional to the needs of the case, including, without limitation, in that it requests the "profitability" of "the Apple Devices" without limitation to the accused encrypted messaging and mobile VPN technologies. Apple further objects to this Request to the extent it seeks information under Patent Local Rule 3-4 before the deadline for such disclosures, which Apple will provide in accordance with the Scheduling Order. Apple further objects to this Request on the ground and to the extent that it seeks documents in a manner different from how Apple maintains them in its ordinary course of business. To the extent this Request requests anything other than what Apple has agreed to produce, Apple objects that this Request seeks irrelevant information, and is overly broad and unduly burdensome in that it is not relevant nor proportional to the needs of this case.

Subject to these objections, Apple will produce non-privileged documents sufficient to show the sales, revenue, cost, and profits for the accused Apple Devices sold in the United States since September 2014 pursuant to Patent Local Rule 3-4(d).

**FIRST SUPP. RESPONSE TO REQUEST FOR PRODUCTION NO. 28 (2/29/2024):**

Subject to and maintaining its objections above, and after meeting and conferring with MPH regarding this Request, Apple supplements its Response to this Request as follows:

Apple objects to this Request as vague and ambiguous in that it requests "projected profitability of Apple Devices . . . through September 2025" without specifying the start date. Apple further objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case, including, without limitation, in that it requests "projected profitability of Apple Devices . . . through September 2025" when Apple has already produced documents sufficient to show the unit sales and revenue of the accused Apple Devices sold in the United States from July 2014 to March 2023 (Q4 FY2014 – Q2 FY2023). Apple objects to this Request on the ground and to the extent that it seeks documents in a manner different from how Apple maintains them in its ordinary course of business. To the extent that the documents that Apple maintains in its ordinary course of business contains information beyond what is requested, Apple states that the following information are irrelevant: information not limited to the United States; information not limited to the accused encrypted messaging and mobile VPN technologies; and information for time period after September 6, 2025.

Subject to these objections, Apple has produced non-privileged documents sufficient to show the sales, revenue, cost, and profits for the accused Apple Devices sold in the United States since September 2014 pursuant to Patent Local Rule 3-4(d). In addition, Apple will produce non-privileged documents sufficient to show the forecasted profitability of the accused Apple Devices sold in the United States through September 2025.

**REQUEST FOR PRODUCTION NO. 30:**

Documents and things sufficient to show financial information (such as transaction volume, revenues, costs, and profitability) from iMessage apps, including ApplePay and any third-party applications, or from any other iMessage accessories, in-app purchases, or in-app advertising from September 2014 to the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 30:**

Apple incorporates its Objections to Definitions and Instructions as set forth above. Apple further objects to this Request to the extent that it calls for information that falls within the protection of the attorney-client privilege, the common interest or joint defense privilege, the work-product doctrine, or any other applicable privilege, doctrine, or immunity. Apple will not

APPLE'S FIRST SUPPLEMENTAL OBJECTIONS AND RESPONSES TO MPH'S FIRST SET OF REQUESTS FOR PRODUCTION (NOS. 12, 26, 28, 30, 85, 90, 91)
CASE NO. 3:18-CV-05935-TLT

8

1   produce privileged documents responsive to this Request.  Apple further objects to this Request
2   as vague and ambiguous with respect to "financial information," and "profitability," "iMessage
3   apps," "in-app purchases," and "in-app advertising."  Apple further objects to this Request as
4   seeking irrelevant information, overly broad, unduly burdensome, and not proportional to the
5   needs of the case, including, without limitation, in that the scope of the Request is not limited to
6   the United States.  Apple further objects to this Request to the extent it seeks third party
7   confidential information or seeks information protected from disclosure by third parties' rights of
8   privacy.  Apple further objects to this Request as seeking irrelevant information, overly broad,
9   unduly burdensome, and not proportional to the needs of the case, including, without limitation,
10  in that it requests financial information without limitation to the accused encrypted messaging and
11  mobile VPN technologies.  Apple limits its response to this Request to the accused encrypted
12  messaging for use in iMessage, FaceTime, Handoff, Universal Clipboard, iPhone Cellular Call
13  Relay, and iPhone Text Message Forwarding and mobile VPN in the U.S. market versions of the
14  accused Apple Devices.  Apple further objects to this Request to the extent it seeks information
15  under Patent Local Rule 3-4 before the deadline for such disclosures, which Apple will provide in
16  accordance with the Scheduling Order.  Apple further objects to this Request on the ground and to
17  the extent that it seeks documents in a manner different from how Apple maintains them in its
18  ordinary course of business.  To the extent this Request requests anything other than what Apple
19  has agreed to produce, Apple objects that this Request seeks irrelevant information, and is overly
20  broad and unduly burdensome in that it is not relevant nor proportional to the needs of this case.
21          Subject to these objections, Apple will produce non-privileged documents sufficient to
22  show the sales, revenue, cost, and profits for the accused Apple Devices sold in the United States
23  since September 2014 pursuant to Patent Local Rule 3-4(d).
24  **FIRST SUPP. RESPONSE TO REQUEST FOR PRODUCTION NO. 30 (2/29/2024):**
25          Subject to and maintaining its objections above, and after meeting and conferring with
26  MPH regarding this Request, Apple supplements its Response to this Request as follows:
27          Apple objects to this Request as overly broad, unduly burdensome, and not proportional to
28  the needs of the case in requesting "financial information . . . from iMessage apps" when Apple

has already produced documents sufficient to show the unit sales and revenue of the accused Apple Devices sold in the United States from July 2014 to March 2023 (Q4 FY2014 – Q2 FY2023), including all Apple products that MPH accuses of supporting and enabling Apple's iMessage services. Apple objects to this Request as seeking irrelevant information, overly broad, unduly burdensome, and not proportional to the needs of the case in seeking financial information related to "iMessage apps, including ApplePay and any third-party applications, or from any other iMessage accessories, in-app purchases, or in-app advertising." These products are not accused instrumentalities in litigation, and MPH has not articulated a theory establishing the relevance of the requested information under a collateral or convoyed sale theory.

Subject to these objections, Apple has produced non-privileged documents sufficient to show the sales, revenue, cost, and profits for the accused Apple Devices sold in the United States since September 2014 pursuant to Patent Local Rule 3-4(d). In addition, Apple will produce non-privileged documents sufficient to show the revenue that is tracked from iMessages apps that it locates after a reasonable and diligent search.

**REQUEST FOR PRODUCTION NO. 85:**

Documents and things sufficient to show any use of Always On VPN by Apple for its own business use.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 85:**

Apple incorporates its Objections to Definitions and Instructions as set forth above. Apple further objects to this Request to the extent that it calls for information that falls within the protection of the attorney-client privilege, the common interest or joint defense privilege, the work-product doctrine, or any other applicable privilege, doctrine, or immunity. Apple will not produce privileged documents responsive to this Request. Apple further objects to this Request as vague and ambiguous with respect to "business use." Apple further objects to this Request because any documents concerning Apple's "business use" is not relevant to any party's claim or defense. Apple further objects to this Request as seeking irrelevant information, overly broad, unduly burdensome, and not proportional to the needs of the case, including, without limitation, in that it requests documents without limitation to mobile VPN technologies.

APPLE'S FIRST SUPPLEMENTAL OBJECTIONS AND RESPONSES TO MPH'S FIRST SET OF REQUESTS FOR PRODUCTION (NOS. 12, 26, 28, 30, 85, 90, 91)
CASE NO. 3:18-CV-05935-TLT

10

**FIRST SUPP. RESPONSE TO REQUEST FOR PRODUCTION NO. 85 (2/29/2024):**

Subject to and maintaining its objections above, and after meeting and conferring with MPH regarding this Request, Apple supplements its Response to this Request as follows:

Apple objects to this Request as vague and ambiguous with respect to "use of Always On VPN by Apple for its own business use." In responding to this Request, Apple interprets "use of Always On VPN by Apple for its own business use" to mean use of "Always-on VPN" by Apple personnel on a company device for Apple work-related tasks, as opposed to personal tasks. To the extent this Request requests anything other than what Apple has agreed to produce, Apple objects that this Request seeks irrelevant information, and is overly broad and unduly burdensome in that it is not relevant nor proportional to the needs of this case.

Subject to these objections, Apple responds that after performing a reasonable, diligent search, Apple has not located any responsive documents.

**REQUEST FOR PRODUCTION NO. 90:**

Documents and things sufficient to show all services, software, tools, programs, and/or subscriptions sold, licensed, or otherwise offered by Apple for users to configure, activate, and/or supervise devices utilizing Always On VPN, including Apple Configurator, Apple Configurator 2, Apple Device Enrollment Program, Apple School Manager, Apple Business Manager, and/or Apple Business Essentials.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 90:**

Apple incorporates its Objections to Definitions and Instructions as set forth above. Apple further objects to this Request to the extent that it calls for information that falls within the protection of the attorney-client privilege, the common interest or joint defense privilege, the work-product doctrine, or any other applicable privilege, doctrine, or immunity. Apple will not produce privileged documents responsive to this Request. Apple further objects to this Request to the extent it seeks third party confidential information or seeks information protected from disclosure by third parties' rights of privacy. Apple further objects to this Request as vague and ambiguous with respect to "users" and "supervise devices." Apple further objects to this Request as seeking irrelevant information, overly broad, unduly burdensome, and not proportional to the

1  needs of the case, including, without limitation, in that it requests documents without limitation to
2  mobile VPN technologies.  Apple further objects to this Request as seeking irrelevant
3  information, overly broad, unduly burdensome, and not proportional to the needs of the case,
4  including, without limitation, in that the scope of the Request is not limited by time or to the
5  United States.

**FIRST SUPP. RESPONSE TO REQUEST FOR PRODUCTION NO. 90 (2/29/2024):**

Subject to and maintaining its objections above, and after meeting and conferring with MPH regarding this Request, Apple supplements its Response to this Request as follows:

Apple objects to this Request as seeking irrelevant information, overly broad, unduly burdensome, and not proportional to the needs of the case in seeking documents related to "all services, software, tools, programs, and/or subscriptions sold, licensed, or otherwise offered by Apple."  These products are not accused instrumentalities in litigation, and MPH has not articulated a theory establishing the relevance of the requested information under a collateral or convoyed sale theory.

Subject to these objections, Apple will produce non-privileged documents sufficient to show the services, software, and programs offered by Apple to configure devices utilizing Always-on VPN, including Apple Configurator, Apple Configurator 2, Apple Device Enrollment Program, Apple School Manager, Apple Business Manager, and/or Apple Business Essentials.

**REQUEST FOR PRODUCTION NO. 91**

Documents and things sufficient to show all revenue received by Apple through its sale, licensing, or other offering of services, software, tools, programs, and/or subscriptions for users to configure, activate, and/or supervise devices utilizing Always On VPN, including Apple Configurator, Apple Configurator 2, Apple Device Enrollment Program, Apple School Manager, Apple Business Manager, and/or Apple Business Essentials.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 91:**

Apple incorporates its Objections to Definitions and Instructions as set forth above. Apple further objects to this Request to the extent that it calls for information that falls within the protection of the attorney-client privilege, the common interest or joint defense privilege, the

work-product doctrine, or any other applicable privilege, doctrine, or immunity. Apple will not produce privileged documents responsive to this Request. Apple further objects to this Request as vague and ambiguous with respect to "users" and "supervise devices." Apple further objects to this Request as seeking irrelevant information, overly broad, unduly burdensome, and not proportional to the needs of the case, including, without limitation, in that it requests documents without limitation to mobile VPN technologies. Apple further objects to this Request as seeking irrelevant information, overly broad, unduly burdensome, and not proportional to the needs of the case, including, without limitation, in that the scope of the Request is not limited by time or to the United States.

**FIRST SUPP. RESPONSE TO REQUEST FOR PRODUCTION NO. 91 (2/29/2024):**

Subject to and maintaining its objections above, and after meeting and conferring with MPH regarding this Request, Apple supplements its Response to this Request as follows:

Apple objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case in requesting "all revenues received by Apple" when Apple has already produced documents sufficient to show the unit sales and revenue of the accused Apple Devices sold in the United States from July 2014 to March 2023 (Q4 FY2014 – Q2 FY2023), including all Apple products that MPH accuses of utilizing and enabling Always-on VPN when used with VPN gateways and VPN servers. Apple objects to this Request as seeking irrelevant information, overly broad, unduly burdensome, and not proportional to the needs of the case in seeking documents related to "all services, software, tools, programs, and/or subscriptions sold, licensed, or otherwise offered by Apple." These products are not accused instrumentalities in litigation, and MPH has not articulated a theory establishing the relevance of the requested information under a collateral or convoyed sale theory.

Subject to these objections, Apple has produced non-privileged documents sufficient to show the sales, revenue, cost, and profits for the accused Apple Devices sold in the United States since September 2014 pursuant to Patent Local Rule 3-4(d).

| | | |
|---|---|---|
| 1 | Dated: February 29, 2024 | MORRISON & FOERSTER LLP |
| 2 | | |
| 3 | | By:  /s/ Ryan J. Malloy |
| 4 | |      Ryan J. Malloy |
| 5 | | Attorneys for Defendant<br>APPLE INC. |

APPLE'S FIRST SUPPLEMENTAL OBJECTIONS AND RESPONSES TO MPH'S FIRST SET OF REQUESTS FOR PRODUCTION (NOS. 12, 26, 28, 30, 85, 90, 91)
CASE NO. 3:18-CV-05935-TLT

14

# CERTIFICATE OF SERVICE

I declare that I am employed with the law firm of Morrison & Foerster LLP, whose address is 707 Wilshire Boulevard, Los Angeles, California 90017-3543.  I am not a party to the within cause, and I am over the age of eighteen years.

I further declare that on February 29, 2024, I served a copy of:

**DEFENDANT APPLE INC.'S OBJECTIONS AND FIRST SUPPLEMENTAL RESPONSES TO PLAINTIFF MPH TECHNOLOGIES OY'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS (NOS. 12, 26, 28, 30, 85, 90, 91)**

☒ **BY ELECTRONIC SERVICE [Fed. Rule Civ. Proc. rule 5(b)]** by electronically mailing a true and correct copy through Morrison & Foerster LLP's electronic mail system to the e-mail address(es) set forth below, or as stated on the attached service list per agreement in accordance with Federal Rules of Civil Procedure rule 5(b).

Patricia L. Peden
BURKE, WILLIAMS & SORENSEN, LLP
1999 Harrison St., Ste. 1650
Oakland, CA 94612-3520
ppeden@bwslaw.com

Christopher J. Lee
David J. Sheikh
Brian E. Haan
Ashley E. LaValley
Dragan Gjorgiev
James D. Mitchell
LEE SHEIKH & HAAN LLC
125 South Clark Street, Suite 1175
Chicago, IL  60603
clee@leesheikh.com
dsheikh@leesheikh.com
bhaan@leesheikh.com
alavalley@leesheikh.com
dgjorgiev@leesheikh.com
jmitchell@leesheikh.com

I declare under penalty of perjury that the foregoing is true and correct.

Executed at Los Angeles, California, this, 29th day of February, 2024.

| Soo J. Park | /s/ Soo J. Park |
|---|---|
| (typed) | (signature) |