April 17, 2024

*Via ECF*

The Honorable Trina L. Thompson
San Francisco Courthouse, Courtroom 9, 19 Floor
450 Golden Gate Avenue
San Francisco, CA 94102

Re:     **MPH Techs. Oy v. Apple Inc., No. 3:18-cv-05935-TLT (N.D. Cal.)**
        **Joint Discovery Dispute Letter Regarding MPH's Interrogatory No. 6**

Dear Judge Thompson:

Pursuant to the Court's Civil Standing Order, Plaintiff MPH Technologies Oy ("MPH") and Defendant Apple Inc. ("Apple") respectfully submit the following joint letter regarding Interrogatory No. 6, served by MPH on February 9, 2024. The parties met and conferred about Apple's objections to Interrogatory No. 6 on March 22, 2024, but have been unable to resolve their dispute. Apple's responses and objections to Interrogatory No. 6 are attached hereto.

## I.     MPH'S POSITION – APPLE SHOULD BE ORDERED TO PROVIDE INFORMATION ON COMMERCIAL IMPLEMENTATIONS OF ALWAYS ON VPN

Interrogatory No. 6 seeks basic information regarding commercial implementations of Apple's "Always On VPN" functionality, which MPH has accused of infringing U.S. Patent No. 8,037,302 ("the '302 patent"); Dkt. 1, Compl. ¶¶95-104, 235-252. In particular MPH requests that Apple identify the following for commercial implementations of Always On VPN: i) who implemented it, ii) the time period, iii) the number of users/devices, iv) the VPN gateways/servers used, v) the software used, vi) the agreements made, and vii) relevant documents. Apple provided no substantive response to this interrogatory and instead lodged a host of improper objections.

Apple objects to the interrogatory "to the extent it seeks third party confidential information or seeks information protected from disclosure by third parties' rights of privacy." Apple's confidentiality concerns are unfounded because the Court entered an agreed-upon protective order in this case. Dkt. No. 90. Third-party confidentiality concerns are not a basis for blocking discovery. *See Chevron Mining Inc. v. Skanska USA Civil West Rocky Mountain District, Inc*, 2019 WL 11556844, at *1 (N.D. Cal. Sept. 13, 2019) ("[T]he fact that [a third party] and Skanska might have decided amongst themselves to enter into a confidentiality agreement does not bar the settlement from being discoverable under the Federal Rules of Civil Procedure in a litigation where Skanska is a defendant."); *Zeff v. Greystar California, Inc.*, 2022 WL 20611261, at *1 (N.D. Cal. May 5, 2022).

Apple also contends that the names and identities of any customers or entities that implement the accused Always On VPN are not relevant here, which is simply not true. The names of customers and the details of their implementations of the accused Always On VPN feature are

directly relevant to both liability and damages. For example, MPH has accused Apple of inducing customers to infringe the methods of the '302 patent. Accordingly, who those customers are and how and the extent to which they utilize the accused VPN technology are certainly relevant to infringement. *See Columbia Machine, Inc. v. Besser Co.*, 2011 WL 6753927, at *3 (Dec. 23, 2011) ("[I]nformation about defendant's customers and the customer's use of the product is the proper subject of inquiry."); *Polaris Innovations Ltd. v. Kingston Tech. Co.*, 2017 WL 3275615, at **8-9 (C.D. Cal. Feb. 14, 2017) ("This information– both identities and locations of customers– also has been held relevant to claims of inducement."). Apple itself contends that MPH is required to identify a specific entity that has performed the patented methods claimed in the '302 patent. Specifically, in Apple's response to MPH's Interrogatory No. 5 regarding Apple's non-infringement position, Apple repeatedly asserts that MPH has not adequately "identified any specific instance of any specific entity that has performed [the steps of the claims of the '302 patent]." In other words, Apple has taken two diametrically opposed positions: (1) MPH must identify specific entities that have performed the claimed methods in order to show infringement, but (2) the identities of any such entities are irrelevant. Apple's self-contradiction confirms that its refusal to provide the requested information is simply improper.

The identities of Apple's customers implementing and using Always On VPN are also relevant because those customers may possess additional discoverable information that MPH may pursue through third party discovery including, for example, further details regarding the extent of their usage of the accused Always On VPN feature and the reasons *why* they chose to implement the accused Always On VPN functionality. This information is highly relevant to damages. Third-party discovery may be particularly necessary here, because Apple has represented to MPH that "Apple does not track usage information for the accused VPN technology."

Apple has also asserted a litany of other improper and frivolous objections. For example, Apple objects to Interrogatory No. 6 based on attorney-client privilege and attorney work product, when this interrogatory does not seek any such information. Instead, the interrogatory seeks commercial information about the implementation and usage of Always-On VPN. Apple also objects on relevance grounds on the basis that the interrogatory "seeks information that is outside the scope of MPH's Infringement Contentions, [and] not limited to the accused Always-On VPN functionalities," which is baseless because the interrogatory is squarely and expressly directed to the same "Always On VPN" technology that is identified and applied to claims of the '302 patent in MPH's Infringement Contentions.

Apple also objects based on relevance because the interrogatory is "not limited to non-U.S. Government entities in accordance with 28 U.S.C. § 1498." This objection is based on Apple's assertion that MPH's right to seek damages is limited by 28 U.S.C. § 1498. *See* Dkt. No. 38, Apple's Answer, at 18. 28 U.S.C. § 1498 codifies an affirmative defense to infringement liability based on government use of a patented method which a defendant shows (1) was "for the Government" and (2) "with the authorization and consent of the Government." 28 U.S.C. § 1498; *see also Sevenson Envtl. Servs., Inc. v. Shaw Envtl., Inc.,* 477 F.3d 1361, 1365 (Fed. Cir. 2007). To date, Apple has provided no information in discovery to support this defense. In any event, an unproven affirmative defense is simply not a valid basis to withhold discovery. And, in fact, information regarding Government use of the accused functionality is *highly* relevant to Apple's Section 1498 defense. Indeed, Apple could not possibly have formed a good-faith basis for a

defense based on Section 1498 without first knowing the precise information requested in Interrogatory No. 6.

Finally, Apple contends that terms and phrases used in the interrogatory are vague and ambiguous, including "implementation," "implemented," "configure, manage, and supervise," "use," "used," "create and install," "agreements," "commercially implemented," and "relating to use of 'Always On VPN.'"  There is nothing vague or ambiguous about them, and many of these same terms are used in Apple's own documents describing VPN deployment.  *See https://support.apple.com/guide/deployment/vpn-overview-depae3d361d0/web* (last visited Mar. 27, 2024).

For all these reasons, Apple should be ordered to promptly provide a complete response to Interrogatory No. 6 regarding commercial implementations of Apple's Always On VPN.

## II.    APPLE'S POSITION

The Court should deny MPH's requested relief as moot.  MPH's Interrogatory No. 6 requests that Apple identify the following information for each commercial implementation of any version of Always On VPN:  (1) the customers who implemented and used it; (2) the number of devices; and (3) any agreements between Apple and each entity relating to use of Always On VPN.  Apple informed MPH that it would supplement its response with the information available to Apple responsive to this Interrogatory by no later than April 26, 2024, after complying with certain confidentiality obligations surrounding the highly-sensitive customer information MPH requests.[1]

Apple has repeatedly explained that it does not have the remaining information requested by this Interrogatory, namely (4) "the number of users of Always on VPN," (5) "the time period during which Always On VPN was implemented and used," (6) "the make/model or type of VPN gateway(s) or server(s) used," and (7) "the software to configure, manage, and supervise user devices, including to create and install VPN profiles."  Apple has confirmed, however, that it would not withhold any information responsive to the Interrogatory in its possession.  MPH's request is therefore moot.

---

[1] In an effort to resolve this dispute, Apple agrees to supplement its response with the information available to it notwithstanding the fact that the requested discovery is not proportional to the needs of the case.

Respectfully submitted,

Dated:  April 17, 2024          By:  */s/ Ashley E. LaValley*
                                     Ashley E. LaValley

                                     Attorneys for Plaintiff
                                     *MPH TECHNOLOGIES OY*

                                     Patricia L. Peden, Esq.
                                     BURKE, WILLIAMS & SORENSEN, LLP

                                     Christopher J. Lee (pro hac vice)
                                     David J. Sheikh (pro hac vice)
                                     Brian E. Haan (pro hac vice)
                                     Ashley E. LaValley (pro hac vice)
                                     Dragan Gjorgiev (pro hac vice)
                                     James D. Mitchell (pro hac vice)
                                     LEE SHEIKH & HAAN LLC

Dated:  April 17, 2024          By:  */s/ Ryan J. Malloy*
                                     Ryan J. Malloy

                                     Attorneys for Defendant
                                     *APPLE INC.*

                                     BITA RAHEBI
                                     RYAN J. MALLOY
                                     ROSE S. LEE
                                     NIMA KIAEI
                                     MORRISON & FOERSTER LLP
                                     707 Wilshire Boulevard
                                     Los Angeles, California 90017-3543
                                     Telephone: (213) 892-5200
                                     Facsimile:  (213) 892-5454
                                     brahebi@mofo.com
                                     rmalloy@mofo.com
                                     roselee@mofo.com
                                     nkiaei@mofo.com

                                     RICHARD S.J. HUNG
                                     MORRISON & FOERSTER LLP
                                     425 Market Street
                                     San Francisco, California  94105
                                     Telephone: (415) 268-7000
                                     Facsimile:  (415) 268-7522
                                     rhung@mofo.com

## **ATTESTATION**

Pursuant to Civil L.R. 5-1(h)(3) regarding signatures, I attest under penalty of perjury that concurrence in the filing of this document has been obtained from the other signatories.

Dated:  April 17, 2024                    By:  */s/ Ashley E. LaValley*
                                                                Ashley E. LaValley

                                                                Attorney for Plaintiff
                                                                *MPH Technologies Oy*