BITA RAHEBI (CA SBN 209351)
brahebi@mofo.com
RYAN J. MALLOY (CA SBN 253512)
rmalloy@mofo.com
ROSE S. LEE (CA SBN 294658)
roselee@mofo.com
NIMA KIAEI (CA SBN 336142)
nkiaei@mofo.com
MORRISON & FOERSTER LLP
707 Wilshire Boulevard
Los Angeles, California 90017-3543
Telephone: (213) 892-5200
Facsimile: (213) 892-5454

RICHARD S.J. HUNG (CA SBN 197425)
rhung@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105
Telephone: (415) 268-7000
Facsimile: (415) 268-7522

Attorneys for Defendant
APPLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| MPH Technologies Oy,<br><br>Plaintiff,<br><br>v.<br><br>Apple Inc.,<br><br>Defendant. | Case No. 3:18-cv-05935-TLT<br><br>**DEFENDANT APPLE INC.'S OBJECTIONS AND RESPONSES TO PLAINTIFF MPH TECHNOLOGIES OY'S THIRD SET OF INTERROGATORIES (NOS. 6-7)** |

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, the Northern District of California Local Patent Rules, and any applicable local procedures, laws, or Court orders, Defendant Apple Inc. responds to the Third Set of Interrogatories (Nos. 6-7) ("Interrogatories") by Plaintiff MPH Technologies Oy ("MPH").

**PRELIMINARY STATEMENT**

Investigation and discovery are ongoing. Apple reserves the right to modify, update, or supplement its responses and objections under the Federal Rules and to produce or use information and documents that it later discovers.

Apple bases its responses on its interpretation and understanding of the Interrogatory and on currently known information. If MPH subsequently asserts a different interpretation or understanding, Apple may supplement its response or objections. As discovery proceeds, Apple also may discover additional or different information or documents that relates to the Interrogatory. If it does, Apple may supplement or amend its responses under Rule 26(e).

Apple does not waive an objection to the admissibility, authenticity, or relevance of any information that it provides in response to the Interrogatory. Nor does it waive any right to assert a privilege or other doctrine (including the attorney-client privilege and work product doctrine) protecting responsive information or documents from disclosure. Apple's assertion of various general and specific objections does not waive other potentially applicable objections, including those that might arise in the future.

**OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS**

1. Apple objects to the definition of "Defendant," "Apple," "You," and "Your" as overbroad, unduly burdensome, and seeking information that is irrelevant to, and not proportional to the needs of, this case, to the extent they purport to refer to information about Apple personnel who have no connection to the technology accused in MPH's complaint or infringement contentions, and as exceeding the scope and proportionality limitations of Rule 26(b)(1). In responding to the Interrogatory, Apple interprets "Defendant," "Apple," "You," and "Your" to mean Apple Inc.

2. Apple objects to the definition of "Document(s)" to the extent it is broader than the

definition provided by Rule 34(a). Apple further objects to the definition of "Document" to the extent it includes email or other forms of electronic correspondence. Apple will not search for or produce email outside of the procedures set forth in the Parties' agreed-upon ESI order, which provides that "[g]eneral ESI production requests under Federal Rules of Civil Procedure 34 and 45 shall not include email or other forms of electronic correspondence."

3. Apple objects to the definition of "Electronic data compilations" to the extent it imposes on Apple a greater obligation than that which is required under the Federal Rules.

4. Apple objects to the definition of "Communication" to the extent it imposes on Apple a greater obligation than that which is required under the Federal Rules. Apple further objects to the definition of "Communication" to the extent it includes email or other forms of electronic correspondence. Apple will not search for or produce email outside of the procedures set forth in the Parties' agreed-upon ESI order.

5. Apple objects to the definition of "identify" as overbroad and unduly burdensome, including because it requires Apple to identify a person's "present occupation, job title and telephone number."

6. Apple objects to any definition or instruction as seeking irrelevant information, overbroad, and unduly burdensome to the extent it imposes on Apple a greater obligation than required under the Federal Rules or the rules and orders of this District or Court.

7. Apple objects to Instruction No. 2 as overbroad and unduly burdensome, including because it requires Apple to provide "a description of the information or document and its subject matter sufficient to allow Plaintiff to understand and contest the claim, including as applicable, the name of any document or thing, the date(s) of creation/modification/transmission, the name and title or its author, each addressee, and each person to whom a copy of the document or thing has been sent or received."

8. Apple objects to Instruction No. 3 as overbroad and unduly burdensome, including because it requires Apple to identify documents that are "not now within or subject to [Apple's] possession, custody or control."

**RESPONSES TO INTERROGATORIES**

**INTERROGATORY NO. 6:**

Separately for each commercial implementation of any version of Always On VPN: identify by name the business, corporate entity, government entity, school, or other organization who implemented Always On VPN, or for whom Always On VPN was implemented; state the time period during which Always On VPN was implemented and used; state the number of users of Always On VPN; state the number of devices with Always On VPN profiles installed and/or configured; identify the make/model or type of VPN gateway(s) or server(s) used; identify the software to configure, manage, and supervise user devices, including to create and install VPN profiles; identify any agreements between Apple and each entity relating to use of Always On VPN, and identify any Documents pertaining to the foregoing. If Apple itself has commercially implemented and used any version of Always On VPN, the above applies to such commercial implementation and use.

**RESPONSE TO INTERROGATORY NO. 6:**

Apple incorporates its Objections to Definitions and Instructions as set forth above. Apple further objects to this Interrogatory to the extent that it calls for information that falls within the protection of the attorney-client privilege, the common interest or joint defense privilege, the work-product doctrine, or any other applicable privilege, doctrine, or immunity. Apple further objects to this Interrogatory to the extent it seeks third party confidential information or seeks information protected from disclosure by third parties' rights of privacy. Apple further objects to this Interrogatory as vague and ambiguous with respect to the phrases "implementation," "implemented," "configure, manage, and supervise," "use," "used," "create and install," "agreements," "commercially implemented," and "relating to use of Always On VPN." Apple further objects on the grounds that this Interrogatory is overly broad and unduly burdensome and seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence, for instance, because it seeks information that is outside the scope of MPH's Infringement Contentions, not limited to the accused Always-On VPN functionalities, not limited to the United States, not limited to non-U.S. Government entities in

accordance with 28 U.S.C. § 1498, and from an unspecified or over-expansive timeframe. Apple further objects to this Interrogatory as compound and that it should be counted as multiple subparts. Apple further objects to this Interrogatory to the extent that it calls for information unknown to Apple.

Apple is amenable to meeting and conferring with MPH regarding the scope of this Interrogatory.

**INTERROGATORY NO. 7:**

Identify the physical locations by city, state, and facility name of all Apple servers that support iMessage and FaceTime in the United States including, without limitation, the locations of all IDS, Madrid, APNs, and Nice servers. A complete response to this interrogatory will specifically identify the type(s) of server(s) (e.g., IDS, Madrid, APNs, Nice) at each location and also identify whether two or more types of servers are located in the same server rack and/or cabinet at each location.

**RESPONSE TO INTERROGATORY NO. 7:**

Apple incorporates its Objections to Definitions and Instructions as set forth above. Apple further objects to this Interrogatory to the extent that it calls for information that falls within the protection of the attorney-client privilege, the common interest or joint defense privilege, the work-product doctrine, or any other applicable privilege, doctrine, or immunity. Apple further objects to this Interrogatory to the extent it seeks third party confidential information or seeks information protected from disclosure by third parties' rights of privacy. Apple further objects to this Interrogatory as vague and ambiguous with respect to the phrases "facility name," "physical locations," "support," "type(s) of server(s)," and "server rack and/or cabinet." Apple further objects on the grounds that this Interrogatory is overly broad and unduly burdensome and seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence, for instance, because it seeks information that is outside the scope of MPH's Infringement Contentions, not limited to the accused iMessage and FaceTime functionalities, from an unspecified or over-expansive timeframe, and unrelated to the relevant

geographic limits of this matter. Apple further objects to this Interrogatory as compound and that it should be counted as multiple subparts.

Subject to its objections, and based on currently available information after making a reasonable inquiry, Apple provides the following response: Apple servers that support iMessage and FaceTime in the United States are located in multiple geographic locations throughout the United States. For example, Apple maintains hundreds of APNS Courier servers (a.k.a. Points of Presence (PoP)) across the United States (generally multiple servers per location) and maintains APNS Gateway and Interface servers, IDS servers, and Madrid/Nice servers in McCarran, Nevada, Mesa, Arizona, Chicago, Illinois, and Startown, North Carolina.

Pursuant to Fed. R. Civ. P. 33(d), Apple also identifies the following documents providing additional responsive information: APL-MPH_00839307-APL-MPH_00839979. Apple will also make available on the source code review machine configuration files with additional responsive information.

Dated: March 11, 2024

MORRISON & FOERSTER LLP

By: */s/ Nima Kiaei*
Nima Kiaei

Attorneys for Defendant APPLE INC.
Bita Rahebi (SBN 209351)
Richard S.J. Hung (SBN 197425)
Ryan J. Malloy (SBN 253512)
Rose S. Lee (SBN 294658)
Nima Kiaei (SBN 336142)

# CERTIFICATE OF SERVICE

I declare that I am employed with the law firm of Morrison & Foerster LLP, whose address is 707 Wilshire Boulevard, Los Angeles, California 90017-3543. I am not a party to the within cause, and I am over the age of eighteen years.

I further declare that on March 11, 2024, I served a copy of:

**DEFENDANT APPLE INC.'S OBJECTIONS AND RESPONSES TO PLAINTIFF MPH TECHNOLOGIES OY'S THIRD SET OF INTERROGATORIES (NOS. 6-7)**

☒ **BY ELECTRONIC SERVICE [Fed. Rule Civ. Proc. rule 5(b)]** by electronically mailing a true and correct copy through Morrison & Foerster LLP's electronic mail system to the e-mail address(es) set forth below, or as stated on the attached service list per agreement in accordance with Federal Rules of Civil Procedure rule 5(b).

Patricia L. Peden
BURKE, WILLIAMS & SORENSEN, LLP
1999 Harrison St., Ste. 1650
Oakland, CA 94612-3520
ppeden@bwslaw.com

Christopher J. Lee
David J. Sheikh
Brian E. Haan
Ashley E. LaValley
Dragan Gjorgiev
James D. Mitchell
LEE SHEIKH & HAAN LLC
125 S. Clark St., Ste. 1175
Chicago, IL 60603
clee@leesheikh.com
dsheikh@leesheikh.com
bhaan@leesheikh.com
alavalley@leesheikh.com
dgjorgiev@leesheikh.com
jmitchell@leesheikh.com

I declare under penalty of perjury that the foregoing is true and correct.

Executed at Los Angeles, California, this 11th day of March, 2024.

| Silvia Specht | */s/ Silvia Specht* |
|---|---|
| (typed) | (signature) |