*Via ECF*                                                                                                                   April 18, 2024

The Honorable Trina L. Thompson
San Francisco Courthouse, Courtroom 9, 19 Floor
450 Golden Gate Avenue
San Francisco, CA 94102

      Re:    **MPH Techs. Oy v. Apple Inc., No. 3:18-cv-05935-TLT (N.D. Cal.)**
              **Joint Discovery Dispute Letter Regarding MPH's Document Requests on Licenses and Lawsuits with Similar Technologies**

Dear Judge Thompson:

    Pursuant to the Court's Civil Standing Order, MPH Technologies Oy and Apple Inc. respectfully submit this joint letter regarding their discovery dispute relating to Apple's responses to MPH's Requests for Production of Documents and Things Nos. ("RPDs") 5-8, 39, and 40, attached hereto. The parties have exchanged correspondence about these requests. MPH contends that the parties conferred about these requests. Apple disputes that MPH engaged in a good-faith meet-and-confer process. Apple contends that this letter is largely moot as Apple has already produced or agreed to produce documents responsive to most requests, and premature because many "disputes" would be relevant only if the Court were to grant MPH leave to amend its infringement contentions to add doctrine of equivalents theories (*see* ECF 103).

**I.    MPH'S POSITIONS**

    **A.    Apple Should be Ordered to Produce Its License Agreements**

    RPDs 5-8 and 39 seek license agreements relating to the accused instrumentalities.[1] Apple has only agreed to produce "non-privileged comparable licenses in accordance with Patent Local Rule 3-4(c)," even though (1) MPH's RPDs are broader than what Patent L.R. 3-4(c) requires, and (2) amended Patent L.R. 3-4(c) is not limited to "comparable licenses."

    MPH's RPDs seek patent licenses related to the Apple Products and Services, virtual private networks, secure messaging, or the Apple Devices. "Apple Products and Services" are defined as "Always On VPN capability, iMessage, FaceTime, Handoff, Universal Clipboard, iPhone Cellular Call Relay, iPhone Text Message Forwarding, and encryption for Apple Watch apps with streaming data." "Apple Devices" are defined as devices that support certain iOS, iPadOS, OS X, macOS, Watch OS versions, including "iPhones, iPads, iPods, MacBooks, Mac Pros, Mac minis, iMacs, Mac Studio, and Apple Watches." In correspondence, Apple represented that it has already "produced all licenses directed to encrypted messaging, encrypted videoconferencing, or VPN technologies located after a reasonable search." This does not cover all accused Apple Products and Services or all Apple Devices, as requested by MPH's RPDs. In a good faith attempt to further direct Apple's search for relevant licenses, MPH identified seven Apple lawsuits involving pertinent technology that MPH believes could have culminated with relevant settlement or license agreements or otherwise involved the exchange of licenses. *See*

---

[1] MPH reserves the right to seek discovery regarding the '581 patent.

**3:18-CV-05935-TLT**                                                                                                                                    1

Exhibit A, MPH's Feb. 23, 2024 Letter at p. 3 (highlighted in relevant part). The lawsuits MPH identified involve encryption, security, VPN, iMessage, FaceTime, and/or Handoff. Apple has not agreed to produce any agreements from the list of lawsuits provided by MPH or provided any valid basis for its refusal to do so. In fact, Apple has only squarely addressed one of those lawsuits, *St. Luke Technologies, LLC v. Apple Inc.*, which it claims was "resolved through a third party." Notably, Apple has not disputed the relevance of any agreement resulting from that lawsuit, which involved many of the same services accused in this case. Yet, Apple has refused to produce the agreement or identify the third party who apparently resolved the lawsuit on its behalf. It has also confirmed that it has not even asked that third party for the agreement, which it should be required to do.

Apple's narrow license production to date is improper for at least two reasons. First, the Patent Local Rules expressly prohibit Apple from objecting to MPH's RPDs merely because they are broader than the Patent Local Rules, which it has done by agreeing only to produce what Patent L.R. 3-4(c) requires. *See* Patent L.R. 2-5. And second, even if Apple's reliance on Patent L.R. 3-4(c) was proper (which it is not), on October 19, 2023, that Rule was expanded to require the production of "[a]ll agreements that *may be related to the accused instrumentality or may be comparable* to a license that would result from a hypothetical reasonable royalty negotiation." (addition emphasized); *see also* Notice regarding amendments at https://www.cand.uscourts.gov/notices/amended-patent-local-rules-3-2-3-4-3-8-3-9-new-rule-3-10/ (requiring production of licenses "without worrying about 'comparability' and without limitation to licenses that may be relevant only to hypothetical license negotiations, because such agreements are relevant for other purposes, and relevance is in the eye of the beholder"). Despite the rule's expansion, *Apple has not produced any additional license agreements* related to the accused instrumentalities since its initial production under the previous, more limited version of Patent L.R. 3-4(c), which only required production of those "agreements *that [Apple] contends are comparable*" to a hypothetical license.

Apple's vague assertions of burden and its cherry-picked production are improper. In correspondence, Apple asserted that "producing all licenses that may relate to *all accused products* would be unduly burdensome and is not required under the revised PLR 3-4(c)." The latter is simply not true based on the plain wording of the rule and the accompanying Notice. Apple has also not specified how many other licenses are responsive to MPH's document requests or Patent L.R. 3-4(c), nor has it explained why it would be unduly burdensome to produce all licenses related to the accused instrumentalities. Apple hides behind this unspecified "burden" so that it can produce only the licenses *it, in its sole discretion, contends are comparable* to a license that would result from a hypothetical negotiation, which is not permitted under amended Patent L.R. 3-4(c). Apple is required to produce *all* patent license or technology use agreements that *may be related* to the accused instrumentalities identified in MPH's Patent L.R. 3-1 Disclosure. *See, e.g., R.N.N. Trust, Ltd. v. Apple Inc.*, Case No. 22-cv-01832-WHO, Dkt. 109 (N.D. Ca. Aug. 15, 2023) ("[T]he case law indicates that Apple cannot unilaterally decide whether the sought-after agreements are comparable. Apple is ORDERED to produce any settlement and/or licensing agreements arising from the resolution of the list of cases provided by RNN Trust"). Accordingly, the Court should order Apple to produce *all* agreements that may be related to iMessage, FaceTime, Handoff, Universal Clipboard, iPhone Cellular Call Relay, iPhone Text Message Forwarding, encryption for Apple Watch apps with streaming data, and/or Always On VPN or may be comparable to a license that would result from a hypothetical reasonable royalty negotiation or, at a minimum, order Apple to produce the agreements requested in MPH's February 23, 2024 letter.

### B. Apple Should Be Ordered to Produce Documents from its Lawsuits with Similar Technologies

RPD 40 seeks certain documents from other patent infringement lawsuits against Apple which involve the accused Apple Products and Services or other related technology. Through the meet and confer process, in a good-faith effort to narrow the scope of RPD 40, MPH provided Apple with a limited list of specific documents from a handful of lawsuits that involved the Accused Products and Services in this case or related technology, including iMessage, FaceTime, and Handoff. In particular, MPH requested deposition transcripts of Apple's employees, officers, and experts, Apple's expert reports and exhibits thereto, trial exhibits, Apple's responses to requests for admission, and Apple's responses to interrogatories from the following lawsuits:

- *Soverain IP, LLC v. Apple Inc.*, No. 2:17-cv-00207 (E. D. Tex.);
- *St. Luke Technologies, LLC v. Apple Inc.*, No. 2:15-cv-01547 (E. D. Tex.);
- *VirnetX Inc. v. Apple Inc.*, including No. 6:12-cv-00855-RWS (E. D. Tex.), No. 6:10-cv-00417-RWS (E. D. Tex.), and any lawsuits consolidated therein; and
- *VOIP-Pal.com, Inc. v. Apple Inc.*, No. 18-cv-06216 (N. D. Cal.).

Ex. A, MPH's Feb. 23, 2024 Letter at p. 5. The documents sought from Apple are not publicly available, yet are likely to include information relevant to MPH's infringement allegations and damages. As one example, trial testimony from the *VirnetX* litigations, which involved the accused FaceTime service and similar VPN technology to that accused here, refers to underlying testimony from an "Apple marketing manager" that "it's important to enterprise customers -- and those are the customers that Apple wanted to get that BlackBerry had -- that its devices be -- be secure. Security was critically important to Apple." Case No. 6:12-cv-00855-RWS (E.D. Tex.), Dkt. 990 at 711:7-12. That underlying testimony is unavailable publicly but is relevant for damages and the hypothetical reasonable royalty negotiation. Other trial testimony from *Virnetx* similarly refers to Apple employee testimony that MPH believes is relevant to damages in this case. Despite MPH's good faith efforts to narrow the scope of its RPD 40 and reduce any purported burden on Apple, Apple has outright refused to produce *any* of the requested documents without explanation. Apple should be ordered to produce the requested documents, without further delay.

### II. APPLE'S POSITIONS

Apple has complied with every reasonable discovery demand from MPH and several unreasonable demands to boot. Apple has produced over 840,000 pages of documents (in addition to large volumes of source code) and has agreed to produce many of the additional documents that MPH seeks here. The only documents that MPH seeks that Apple has not agreed to produce are Apple's litigation files from unrelated cases. MPH has not established the relevance of those files, and collecting and producing them would be disproportional to the needs of this case.

### A. MPH's Discovery Letter Is Moot with Respect to RFPs 5-8 and 39

Apple has already produced all licenses related to the accused functionalities that it located after a reasonable search. MPH offers no evidence that Apple's search was too narrow or that Apple possesses other licenses related to the accused functionalities. That alone is reason to deny MPH's requested relief. *See Impinj, Inc. v. NXP USA, Inc.*, No. 19-cv-03161, 2022 WL 16586886, at *2 (N.D. Cal. Nov. 1, 2022) ("[T]he party moving to compel . . . discovery, has the

initial burden of establishing that the information sought 'is relevant to any party's claim or defense and proportional to the needs of the case.'" (quoting Fed. R. Civ. P. 26(b)(1))).

The Court should also deny MPH's requested relief as moot. Apple has informed MPH that it will produce any agreements stemming from the seven cases that MPH identified, even though MPH has not shown that the agreements are relevant (or even that they relate to the accused functionalities).[2] MPH's request is therefore moot.[3]

### B.    MPH Is Not Entitled to Apple's Litigation Files from Prior Cases

MPH's RFP 40 requests that Apple produce its litigation files "[f]or each of Apple's patent infringement lawsuits during the past ten (10) years involving any of the Apple Products and Services . . . ." That is grossly overbroad and unreasonable. *See, e.g.*, *Goro v. Flowers Foods, Inc.*, No. 17-cv-02580, 2019 U.S. Dist. LEXIS 203568, 2019 WL 6252499, at *18 (S.D. Cal. Nov. 22, 2019) ("Asking for all documents produced in another matter is not generally proper.").

That MPH agreed to limit this RFP to four cases does not make it reasonable. For three of the cases, MPH provides no discussion at all and thus cannot possibly have established relevance and proportionality. MPH's requested relief should therefore be denied for those cases. *See Impinj*, 2022 WL 16586886, at *2.

Regarding the fourth case (*VirnetX*), MPH asserts only that it involved FaceTime and "similar VPN technology." But "similarities are not enough" to prove relevance. *In re Volkswagen "Clean Diesel" Mktg., Sales Practices, & Prod. Liab. Litig.*, No. MDL-2672, 2017 WL 4680242, at *1 (N.D. Cal. Oct. 18, 2017); *In re eBay Seller Antitrust Litig.*, No. 07-cv-1882, 2010 WL 2836815, at *3 (N.D. Cal. July 19, 2010) (rejecting document requests where "[t]here is little or no overlap of issues"); *Chen v. Ampco Sys. Parking*, No. 08-cv-0422, 2009 WL 2496729, at *2 (S.D. Cal. Aug. 14, 2009) (similarities or overlap alone are not enough to justify "a *carte blanche* production"). MPH request for *VirnetX* files should be denied for that reason alone.

Moreover, even if the *VirnetX* files had some marginal relevance, MPH has not shown that they are proportional to the needs of the case. MPH's request would require Apple to locate and produce thousands of pages of documents from unrelated cases, some filed over a decade ago. The *VirnetX* cases alone have over 2,000 case files dating back nearly 15 years. The cases also involve production of VirnetX licenses to which Apple is not even a party. MPH should not be permitted

---

[2] The accused technologies in the cases that MPH identified are: Personal Hotspot (*IXI*); the iTunes Store (*OpenTV*); iPhone/iPad ability to block background information (*Seven Networks*); the Apple.com webstore (*Soverain IP*); "computer encryption products that perform a process of decrypting documents" (*MAZ Encryption*); and Siri, the App Store, and location technology (*Unwired Planet*). None of those technologies are accused here.

[3] MPH has also asked for all agreements produced by Apple or VirnetX Inc. in the *VirnetX* litigations. MPH's request for those agreements is addressed below in the context of MPH's request for litigation files from prior litigations. Even if the Court were to deem licenses produced by VirnetX relevant here, MPH should seek those licenses from VirnetX instead of Apple given that the documents would implicate VirnetX's confidentiality concerns, not Apple's.

to inject additional complexity from an unrelated litigation into this case, which would only "take up inordinate time and divert the jury from the real issues." *Buckley v. Evans*, No. 02-cv-1451, 2007 WL 2900173, at *4 & n.13 (E.D. Cal. Sept. 28, 2007); *GPNE Corp. v. Apple, Inc.*, No. 12-cv-02885, Dkt. No. 319 at 1-2 (N.D. Cal. June 24, 2014) ("evidence regarding other proceedings" has "no relevance").

These documents would also include large amounts of third-party confidential information governed by protective orders and confidentiality agreements. Reconciling the requirements of all of the protective orders and complying with all of the notice requirements would be unwieldy. MPH "does not even address that burden, let alone establish its need for all of the information," so MPH's requested relief should be denied. *Pac. Wine Distrib. Inc. v. Vitol Inc.*, No. 20-cv-03131-JSC, 2022 WL 1489474, at *2 (N.D. Cal. May 11, 2022) (denying motion where plaintiff "has not met its burden of showing that every single document, expert report, and deposition transcript" from prior case is relevant and due to "the burden of producing confidential business information"); *Chen*, 2009 WL 2496729, at *2 (denying request for production of documents from prior cases where it "would be extremely burdensome").

Respectfully submitted,

Dated: April 18, 2024       By:  */s/ Dragan Gjorgiev*
                                 Dragan Gjorgiev

                                 Attorneys for Plaintiff
                                 *MPH TECHNOLOGIES OY*

                                 Patricia L. Peden, Esq.
                                 BURKE, WILLIAMS & SORENSEN, LLP

                                 Christopher J. Lee (pro hac vice)
                                 David J. Sheikh (pro hac vice)
                                 Brian E. Haan (pro hac vice)
                                 Ashley E. LaValley (pro hac vice)
                                 Dragan Gjorgiev (pro hac vice)
                                 James D. Mitchell (pro hac vice)
                                 LEE SHEIKH & HAAN LLC

Dated: April 18, 2024       By:  */s/ Ryan J. Malloy*
                                 Ryan J. Malloy

                                 Attorneys for Defendant
                                 *APPLE INC.*

                                 BITA RAHEBI
                                 RYAN J. MALLOY
                                 ROSE S. LEE
                                 NIMA KIAEI
                                 MORRISON & FOERSTER LLP
                                 707 Wilshire Boulevard
                                 Los Angeles, California 90017-3543
                                 Telephone: (213) 892-5200
                                 Facsimile:  (213) 892-5454
                                 brahebi@mofo.com
                                 rmalloy@mofo.com
                                 roselee@mofo.com
                                 nkiaei@mofo.com

                                 RICHARD S.J. HUNG
                                 MORRISON & FOERSTER LLP
                                 425 Market Street
                                 San Francisco, California  94105
                                 Telephone: (415) 268-7000
                                 Facsimile:   (415) 268-7522
                                 rhung@mofo.com

**3:18-CV-05935-TLT**                                                                                                                **6**

## **ATTESTATION**

      Pursuant to Civil L.R. 5-1(h)(3) regarding signatures, I attest under penalty of perjury that concurrence in the filing of this document has been obtained from the other signatories.

Dated:  April 18, 2024                   By:  */s/ Dragan Gjorgiev*
                                                         Dragan Gjorgiev

                                                         Attorney for Plaintiff
                                                         *MPH Technologies Oy*