BITA RAHEBI (CA SBN 209351)
brahebi@mofo.com
RYAN J. MALLOY (CA SBN 253512)
rmalloy@mofo.com
ROSE S. LEE (CA SBN 294658)
roselee@mofo.com
NIMA KIAEI (CA SBN 336142)
nkiaei@mofo.com
MORRISON & FOERSTER LLP
707 Wilshire Boulevard
Los Angeles, California  90017-3543
Telephone:  (213) 892-5200
Facsimile:  (213) 892-5454

RICHARD S.J. HUNG (CA SBN 197425)
rhung@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California  94105
Telephone:  (415) 268-7000
Facsimile:  (415) 268-7522

Attorneys for Defendant
APPLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| MPH Technologies Oy,<br><br>                    Plaintiff,<br><br>     v.<br><br>Apple Inc.,<br><br>                    Defendant. | Case No.    3:18-cv-05935-TLT<br><br>**DEFENDANT APPLE INC.'S OBJECTIONS AND RESPONSES TO PLAINTIFF MPH TECHNOLOGIES OY'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS (NOS. 1-98)** |

1    Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, the Northern District

2    of California Local Patent Rules, and any applicable local procedures, laws, or Court orders,

3    Defendant Apple Inc. responds to Plaintiff MPH Technologies Oy's ("MPH") First Set of

4    Requests for Production (Nos. 1-98) ("Requests"):

5    **PRELIMINARY STATEMENT**

6    Apple's objections and responses to these Requests for Production are based on the facts

7    and information presently known and available to Apple.  Statements below that Apple will

8    produce responsive documents that it locates pursuant to a reasonable search do not imply that

9    such documents exist.  Discovery has recently begun and consequently, Apple may not have

10   identified all information responsive to the Requests at this time.  As discovery in this action

11   proceeds, Apple may discover additional or different information or documents.  Apple reserves

12   the right to later supplement or amend its answers and responses to these Requests throughout its

13   investigation pursuant to Federal Rule of Civil Procedure 26(e).  Apple responds to the Requests

14   as it interprets and understands them.  Apple reserves its right to supplement its responses if MPH

15   subsequently asserts an interpretation of any Request that differs from Apple's current

16   understanding.

17   Apple does not waive its right to object to the admissibility into evidence of any

18   information provided in response to MPH's Requests.  Apple further does not waive the right to

19   raise all questions of authenticity, relevancy, materiality, and privilege for any purpose with

20   regard to the information provided in response to MPH's Requests, which may arise in any

21   subsequent proceeding and/or the trial of this or any other action.  Moreover, the assertion by

22   Apple of various general and specific objections is not a waiver of other objections that might be

23   applicable or become so at some future time.  Apple's responses are based on a search of

24   electronically stored information and physical documents as they are maintained in the normal

25   course of business.  Apple will not search for or produce email outside of the procedures set forth

26   in the Parties' agreed-upon ESI order, which provides that "[g]eneral ESI production requests

27   under Federal Rules of Civil Procedure 34 and 45 shall not include email or other forms of

28   electronic correspondence."  Apple will produce documents on a rolling basis.

APPLE'S OBJECTIONS AND RESPONSES TO MPH'S FIRST SET OF REQUESTS FOR PRODUCTION (NOS. 1-98)
CASE NO. 3:18-CV-05935-TLT
sf-5548606

1

**OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS**

1.      Apple objects to the definition of "Defendant," "Apple," "You," and "Your" as overbroad, unduly burdensome, and seeking information that is irrelevant to, and not proportional to the needs of, this case, to the extent they purport to refer to information about Apple personnel who have no connection to the technology accused in MPH's complaint or infringement contentions, exceeding the scope and proportionality limitations of Federal Rule of Civil Procedure 26(b)(1).  In responding to the Requests, Apple interprets "Defendant," "Apple," "You," and "Your" to mean Apple Inc.

2.      Apple objects to the definitions of "Document(s)" and "Thing(s)" to the extent they are broader than the definitions provided by Federal Rule of Civil Procedure 34(a).  Apple further objects to the definition of "Document" to the extent it includes email or other forms of electronic correspondence.  Apple will not search for or produce email outside of the procedures set forth in the Parties' agreed-upon ESI order, which provides that "[g]eneral ESI production requests under Federal Rules of Civil Procedure 34 and 45 shall not include email or other forms of electronic correspondence."

3.      Apple objects to the definition of "Electronic data compilation" to the extent it imposes on Apple a greater obligation than that which is required under the Federal Rules of Civil Procedure and procedures set forth in the Parties' agreed-upon ESI order.

4.      Apple objects to the definition of "Communication" to the extent it imposes on Apple a greater obligation than that which is required under the Federal Rules of Civil Procedure.  Apple further objects to the definition of "Communication" to the extent it includes email or other forms of electronic correspondence.  Apple will not search for or produce email outside of the procedures set forth in the Parties' agreed-upon ESI order.

5.      Apple objects to the definition of "identify" and "locate" as overbroad and unduly burdensome because it requires Apple to identify "each person who presently has custody of the document or thing and of any copy thereof."

6.      Apple objects to the definition of "acts of a person" as overbroad and unduly burdensome because it includes "the acts of directors, officers, owners, members, employees,

APPLE'S OBJECTIONS AND RESPONSES TO MPH'S FIRST SET OF REQUESTS FOR PRODUCTION (NOS. 1-98)
CASE NO. 3:18-CV-05935-TLT
sf-5548606

2

1    agents or attorneys acting on the person's behalf."

2        7.    Apple objects to the definition of "Apple Products and Services" as seeking

3    irrelevant information, overbroad, vague, and ambiguous.  In responding to these Requests, Apple

4    interprets "Apple Products and Services" to mean "encrypted messaging for use in iMessage,

5    FaceTime, Handoff, Universal Clipboard, iPhone Cellular Call Relay, and iPhone Text Message

6    Forwarding, and mobile VPN in the U.S. market versions of the accused Apple Devices."

7        8.    Apple objects to the definition of "Apple Devices" as seeking irrelevant

8    information, overbroad, unduly burdensome, and not proportional to the needs of the case to the

9    extent it seeks information about products that are not accused of infringement and/or do not

10   include encrypted messaging or mobile VPN technologies.  In responding to these Requests,

11   Apple interprets "Apple Devices" to mean U.S. market versions of the accused Apple Devices

12   that include encrypted messaging for use in iMessage, FaceTime, Handoff, Universal Clipboard,

13   iPhone Cellular Call Relay, and iPhone Text Message Forwarding, and mobile VPN.

14       9.    Apple objects to Instruction No. 2 to the extent it imposes requirements on Apple

15   beyond those already agreed to by the Parties as stated in Paragraph 8(e) of the Joint Case

16   Management Statement (ECF No. 45).

17       10.    Apple objects to Instruction Nos. 4 and 5 the extent they request Apple to search

18   for and produce electronically stored information, including email, before the parties have

19   negotiated an appropriate ESI order in accordance with the Scheduling Order.  Apple will search

20   for and produce such electronically stored information in accordance with the parties' ESI order

21   once agreed to or as otherwise ordered by the Court.

22               **RESPONSES TO REQUSTS FOR PRODUCTION**

23   **REQUEST FOR PRODUCTION NO. 1:**

24       All documents and things related to Apple's earliest awareness or knowledge of any of the

25   MPH Asserted Patents or any patent application that ultimately issued as any of the MPH

26   Asserted Patents.

27

28

APPLE'S OBJECTIONS AND RESPONSES TO MPH'S FIRST SET OF REQUESTS FOR PRODUCTION (NOS. 1-98)
CASE NO. 3:18-CV-05935-TLT
sf-5548606

3

1    burdensome, and not proportional to the needs of the case, including, without limitation, in that

2    the scope of the Request is not limited by time or to the United States.

3        Subject to these objections, Apple is willing to meet and confer with MPH regarding the

4    scope of this Request.

5    **REQUEST FOR PRODUCTION NO. 5:**

6        All patent licenses related to each of the Apple Products and Services.

7    **RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

8        Apple incorporates its Objections to Definitions and Instructions as set forth above.

9    Apple further objects to this Request to the extent that it calls for information that falls within the

10   protection of the attorney-client privilege, the common interest or joint defense privilege, the

11   work-product doctrine, or any other applicable privilege, doctrine, or immunity.  Apple will not

12   produce privileged documents responsive to this Request.  Apple further objects to this Request to

13   the extent it seeks third party confidential information or seeks information protected from

14   disclosure by third parties' rights of privacy.  Apple further objects to this Request as seeking

15   irrelevant information, overly broad, unduly burdensome, and not proportional to the needs of the

16   case, including to the extent it requests "[a]ll patent licenses" without limitation to the accused

17   encrypted messaging and mobile VPN technologies.  Apple limits its response to this Request to

18   the accused encrypted messaging for use in iMessage, FaceTime, Handoff, Universal Clipboard,

19   iPhone Cellular Call Relay, and iPhone Text Message Forwarding and mobile VPN in the U.S.

20   market versions of the accused Apple Devices.  Apple further objects to this Request as seeking

21   irrelevant information, overly broad, unduly burdensome, and not proportional to the needs of the

22   case, including, without limitation, in that the scope of the Request is not limited by time or to the

23   United States.  Apple further objects to this Request to the extent it seeks information under

24   Patent Local Rule 3-4 before the deadline for such disclosures, which Apple will provide in

25   accordance with the Scheduling Order.  To the extent this Request requests anything other than

26   what Apple has agreed to produce, Apple objects that this Request seeks irrelevant information,

27   and is overly broad and unduly burdensome in that it is not relevant nor proportional to the needs

28   of this case.

APPLE'S OBJECTIONS AND RESPONSES TO MPH'S FIRST SET OF REQUESTS FOR PRODUCTION (NOS. 1-98)
CASE NO. 3:18-cv-05935-TLT
sf-5548606

7

1    Subject to these objections, Apple will produce non-privileged comparable licenses in

2   accordance with Patent Local Rule 3-4(c), if any, in its possession, custody, or control that it

3   locates pursuant to a reasonable and diligent search.

4   **REQUEST FOR PRODUCTION NO. 6:**

5    All patent licenses since 2011 related to virtual private networks.

6   **RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

7    Apple incorporates its Objections to Definitions and Instructions as set forth above.

8   Apple further objects to this Request to the extent that it calls for information that falls within the

9   protection of the attorney-client privilege, the common interest or joint defense privilege, the

10   work-product doctrine, or any other applicable privilege, doctrine, or immunity.  Apple will not

11   produce privileged documents responsive to this Request.  Apple further objects to this Request to

12   the extent it seeks third party confidential information or seeks information protected from

13   disclosure by third parties' rights of privacy.  Apple further objects to this Request as vague and

14   ambiguous with respect to "virtual private networks."  In responding to this Request, Apple

15   interprets "virtual private networks" to mean "mobile VPN."  Apple further objects to this

16   Request as seeking irrelevant information, overly broad, unduly burdensome, and not

17   proportional to the needs of the case, including, without limitation, in that the Request seeks

18   patent licenses "since 2011."  Apple further objects to this Request as overly broad, unduly

19   burdensome, and not proportional to the needs of the case in that it requests "*[a]ll* patent

20   licenses."  Apple further objects to this Request to the extent it seeks information under Patent

21   Local Rule 3-4 before the deadline for such disclosures, which Apple will provide in accordance

22   with the Scheduling Order.  To the extent this Request requests anything other than what Apple

23   has agreed to produce, Apple objects that this Request seeks irrelevant information, and is overly

24   broad and unduly burdensome in that it is not relevant nor proportional to the needs of this case.

25    Subject to these objections, Apple will produce non-privileged comparable licenses in

26   accordance with Patent Local Rule 3-4(c), if any, in its possession, custody, or control that it

27   locates pursuant to a reasonable and diligent search.

28

**REQUEST FOR PRODUCTION NO. 7:**

All patent licenses since 2013 related to secure messaging.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

Apple incorporates its Objections to Definitions and Instructions as set forth above. Apple further objects to this Request to the extent that it calls for information that falls within the protection of the attorney-client privilege, the common interest or joint defense privilege, the work-product doctrine, or any other applicable privilege, doctrine, or immunity. Apple will not produce privileged documents responsive to this Request. Apple further objects to this Request to the extent it seeks third party confidential information or seeks information protected from disclosure by third parties' rights of privacy. Apple further objects to this Request as vague and ambiguous with respect to "secure messaging." In responding to this Request, Apple interprets "secure messaging" to mean "encrypted messaging." Apple further objects to this Request as seeking irrelevant information, overly broad, unduly burdensome, and not proportional to the needs of the case, including, without limitation, in that the Request seeks patent licenses "since 2013." Apple further objects to this Request as seeking irrelevant information, overly broad, unduly burdensome, and not proportional to the needs of the case in that it requests "*[a]ll* patent licenses." Apple further objects to this Request to the extent it seeks information under Patent Local Rule 3-4 before the deadline for such disclosures, which Apple will provide in accordance with the Scheduling Order. To the extent this Request requests anything other than what Apple has agreed to produce, Apple objects that this Request seeks irrelevant information, and is overly broad and unduly burdensome in that it is not relevant nor proportional to the needs of this case.

Subject to these objections, Apple will produce non-privileged comparable licenses in accordance with Patent Local Rule 3-4(c), if any, in its possession, custody, or control that it locates pursuant to a reasonable and diligent search.

**REQUEST FOR PRODUCTION NO. 8:**

All patent licenses or other agreements under which Apple has paid royalties since 2014 for standards and related technology used in the Apple Devices to other companies including

APPLE'S OBJECTIONS AND RESPONSES TO MPH'S FIRST SET OF REQUESTS FOR PRODUCTION (NOS. 1-98)
CASE NO. 3:18-CV-05935-TLT
sf-5548606

9

1   without limitation Qualcomm, Nokia, Ericsson, Unwired Planet, Dynamic Advances and

2   Motorola.

3   **RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

4   Apple incorporates its Objections to Definitions and Instructions as set forth above.

5   Apple further objects to this Request to the extent that it calls for information that falls within the

6   protection of the attorney-client privilege, the common interest or joint defense privilege, the

7   work-product doctrine, or any other applicable privilege, doctrine, or immunity.  Apple will not

8   produce privileged documents responsive to this Request.  Apple further objects to this Request to

9   the extent it seeks third party confidential information or seeks information protected from

10  disclosure by third parties' rights of privacy.  Apple further objects to this Request as vague and

11  ambiguous with respect to "other agreements" and "standards and related technology."  Apple

12  further objects to this Request as seeking irrelevant information, overly broad, unduly

13  burdensome, and not proportional to the needs of the case, including, without limitation, in that

14  the scope of the Request is not limited to the United States.  Apple further objects to this Request

15  as seeking irrelevant information, overly broad, unduly burdensome, and not proportional to the

16  needs of the case, including, without limitation, that it requests "*[a]ll* patent licenses or other

17  agreements" without limitation to the accused encrypted messaging and mobile VPN

18  technologies.  Apple limits its response to this Request to the accused encrypted messaging for

19  use in iMessage, FaceTime, Handoff, Universal Clipboard, iPhone Cellular Call Relay, and

20  iPhone Text Message Forwarding and mobile VPN in the U.S. market versions of the accused

21  Apple Devices.  Apple further objects to this Request as premature under Federal Rules of Civil

22  Procedure Rule 26(a)(2) and 26(b)(4) to the extent it seeks disclosure of information that is within

23  the scope of expert testimony or opinion, which Apple will provide in accordance with the

24  Scheduling Order.  Apple further objects to this Request to the extent it seeks information under

25  Patent Local Rule 3-4 before the deadline for such disclosures, which Apple will provide in

26  accordance with the Scheduling Order.  To the extent this Request requests anything other than

27  what Apple has agreed to produce, Apple objects that this Request seeks irrelevant information,

28

APPLE'S OBJECTIONS AND RESPONSES TO MPH'S FIRST SET OF REQUESTS FOR PRODUCTION (NOS. 1-98)
CASE NO. 3:18-cv-05935-TLT
sf-5548606

10

1  and is overly broad and unduly burdensome in that it is not relevant nor proportional to the needs

2  of this case.

3  Subject to these objections, Apple will produce non-privileged comparable licenses in

4  accordance with Patent Local Rule 3-4(c), if any, in its possession, custody, or control that it

5  locates pursuant to a reasonable and diligent search.

6  **REQUEST FOR PRODUCTION NO. 9:**

7  All documents and things related to or constituting communications with third parties

8  regarding any of the MPH Asserted Patents, MPH, and/or this lawsuit.

9  **RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

10  Apple incorporates its Objections to Definitions and Instructions as set forth above.

11  Apple further objects to this Request to the extent that it calls for information that falls within the

12  protection of the attorney-client privilege, the common interest or joint defense privilege, the

13  work-product doctrine, or any other applicable privilege, doctrine, or immunity.  Apple will not

14  produce privileged documents responsive to this Request.  Apple further objects to this Request

15  as vague and ambiguous with respect to "constituting communications."  Apple further objects to

16  this Request as seeking irrelevant information, broad, unduly burdensome, and not proportional to

17  the needs of the case in that it requests "*[a]ll* documents and things."  To the extent this Request

18  requests anything other than what Apple has agreed to produce, Apple objects that this Request

19  seeks irrelevant information, and is overly broad and unduly burdensome in that it is not relevant

20  nor proportional to the needs of this case.

21  Subject to these objections, except for communications with counsel, experts or

22  consultants, and other engaged third parties, Apple will produce responsive, non-privileged

23  documents, if any, in its possession, custody, or control that it locates pursuant to a reasonable

24  and diligent search sufficient to show communications with third parties regarding the MPH

25  Asserted Patents, MPH, and this lawsuit.

26  **REQUEST FOR PRODUCTION NO. 10:**

27  All documents and things related to or constituting communications with MPH regarding

28  any of the MPH Asserted Patents, the Apple Products and Services and/or the Apple Devices.

APPLE'S OBJECTIONS AND RESPONSES TO MPH'S FIRST SET OF REQUESTS FOR PRODUCTION (NOS. 1-98)
CASE NO. 3:18-CV-05935-TLT
sf-5548606

11

1  **REQUEST FOR PRODUCTION NO. 39:**

2       All patent licenses obtained by Apple for its implementation or provisioning of the Apple

3  Products and Services or granted by Apple for third-party implementation or provisioning of the

4  technologies used in the Apple Products and Services.

5  **RESPONSE TO REQUEST FOR PRODUCTION NO. 39:**

6       Apple incorporates its Objections to Definitions and Instructions as set forth above.

7  Apple further objects to this Request to the extent that it calls for information that falls within the

8  protection of the attorney-client privilege, the common interest or joint defense privilege, the

9  work-product doctrine, or any other applicable privilege, doctrine, or immunity.  Apple will not

10 produce privileged documents responsive to this Request.  Apple further objects to this Request to

11 the extent it seeks third party confidential information or seeks information protected from

12 disclosure by third parties' rights of privacy.  Apple further objects to this Request as vague and

13 ambiguous as to "provisioning of."  Apple further objects to this Request as seeking irrelevant

14 information, overly broad, unduly burdensome, and not proportional to the needs of the case,

15 including, without limitation, in that it requests "*[a]ll* patent licenses" without limitation to the

16 accused encrypted messaging and mobile VPN technologies.  Apple limits its response to this

17 Request to the accused encrypted messaging for use in iMessage, FaceTime, Handoff, Universal

18 Clipboard, iPhone Cellular Call Relay, and iPhone Text Message Forwarding and mobile VPN in

19 the U.S. market versions of the accused Apple Devices.  Apple further objects to this Request as

20 seeking irrelevant information, overly broad, unduly burdensome, and not proportional to the

21 needs of the case, including, without limitation, in that the scope of the Request is not limited by

22 time or to the United States.  Apple further objects to this Request to the extent it seeks

23 information under Patent Local Rule 3-4 before the deadline for such disclosures, which Apple

24 will provide in accordance with the Scheduling Order.  To the extent this Request requests

25 anything other than what Apple has agreed to produce, Apple objects that this Request seeks

26 irrelevant information, and is overly broad and unduly burdensome in that it is not relevant nor

27 proportional to the needs of this case.

28

APPLE'S OBJECTIONS AND RESPONSES TO MPH'S FIRST SET OF REQUESTS FOR PRODUCTION (NOS. 1-98)
CASE NO. 3:18-CV-05935-TLT
sf-5548606

40

1    Subject to these objections, Apple will produce non-privileged comparable licenses in

2   accordance with Patent Local Rule 3-4(c), if any, in its possession, custody, or control that it

3   locates pursuant to a reasonable and diligent search.

4   **REQUEST FOR PRODUCTION NO. 40:**

5    For each of Apple's patent infringement lawsuits during the past ten (10) years involving

6   any of the Apple Products and Services, including those brought against Apple by VirnetX Inc.,

7   deposition transcripts of Apple's employees, officers and experts, trial transcripts, non-

8   infringement and invalidity contentions by Apple, Apple's expert reports, Apple's responses to

9   requests for admission, Apple's responses to interrogatories, Apple's documents referenced in

10   responses to interrogatories.

11   **RESPONSE TO REQUEST FOR PRODUCTION NO. 40:**

12    Apple incorporates its Objections to Definitions and Instructions as set forth above.

13   Apple further objects to this Request to the extent that it calls for information that falls within the

14   protection of the attorney-client privilege, the common interest or joint defense privilege, the

15   work-product doctrine, or any other applicable privilege, doctrine, or immunity.  Apple will not

16   produce privileged documents responsive to this Request.  Apple further objects to this Request to

17   the extent it seeks information that is publicly available or equally available to MPH.  Apple

18   further objects to this Request on the ground and to the extent that it seeks documents not in

19   Apple's possession, custody, or control.  Apple further objects to this Request to the extent it

20   seeks third party confidential information or seeks information protected from disclosure by third

21   parties' rights of privacy.  Apple further objects to this Request as seeking irrelevant information,

22   overly broad, unduly burdensome, and not proportional to the needs of the case, including,

23   without limitation, in that it requests virtually all documents produced or generated in connection

24   with prior lawsuits without limitation to the accused encrypted messaging and mobile VPN

25   technologies.

26   **REQUEST FOR PRODUCTION NO. 41:**

27    Documents and things sufficient to identify the lead engineer(s)/manager(s) responsible

28   for the design and development of each of the Apple Products and Services.

APPLE'S OBJECTIONS AND RESPONSES TO MPH'S FIRST SET OF REQUESTS FOR PRODUCTION (NOS. 1-98)
CASE NO. 3:18-CV-05935-TLT
sf-5548606

41

Dated:  May 31, 2023

MORRISON & FOERSTER LLP

By:  */s/ Ryan J. Malloy*
      Ryan J. Malloy

Attorneys for Defendant
APPLE INC.

APPLE'S OBJECTIONS AND RESPONSES TO MPH'S FIRST SET OF REQUESTS FOR PRODUCTION (NOS. 1-98)
CASE NO. 3:18-CV-05935-TLT
sf-5548606

92

**CERTIFICATE OF SERVICE**

I declare that I am employed with the law firm of Morrison & Foerster LLP, whose address is 707 Wilshire Boulevard, Los Angeles, California 90017-3543.  I am not a party to the within cause, and I am over the age of eighteen years.

I further declare that on May 31, 2023, I served a copy of:

**DEFENDANT APPLE INC.'S OBJECTIONS AND RESPONSES TO TO PLAINTIFF MPH TECHNOLOGIES OY'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS (NOS. 1-98)**

☒    **BY ELECTRONIC SERVICE [Fed. Rule Civ. Proc. rule 5(b)]** by electronically mailing a true and correct copy  through Morrison & Foerster LLP's electronic mail system to the e-mail address(es) set forth below, or as stated on the attached service list per agreement in accordance with Federal Rules of Civil Procedure rule 5(b).

Patricia L. Peden
BURKE, WILLIAMS & SORENSEN, LLP
1999 Harrison St., Ste. 1650
Oakland, CA 94612-3520
ppeden@bwslaw.com

Christopher J. Lee
David J. Sheikh
Brian E. Haan
Ashley E. LaValley
Dragan Gjorgiev
James D. Mitchell
LEE SHEIKH & HAAN LLC
125 South Clark Street, Suite 1175
Chicago, IL  60603
clee@leesheikh.com
dsheikh@leesheikh.com
bhaan@leesheikh.com
alavalley@leesheikh.com
dgjorgiev@leesheikh.com
jmitchell@leesheikh.com

I declare under penalty of perjury that the foregoing is true and correct.

Executed at Los Angeles, California, this, 31st day of May, 2023.

Silvia Specht
(typed)

*/s/ Silvia Specht*
(signature)

Certificate of Service