# **EXHIBIT A**

# LEE SHEIKH & HAAN

125 South Clark Street, Suite 1175
Chicago, Illinois 60603

(312) 982-0070

_____

www.iplitigation.com

Dan Gjorgiev
Direct Dial: (312) 940-3807                                                                          dgjorgiev@leesheikh.com

February 23, 2024

*Via email (rmalloy@mofo.com)*

Ryan J. Malloy
Morrison & Foerster LLP
707 Wilshire Boulevard
Los Angeles, CA 90017

      Re:     **MPH Techs. Oy v. Apple Inc., No. 3:18-cv-05935-TLT (N.D. Cal.)**

Dear Counsel:

We are writing to follow up on our January 31, 2024 email regarding Apple's January 12, 2024 letter and to respond to Apple's February 16, 2024 email. Please note that MPH's January 24, 2024 email regarding purported communications between MPH and certain third parties and MPH's January 25, 2025 email regarding Apple's First Set of Email RFPs already addressed and disposed of many of the issues raised by Apple in its January 12, 2024 letter. This letter addresses the few issues that remain.

**I.     Apple's Interrogatories to MPH**

*Interrogatory No. 2*

Apple has requested that "MPH amend its response to this Interrogatory [No. 2] to identify the dates of the draft patent applications." Apple's request is beyond the scope of Interrogatory No. 2, which is directed to a "use, test, disclosure, demonstration, display, sale, and offer for sale of the claimed invention." Moreover, MPH will identify the dates of relevant draft patent applications to Apple in accordance with the agreed-upon deadline to exchange privilege logs, but disputes that such information is responsive to this Interrogatory. *See* Dkt. No. 80 at 6.

Page 2
February 23, 2024

*Interrogatory No. 4*

Apple has requested that MPH "confirm that any supplementation [to MPH's answer to Interrogatory No. 4] will include email communications … and the [allegedly] omitted non-email communications flagged in [Apple's] December 7, 2023 email." However, Apple's request is beyond the scope of Interrogatory No. 4, which is directed to "identify[ing] … Persons or entities … and Describing in detail each such Person's or entity's interest in or rights to the patents." MPH's answer is fully responsive to Interrogatory No. 4.

MPH already addressed Apple's other inquiry regarding MPH's production of alleged communications with certain third-party entities on January 24, 2024.

*Interrogatory No. 6*

On December 1, 2023, MPH wrote that it "intends to produce any non-privileged, non-work product financial analyses related to, or exchanged along with, [non-email licensing communications with third parties]." Apple has requested that MPH confirm it will also produce "internal financial analyses in addition." Accordingly, MPH confirms that it is not withholding any non-privileged, non-work product internal financial analyses.

*Interrogatory No. 9*

Apple requests that MPH confirm "whether the named inventors have ever been employed by any of MPH's predecessors." Apple's request goes beyond the scope of the interrogatory, which seeks only a description and identification of the roles of any of the named inventors with respect to the IETF Network Working Group and the creation or adoption of any industry standard that MPH contends is relevant to its infringement allegations. MPH has fully responded to the Interrogatory, including by identifying Mr. Vaarala's resume pursuant to Fed. R. Civ. P. 33(d).

**II.     Apple's Requests for Production to MPH**

*Request No. 5*

MPH maintains its original responses and objections to Apple's Request No. 5. But, to be clear, MPH intends to produce or has produced its communications with Apple from prior to the filing of the lawsuit that are in its possession, custody, or control, and are located after a reasonable search.

**III.    MPH's Requests for Production to Apple**

Apple's January 12, 2024 letter confirmed that the parties reached an impasse with respect to several issues raised by MPH. MPH responded to Apple on January 31, 2024 with a draft discovery dispute letter stating the nature and status of the parties' dispute for resolution by the Court. Notably, Apple has yet to add its positions on the identified issues in the letter so the dispute can be "brought to the Court's attention as early as possible," per the Civil Standing Order. Here,

Page 3
February 23, 2024

MPH addresses the other issues raised by MPH and responded to by Apple in the January 12, 2024 letter that are not identified in the draft discovery dispute letter.

<u>*Request Nos. 5-8, and 39*</u>

Apple claims that "producing all licenses that may relate to *all accused products* would be unduly burdensome and is not required under the revised PLR 3-4(c)." (emphasis in original). Regarding the alleged burden, Apple has not specified how many other licenses are responsive, nor has it explained how it would be unduly burdensome to produce licenses related to the accused instrumentalities. Please do so. Also, Apple misunderstands the requirements of Patent L.R. 3-4(c), which plainly requires the production of "[a]ll agreements that *may be related to the accused instrumentality*…." (emphasis added). This would include any agreements resulting from at least the following lawsuits, which Apple has not produced thus far:

- *Apple Inc. v. IXI IP, LLC*, No. 4:19-cv-006769 (N. D. Cal.);
- *MAZ Encryption Technologies LLC v. Apple Inc.*, No. 1:13-cv-00299 (D. Del.);
- *OpenTV, Inc. et al v. Apple Inc.*, No. 5:15-cv-02008 (N. D. Cal.);
- *Seven Networks, LLC v. Apple Inc.*, No. 2:19-cv-115 (E. D. Tex);
- *Soverain IP, LLC v. Apple Inc.*, No. 2:17-cv-00207 (E. D. Tex.); and
- *Unwired Planet LLC v. Apple Inc.*, No. 13-cv-04134 (N. D. Cal.).

It also includes any agreements produced by Apple or VirnetX Inc. in the *VirnetX Inc. v. Apple Inc.* litigations in the Eastern District of Texas (including No. 6:12-cv-00855-RWS, No. 6:10-cv-00417-RWS, and any lawsuits consolidated therein). Please promptly produce the agreements required under Patent L.R. 3-4(c). Apple has been in violation of its obligations under the Patent Local Rules for months now.

Apple's suggestion that MPH is only entitled to discovery of license agreements for which it provides an explanation of comparability is plainly improper under the Patent Local Rules. Patent L.R. 4-3(c) requires the production of "[a]ll agreements that may be related to the accused instrumentality or may be comparable to a license that would result from a hypothetical reasonable royalty negotiation."; *see also* Notice regarding Patent L.R. 4-3(c) amendments at https://www.cand.uscourts.gov/notices/amended-patent-local-rules-3-2-3-4-3-8-3-9-new-rule-3-10/ (requiring production of licenses "***without worrying about 'comparability'*** and without limitation to licenses that may be relevant only to hypothetical license negotiations, because such agreements are relevant for other purposes, and relevance is in the eye of the beholder") (emphasis added).

Additionally, with respect to *St. Luke Technologies, LLC v. Apple Inc.*, Apple states that the lawsuit "was resolved through a third party," and that Apple has "not located" a license or settlement agreement. Please identify the third party that "resolved" Apple's lawsuit with *St. Luke Technologies* and confirm whether Apple has requested from that third party a copy of any license or settlement agreement that "resolved" the lawsuit.

Finally, Apple's claim that "Apple has produced all licenses directed to encrypted messaging, encrypted video conferencing, or VPN technologies located after a reasonable search"

Page 4
February 23, 2024

is overly narrow and ambiguous. First, it is not clear what licenses this statement is referring to. Please explain what Apple means by "directed to," especially in view of Patent L.R. 3-4(c)'s "may be related to" requirement (explained above). Notably, Apple has not produced additional license agreements since the scope of Patent L.R. 3-4(c) was broadened. Second, Apple's statement does not address all of the accused instrumentalities. Accordingly, please promptly produce all license agreements "that may be related to" Handoff, Universal Clipboard, iPhone Cellular Call Relay, iPhone Text Message Forwarding, and encryption for Apple Watch apps with streaming data.

*Request No. 21*

On January 12, 2024, Apple indicated that it was "investigating whether non-privileged documents related to the specific statements identified in this Request [No. 21] exist." Please provide an update on the status of Apple's investigation and let us know whether Apple has located such documents.

*Request No. 31*

Apple falsely claims that "MPH here has not alleged that AppleCare+ or iCloud+ … draws more consumers to use the accused encrypted messaging or mobile VPN technology or vice versa," but the "vice versa" is precisely what MPH has alleged. We direct you to MPH's December 1, 2023 letter where MPH wrote that, among other things, "Apple advertises that AppleCare+ covers technical issues with Apple branded apps like the accused FaceTime app[1] and iCloud+ backs up the accused Messages/iMessage app.[2]" MPH explained that the "the accused Apple Products and Services [i.e., FaceTime and Messages/iMessage] generate sales of Apple's other, non-accused products and services [i.e., AppleCare+ and iCloud+]." MPH's statements relied on citations to Apple's own website. Accordingly, if Apple is still unwilling to produce documents responsive to Request No. 31, then the parties are at an impasse on this issue.

*Request No. 32*

Request No. 32 seeks financial information on revenue from third parties relating to the Apple Products and Services. Apple "disputes that MPH has shown relevance of the requested financial information." MPH disagrees. The Request specifically seeks information on Apple's revenue from "third parties' content, accessories and other products or services *used or designed to be used with* the Apple Products and Services." (emphasis added). There is no question that the revenue information sought is limited to the Apple Products and Services and thus relevant to MPH's claims, including with respect to *Georgia-Pacific* factors 6, 8, 10, 11, 13, and 15.

---

[1] https://www.apple.com/support/products/iphone/ ("With either AppleCare+ option, Apple experts can help troubleshoot issues with your iPhone, iOS, iCloud, and Apple-branded apps, including: … Questions about Apple-branded iPhone apps such as *FaceTime*, Mail, and Calendar") (emphasis added).

[2] https://www.apple.com/icloud/ ("Messages keeps you in control of your conversations with the ability to edit, give Tapbacks, and undo sent messages. When you sync Messages in iCloud, your conversations always go smoothly since every message is backed up, end-to-end encrypted, and kept in sync across all your devices.").

Page 5
February 23, 2024

Accordingly, MPH is entitled to discovery regarding such revenue information. Although Apple may disagree with the extent to which MPH relies on such revenue information, that does not obviate Apple's discovery obligations under Federal Rule of Civil Procedure 26(b)(1). Accordingly, if Apple is still unwilling to produce documents responsive to Request No. 32, then the parties are at an impasse on this issue.

### Request No. 40

For Request No. 40, Apple has requested that MPH identify a list of specific documents it is seeking from specific lawsuits. MPH disputes that its original request was overly broad, and Apple has still failed to identify how identifying litigations involving the accused products and services from the last 10 years would by unduly burdensome. Nevertheless, as a courtesy to Apple and without prejudice to its ability to request additional documents as it becomes aware of them or becomes aware of additional relevant lawsuits, MPH is willing to narrow its request to the following documents:

- deposition transcripts of Apple's employees, officers, and experts;
- Apple's expert reports and exhibits thereto;
- Trial exhibits;
- Apple's responses to requests for admission; and
- Apple's responses to interrogatories.

MPH is seeking the aforementioned documents from the following lawsuits:

- *Soverain IP, LLC v. Apple Inc.*, No. 2:17-cv-00207 (E. D. Tex.);
- *St. Luke Technologies, LLC v. Apple Inc.*, No. 2:15-cv-01547 (E. D. Tex.);
- *VirnetX Inc. v. Apple Inc.*, including No. 6:12-cv-00855-RWS (E. D. Tex.), No. 6:10-cv-00417-RWS (E. D. Tex.), and any lawsuits consolidated therein; and
- *VOIP-Pal.com, Inc. v. Apple Inc.*, No. 18-cv-06216 (N. D. Cal.).

Please confirm whether Apple agrees to produce the requested documents and when we can expect to receive them.

### Request No. 11

Although Request No. 11 was not addressed by Apple's January 12, 2024 letter, MPH would like to address it here as well. As of Apple's most recent production on February 16, 2024, Apple has yet to produce any "customer surveys relating to the Apple Products and Services." Perhaps we misunderstood Apple's response that "Apple will produce responsive, non-privileged documents … sufficient to show third-party customer surveys relating to the accused encrypted messaging and mobile VPN technologies…." We understood "third-party" as referring to third-party customers, but perhaps it refers to third-party surveys. To clear up any ambiguity, please confirm that Apple will produce documents sufficient to show internal customer surveys relating to the accused encrypted messaging and mobile VPN technologies in addition to documents sufficient to show third-party customer surveys. Please also let us know when we can expect to receive them.

Page 6
February 23, 2024

      We look forward to hearing from you.

                              Best regards,

                              /s/ Dan Gjorgiev

CC: All Counsel of Record