April 19, 2024

*Via ECF*
The Honorable Trina L. Thompson
San Francisco Courthouse, Courtroom 9, 19 Floor
450 Golden Gate Avenue
San Francisco, CA 94102

Re:   **_MPH Techs. Oy v. Apple Inc._, No. 3:18-cv-05935-TLT (N.D. Cal.)**
      **Joint Discovery Dispute Letter Regarding Apple's RFPs and Email RFPs**

Dear Judge Thompson:

Pursuant to the Court's Civil Standing Order, Defendant Apple Inc. and Plaintiff MPH Technologies Oy ("MPH") submit this joint discovery letter.  Apple seeks an order compelling MPH to produce documents in response to certain document requests and to explain its common-interest privilege objections to Apple's requests.  The parties have met and conferred but have been unable to resolve these disputes.  MPH asserts that Apple's motion should be denied as it (a) seeks documents that MPH has already produced or agreed to produce, or that do not exist, (b) includes broad discovery requests directed squarely at privileged or work product material, and (c) seeks to contravene Apple's earlier agreement and the Court's scheduling order with respect to the privilege log deadline.

## I.   APPLE'S POSITIONS

### A.   MPH Should Be Ordered to Produce Emails Responsive to Apple's October 2023 Email RFPs

On October 23, 2023, Apple served email RFPs seeking communications related to licensing, the accused products, and marking under 35 U.S.C. § 287.  Although MPH does not dispute that these requests are relevant, MPH still has not produced any responsive emails five months later.

MPH's only explanation for withholding responsive emails is that it wants to exclude post-complaint emails from its outside counsel's email domains.  MPH did not propose this carveout until January 25, 2024, three months after Apple served its RFPs.  MPH has raised no other concerns with Apple's search terms or any reason for withholding *pre-complaint* emails.

Both MPH's carveout and unexplained withholding of pre-complaint emails are unwarranted.  That MPH's outside counsel sent emails does not make them privileged.  For example, its outside counsel has discussed patent licensing with third parties.  Those non-privileged communications are relevant to the merits and damages, which MPH does not dispute.  MPH should be ordered to produce all responsive, non-privileged emails immediately.

### B.   MPH Must Explain Its Common-Interest Privilege Objections and Identify the Third Parties to Which Those Objections Purportedly Apply

MPH objected to all of Apple's RFPs and email RFPs on common-interest privilege grounds. Yet MPH refuses to tell Apple whether it is withholding documents based on those objections or to identify the third parties to which the objections apply. MPH refuses to do so until the parties exchange privilege logs in August—five months from now and 60 days before the fact discovery close. That delay is unreasonable. Apple needs to know whether MPH is pressing dubious third-party privilege claims now, so that it can seek the Court's assistance sufficiently before the fact discovery cutoff. Apple urges the Court should order MPH to identify the third parties to which its objections apply, what the basis is for any alleged privilege, at what time that privilege attached, and whether it is withholding documents based on those objections.

### C.   MPH Should Be Ordered to Produce Documents Responsive to RFP 8

RFP 8 seeks documents related to any investigations, prior art searches, legal opinions, or oral or written advice concerning the patentability, novelty, validity, enforceability, infringement, interpretation, or scope of any claim of MPH's patents. MPH does not dispute that these documents are highly relevant. Instead, alleging that a privilege log for responsive, privileged documents would be unduly burdensome, MPH refuses to even search for these documents.

MPH's desire to avoid the burden of searching for these documents and preparing a log is not a compelling justification for withholding this highly relevant information. The Court should order MPH to provide non-privileged responsive documents and also log any allegedly privileged ones, so that Apple may assess the veracity of its privilege claims.

## II.   MPH'S POSITIONS

### A.   MPH Has Produced Emails Responsive to Apple's October 2023 Email RFPs

MPH's timely objections and written response to Apple's Email RFPs included counterproposals for search terms and time frames that were "narrowly tailored to [the] particular issues" addressed by Apple's email requests, as required by the parties' ESI agreement (ECF No. 88). Apple responded to MPH's counterproposals on December 15, 2023, at which time it vastly expanded the timeframe of the search term proposal beyond the filing of the complaint. On January 25, 2024, MPH provided another counterproposal which carved out post-filing communications involving outside counsel and prosecution counsel by removing emails and attachments that are sent to or from email addresses with the corresponding law firm domain name, because such communications would be privileged or work product communications that are entirely non-responsive to Apple's requests. Apple's complaint that MPH did not raise this post-filing carveout until three months after Apple served its Email RFPs is highly misleading as Apple did not expand its requests for post-filing email communications until December 15, 2023, almost 2 months after it served its original Email RFPs. Despite the fact that the parties were not in agreement on ESI terms, and contrary to Apple's false assertion, as a courtesy to Apple, MPH preemptively searched for and produced almost 200 pages of email communications related to licensing (MPH00037794–893, MPH00037896–969, MPH00040960–74).

Apple's complaint with respect to pre-complaint emails is moot. Apple confirmed that the parties were in agreement on the pre-complaint search terms on March 26, 2024. In a show of good faith,

MPH had already begun its review and production of pre-complaint emails based on the agreed-upon search parameters prior to that date, including by prioritizing certain communications that Apple identified as more pertinent.  For the avoidance of any doubt, MPH is not withholding pre-complaint emails. MPH will continue producing emails on a rolling basis.

Apple's request with respect to post-complaint emails is also moot.  Apple's first set of email requests seek: (1) notices, charges, or claims of infringement, licensing activities, offers to license, lawsuits, or settlements; (2) emails that include the "identities of products MPH has accused any entity of infringing…;" (3) "communications… identified as relevant to licensing discussions;" and (4) emails discussing "marking or non-marking."  However, Apple's proposed search terms were not narrowly tailored to capture what these requests seek.  Rather, Apple's broad search terms stand to capture thousands of emails and attachments, the overwhelming majority of which are likely non-responsive and privileged communications between MPH and its litigation counsel regarding the present lawsuit.  In fact, MPH believes that there are likely *no* responsive, non-privileged emails that exist following the filing of the Complaint.  Specifically, apart from emails exchanged with Apple, MPH has not communicated with any third parties any offers to license, settle, or enforce the asserted patents since the filing of the lawsuit.  Nor has MPH accused any party other than Apple of infringing the patents since the filing of the lawsuit.  MPH is also not aware of any email communications regarding marking or non-marking since the filing of the lawsuit, nor is it aware of any email communications since the filing of the lawsuit that would be relevant to licensing discussions.   Thus, as MPH has repeatedly told Apple, emails that post-date the filing of the complaint are not responsive to Apple's requests.

MPH proposed the law firm domain name carveout to significantly reduce the burden on MPH to a proportionate amount, and to reasonably narrow the search to exclude emails and attachments that are largely or wholly privileged or attorney work product.  Instead, Apple insists that MPH review ***thousands*** of such privileged and protected files when it knows that very few, if any at all, emails are responsive.  Such a request is not proportionate as allowed under the Federal and Local Rules.  "Pursuant to [L.R. 37-2], a party moving to compel discovery must '…show how the proportionality and other requirements of Fed. R. Civ. P. 26(b)(2) are satisfied.'" *Greer v. Elec. Arts, Inc.*, 2012 WL 299671, at *1 (N.D. Cal. Feb. 1, 2012).  Indeed, the very reason the parties agreed not to log post-complaint information that is privileged or otherwise protected is to avoid the burden and expense of reviewing that category of information; yet, by refusing to agree to MPH's reasonable carveout, Apple is unreasonably insisting that MPH review that category of information.

Accordingly, in light of MPH's position that no responsive emails exist after the filing of the Complaint, Apple's corresponding request is moot and should be denied.  Alternatively, if the Court believes that MPH should be required to search for post-filing date emails and attachments, MPH should only be required to do so using the law firm domain name exclusions in its search.  This measure would significantly reduce the number of documents MPH would be required to review, substantially reducing the burden on MPH to a reasonable and proportionate amount, while also adequately narrowing the search to locate any responsive documents Apple is seeking.

### B.     Apple's Request For A Common-Interest Privilege Log Is Premature and Ignores Its Prior Agreement

Apple takes issue with MPH's objections regarding common-interest privilege when Apple has itself made the exact same objection in each of its 128 responses to MPH's requests for production. To date, Apple has not identified a single entity with which it is claiming common-interest privilege, but it seeks to compel MPH to do just that. Apple's request is premature. As explained above in Section A, the parties have not even agreed upon the universe of emails that will be reviewed for production, and yet Apple expects MPH to have assessed all of its emails and other documents for privilege and immediately provide a log of any such privileged communications with third parties.

Apple's premature request that the Court compel MPH to log its common-interest privilege grounds violates the parties' agreement to exchange privilege logs sixty days prior to the close of fact discovery. Apple was certainly aware at the time the parties proposed such a deadline to the Court in the Joint Case Management Statement (ECF No. 80, § 8(d)) that the parties may have disputes over privilege claims following the exchange of privilege logs. If the sixty days between the exchange of privilege logs and the close of fact discovery was sufficient time to settle any issues arising from the privilege logs, as Apple must have contemplated, then such an amount of time is also sufficient to settle any issues arising from specific privilege issues, if any, relating to common-interests with any third parties.

Additionally, Apple has falsely claimed that MPH refuses to tell Apple whether it is withholding documents based upon a common-interest privilege. During the March 22, 2024 meet and confer, MPH addressed Apple's questions regarding a potential common-interest privilege involving, for example, communications with the inventors of the Asserted Patents, among MPH's shareholders, and with RPX Corp. As to the first, MPH notified Apple that it may assert common-interest privilege as to certain documents and communications, such as, for example, communications between the inventors and prosecution counsel. However, MPH is not asserting a blanket common-interest as to all communications involving the inventors. As to MPH's shareholders, MPH notified Apple that it was not presently aware of any documents that would be withheld based upon a common-interest privilege, nor did it anticipate claiming privilege over any shareholder emails, if any such responsive emails even exist. Finally, MPH confirmed to Apple that it was not claiming any common-interest with RPX Corp. By contrast, Apple has not provided *any* information to MPH with respect to Apple's assertions of common-interest privilege.

Apple's request is premature in light of the status of email discovery and the deadlines the parties agreed to regarding privilege logs. Further, any claim of a "dubious" common-interest ground is entirely unsupported. Accordingly, the Court should deny Apple's request to compel MPH to log or to identify any common-interest privilege claims at this time and should allow the parties to exchange such information at the agreed-upon date proposed in the Joint Case Management Statement. Alternatively, if the Court does determine this information should be disclosed at this time, the Court should require Apple to make the exact same disclosures it is seeking from MPH.

### C.   MPH Is Not Withholding Non-Privileged Documents With Respect to RFP 8

RFP 8 has been clearly drafted by Apple to solicit only documents that are protected by attorney-client privilege and work product immunity. In fact, when pressed for an example of a non-

protected document responsive to this RFP, Apple could only provide one example: documents that were once protected by attorney-client privilege and/or work product immunity, but are no longer so protected.  MPH is not aware of any such documents, nor has Apple identified any such documents.

When read literally, RFP 8 is broadly worded to encompass nearly everything ever exchanged or discussed between MPH and its counsel over the span of a decade or more regarding the Asserted Patents, thus requiring MPH to log the same.  As stated above, "Pursuant to [L.R. 37-2], a party moving to compel discovery must '…show how the proportionality and other requirements of Fed. R. Civ. P. 26(b)(2) are satisfied.'" *Greer*, 2012 WL 299671, at *1.  Apple has not explained how the benefit of such a log of these documents would outweigh the substantial burden under the proportionality considerations of FRCP 26.

MPH has already confirmed to Apple that it is not withholding non-privileged documents with respect to this RFP.  Therefore, the Court need only determine whether MPH should be required to log *all* of its privileged documents and communications related to *any* of its investigations, prior art searches, legal opinions, and oral or written advice related to the Asserted Patents.  Given that Apple has failed to show how the relevance or necessity of this log would outweigh the substantial and undue burden to MPH, the Court should deny Apple's stated request.

Finally, to the extent Apple contends that this RFP is *not* seeking documents protected by attorney-client privilege and work product immunity, it is entirely duplicative of other of Apple's RFPs, including Nos. 1–3, 6, 10, 26–27, 41–42, for which MPH has agreed to produce non-privileged documents that are in MPH's possession, custody, or control, and are located after a reasonable search.

Respectfully submitted,

Dated:  April 19, 2024          By:   */s/ James D. Mitchell*
                                      James D. Mitchell

                                      Attorneys for Plaintiff
                                      *MPH TECHNOLOGIES OY*

                                      Patricia L. Peden, Esq. (SBN 206440)
                                      ppeden@bwslaw.com
                                      BURKE, WILLIAMS & SORENSEN, LLP
                                      1999 Harrison Street, Suite 1650
                                      Oakland, CA 94612
                                      Phone: (510) 273-8780
                                      Fax: (510) 839-9104

                                      Christopher J. Lee (pro hac vice)
                                      clee@leesheikh.com
                                      David J. Sheikh (pro hac vice)
                                      dsheikh@leesheikh.com
                                      Brian E. Haan (pro hac vice)
                                      bhaan@leesheikh.com
                                      Ashley E. LaValley (pro hac vice)
                                      alavalley@leesheikh.com
                                      Dragan Gjorgiev (pro hac vice)
                                      dgjorgiev@leesheikh.com
                                      James D. Mitchell (pro hac vice)
                                      jmitchell@leesheikh.com
                                      LEE SHEIKH & HAAN LLC
                                      125 South Clark Street, Suite 1175
                                      Chicago, IL 60603
                                      Phone: (312) 982-0070
                                      Fax: (312) 982-0071

Dated:  April 19, 2024        By:   */s/ Ryan J. Malloy*
        Ryan J. Malloy

        Attorneys for Defendant
        *APPLE INC.*

        BITA RAHEBI
        RYAN J. MALLOY
        ROSE S. LEE
        NIMA KIAEI
        MORRISON & FOERSTER LLP
        707 Wilshire Boulevard
        Los Angeles, California 90017-3543
        Telephone: (213) 892-5200
        Facsimile:  (213) 892-5454
        brahebi@mofo.com
        rmalloy@mofo.com
        roselee@mofo.com
        nkiaei@mofo.com

        RICHARD S.J. HUNG
        MORRISON & FOERSTER LLP
        425 Market Street
        San Francisco, California  94105
        Telephone: (415) 268-7000
        Facsimile:  (415) 268-7522
        rhung@mofo.com

## ATTESTATION

Pursuant to Civil L.R. 5-1(h)(3) regarding signatures, I attest under penalty of perjury that concurrence in the filing of this document has been obtained from the other signatories.

Dated:  April 19, 2024        By:   */s/ Ryan J. Malloy*
        Ryan J. Malloy

        Attorney for Defendant
        *Apple Inc.*