April 23, 2024

*Via ECF*
The Honorable Trina L. Thompson
San Francisco Courthouse, Courtroom 9, 19 Floor
450 Golden Gate Avenue
San Francisco, CA 94102

> Re:   **MPH Techs. Oy v. Apple Inc., No. 3:18-cv-05935-TLT (N.D. Cal.)**
> **Joint Discovery Dispute Letter Regarding MPH's Requests for Technical**
> **Documents and a Deadline for Substantial Completion of Production**

Dear Judge Thompson:

Pursuant to the Court's Civil Standing Order, Plaintiff MPH Technologies Oy ("MPH") and Defendant Apple Inc. ("Apple") respectfully submit the following joint letter regarding their dispute over technical documents first requested by MPH in May 2023. MPH also seeks an order setting a deadline for the substantial completion of the production of documents responsive to the parties' May 2023 requests. MPH contends that the parties met and conferred regarding these disputes in December 2023 and have exchanged lengthy correspondence between November 2023 and February 2024. MPH contends that the parties have been unable to resolve the disputed issues. Apple contends that the disputed issues have been resolved as it has already produced any responsive non-privileged documents located after a diligent search. Apple contends that MPH has not met and conferred with Apple about its relevant document productions and that the meet and confers referenced by MPH took place prior to Apple's completion of its relevant document productions. Apple's supplemental objections and responses to the relevant discovery requests are attached hereto.

## I.   MPH'S POSITIONS

MPH respectfully seeks an order compelling Apple to produce: documents on the accused "Always On VPN" instrumentality and Apple's version histories and revision logs with respect to the accused instrumentalities. Apple misrepresents the breadth of its production, and, importantly, many of the documents that Apple states it has now produced were only produced after MPH raised the issues with Apple's production and drafted the present discovery dispute letter. Apple attempts to moot the issues raised by MPH by broadly asserting that it has already produced documents it could locate "after a reasonable as diligent search." However, for the reasons explained below, Apple's representations regarding whether responsive documents exist are simply not credible, and, accordingly, MPH questions the reasonableness and diligence of Apple's searches for documents to date. Notably, another Court in this District previously admonished Apple for making misrepresentations regarding its document collection and production efforts during discovery. *See, e.g., In re iPhone/iPad Application Consumer Priv. Litig.*, 2013 WL 843833, at **5-6 (N.D. Cal. Mar. 6, 2013) ("In light of Apple's performance in this case, the court cannot rely on its representations that this time it really has or will produce all responsive documents."; "…Apple has not been diligent with its discovery obligations.").

### A.      Documents on the Accused Always On VPN Instrumentality

On May 1, 2023, MPH served **seven** document requests regarding the accused "Always On VPN" instrumentality, including requests for documents concerning its features and functionalities (RPDs 81-83, 87-88), testing (RPD 84), and development (RPD 86). To date, Apple has produced a grand total of **two** non-public R&D documents[1] containing the term "Always On VPN" that are responsive to MPH's requests (APL-MPH_00839156-839162). The public documents (and their respective draft versions) that Apple has produced are generally from its website and do not provide the level of detail sought by MPH's RPDs. Apple should be ordered to promptly produce *all* responsive documents in its possession.

Responsive documents may include documents relating to Apple's denial of paragraph 95 of the Complaint (regarding Always On VPN), documents describing how Apple Devices and operating systems support and enable Always On VPN, documents showing the protocol operation and message/packet exchanges in Always On VPN, documents showing how VPN clients on Apple Devices configured for Always On VPN detect whether VPN tunnels are up and/or available for use, documents showing how VPN clients on Apple Devices configured for Always On VPN route traffic to VPN channels, documents related to internal testing of Always On VPN, internal development documentation, network diagrams, specifications, and *testing reports*. For example, Apple's own documents (APL-MPH_00839174) refer to testing of Always On VPN, but Apple has produced no corresponding documents showing, explaining, or further relating to those tests. Accordingly, MPH is skeptical of Apple's representation that "Apple produced all documents responsive to these requests that it could locate after a reasonable search."

That Apple has made source code available for inspection does not supplant Apple's obligations to produce documents requested by MPH. Apart from including information that would not be included in the code, the requested documents would assist MPH's review of the code and inevitably reduce the time and costs necessary for that review, especially in view of Apple's evasive and cryptic approach toward identifying the source code it has made available for inspection. The documents would also help the Court and jury better understand the technologies at issue and would not be subject to the extreme restrictions on accessibility and even printing that the source code is subject to under the protective order. *See* Dkt. 90. Apple should be ordered to produce responsive documents promptly, independent of any source code that has been made available for inspection. And, again, where Apple claims it cannot locate any documents, it should be required to explain the efforts it made to locate any such documents. *In re iPhone/iPad Application Consumer Priv. Litig.*, 2013 WL 843833, at **5-6.

### B.      Apple's Version Histories and Revision Logs

RPDs 13-16 seek documents showing the differences among Apple operating systems with respect to the accused Apple Products and Services. Apple conveyed during the parties' meet-and-confer that it believes its production is complete with respect to RPDs 13-16. However, documents showing version histories, revision logs, or other revision tracking documents for the accused Apple Products and Services are absent from Apple's production. Although Apple likely has

---

[1] In responding to this assertion, Apple cites five documents it has produced, including the two documents MPH has identified here, as well as three drafts of *public* documents that Apple has inexplicitly designated as "confidential."

comprehensive version histories/change logs at its disposal, Apple has refused to produce them. Apple should be ordered to do so. If Apple is unwilling or unable to provide such documents, it should be barred from arguing at trial that different versions/releases of the accused Apple Products and Services differ from one another in any material way for alleged non-infringement.

Apple has not represented that it does not have comprehensive version histories/change logs at its disposal. Instead, Apple narrowly claims that it has not been able to locate "any *summary document* illustrating differences between versions … after a reasonable search." (emphasis added). But again, MPH is skeptical that Apple's search for responsive documents has been reasonable and believes that Apple is unduly narrowing its search to "summary documents," even though other documents showing the differences between operating systems may otherwise exist. For example, Apple's documents refer to Apple's use of "Git repository management for enterprise teams…." *See, e.g.,* APL-MPH_00776864. Per Apple's website, "[y]ou create a Git source control repository that represents your project, and track the changes you make to your project through commits." [2] Additionally, whenever Apple releases a new version of a particular iOS, it provides a general update as to the changes made in the newest version.[3] In short, Apple's representations that it does not have responsive documents cannot be true. And, again, as explained above, that Apple has made source code available for inspection does not excuse Apple from producing documents sought by MPH. Apple should be ordered to produce responsive documents.

### C.      Deadline for the Substantial Completion of Document Production

In December 2023, the parties discussed, a deadline prior to the close of discovery for the substantial production of documents, at least for both parties' original sets of document requests served in May 2023. Apple has not explained why it refuses to agree to such a deadline other than that such a deadline is not explicitly required in this District. Notably, this Court has imposed such a deadline in another case. *Valentine v. Crocs, Inc.*, Case No. 22-cv-07463-TLT, 2023 WL 7461852, at *2 (N.D. Cal. Nov. 10, 2023) (Kang, M.J.). MPH believes that this case could benefit from one too, especially because MPH continues to seek documents it first requested in May 2023 and with the close of fact discovery quickly approaching. Accordingly, the Court should set a deadline for the substantial completion of the parties' document productions responsive to both parties' May 2023 requests for production. MPH proposes May 1, 2024.

## II.      APPLE'S POSITIONS

Apple has produced all non-privileged documents in its possession that it could locate after a reasonable and diligent search. And MPH has the documents that are the subject of this dispute, so its requests should be denied as moot.  MPH evidently did not review Apple's production, and is now needlessly burdening the Court with this dispute to compel the production of documents it already has.

Apple also notes that this discovery letter is premature.  Several portions of this letter relate to accused functionalities for the Intermediate Computer Patents.  Apple anticipates that the Court will soon rule on MPH's motion to amend its infringement contentions (Dkt No. 103) concerning

---

[2] https://developer.apple.com/documentation/xcode/source-control-management
[3] https://support.apple.com/en-us/118723

those patents.  If the Court were to deny that motion, much of the discovery that MPH seeks in the letter would be moot.

### A.      Apple Already Produced Documents on Always-On VPN

RPDs 81-84 and 86-88 seek documents related to the accused Always-On VPN functionality.  In particular, these requests seek documents concerning features and functionalities of Always-On VPN (RPDs 81-83, 87-88), testing of Always-On VPN (RPD 84), and the development of Always-On VPN (RPD 86).

Apple produced all documents responsive to these requests that it could locate after a reasonable search.  MPH alleges that Apple only produced two non-public documents containing the term "Always On VPN" that are responsive to MPH's requests.  That is incorrect, and it is something that MPH would have realized had it done a careful review of Apple's production.  *See, e.g.*, APL-MPH_00823372; APL-MPH_00812567; APL-MPH_00839156; APL-MPH_00839162; APL-MPH_00823460 (all discussing Always-On VPN).[4]  And importantly, Apple made source code for the accused functionalities available, which is a detailed source for information about technical features and functionalities.[5]  Apple is not withholding any non-privileged documents and produced what it located after a reasonable and diligent search.[6]  The Court should therefore deny MPH's requested relief on these requests.  *See Optimize Tech. Solutions, LLC v. Staples, Inc.*, No. 14-mc-80095, 2014 WL 1477651, at *1 (N.D. Cal. Apr. 14, 2014) ("[T]he court cannot order production of documents that do not exist."); *Hamilton v. Rhoads*, No. 11-cv-00227, 2012 WL 4097748, at *2 (N.D. Cal. Sept. 17, 2012) ("Plaintiff's suspicion that additional documents exist does not justify a motion to compel.").

### B.      Apple Already Produced Documents and Source Code Sufficient to Show the Differences Among Versions of Accused Operating Systems

---

[4] MPH wrongly alleges that these are merely "public documents . . .  generally from [Apple's] website."  In fact, these documents were labeled "Apple Confidential - Do Not Distribute" even before being designated as AEO in this litigation.

[5] Apple produced over 60,000 source code files for the accused functionalities.  And despite being under no obligation to do so, Apple invested significant time and resources into preparing a list of source code modules available on the review machine to guide MPH's review of the available code and in the hopes of resolve future disputes.  MPH's obscure accusations of an "evasive and cryptic approach toward identifying the source code [Apple] has made available for inspection" are thus especially perplexing and unwarranted.

[6] MPH cites a single document that references tests of certain server implementations with Always-On VPN.  That a document refers to tests does not mean that those tests were memorialized.  And the document MPH references is dated March 2014, which is over four years before MPH filed suit, so any documents related to those tests that may have existed could simply no longer exist.  The fact remains that Apple has not located any documents related to those tests after a reasonable and diligent search.   MPH's "suspicion that additional documents exist does not justify a motion to compel." *Hamilton*, 2012 WL 4097748, at *2.

RPDs 13-16 seek documents "sufficient to show the differences among" the various accused operating systems. Apple already produced thousands of technical documents and source code for each accused operating system that are sufficient to show these differences. MPH does not offer any explanation for why that production is insufficient, so its requested relief should be denied. *AngioScore, Inc. v. TriReme Med., Inc*., Case No. 12-cv-03393-YGR (JSC), 2014 U.S. Dist. LEXIS 173700, *8 (N.D. Cal. Dec. 16, 2014) ("In a motion to compel, the moving party bears the burden of showing why the other party's responses are inadequate or their objections unjustified.") (citing *Williams v. Cate*, No. 09-0468, 2011 U.S. Dist. LEXIS 143862, 2011 WL 6217378 at *1 (E.D. Cal. Dec.14, 2011) (the moving party "bears the burden of informing the Court . . . for each disputed response, why Defendant's objection is not justified . . . Plaintiff may not simply assert that he has served discovery responses, that he is dissatisfied, and that he wants an order compelling further responses.").

Instead of explaining why Apple's voluminous technical and source code production for each version of each accused operating system is insufficient to show differences between those operating systems, MPH speculates that "Apple likely has comprehensive version histories/change logs at its disposal." That assertion is without merit. Apple has not located any summary document illustrating differences between versions of the accused operating systems after a reasonable search. "A party . . . is not required to create a document where none exists." *Ujhelyi v. Vilsack*, No. C 12-04282 JSW, 2014 U.S. Dist. LEXIS 142087, 2014 WL 4983550, *4 (N.D. Cal. Oct. 6, 2014) (citations omitted). And even if such document did exist, Apple's source code is still the best source for the requested information, and more than "sufficient to show the differences among" the operating systems. MPH also even admits that it already has the documents it requests, citing documents showing the "changes made in the newest version" when Apple releases a new operating system version.[7]  Nothing more should be required.

C.      **A Substantial Completion Deadline Is Unnecessary**

Apple disagrees that a substantial completion deadline is necessary in this case, and MPH has not articulated any need for one. Apple has complied with its discovery obligations, already producing over 830,000 pages of documents and a significant volume of source code. The discovery cutoff is approximately six months away.

---

[7] MPH's references to use of "Git repository management" and "create[ing] a Git source control repository . . ., and track[ing] the changes you make to your project" are entirely unrelated to MPH's requests regarding differences among the accused operating systems. These documents relate *third party* developers building their own applications and tracking their projects; they do not relate to the accused operating systems.

Respectfully submitted,

Dated:  April 23, 2024          By:   */s/ Dragan Gjorgiev*
                                      Dragan Gjorgiev

                                      Attorneys for Plaintiff
                                      *MPH TECHNOLOGIES OY*

                                      Patricia L. Peden, Esq.
                                      BURKE, WILLIAMS & SORENSEN, LLP

                                      Christopher J. Lee (pro hac vice)
                                      David J. Sheikh (pro hac vice)
                                      Brian E. Haan (pro hac vice)
                                      Ashley E. LaValley (pro hac vice)
                                      Dragan Gjorgiev (pro hac vice)
                                      James D. Mitchell (pro hac vice)
                                      LEE SHEIKH & HAAN LLC

Dated:  April 23, 2024          By:   */s/ Ryan J. Malloy*
                                      Ryan J. Malloy

                                      Attorneys for Defendant
                                      *APPLE INC.*

                                      BITA RAHEBI
                                      RYAN J. MALLOY
                                      ROSE S. LEE
                                      NIMA KIAEI
                                      MORRISON & FOERSTER LLP
                                      707 Wilshire Boulevard
                                      Los Angeles, California 90017-3543
                                      Telephone: (213) 892-5200
                                      Facsimile:  (213) 892-5454
                                      brahebi@mofo.com
                                      rmalloy@mofo.com
                                      roselee@mofo.com
                                      nkiaei@mofo.com

                                      RICHARD S.J. HUNG
                                      MORRISON & FOERSTER LLP
                                      425 Market Street
                                      San Francisco, California  94105
                                      Telephone: (415) 268-7000
                                      Facsimile:   (415) 268-7522
                                      rhung@mofo.com

**3:18-CV-05935-TLT**                                                      **6**

## <u>ATTESTATION</u>

Pursuant to Civil L.R. 5-1(h)(3) regarding signatures, I attest under penalty of perjury that concurrence in the filing of this document has been obtained from the other signatories.

Dated:  April 23, 2024                    By:  */s/ Dragan Gjorgiev*
                                                Dragan Gjorgiev

                                                Attorney for Plaintiff
                                                *MPH Technologies Oy*