1   BITA RAHEBI (CA SBN 209351)
    brahebi@mofo.com
2   RYAN J. MALLOY (CA SBN 253512)
    rmalloy@mofo.com
3   ROSE S. LEE (CA SBN 294658)
    roselee@mofo.com
4   NIMA KIAEI (CA SBN 336142)
    nkiaei@mofo.com
5   MORRISON & FOERSTER LLP
    707 Wilshire Boulevard
6   Los Angeles, California  90017-3543
    Telephone:  (213) 892-5200
7   Facsimile:  (213) 892-5454

8   RICHARD S.J. HUNG (CA SBN 197425)
    rhung@mofo.com
9   MORRISON & FOERSTER LLP
    425 Market Street
10  San Francisco, California  94105
    Telephone:  (415) 268-7000
11  Facsimile:  (415) 268-7522

12  Attorneys for Defendant
    APPLE INC.

13

14              UNITED STATES DISTRICT COURT

15            NORTHERN DISTRICT OF CALIFORNIA

16               SAN FRANCISCO DIVISION

17

18  MPH Technologies Oy,                    Case No.    3:18-cv-05935-TLT

19                        Plaintiff,        **DEFENDANT APPLE INC.'S**
                                            **OBJECTIONS AND SECOND**
20          v.                              **SUPPLEMENTAL RESPONSES**
                                            **TO PLAINTIFF MPH**
21  Apple Inc.,                             **TECHNOLOGIES OY'S FIRST**
                                            **SET OF REQUESTS FOR**
22                        Defendant.        **PRODUCTION OF DOCUMENTS**
                                            **AND THINGS (NOS. 13–16, 43–45,**
23                                          **62, 81–84, AND 86–88)**

24

25

26

27

28

1    Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, the Northern District

2    of California Local Patent Rules, and any applicable local procedures, laws, or Court orders,

3    Defendant Apple Inc. supplements its responses to Plaintiff MPH Technologies Oy's ("MPH")

4    Requests for Production Nos. 13–16, 43–45, 62, 81–84, and 86–88 ("Requests").

5                                    **PRELIMINARY STATEMENT**

6          Apple's objections and responses to these Requests for Production are based on the facts

7    and information presently known and available to Apple.  Statements below that Apple will

8    produce responsive documents that it locates pursuant to a reasonable search do not imply that

9    such documents exist.  Discovery has recently begun and consequently, Apple may not have

10   identified all information responsive to the Requests at this time.  As discovery in this action

11   proceeds, Apple may discover additional or different information or documents.  Apple reserves

12   the right to later supplement or amend its answers and responses to these Requests throughout its

13   investigation pursuant to Federal Rule of Civil Procedure 26(e).  Apple responds to the Requests

14   as it interprets and understands them.  Apple reserves its right to supplement its responses if MPH

15   subsequently asserts an interpretation of any Request that differs from Apple's current

16   understanding.

17         Apple does not waive its right to object to the admissibility into evidence of any

18   information provided in response to MPH's Requests.  Apple further does not waive the right to

19   raise all questions of authenticity, relevancy, materiality, and privilege for any purpose with

20   regard to the information provided in response to MPH's Requests, which may arise in any

21   subsequent proceeding and/or the trial of this or any other action.  Moreover, the assertion by

22   Apple of various general and specific objections is not a waiver of other objections that might be

23   applicable or become so at some future time.  Apple's responses are based on a search of

24   electronically stored information and physical documents as they are maintained in the normal

25   course of business.  Apple will not search for or produce email outside of the procedures set forth

26   in the Parties' agreed-upon ESI order, which provides that "[g]eneral ESI production requests

27   under Federal Rules of Civil Procedure 34 and 45 shall not include email or other forms of

28   electronic correspondence."  Apple will produce documents on a rolling basis.

## <u>OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS</u>

1.      Apple objects to the definition of "Defendant," "Apple," "You," and "Your" as overbroad, unduly burdensome, and seeking information that is irrelevant to, and not proportional to the needs of, this case, to the extent they purport to refer to information about Apple personnel who have no connection to the technology accused in MPH's complaint or infringement contentions, exceeding the scope and proportionality limitations of Federal Rule of Civil Procedure 26(b)(1).  In responding to the Requests, Apple interprets "Defendant," "Apple," "You," and "Your" to mean Apple Inc.

2.      Apple objects to the definitions of "Document(s)" and "Thing(s)" to the extent they are broader than the definitions provided by Federal Rule of Civil Procedure 34(a).  Apple further objects to the definition of "Document" to the extent it includes email or other forms of electronic correspondence.  Apple will not search for or produce email outside of the procedures set forth in the Parties' agreed-upon ESI order, which provides that "[g]eneral ESI production requests under Federal Rules of Civil Procedure 34 and 45 shall not include email or other forms of electronic correspondence."

3.      Apple objects to the definition of "Electronic data compilation" to the extent it imposes on Apple a greater obligation than that which is required under the Federal Rules of Civil Procedure and procedures set forth in the Parties' agreed-upon ESI order.

4.      Apple objects to the definition of "Communication" to the extent it imposes on Apple a greater obligation than that which is required under the Federal Rules of Civil Procedure. Apple further objects to the definition of "Communication" to the extent it includes email or other forms of electronic correspondence.  Apple will not search for or produce email outside of the procedures set forth in the Parties' agreed-upon ESI order.

5.      Apple objects to the definition of "identify" and "locate" as overbroad and unduly burdensome because it requires Apple to identify "each person who presently has custody of the document or thing and of any copy thereof."

6.      Apple objects to the definition of "acts of a person" as overbroad and unduly burdensome because it includes "the acts of directors, officers, owners, members, employees,

Apple's Second Supplemental Objections and Responses to MPH's First Set of Requests for Production (Nos. 13–16, 43–45, 62, 81–84, and 86–88)
Case No. 3:18-cv-05935-TLT

2

1   agents or attorneys acting on the person's behalf."

2       7.    Apple objects to the definition of "Apple Products and Services" as seeking

3   irrelevant information, overbroad, vague, and ambiguous.  In responding to these Requests, Apple

4   interprets "Apple Products and Services" to mean "encrypted messaging for use in iMessage,

5   FaceTime, Handoff, Universal Clipboard, iPhone Cellular Call Relay, and iPhone Text Message

6   Forwarding, and mobile VPN in the U.S. market versions of the accused Apple Devices."

7       8.    Apple objects to the definition of "Apple Devices" as seeking irrelevant

8   information, overbroad, unduly burdensome, and not proportional to the needs of the case to the

9   extent it seeks information about products that are not accused of infringement and/or do not

10  include encrypted messaging or mobile VPN technologies.  In responding to these Requests,

11  Apple interprets "Apple Devices" to mean U.S. market versions of the accused Apple Devices

12  that include encrypted messaging for use in iMessage, FaceTime, Handoff, Universal Clipboard,

13  iPhone Cellular Call Relay, and iPhone Text Message Forwarding, and mobile VPN.

14      9.    Apple objects to Instruction No. 2 to the extent it imposes requirements on Apple

15  beyond those already agreed to by the Parties as stated in Paragraph 8(e) of the Joint Case

16  Management Statement (ECF No. 45).

17      10.   Apple objects to Instruction Nos. 4 and 5 the extent they request Apple to search

18  for and produce electronically stored information, including email, before the parties have

19  negotiated an appropriate ESI order in accordance with the Scheduling Order.  Apple will search

20  for and produce such electronically stored information in accordance with the parties' ESI order

21  once agreed to or as otherwise ordered by the Court.

22                          **RESPONSES TO REQUESTS FOR PRODUCTION**

23  **REQUEST FOR PRODUCTION NO. 13:**

24      Documents and things sufficient to show the differences among iOS8, iOS 9, iOS 10, iOS

25  11, iOS 12, iOS 13, iOS 14, iOS 15, and iOS 16 with respect to the Apple Products and Services.

26  **RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

27      Apple incorporates its Objections to Definitions and Instructions as set forth above.

28  Apple further objects to this Request to the extent that it calls for information that falls within the

1   protection of the attorney-client privilege, the common interest or joint defense privilege, the

2   work-product doctrine, or any other applicable privilege, doctrine, or immunity.  Apple will not

3   produce privileged documents responsive to this Request.

4          Apple further objects to this Request as vague and ambiguous with respect to

5   "differences."  Apple further objects to this Request as seeking irrelevant information, overly

6   broad, unduly burdensome, and not proportional to the needs of the case, including, without

7   limitation, in that it requests information about nine operating systems without limitation to the

8   accused encrypted messaging and mobile VPN technologies.  Apple limits its response to this

9   Request to the accused encrypted messaging for use in iMessage, FaceTime, Handoff, Universal

10  Clipboard, iPhone Cellular Call Relay, and iPhone Text Message Forwarding and mobile VPN in

11  the U.S. market versions of the accused Apple Devices.  Apple further objects to this Request as

12  seeking irrelevant information, overly broad, unduly burdensome, and not proportional to the

13  needs of the case, including, without limitation, in that the scope of the Request is not limited by

14  time or to the United States.  Apple further objects to this Request as premature under Federal

15  Rules of Civil Procedure Rule 26(a)(2) and 26(b)(4) to the extent it seeks disclosure of

16  information that is within the scope of expert testimony or opinion, which Apple will provide in

17  accordance with the Scheduling Order.  Apple further objects to this Request on the ground and to

18  the extent that it seeks documents in a manner different from how Apple maintains them in its

19  ordinary course of business.  To the extent this Request requests anything other than what Apple

20  has agreed to produce, Apple objects that this Request seeks irrelevant information, and is overly

21  broad and unduly burdensome in that it is not relevant nor proportional to the needs of this case.

22         Subject to these objections, Apple responds as follows:  Apple has produced source code

23  and technical documents sufficient to identify differences in the functionalities between versions

24  of Apple's accused instrumentalities.

25  **REQUEST FOR PRODUCTION NO. 14:**

26         Documents and things sufficient to show any differences among iPadOS 13, iPadOS 14,

27  iPadOS 15, and iPadOS 16 with respect to the Apple Products and Services.

28

**RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

Apple incorporates its Objections to Definitions and Instructions as set forth above. Apple further objects to this Request to the extent that it calls for information that falls within the protection of the attorney-client privilege, the common interest or joint defense privilege, the work-product doctrine, or any other applicable privilege, doctrine, or immunity. Apple will not produce privileged documents responsive to this Request.

Apple further objects to this Request as vague and ambiguous with respect to "differences." Apple further objects to this Request as seeking irrelevant information, overly broad, unduly burdensome, and not proportional to the needs of the case, including, without limitation, in that it requests information about four operating systems without limitation to the accused encrypted messaging and mobile VPN technologies. Apple limits its response to this Request to the accused encrypted messaging for use in iMessage, FaceTime, Handoff, Universal Clipboard, iPhone Cellular Call Relay, and iPhone Text Message Forwarding and mobile VPN in the U.S. market versions of the accused Apple Devices. Apple further objects to this Request as seeking irrelevant information, overly broad, unduly burdensome, and not proportional to the needs of the case, including, without limitation, in that the scope of the Request is not limited by time or to the United States. Apple further objects to this Request as premature under Federal Rules of Civil Procedure Rule 26(a)(2) and 26(b)(4) to the extent it seeks disclosure of information that is within the scope of expert testimony or opinion, which Apple will provide in accordance with the Scheduling Order. Apple further objects to this Request on the ground and to the extent that it seeks documents in a manner different from how Apple maintains them in its ordinary course of business. To the extent this Request requests anything other than what Apple has agreed to produce, Apple objects that this Request seeks irrelevant information, and is overly broad and unduly burdensome in that it is not relevant nor proportional to the needs of this case.

Subject to these objections, Apple responds as follows: Apple has produced source code and technical documents sufficient to identify differences in the functionalities between versions of Apple's accused instrumentalities.

1    **REQUEST FOR PRODUCTION NO. 15:**

2          Documents and things sufficient to show any differences among OS X Yosemite, OS X El

3    Capitan, macOS Sierra, macOS High Sierra, macOS Mojave, macOS Catalina, macOS Big Sur,

4    macOS Monterey, and macOS Ventura with respect to the Apple Products and Services.

5    **RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

6          Apple incorporates its Objections to Definitions and Instructions as set forth above.

7    Apple further objects to this Request to the extent that it calls for information that falls within the

8    protection of the attorney-client privilege, the common interest or joint defense privilege, the

9    work-product doctrine, or any other applicable privilege, doctrine, or immunity.  Apple will not

10   produce privileged documents responsive to this Request.

11         Apple further objects to this Request as vague and ambiguous with respect to

12   "differences."  Apple further objects to this Request as seeking irrelevant information, overly

13   broad, unduly burdensome, and not proportional to the needs of the case, including, without

14   limitation, in that it requests information about nine operating systems without limitation to the

15   accused encrypted messaging and mobile VPN technologies.  Apple limits its response to this

16   Request to the accused encrypted messaging for use in iMessage, FaceTime, Handoff, Universal

17   Clipboard, iPhone Cellular Call Relay, and iPhone Text Message Forwarding and mobile VPN in

18   the U.S. market versions of the accused Apple Devices.  Apple further objects to this Request as

19   seeking irrelevant information, overly broad, unduly burdensome, and not proportional to the

20   needs of the case, including, without limitation, in that the scope of the Request is not limited by

21   time or to the United States.

22         Apple further objects to this Request as premature under Federal Rules of Civil Procedure

23   Rule 26(a)(2) and 26(b)(4) to the extent it seeks disclosure of information that is within the scope

24   of expert testimony or opinion, which Apple will provide in accordance with the Scheduling

25   Order.  Apple further objects to this Request on the ground and to the extent that it seeks

26   documents in a manner different from how Apple maintains them in its ordinary course of

27   business.  To the extent this Request requests anything other than what Apple has agreed to

28

produce, Apple objects that this Request seeks irrelevant information, and is overly broad and unduly burdensome in that it is not relevant nor proportional to the needs of this case.

Subject to these objections, Apple responds as follows:  Apple has produced source code and technical documents sufficient to identify differences in the functionalities between versions of Apple's accused instrumentalities.

**REQUEST FOR PRODUCTION NO. 16:**

Documents and things sufficient to show the differences among Watch OS 2.0, 3.0, 4.0, 5.0, 6.0, 7.0, 8.0, and 9.0 with respect to the Apple Products and Services.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

Apple incorporates its Objections to Definitions and Instructions as set forth above. Apple further objects to this Request to the extent that it calls for information that falls within the protection of the attorney-client privilege, the common interest or joint defense privilege, the work-product doctrine, or any other applicable privilege, doctrine, or immunity.  Apple will not produce privileged documents responsive to this Request.

Apple further objects to this Request as vague and ambiguous with respect to "differences."  Apple further objects to this Request as seeking irrelevant information, overly broad, unduly burdensome, and not proportional to the needs of the case, including, without limitation, in that it requests information about eight operating systems without limitation to the accused encrypted messaging and mobile VPN technologies.  Apple limits its response to this Request to the accused encrypted messaging for use in iMessage, FaceTime, Handoff, Universal Clipboard, iPhone Cellular Call Relay, and iPhone Text Message Forwarding and mobile VPN in the U.S. market versions of the accused Apple Devices.  Apple further objects to this Request as seeking irrelevant information, overly broad, unduly burdensome, and not proportional to the needs of the case, including, without limitation, in that the scope of the Request is not limited by time or to the United States.

Apple further objects to this Request as premature under Federal Rules of Civil Procedure Rule 26(a)(2) and 26(b)(4) to the extent it seeks disclosure of information that is within the scope of expert testimony or opinion, which Apple will provide in accordance with the Scheduling

APPLE'S SECOND SUPPLEMENTAL OBJECTIONS AND RESPONSES TO MPH'S FIRST SET OF REQUESTS FOR PRODUCTION (NOS. 13–16, 43–45, 62, 81–84, AND 86–88)
CASE NO. 3:18-cv-05935-TLT

7

Order.  Apple further objects to this Request on the ground and to the extent that it seeks documents in a manner different from how Apple maintains them in its ordinary course of business.  To the extent this Request requests anything other than what Apple has agreed to produce, Apple objects that this Request seeks irrelevant information, and is overly broad and unduly burdensome in that it is not relevant nor proportional to the needs of this case.

Subject to these objections, Apple responds as follows:  Apple has produced source code and technical documents sufficient to identify differences in the functionalities between versions of Apple's accused instrumentalities.

**REQUEST FOR PRODUCTION NO. 43:**

Documents and things sufficient to identify the location of all the servers and databases that support, enable, or provide the Apple Push Notification service ("APNs") or Apple Identity Service ("IDS") for U.S. users of iMessage, FaceTime, Handoff, Universal Clipboard, iPhone Cellular Call Relay, iPhone Text Message Forwarding, and encryption for Apple Watch apps with streaming data.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 43:**

Apple incorporates its Objections to Definitions and Instructions as set forth above. Apple further objects to this Request to the extent that it calls for information that falls within the protection of the attorney-client privilege, the common interest or joint defense privilege, the work-product doctrine, or any other applicable privilege, doctrine, or immunity.  Apple will not produce privileged documents responsive to this Request.

Apple further objects to this Request as vague and ambiguous as to "databases that support" and "users."  Apple further objects to this Request as seeking irrelevant information, overly broad, unduly burdensome, and not proportional to the needs of the case, including, without limitation, in that it requests documents concerning "*[a]ll* the servers and databases" without limitation to the accused encrypted messaging and mobile VPN technologies.  Apple limits its response to this Request to the accused encrypted messaging for use in iMessage, FaceTime, Handoff, Universal Clipboard, iPhone Cellular Call Relay, and iPhone Text Message Forwarding and mobile VPN in the U.S. market versions of the accused Apple Devices.  Apple

APPLE'S SECOND SUPPLEMENTAL OBJECTIONS AND RESPONSES TO MPH'S FIRST SET OF REQUESTS FOR PRODUCTION (NOS. 13–16, 43–45, 62, 81–84, AND 86–88)
CASE NO. 3:18-cv-05935-TLT

8

1  further objects to this Request on the ground and to the extent that it seeks documents in a manner

2  different from how Apple maintains them in its ordinary course of business.  To the extent this

3  Request requests anything other than what Apple has agreed to produce, Apple objects that this

4  Request seeks irrelevant information, and is overly broad and unduly burdensome in that it is not

5  relevant nor proportional to the needs of this case.

6       Subject to these objections, Apple responds as follows: Apple has made available on the

7  source code review machine documents and configuration files located after a reasonable and

8  diligent search that are responsive to this request.

9  **REQUEST FOR PRODUCTION NO. 44:**

10       Documents and things sufficient to identify the owner and operator of all the servers and

11  databases that support, enable, or provide the Apple Push Notification service ("APNs") or Apple

12  Identity Service ("IDS") for U.S. users of iMessage, FaceTime, Handoff, Universal Clipboard,

13  iPhone Cellular Call Relay, iPhone Text Message Forwarding, and encryption for Apple Watch

14  apps with streaming data.

15  **RESPONSE TO REQUEST FOR PRODUCTION NO. 44:**

16       Apple incorporates its Objections to Definitions and Instructions as set forth above.

17  Apple further objects to this Request to the extent that it calls for information that falls within the

18  protection of the attorney-client privilege, the common interest or joint defense privilege, the

19  work-product doctrine, or any other applicable privilege, doctrine, or immunity.  Apple will not

20  produce privileged documents responsive to this Request.

21       Apple further objects to this Request as vague and ambiguous as to "databases that

22  support" and "users."  Apple further objects to this Request as seeking irrelevant information,

23  overly broad, unduly burdensome, and not proportional to the needs of the case, including,

24  without limitation, in that it requests documents concerning "*[a]ll* the servers and databases"

25  without limitation to the accused encrypted messaging and mobile VPN technologies.  Apple

26  limits its response to this Request to the accused encrypted messaging for use in iMessage,

27  FaceTime, Handoff, Universal Clipboard, iPhone Cellular Call Relay, and iPhone Text Message

28  Forwarding and mobile VPN in the U.S. market versions of the accused Apple Devices.  Apple

APPLE'S SECOND SUPPLEMENTAL OBJECTIONS AND RESPONSES TO MPH'S FIRST SET OF REQUESTS FOR
PRODUCTION (NOS. 13–16, 43–45, 62, 81–84, AND 86–88)
CASE NO. 3:18-cv-05935-TLT

9

1   further objects to this Request on the ground and to the extent that it seeks documents in a manner

2   different from how Apple maintains them in its ordinary course of business.  To the extent this

3   Request requests anything other than what Apple has agreed to produce, Apple objects that this

4   Request seeks irrelevant information, and is overly broad and unduly burdensome in that it is not

5   relevant nor proportional to the needs of this case.

6          Subject to these objections, Apple responds as follows: Apple has not located documents

7   responsive to this request after a reasonable and diligent search.

8   **REQUEST FOR PRODUCTION NO. 45:**

9          Agreements relating to ownership, operation, or control of all the servers and databases

10   that support, enable, or provide the Apple Push Notification service ("APNs") or Apple Identity

11   Service ("IDS") for U.S. users of iMessage, FaceTime, Handoff, Universal Clipboard, iPhone

12   Cellular Call Relay, iPhone Text Message Forwarding, and encryption for Apple Watch apps with

13   streaming data.

14   **RESPONSE TO REQUEST FOR PRODUCTION NO. 45:**

15          Apple incorporates its Objections to Definitions and Instructions as set forth above.

16   Apple further objects to this Request to the extent that it calls for information that falls within the

17   protection of the attorney-client privilege, the common interest or joint defense privilege, the

18   work-product doctrine, or any other applicable privilege, doctrine, or immunity.  Apple will not

19   produce privileged documents responsive to this Request.

20          Apple further objects to this Request as vague and ambiguous as to "control," "databases

21   that support," and "users."  Apple further objects to this Request as seeking irrelevant

22   information, overly broad, unduly burdensome, and not proportional to the needs of the case,

23   including, without limitation, in that it requests documents concerning "*[a]ll* the servers and

24   databases" without limitation to the accused encrypted messaging and mobile VPN technologies.

25   Apple limits its response to this Request to the accused encrypted messaging for use in iMessage,

26   FaceTime, Handoff, Universal Clipboard, iPhone Cellular Call Relay, and iPhone Text Message

27   Forwarding and mobile VPN in the U.S. market versions of the accused Apple Devices.  Apple

28   further objects to this Request on the ground and to the extent that it seeks documents in a manner

APPLE'S SECOND SUPPLEMENTAL OBJECTIONS AND RESPONSES TO MPH'S FIRST SET OF REQUESTS FOR
PRODUCTION (NOS. 13–16, 43–45, 62, 81–84, AND 86–88)
CASE NO. 3:18-cv-05935-TLT

10

1   different from how Apple maintains them in its ordinary course of business.  To the extent this

2   Request requests anything other than what Apple has agreed to produce, Apple objects that this

3   Request seeks irrelevant information, and is overly broad and unduly burdensome in that it is not

4   relevant nor proportional to the needs of this case.

5       Subject to these objections, Apple responds as follows: Apple has not located documents

6   responsive to this request after a reasonable and diligent search.

7   **REQUEST FOR PRODUCTION NO. 62:**

8       Documents and things sufficient to show how Apple uses iMessage, FaceTime, Handoff,

9   Universal Clipboard, iPhone Cellular Call Relay, iPhone Text Message Forwarding, and

10  encryption for Apple Watch apps with streaming data for its own business use.

11  **RESPONSE TO REQUEST FOR PRODUCTION NO. 62:**

12      Apple incorporates its Objections to Definitions and Instructions as set forth above.

13  Apple further objects to this Request to the extent that it calls for information that falls within the

14  protection of the attorney-client privilege, the common interest or joint defense privilege, the

15  work-product doctrine, or any other applicable privilege, doctrine, or immunity.  Apple will not

16  produce privileged documents responsive to this Request.

17      Apple further objects to this Request as vague and ambiguous with respect to "how Apple

18  uses" and "business use."  Apple further objects to this Request because any documents

19  concerning Apple's "business use" is not relevant to any party's claim or defense.  Apple further

20  objects to this Request as seeking irrelevant information, overly broad, unduly burdensome, and

21  not proportional to the needs of the case, including, without limitation, to the extent it requests

22  documents without limitation to the accused encrypted messaging and mobile VPN technologies.

23  Apple limits its response to this Request to the accused encrypted messaging for use in iMessage,

24  FaceTime, Handoff, Universal Clipboard, iPhone Cellular Call Relay, and iPhone Text Message

25  Forwarding and mobile VPN in the U.S. market versions of the accused Apple Devices.  To the

26  extent this Request requests anything other than what Apple has agreed to produce, Apple objects

27  that this Request seeks irrelevant information, and is overly broad and unduly burdensome in that

28  it is not relevant nor proportional to the needs of this case.

APPLE'S SECOND SUPPLEMENTAL OBJECTIONS AND RESPONSES TO MPH'S FIRST SET OF REQUESTS FOR
PRODUCTION (NOS. 13–16, 43–45, 62, 81–84, AND 86–88)
CASE NO. 3:18-cv-05935-TLT

11

1    Subject to these objections, Apple responds as follows: Apple has not located documents

2    responsive to this request after a reasonable and diligent search.

3    **REQUEST FOR PRODUCTION NO. 81:**

4    All documents and things supporting or otherwise relating to Apple's denial of paragraph

5    95 of the Complaint that "Apple's 'Always-on VPN' is a feature provided by Apple which forces

6    applications running on Apple devices to connect only via an VPN tunnel."

7    **RESPONSE TO REQUEST FOR PRODUCTION NO. 81:**

8    Apple incorporates its Objections to Definitions and Instructions as set forth above.

9    Apple further objects to this Request to the extent that it calls for information that falls within the

10   protection of the attorney-client privilege, the common interest or joint defense privilege, the

11   work-product doctrine, or any other applicable privilege, doctrine, or immunity.  Apple will not

12   produce privileged documents responsive to this Request.

13   Apple further objects to this Request as vague and ambiguous with respect to

14   "Complaint," "forces," "connect," and "VPN tunnel."  In responding to this Request, Apple

15   interprets "Complaint" to mean MPH's Complaint, dated September 27, 2018.  (ECF No. 1.)  To

16   the extent this Request requests anything other than what Apple has agreed to produce, Apple

17   objects that this Request seeks irrelevant information, and is overly broad and unduly burdensome

18   in that it is not relevant nor proportional to the needs of this case.

19   Subject to these objections, Apple responds as follows: Apple has produced

20   non-privileged documents located after a reasonable and diligent search that are responsive to this

21   request.

22   **REQUEST FOR PRODUCTION NO. 82:**

23   Documents and things sufficient to show and describe how Apple Devices and operating

24   systems support and enable Always On VPN.

25   **RESPONSE TO REQUEST FOR PRODUCTION NO. 82:**

26   Apple incorporates its Objections to Definitions and Instructions as set forth above.

27   Apple further objects to this Request to the extent that it calls for information that falls within the

28   protection of the attorney-client privilege, the common interest or joint defense privilege, the

APPLE'S SECOND SUPPLEMENTAL OBJECTIONS AND RESPONSES TO MPH'S FIRST SET OF REQUESTS FOR
PRODUCTION (NOS. 13–16, 43–45, 62, 81–84, AND 86–88)
CASE NO. 3:18-cv-05935-TLT

12

1  work-product doctrine, or any other applicable privilege, doctrine, or immunity.  Apple will not

2  produce privileged documents responsive to this Request.

3        Apple further objects to this Request to the extent it seeks information that is publicly

4  available or equally available to MPH.  Apple further objects to this Request as seeking irrelevant

5  information, overly broad, unduly burdensome, and not proportional to the needs of the case,

6  including, without limitation, in that it requests documents without limitation to mobile VPN

7  technologies.  Apple limits its response to this Request to mobile VPN in the U.S. market

8  versions of the accused Apple Devices.  To the extent this Request requests anything other than

9  what Apple has agreed to produce, Apple objects that this Request seeks irrelevant information,

10  and is overly broad and unduly burdensome in that it is not relevant nor proportional to the needs

11  of this case.

12        Subject to these objections, Apple responds as follows: Apple has produced

13  non-privileged documents located after a reasonable and diligent search that are responsive to this

14  request.

15  **REQUEST FOR PRODUCTION NO. 83:**

16        Documents and things sufficient to show the protocol operation and message/packet

17  exchanges in Always On VPN including when tunnels are set up for each active IP interface (one

18  tunnel for the cellular interface and one tunnel for the Wi-Fi interface), and when a preferred

19  VPN tunnel on Wi-Fi is lost and traffic is routed to the VPN tunnel on cellular, as well as all

20  updates thereto in every iOS/iPadOS since Always On VPN was introduced.

21  **RESPONSE TO REQUEST FOR PRODUCTION NO. 83:**

22        Apple incorporates its Objections to Definitions and Instructions as set forth above.

23  Apple further objects to this Request to the extent that it calls for information that falls within the

24  protection of the attorney-client privilege, the common interest or joint defense privilege, the

25  work-product doctrine, or any other applicable privilege, doctrine, or immunity.  Apple will not

26  produce privileged documents responsive to this Request.

27        Apple further objects to this Request as vague and ambiguous with respect to

28  "message/packet exchanges," "tunnels," and "active IP interface."  Apple further objects to this

APPLE'S SECOND SUPPLEMENTAL OBJECTIONS AND RESPONSES TO MPH'S FIRST SET OF REQUESTS FOR
PRODUCTION (NOS. 13–16, 43–45, 62, 81–84, AND 86–88)
CASE NO. 3:18-cv-05935-TLT

13

1   Request to the extent it seeks information that is publicly available or equally available to MPH.

2   Apple further objects to this Request as seeking irrelevant information, overly broad, unduly

3   burdensome, and not proportional to the needs of the case, including, without limitation, in that it

4   requests documents without limitation to mobile VPN technologies.  Apple limits its response to

5   this Request to mobile VPN in the U.S. market versions of the accused Apple Devices.  To the

6   extent this Request requests anything other than what Apple has agreed to produce, Apple objects

7   that this Request seeks irrelevant information, and is overly broad and unduly burdensome in that

8   it is not relevant nor proportional to the needs of this case.

9        Subject to these objections, Apple responds as follows: Apple has produced

10  non-privileged documents located after a reasonable and diligent search that are responsive to this

11  request.

12  **REQUEST FOR PRODUCTION NO. 84:**

13       Documents and things sufficient to show and describe any testing by Apple of the Always

14  On VPN capability of its iOS and iPadOS software, including testing during product

15  development.

16  **RESPONSE TO REQUEST FOR PRODUCTION NO. 84:**

17       Apple incorporates its Objections to Definitions and Instructions as set forth above.

18  Apple further objects to this Request to the extent that it calls for information that falls within the

19  protection of the attorney-client privilege, the common interest or joint defense privilege, the

20  work-product doctrine, or any other applicable privilege, doctrine, or immunity.  Apple will not

21  produce privileged documents responsive to this Request.

22       Apple further objects to this Request as seeking irrelevant information, overly broad,

23  unduly burdensome, and not proportional to the needs of the case, including, without limitation,

24  in that it requests documents without limitation to mobile VPN technologies.  Apple limits its

25  response to this Request to mobile VPN in the U.S. market versions of the accused Apple

26  Devices.

27

28

1    Subject to these objections, Apple responds as follows: Apple has produced

2    non-privileged documents located after a reasonable and diligent search that are responsive to this

3    request.

4    **REQUEST FOR PRODUCTION NO. 86:**

5    Development documentation, network diagrams, engineering reports, specifications, and

6    testing reports relating to Apple's Always On VPN capability.

7    **RESPONSE TO REQUEST FOR PRODUCTION NO. 86:**

8    Apple incorporates its Objections to Definitions and Instructions as set forth above.

9    Apple further objects to this Request to the extent that it calls for information that falls within the

10   protection of the attorney-client privilege, the common interest or joint defense privilege, the

11   work-product doctrine, or any other applicable privilege, doctrine, or immunity.  Apple will not

12   produce privileged documents responsive to this Request.

13   Apple further objects to this Request as vague and ambiguous with respect to

14   "[d]evelopment documentation," and "network diagrams."  Apple further objects to this Request

15   as seeking irrelevant information, overly broad, unduly burdensome, and not proportional to the

16   needs of the case, including, without limitation, in that it requests documents without limitation to

17   mobile VPN technologies.  Apple limits its response to this Request to mobile VPN in the U.S.

18   market versions of the accused Apple Devices.  To the extent this Request requests anything other

19   than what Apple has agreed to produce, Apple objects that this Request seeks irrelevant

20   information, and is overly broad and unduly burdensome in that it is not relevant nor proportional

21   to the needs of this case.

22   Subject to these objections, Apple responds as follows: Apple has produced

23   non-privileged documents located after a reasonable and diligent search that are responsive to this

24   request.

25   **REQUEST FOR PRODUCTION NO. 87:**

26   Document and things sufficient to show how VPN clients on Apple Devices configured

27   for Always On VPN detect whether VPN tunnels are up and/or available for use.

28   **RESPONSE TO REQUEST FOR PRODUCTION NO. 87:**

Apple incorporates its Objections to Definitions and Instructions as set forth above. Apple further objects to this Request to the extent that it calls for information that falls within the protection of the attorney-client privilege, the common interest or joint defense privilege, the work-product doctrine, or any other applicable privilege, doctrine, or immunity.  Apple will not produce privileged documents responsive to this Request.

Apple further objects to this Request as vague and ambiguous with respect to "VPN clients" and "VPN tunnels."  Apple further objects to this Request as seeking irrelevant information, overly broad, unduly burdensome, and not proportional to the needs of the case, including, without limitation, in that it requests documents without limitation to mobile VPN technologies.  Apple limits its response to this Request to mobile VPN in the U.S. market versions of the accused Apple Devices.  To the extent this Request requests anything other than what Apple has agreed to produce, Apple objects that this Request seeks irrelevant information, and is overly broad and unduly burdensome in that it is not relevant nor proportional to the needs of this case.

Subject to these objections, Apple responds as follows: Apple has produced non-privileged documents located after a reasonable and diligent search that are responsive to this request.

**REQUEST FOR PRODUCTION NO. 88:**

Documents and things sufficient to show how VPN clients on Apple Devices configured for Always On VPN route traffic to VPN channels including how they select which VPN channel to route traffic to when more than one VPN channel exists.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 88:**

Apple incorporates its Objections to Definitions and Instructions as set forth above. Apple further objects to this Request to the extent that it calls for information that falls within the protection of the attorney-client privilege, the common interest or joint defense privilege, the work-product doctrine, or any other applicable privilege, doctrine, or immunity.  Apple will not produce privileged documents responsive to this Request.

APPLE'S SECOND SUPPLEMENTAL OBJECTIONS AND RESPONSES TO MPH'S FIRST SET OF REQUESTS FOR PRODUCTION (NOS. 13–16, 43–45, 62, 81–84, AND 86–88)
CASE NO. 3:18-cv-05935-TLT

16

1         Apple further objects to this Request as vague and ambiguous with respect to "VPN

2   clients," "route traffic," and "VPN channel."  Apple further objects to this Request as seeking

3   irrelevant information, overly broad, unduly burdensome, and not proportional to the needs of the

4   case, including, without limitation, in that it requests documents without limitation to mobile

5   VPN technologies.  Apple limits its response to this Request to mobile VPN in the U.S. market

6   versions of the accused Apple Devices.  To the extent this Request requests anything other than

7   what Apple has agreed to produce, Apple objects that this Request seeks irrelevant information,

8   and is overly broad and unduly burdensome in that it is not relevant nor proportional to the needs

9   of this case.

10         Subject to these objections, Apple responds as follows: Apple has produced

11   non-privileged documents located after a reasonable and diligent search that are responsive to this

12   request.

13

14

15   Dated:  April 2, 2024                              MORRISON & FOERSTER LLP

16

17                                       By:   */s/ Ryan J. Malloy*
                                                    Ryan J. Malloy

18                                              Attorneys for Defendant
                                                APPLE INC.
19

20

21

22

23

24

25

26

27

28

**CERTIFICATE OF SERVICE**

I declare that I am employed with the law firm of Morrison & Foerster LLP, whose address is 707 Wilshire Boulevard, Los Angeles, California 90017-3543.  I am not a party to the within cause, and I am over the age of eighteen years.

I further declare that on April 2, 2024, I served a copy of:

**DEFENDANT APPLE INC.'S SECOND SUPPLEMENTAL OBJECTIONS AND RESPONSES TO PLAINTIFF MPH TECHNOLOGIES OY'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS (NOS. 13-16, 43-45, 62, 81-84, AND 86-88)**

☒   **BY ELECTRONIC SERVICE [Fed. Rule Civ. Proc. rule 5(b)]** by electronically mailing a true and correct copy  through Morrison & Foerster LLP's electronic mail system to the e-mail address(es) set forth below, or as stated on the attached service list per agreement in accordance with Federal Rules of Civil Procedure rule 5(b).

Patricia L. Peden
BURKE, WILLIAMS & SORENSEN, LLP
1999 Harrison St., Ste. 1650
Oakland, CA 94612-3520
ppeden@bwslaw.com

Christopher J. Lee
David J. Sheikh
Brian E. Haan
Ashley E. LaValley
Dragan Gjorgiev
James D. Mitchell
LEE SHEIKH & HAAN LLC
125 South Clark Street, Suite 1175
Chicago, IL  60603
clee@leesheikh.com
dsheikh@leesheikh.com
bhaan@leesheikh.com
alavalley@leesheikh.com
dgjorgiev@leesheikh.com
jmitchell@leesheikh.com

I declare under penalty of perjury that the foregoing is true and correct.

Executed at Los Angeles, California, this, 2nd day of April, 2024.

| Silvia Specht | /s/ Silvia Specht |
|---|---|
| (typed) | (signature) |