April 23, 2024

*Via ECF*

The Honorable Trina L. Thompson
San Francisco Courthouse, Courtroom 9, 19 Floor
450 Golden Gate Avenue
San Francisco, CA 94102

> Re:   **MPH Techs. Oy v. Apple Inc., No. 3:18-cv-05935-TLT (N.D. Cal.)**
>        **Joint Discovery Dispute Letter Regarding MPH's Second Set of Requests for**
>        **the Production of Documents and Things**

Dear Judge Thompson:

Pursuant to the Court's Civil Standing Order, Plaintiff MPH Technologies Oy ("MPH") and Defendant Apple Inc. ("Apple") respectfully submit the following joint discovery dispute letter regarding MPH's Second Set of Requests for Production of Documents and Things, served by MPH on February 22, 2024. The parties met and conferred about the requested documents on March 28, 2024, which relate to the accused Always On VPN. MPH contends that the parties have been unable to resolve their disputes. Apple contends that it has already resolved most of the purported disputes. Apple's responses and objections to the relevant requests are attached hereto.

## I.    MPH'S POSITIONS

**Requests 105-109 (Always-On VPN customers, device quantities, and support materials):**

MPH has accused Apple of directly infringing the '302 patent through Apple's own use and testing of its Always-On VPN feature. MPH has also accused Apple of inducing and contributing to infringement by, *inter alia*, selling devices that support and enable Always-On VPN and aiding, encouraging, and instructing others, such as its business, enterprise, school, organization, and other end-user customers, to use its devices for Always-On VPN in a manner that infringes the methods claimed in the '302 patent. Requests 105-109 all seek documents relating to this customer usage of Always-On VPN. More specifically, Requests 105-106 generally seek documents sufficient to identify any entities who have implemented the accused Always-On VPN. Request 107 seeks documents showing the number of devices configured to use Always-On VPN or on which Always-On VPN was installed. Request 108 seeks support logs, error logs, troubleshooting inquiries, or diagnostics relating to Always-On VPN, and Request 109 seeks documents sufficient to identify third parties from whom Apple has collected diagnostics, troubleshooting inquiries, and/or error logs relating to Always-On VPN.

Documents showing who Apple's customers are and the extent to which they implement and utilize the accused Always-On VPN technology are clearly discoverable and relevant to MPH's inducement claims. *See Enplas Display Device Corp. v. Seoul Semiconductor Company, Ltd.*, 909 F.3d 398, 407 (Fed. Cir. 2018) ("In order to succeed on a claim of inducement, the patentee must show, first that there has been direct infringement…"); *Columbia Machine, Inc. v.*

*Besser Co.*, 2011 WL 6753927, at \*3 (W.D. Wash. Dec. 23, 2011) ("Since plaintiff's allegations directly put at issue the indirect infringement by defendant's customers [], information about defendant's customers and the customer's use of the product is the proper subject of inquiry."); *Polaris Innovations Ltd. v. Kingston Tech. Co.*, 2017 WL 3275615, at \*\*8-9 (C.D. Cal. Feb. 14, 2017) ("This information– both identities and locations of customers– also has been held relevant to claims of inducement.").

Although Apple has lodged a multitude of objections, Apple confirmed during the March 28, 2024 meet and confer that it was refusing to produce the requested documents simply because it does not want to provide customer names and related information, which it contends are confidential. But Apple's confidentiality concerns do not provide a legitimate basis to refuse to produce basic discovery about an accused product, particularly where, as here, the Court has entered an agreed-upon protective order that protects any confidential information produced in discovery. Dkt. No. 90. Simply put, third-party confidentiality concerns are not a basis for blocking highly relevant discovery. *See Chevron Mining Inc. v. Skanska USA Civil West Rocky Mountain District, Inc*, 2019 WL 11556844, at \*1 (N.D. Cal. Sept. 13, 2019) ("[T]he fact that [a third party] and Skanska might have decided amongst themselves to enter into a confidentiality agreement does not bar the settlement from being discoverable under the Federal Rules of Civil Procedure in a litigation where Skanska is a defendant."); *Zeff v. Greystar California, Inc.*, 2022 WL 20611261, at \*1 (N.D. Cal. May 5, 2022).

Apple's refusal to provide the requested information is particularly duplicitous because Apple has repeatedly asserted that it does not infringe the '302 patent because MPH has not "identified any specific instance of any specific entity that has performed" the steps of the claims. Even though this is not true, Apple cannot in good faith contest the relevance of customer usage information considering its contentions.

Apple should be ordered to promptly produce documents responsive to Requests 105-109.

**<u>Requests 119, 120, 122-124, 126-128 (Apple software/services relating to Always On VPN):</u>**

MPH's Requests 119, 120, 122-124, and 126-128 seek documents and things pertaining to the usage and financial value of Apple software offerings and services related to the accused Always-On VPN feature, including "Apple Configurator" (Requests 119, 120), Apple Device Enrollment Program and Automated Device Enrollment (Request 120), Apple School Manager (Requests 120, 122), Apple Business Manager (Requests 120, 123), Apple Business Essentials (Requests 120, 124, 128), and other financial aspects of Apple's enterprise business, including its acquisition of MDM platform provider Fleetsmith (Requests 126, 127). Apple has articulated no valid basis for refusing to produce the requested materials, only vaguely contesting the relevance of the requested information.

In its own documents, Apple states that the accused Always-On VPN feature *is only available* "[f]or devices managed through an MDM solution and supervised using Apple Configurator for Mac, Apple School Manager, or Apple Business Manager." *See* https://support.apple.com/guide/security/vpn-security-sec802e8ab55/web. "MDM" stands for Mobile Device Management, which enterprises may use to provide, manage, configure and/or

supervise mobile devices such as phones, laptops, or tablets for employee use. MDM solutions are available from third parties, but Apple also offers its own built in device management through its "Apple Business Essentials," https://support.apple.com/guide/deployment/intro-to-mdm-profiles-depc0aadd3fe/1/web/1.0, and also acquired an MDM platform provider "Fleetsmith" in 2020, https://techcrunch.com/2020/06/24/apple-has-acquired-fleetsmith-a-startup-that-helps-it-manage-apple-devices-remotely/. Apple also offers a "Device Enrollment Program" which Apple claims "simplifies initial setup by automating mobile device management (MDM) enrollment and supervision of devices during setup…" https://www.apple.com/mx/business-docs/DEP_Guide.pdf.

The requested documents and things are relevant to infringement liability because MPH contends that Apple is providing such software and services in order to enable its customers and end users to implement the accused Always On VPN. The information is also relevant to damages. For example, MPH's expert may consider usage-related information, such as the number of subscriptions and/or downloads of software or products that are necessary or recommended to implement Always-On VPN, in determining the extent of direct infringement by Apple's customers and, thus, the extent of Apple's inducement or contributory infringement. The value of such related software and services, including the value of any MDM or enterprise solutions that must be used with Always-On VPN, may also inform the reasonable royalty analysis and is relevant to multiple *Georgia-Pacific* factors, including at least factor 6 ("the effect of selling the patented specialty in promoting sales of other products of the licensee; that existing value of the invention to the licensor as a generator of sales of his non-patented items; and the extent of such derivative or convoyed sales"), factor 10 ("The nature of the patented invention; the character of the commercial embodiment of it as owned and produced by the licensor; and the benefits to those who have used the invention"), and factor 11 ("The extent to which the infringer has made use of the invention; and any evidence probative of the value of that use."). *Georgia–Pacific Corp. v. U.S. Plywood Corp.,* 318 F. Supp. 1116, 1120 (S.D.N.Y. 1970);.*see also Intex Recreation Corp. v. Bestway USA Inc.,* 2021 WL 6618494, at **2-4 (C.D. Cal. 2021) (ordering discovery of financial sales information for accessories compatible with accused products, which patentee contended were derivative or convoyed sales); *Aylus Networks Inc. v. Apple Inc.*, No. 3:13-cv-04700-EMC, Dkt. 120 (N.D. Ca. Apr. 9, 2015) ("To the extent that Airplay, no matter how small its role, draws more consumers to purchase video content/video games through the iTunes store so that they can, through their iPod Touch, iPad, or iPhone, direct that content to an accused AppleTV for display on a home television screen, those sales could shape the reasonable royalty analysis.").

Accordingly, Apple should be ordered to promptly produce documents responsive to Requests 119, 120, 122-124, and 126-128.

## II.   APPLE'S POSITIONS

This letter is the latest in a series of unnecessary discovery dispute letters that MPH has insisted on filing. It is the sixth such letter MPH has sent Apple since January 30, 2024. MPH's letters all share one thing in common: Apple has already agreed to most of MPH's demands.

MPH's accusations that Apple is not cooperating in discovery is false. Apple has agreed to almost everything that MPH has asked for. Apple has produced over 840,000 pages of documents (in addition to voluminous source code). The only instances in which Apple has resisted discovery are where the production burdens greatly outweigh any conceivable relevance. Here, for example, MPH seeks Apple's customer support records for accused products and financial discovery into a large swathe of non-accused products. These requests are completely

unreasonable.  This case has nothing to do with customer support.  Moreover, simply reciting the words "convoyed sales" without support does not entitle MPH to financial information for non-accused products.  The Court should deny all of MPH's requested relief.

### a. Apple Already Agreed to Produce Documents Responsive to RFPs 105, 106, and 109 and Has Not Located Documents Responsive to RFPs 107

MPH's requested relief for documents related to customer use of Always-On VPN (RFPs 105, 106, and 109) is moot as Apple has already committed to producing responsive documents located after a diligent search.  MPH's assertion that Apple told MPH that it was "refusing to produce" these documents "simply because it does not want to provide customer names and related information" is false.  Rather, Apple explained that customer names are sensitive and asked why MPH needed them.  MPH responded that the names are relevant to "liability" and "damages" but could not explain why.  Apple nonetheless agreed to produce the information (where available) to moot this dispute.

With respect to RFP 107 ("documents and things identifying the number of devices configured to use Always on VPN or on which Always On VPN was installed"), Apple has explained to MPH that it has not located responsive documents.  This request is therefore moot.

### b. RFP 108 Is Irrelevant and Disproportional to the Needs of the Case

RFP 108 seeks "[a]ll support logs, error logs, troubleshooting inquiries, or diagnostics relating to Always On VPN."  MPH has not shown a need for such customer support documents.  The Court should deny MPH's requested relief for that reason alone.  *Impinj, Inc. v. NXP USA, Inc.*, No. 19-cv-03161, 2022 WL 16586886, at *2 (N.D. Cal. Nov. 1, 2022) (party moving to compel "has the initial burden of establishing that the information sought 'is relevant to any party's claim or defense and proportional to the needs of the case.'").

MPH also has failed to show proportionality.  MPH's request for **all** of these customer support documents is "facially overbroad."  *See Salas v. Facultatieve Techs. the Americas, Inc.*, No. 1:17-cv-00335, 2018 WL 2010522, at *6 (E.D. Cal. Apr. 30, 2018).  Plainly, MPH does not need every single exchange between Apple and a customer trying to fix a problem.

MPH argues that it needs to know the numbers of users and devices for Always-on VPN and the identities of those users.  But Apple has already agreed to provide all such information known to Apple in response to MPH's Interrogatory No. 6.  *See* Dkt. No. 129.  MPH has no genuine need to sift through Apple's customer support records for this information.  Nor does MPH need these documents to show how the accused technology operates because Apple already produced documents and source code with that information.  For Apple to collect and produce the documents would be unreasonably burdensome.  Sorting through all of Apple's customer support records to identify the small subset pertaining to Always-on VPN would be extremely onerous.  MPH's requested relief for RFP 108 should be denied.  *See Teradyne, Inc. v. Astronics Test Sys.*, No. 2:20-cv-02713, 2022 WL 18397125, *6 (C.D. Cal. Dec. 22, 2022) (denying discovery that was "not imperative to resolving the issues at stake in this case," where plaintiff already had "meaningful access to the relevant information").

### c. MPH Is Not Entitled to Discovery on the Unaccused Software Products and Services or the Financial Value of Apple's Enterprise Business

Apple has already produced the financial information on the accused products that MPH requested. MPH's RFPs 119, 120, 122–124, and 126–128 now seek documents and financial information into an entire array of *unaccused* Apple products and services related to Apple's enterprise business. MPH is not entitled to discovery into unaccused products and services. "[T]he goal of LRP 3-1, which is to make discovery manageable, is best served by denying discovery for instrumentalities that were not accused in the preliminary infringement contentions." *Kelora Sys., LLC v. Target Corp.*, No. C 11-01548, 2011 WL 5444419, at *2 (N.D. Cal. Nov. 9, 2011); *Icon-IP Pty Ltd. v. Specialized Bicycle Components, Inc.*, No. 12-cv-03844, 2014 WL 4593338, at *2 (N.D. Cal. Sept. 15, 2014) (denying discovery regarding unaccused products). MPH's requests should be denied on this basis alone.

MPH's undeveloped convoyed sales theory on the unaccused enterprise products and services is not sufficient to justify its requested relief. It is not enough that "*MPH* contends" that the unaccused enterprise products can be used to implement Always-On VPN.[1] "Discovery cannot be used to investigate theories and allegations that are [merely] speculation." *Hoffman v. Lassen Cty.*, No. 2:15-cv-1382, 2017 WL 2311683, at *3 (E.D. Cal. May 26, 2017). MPH must show that Always-On VPN and the unaccused products are "part of [the same] 'functional unit.'" *Am. Seating Co. v. USSC Grp., Inc.*, 514 F.3d 1262, 1269 (Fed. Cir. 2008).

MPH's reliance on *Aylus* is misplaced. There, the plaintiff sought discovery on "sales of video and video games ***using the accused products***." *Thought, Inc. v. Oracle Corp.*, No. 12-cv-05601, 2015 WL 2357685, at *4 (N.D. Cal. May 15, 2015) (emphasis in original) (distinguishing *Aylus* on this basis in considering convoyed sales argument for discovery); *Aylus Networks Inc. v. Apple Inc.*, No. 3:13-cv-04700, Dkt. 120, at 1 (N.D. Cal. Apr. 9, 2015) (discovery requests limited to sales "using the accused [products]"). But here, MPH's discovery requests are not limited to sales using Always-on VPN. MPH instead demands ***all sales*** of the non-accused products simply because they might have been used with Always-on VPN. That is far more than what *Aylus* allowed and akin to the discovery denied in *Thought*.

Similarly, MPH fails to show that it is entitled to expansive discovery into "the financial value of Apple's enterprise business" (RFP 126), "Apple's financial, strategic or business reasons for acquiring MDM platform Fleetsmith" (RFP 127), or "Apple's financial, strategic or business reasons for offering Apple Business Essentials" (RFP 128). These requests are not relevant or proportional to the needs of the case and should be denied. *Thought*, 2015 WL 2357685, at *4 (affirming denial of motion to compel discovery of financial information based on undeveloped convoyed sales theory); *Bascom Global Internet Servs. v. AT&T Corp.*, 2017 U.S. Dist. LEXIS 226789, *6 (N.D. Tex. Jul. 31, 2017) ("request for all revenue, including non-accused [] products, is not proportionate."). MPH's requested relief should be denied.

---

[1] MPH's citations to Apple documents are misleading. MPH alleges that those documents state that "Always-On VPN is ***only available***" with the MDM platforms MPH references." But that is not what the document says.

Respectfully submitted,

Dated:  April 23, 2024          By:  */s/ Ashley E. LaValley*
                                    Ashley E. LaValley

                                    Attorneys for Plaintiff
                                    *MPH TECHNOLOGIES OY*

                                    Patricia L. Peden, Esq.
                                    BURKE, WILLIAMS & SORENSEN, LLP

                                    Christopher J. Lee (pro hac vice)
                                    David J. Sheikh (pro hac vice)
                                    Brian E. Haan (pro hac vice)
                                    Ashley E. LaValley (pro hac vice)
                                    Dragan Gjorgiev (pro hac vice)
                                    James D. Mitchell (pro hac vice)
                                    LEE SHEIKH & HAAN LLC

Dated:  April 23, 2024          By:  */s/ Ryan J. Malloy*
                                    Ryan J. Malloy

                                    Attorneys for Defendant
                                    *APPLE INC.*

                                    BITA RAHEBI
                                    RYAN J. MALLOY
                                    ROSE S. LEE
                                    NIMA KIAEI
                                    MORRISON & FOERSTER LLP
                                    707 Wilshire Boulevard
                                    Los Angeles, California 90017-3543
                                    Telephone: (213) 892-5200
                                    Facsimile:  (213) 892-5454
                                    brahebi@mofo.com
                                    rmalloy@mofo.com
                                    roselee@mofo.com
                                    nkiaei@mofo.com

                                    RICHARD S.J. HUNG
                                    MORRISON & FOERSTER LLP
                                    425 Market Street
                                    San Francisco, California  94105
                                    Telephone: (415) 268-7000
                                    Facsimile:  (415) 268-7522
                                    rhung@mofo.com

## **ATTESTATION**

Pursuant to Civil L.R. 5-1(h)(3) regarding signatures, I attest under penalty of perjury that concurrence in the filing of this document has been obtained from the other signatories.

Dated:  April 23, 2024                    By:  _/s/ Ashley E. LaValley_____

                                               Attorney for Plaintiff
                                               *MPH Technologies Oy*