1    BITA RAHEBI (CA SBN 209351)
     brahebi@mofo.com
2    RYAN J. MALLOY (CA SBN 253512)
     rmalloy@mofo.com
3    ROSE S. LEE (CA SBN 294658)
     roselee@mofo.com
4    NIMA KIAEI (CA SBN 336142)
     nkiaei@mofo.com
5    MORRISON & FOERSTER LLP
     707 Wilshire Boulevard
6    Los Angeles, California  90017-3543
     Telephone: (213) 892-5200
7    Facsimile: (213) 892-5454

8    RICHARD S.J. HUNG (CA SBN 197425)
     rhung@mofo.com
9    MORRISON & FOERSTER LLP
     425 Market Street
10   San Francisco, California  94105
     Telephone: (415) 268-7000
11   Facsimile: (415) 268-7522

12   Attorneys for Defendant
     APPLE INC.

13

14              UNITED STATES DISTRICT COURT

15           NORTHERN DISTRICT OF CALIFORNIA

16              SAN FRANCISCO DIVISION

17

| | |
|---|---|
| 18   MPH Technologies Oy, | Case No.   3:18-cv-05935-TLT |
| 19              Plaintiff, | **DEFENDANT APPLE INC.'S OBJECTIONS AND RESPONSES TO PLAINTIFF MPH TECHNOLOGIES OY'S SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS (NOS. 99-128)** |
| 20          v. | |
| 21   Apple Inc., | |
| 22              Defendant. | |
| 23 | |

24

25

26

27

28

1   Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, the Northern District

2   of California Local Patent Rules, and any applicable local procedures, laws, or Court orders,

3   Defendant Apple Inc. responds to Plaintiff MPH Technologies Oy's ("MPH") Second Set of

4   Requests for Production (Nos. 99-128) ("Requests").

5   **PRELIMINARY STATEMENT**

6   Apple's objections and responses to these Requests for Production are based on the facts

7   and information presently known and available to Apple.  Statements below that Apple will

8   produce responsive documents that it locates pursuant to a reasonable search do not imply that

9   such documents exist.  Discovery has recently begun and consequently, Apple may not have

10  identified all information responsive to the Requests at this time.  As discovery in this action

11  proceeds, Apple may discover additional or different information or documents.  Apple reserves

12  the right to later supplement or amend its answers and responses to these Requests throughout its

13  investigation pursuant to Federal Rule of Civil Procedure 26(e).  Apple responds to the Requests

14  as it interprets and understands them.  Apple reserves its right to supplement its responses if MPH

15  subsequently asserts an interpretation of any Request that differs from Apple's current

16  understanding.

17  Apple does not waive its right to object to the admissibility into evidence of any

18  information provided in response to MPH's Requests.  Apple further does not waive the right to

19  raise all questions of authenticity, relevancy, materiality, and privilege for any purpose with

20  regard to the information provided in response to MPH's Requests, which may arise in any

21  subsequent proceeding and/or the trial of this or any other action.  Moreover, the assertion by

22  Apple of various general and specific objections is not a waiver of other objections that might be

23  applicable or become so at some future time.  Apple's responses are based on a search of

24  electronically stored information and physical documents as they are maintained in the normal

25  course of business.  Apple will not search for or produce email outside of the procedures set forth

26  in the Parties' agreed-upon ESI order, which provides that "[g]eneral ESI production requests

27  under Federal Rules of Civil Procedure 34 and 45 shall not include email or other forms of

28  electronic correspondence."  Apple will produce documents on a rolling basis.

## OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

1.      Apple objects to the definition of "Defendant," "Apple," "You," and "Your" as overbroad, unduly burdensome, and seeking information that is irrelevant to, and not proportional to the needs of, this case, to the extent they purport to refer to information about Apple personnel who have no connection to the technology accused in MPH's complaint or infringement contentions, exceeding the scope and proportionality limitations of Federal Rule of Civil Procedure 26(b)(1).  In responding to the Requests, Apple interprets "Defendant," "Apple," "You," and "Your" to mean Apple Inc.

2.      Apple objects to the definitions of "Document(s)" and "Thing(s)" to the extent they are broader than the definitions provided by Federal Rule of Civil Procedure 34(a).  Apple further objects to the definition of "Document" to the extent it includes email or other forms of electronic correspondence.  Apple will not search for or produce email outside of the procedures set forth in the Parties' agreed-upon ESI order, which provides that "[g]eneral ESI production requests under Federal Rules of Civil Procedure 34 and 45 shall not include email or other forms of electronic correspondence."

3.      Apple objects to the definition of "Electronic data compilation" to the extent it imposes on Apple a greater obligation than that which is required under the Federal Rules of Civil Procedure and procedures set forth in the Parties' agreed-upon ESI order.

4.      Apple objects to the definition of "Communication" to the extent it imposes on Apple a greater obligation than that which is required under the Federal Rules of Civil Procedure. Apple further objects to the definition of "Communication" to the extent it includes email or other forms of electronic correspondence.  Apple will not search for or produce email outside of the procedures set forth in the Parties' agreed-upon ESI order.

5.      Apple objects to the definition of "identify" and "locate" as overbroad and unduly burdensome because it requires Apple to identify "each person who presently has custody of the document or thing and of any copy thereof."

6.      Apple objects to the definition of "acts of a person" as overbroad and unduly burdensome because it includes "the acts of directors, officers, owners, members, employees,

APPLE'S OBJECTIONS AND RESPONSES TO MPH'S SECOND SET OF REQUESTS FOR PRODUCTION (NOS. 99-128)
CASE NO. 3:18-cv-05935-TLT
sf-5832813

2

1   agents or attorneys acting on the person's behalf."

2        7.      Apple objects to the definition of "Apple Products and Services" as seeking

3   irrelevant information, overbroad, vague, ambiguous, and not proportional to the needs of the

4   case.  In responding to these Requests, Apple interprets "Apple Products and Services" to mean

5   "encrypted messaging for use in iMessage, FaceTime, Handoff, Universal Clipboard, iPhone

6   Cellular Call Relay, and iPhone Text Message Forwarding, and mobile VPN in the U.S. market

7   versions of the accused Apple Devices."

8        8.      Apple objects to the definition of "Apple Devices" as seeking irrelevant

9   information, overbroad, unduly burdensome, and not proportional to the needs of the case to the

10  extent it seeks information about products that are not accused of infringement and/or do not

11  include encrypted messaging or mobile VPN technologies.  In responding to these Requests,

12  Apple interprets "Apple Devices" to mean U.S. market versions of the accused Apple Devices

13  that include encrypted messaging for use in iMessage, FaceTime, Handoff, Universal Clipboard,

14  iPhone Cellular Call Relay, and iPhone Text Message Forwarding, and mobile VPN.

15       9.      Apple objects to Instruction No. 2 to the extent it imposes requirements on Apple

16  beyond those already agreed to by the Parties as stated in Paragraph 8(e) of the Joint Case

17  Management Statement (ECF No. 45).

18       10.     Apple objects to Instruction Nos. 4 and 5 the extent they request Apple to search

19  for and produce electronically stored information, including email, before the parties have

20  negotiated an appropriate ESI order in accordance with the Scheduling Order.  Apple will search

21  for and produce such electronically stored information in accordance with the parties' ESI order

22  once agreed to or as otherwise ordered by the Court.

23                       **RESPONSES TO REQUSTS FOR PRODUCTION**

24  **REQUEST FOR PRODUCTION NO. 99:**

25       Documents and things sufficient to identify the earliest date that Apple released or

26  introduced each version or iteration of each Apple Product and Service on any Apple Device sold

27  or offered for sale in the United States.

28

1   **RESPONSE TO REQUEST FOR PRODUCTION NO. 99:**

2         Apple incorporates its Objections to Definitions and Instructions as set forth above.

3   Apple further objects to this Request to the extent that it calls for information that falls within the

4   protection of the attorney-client privilege, the common interest or joint defense privilege, the

5   work-product doctrine, or any other applicable privilege, doctrine, or immunity.  Apple will not

6   produce privileged documents responsive to this Request.

7         Apple further objects to this Request as vague and ambiguous, seeking irrelevant

8   information, overly broad, unduly burdensome, and not proportional to the needs of the case,

9   including, without limitation, with respect to "released or introduced each version or iteration."

10  Apple further objects to this Request on the ground and to the extent that it seeks documents in a

11  manner different from how Apple maintains them in its ordinary course of business.  Apple

12  further objects to this Request to the extent it seeks information that is publicly available, equally

13  available, or already available to MPH.

14        Subject to its objections, Apple responds as follows:  Apple will produce responsive, non-

15  privileged documents, if any, in its possession, custody, or control that it locates pursuant to a

16  reasonable and diligent search.

17  **REQUEST FOR PRODUCTION NO. 100:**

18        Documents and things sufficient to identify the differences in the functionalities between

19  the versions or iterations of Apple Products and Services released or introduced by Apple

20  between January 2013 and September 2014 for any Apple Device sold or offered for sale in the

21  United States.

22  **RESPONSE TO REQUEST FOR PRODUCTION NO. 100:**

23        Apple incorporates its Objections to Definitions and Instructions as set forth above.

24  Apple further objects to this Request to the extent that it calls for information that falls within the

25  protection of the attorney-client privilege, the common interest or joint defense privilege, the

26  work-product doctrine, or any other applicable privilege, doctrine, or immunity.  Apple will not

27  produce privileged documents responsive to this Request.

28

APPLE'S OBJECTIONS AND RESPONSES TO MPH'S SECOND SET OF REQUESTS FOR PRODUCTION (NOS. 99-128)
CASE NO. 3:18-cv-05935-TLT
sf-5832813

4

1    Apple further objects to this Request as vague and ambiguous with respect to

2    "differences," "functionalities," "versions or iterations," and "released or introduced by Apple."

3    Apple further objects to this Request as seeking irrelevant information, overly broad, unduly

4    burdensome, and not proportional to the needs of the case, including, without limitation, in that it

5    requests information without limitation to the accused functionalities in this case.  Apple further

6    objects to this Request as premature under Federal Rules of Civil Procedure Rule 26(a)(2) and

7    26(b)(4) to the extent it seeks disclosure of information that is within the scope of expert

8    testimony or opinion, which Apple will provide in accordance with the Scheduling Order.  Apple

9    further objects to this Request on the ground and to the extent that it seeks documents in a manner

10   different from how Apple maintains them in its ordinary course of business.  Apple further

11   objects to this Request to the extent it seeks information that is publicly available, equally

12   available, or already available to MPH.  To the extent this Request requests anything other than

13   what Apple has agreed to produce, Apple objects that this Request seeks irrelevant information,

14   and is overly broad and unduly burdensome in that it is not relevant nor proportional to the needs

15   of this case.

16        Subject to its objections, Apple responds as follows:  Apple has produced source code and

17   technical documents sufficient to identify differences in the functionalities between versions of

18   Apple's accused instrumentalities.

19   **REQUEST FOR PRODUCTION NO. 101:**

20        Documents and things sufficient to identify Apple's internal designations, including

21   project names, codenames, nicknames, and tags, for iOS 9, iOS 10, iOS 11, iOS 12, iOS 13, iOS

22   14, iOS 15, iOS 16, iOS 17, iPadOS 13, iPadOS 14, iPadOS 15, iPadOS 16, iPadOS 17, OS X

23   Yosemite, OS X El Capitan, macOS Sierra, macOS High Sierra, macOS Mojave, macOS

24   Catalina, macOS Big Sur, macOS Monterey, macOS Ventura, macOS Sonoma, Watch OS 2.0,

25   Watch OS 3.0, Watch OS 4.0, Watch OS 5.0, Watch OS 6.0, Watch OS 7.0, Watch OS 8.0,

26   Watch OS 9.0, and Watch OS 10.0.

27

28

1    **RESPONSE TO REQUEST FOR PRODUCTION NO. 101:**

2           Apple incorporates its Objections to Definitions and Instructions as set forth above.

3    Apple further objects to this Request to the extent that it calls for information that falls within the

4    protection of the attorney-client privilege, the common interest or joint defense privilege, the

5    work-product doctrine, or any other applicable privilege, doctrine, or immunity.  Apple will not

6    produce privileged documents responsive to this Request.

7           Apple further objects to this Request as vague and ambiguous with respect to "internal

8    designations," "project names, codenames, nicknames, and tags." Apple further objects to this

9    Request as seeking irrelevant information, overly broad, unduly burdensome, and not

10   proportional to the needs of the case, including, without limitation, in that it requests information

11   about all "internal designations, including project names, codenames, nicknames, and tags," it

12   requests information without limitation to the accused encrypted messaging and mobile VPN

13   functionalities, and the scope of the Request is not limited to the United States.  Apple further

14   objects to this Request on the ground and to the extent that it seeks documents in a manner

15   different from how Apple maintains them in its ordinary course of business.  To the extent this

16   Request requests anything other than what Apple has agreed to produce, Apple objects that this

17   Request seeks irrelevant information, and is overly broad and unduly burdensome in that it is not

18   relevant nor proportional to the needs of this case.

19          Subject to its objections, Apple is willing to meet and confer with MPH regarding the

20   scope of this Request.

21   **REQUEST FOR PRODUCTION NO. 102:**

22          Documents and things sufficient to identify Apple's internal designations, including

23   project names, codenames, nicknames, and tags, for each version or iteration of each Apple

24   Product and Service on any Apple device sold or offered for sale in the United States from

25   September 2014 to the present.

26   **RESPONSE TO REQUEST FOR PRODUCTION NO. 102:**

27          Apple incorporates its Objections to Definitions and Instructions as set forth above.

28   Apple further objects to this Request to the extent that it calls for information that falls within the

APPLE'S OBJECTIONS AND RESPONSES TO MPH'S SECOND SET OF REQUESTS FOR PRODUCTION (NOS. 99-128)
CASE NO. 3:18-CV-05935-TLT
sf-5832813

6

1   protection of the attorney-client privilege, the common interest or joint defense privilege, the

2   work-product doctrine, or any other applicable privilege, doctrine, or immunity.  Apple will not

3   produce privileged documents responsive to this Request.

4       Apple further objects to this Request as vague and ambiguous with respect to "internal

5   designations," "project names, codenames, nicknames, and tags." Apple further objects to this

6   Request as seeking irrelevant information, overly broad, unduly burdensome, and not

7   proportional to the needs of the case, including, without limitation, in that it requests information

8   about all "internal designations, including project names, codenames, nicknames, and tags" for

9   "each Apple Product and Service on any Apple device" and without limitation to the accused

10  encrypted messaging and mobile VPN functionalities.  Apple further objects to this Request on

11  the ground and to the extent that it seeks documents in a manner different from how Apple

12  maintains them in its ordinary course of business.

13      Subject to its objections, Apple is willing to meet and confer with MPH regarding the

14  scope of this Request.

15  **REQUEST FOR PRODUCTION NO. 103:**

16      Documents and things describing the functionalities of the Striling codebase.

17  **RESPONSE TO REQUEST FOR PRODUCTION NO. 103:**

18      Apple incorporates its Objections to Definitions and Instructions as set forth above.

19  Apple further objects to this Request to the extent that it calls for information that falls within the

20  protection of the attorney-client privilege, the common interest or joint defense privilege, the

21  work-product doctrine, or any other applicable privilege, doctrine, or immunity.  Apple will not

22  produce privileged documents responsive to this Request.

23      Apple further objects to this Request as vague and ambiguous with respect to

24  "functionalities" and "Stirling codebase."  Apple further objects to this Request as seeking

25  irrelevant information, overly broad, unduly burdensome, and not proportional to the needs of the

26  case, including, without limitation, in that it requests information without limitation to the

27  accused encrypted messaging and mobile VPN functionalities and that the scope of the Request is

28  not limited by time or to the United States.  Apple further objects to this Request as premature

Apple's Objections and Responses to MPH's Second Set of Requests for Production (Nos. 99-128)
Case No. 3:18-cv-05935-TLT
sf-5832813

7

under Federal Rules of Civil Procedure Rule 26(a)(2) and 26(b)(4) to the extent it seeks disclosure of information that is within the scope of expert testimony or opinion, which Apple will provide in accordance with the Scheduling Order.  Apple further objects to this Request on the ground and to the extent that it seeks documents in a manner different from how Apple maintains them in its ordinary course of business.  Apple further objects to this Request to the extent it seeks information that is publicly available, equally available, or already available to MPH.  To the extent this Request requests anything other than what Apple has agreed to produce, Apple objects that this Request seeks irrelevant information, and is overly broad and unduly burdensome in that it is not relevant nor proportional to the needs of this case.

Subject to these objections, Apple responds as follows:  Apple has produced documents and source code located after a reasonable and diligent search that are responsive to this request.

**REQUEST FOR PRODUCTION NO. 104:**

Documents and things sufficient to show how the Stirling codebase supports or enables the Apple Products and Services.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 104:**

Apple incorporates its Objections to Definitions and Instructions as set forth above. Apple further objects to this Request to the extent that it calls for information that falls within the protection of the attorney-client privilege, the common interest or joint defense privilege, the work-product doctrine, or any other applicable privilege, doctrine, or immunity.  Apple will not produce privileged documents responsive to this Request.  Apple further objects to this Request as vague and ambiguous with respect to "supports," "enables," and "Stirling codebase."  Apple further objects to this Request as seeking irrelevant information, overly broad, unduly burdensome, and not proportional to the needs of the case, including, without limitation, in that it requests information without limitation to the accused encrypted messaging and mobile VPN functionalities and that the scope of the Request is not limited by time or to the United States. Apple further objects to this Request as premature under Federal Rules of Civil Procedure Rule 26(a)(2) and 26(b)(4) to the extent it seeks disclosure of information that is within the scope of expert testimony or opinion, which Apple will provide in accordance with the Scheduling Order.

APPLE'S OBJECTIONS AND RESPONSES TO MPH'S SECOND SET OF REQUESTS FOR PRODUCTION (NOS. 99-128)
CASE NO. 3:18-cv-05935-TLT
sf-5832813

8

1   Apple further objects to this Request on the ground and to the extent that it seeks documents in a

2   manner different from how Apple maintains them in its ordinary course of business.  Apple

3   further objects to this Request to the extent it seeks information that is publicly available, equally

4   available, or already available to MPH.  To the extent this Request requests anything other than

5   what Apple has agreed to produce, Apple objects that this Request seeks irrelevant information,

6   and is overly broad and unduly burdensome in that it is not relevant nor proportional to the needs

7   of this case.

8         Subject to these objections, Apple responds as follows:  Apple has produced documents

9   and source code located after a reasonable and diligent search that are responsive to this request.

10  **REQUEST FOR PRODUCTION NO. 105:**

11        Documents and things sufficient to identify third-party users of Always On VPN.

12  **RESPONSE TO REQUEST FOR PRODUCTION NO. 105:**

13        Apple incorporates its Objections to Definitions and Instructions as set forth above.

14  Apple further objects to this Request to the extent that it calls for information that falls within the

15  protection of the attorney-client privilege, the common interest or joint defense privilege, the

16  work-product doctrine, or any other applicable privilege, doctrine, or immunity.  Apple will not

17  produce privileged documents responsive to this Request.

18        Apple further objects to this Request to the extent it seeks third party confidential

19  information or seeks information protected from disclosure by third parties' rights of privacy.

20  Apple further objects to this Request as vague and ambiguous with respect to "third-party users."

21  Apple further objects to this Request as seeking irrelevant information, overly broad, unduly

22  burdensome, and not proportional to the needs of the case, including, without limitation, in that it

23  requests information without limitation to the accused encrypted messaging and mobile VPN

24  functionalities and in that the scope of the Request is not limited by time or to the United States.

25  Apple further objects to this Request on the ground and to the extent that it seeks documents in a

26  manner different from how Apple maintains them in its ordinary course of business.

27        Subject to its objections, Apple is willing to meet and confer with MPH regarding the

28  scope of this Request.

APPLE'S OBJECTIONS AND RESPONSES TO MPH'S SECOND SET OF REQUESTS FOR PRODUCTION (NOS. 99-128)
CASE NO. 3:18-cv-05935-TLT
sf-5832813

9

**REQUEST FOR PRODUCTION NO. 106:**

Documents and things identifying the names of any businesses, enterprises, schools, organizations, or other entities who have implemented Always On VPN or for whom Always On VPN has been implemented.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 106:**

Apple incorporates its Objections to Definitions and Instructions as set forth above. Apple further objects to this Request to the extent that it calls for information that falls within the protection of the attorney-client privilege, the common interest or joint defense privilege, the work-product doctrine, or any other applicable privilege, doctrine, or immunity. Apple will not produce privileged documents responsive to this Request.

Apple further objects to this Request to the extent it seeks third party confidential information or seeks information protected from disclosure by third parties' rights of privacy. Apple further objects to this Request as vague and ambiguous with respect to "implemented," "identifying," "businesses," "enterprises," "schools," "organizations," and "other entities." Apple further objects to this Request as seeking irrelevant information, overly broad, unduly burdensome, and not proportional to the needs of the case, including, without limitation, in that it requests information about "*any* businesses, enterprises, schools, organizations, or other entities who have implemented Always On VPN or for whom Always On VPN has been implemented" without limitation to the accused encrypted messaging and mobile VPN functionalities and in that the scope of the Request is not limited by time or to the United States. Apple further objects to this Request on the ground and to the extent that it seeks documents in a manner different from how Apple maintains them in its ordinary course of business.

Subject to its objections, Apple is willing to meet and confer with MPH regarding the scope of this Request.

**REQUEST FOR PRODUCTION NO. 107:**

For any business, enterprise, school, organization, or other entity who has implemented Always On VPN or for whom Always On VPN has been implemented, documents and things

APPLE'S OBJECTIONS AND RESPONSES TO MPH'S SECOND SET OF REQUESTS FOR PRODUCTION (NOS. 99-128)
CASE NO. 3:18-cv-05935-TLT
sf-5832813

10

1  identifying the number of devices configured to use Always on VPN or on which Always On

2  VPN was installed.

3  **RESPONSE TO REQUEST FOR PRODUCTION NO. 107:**

4        Apple incorporates its Objections to Definitions and Instructions as set forth above.

5  Apple further objects to this Request to the extent that it calls for information that falls within the

6  protection of the attorney-client privilege, the common interest or joint defense privilege, the

7  work-product doctrine, or any other applicable privilege, doctrine, or immunity.  Apple will not

8  produce privileged documents responsive to this Request.

9        Apple further objects to this Request to the extent it seeks third party confidential

10  information or seeks information protected from disclosure by third parties' rights of privacy.

11  Apple further objects to this Request as vague and ambiguous with respect to "implemented,"

12  "configured," "use," "devices," "installed," "business," "enterprise," "school," "organization,"

13  and "other entities."  Apple further objects to this Request as seeking irrelevant information,

14  overly broad, unduly burdensome, and not proportional to the needs of the case, including,

15  without limitation, in that it requests information about "*any* business, enterprise, school,

16  organization, or other entity who has implemented Always On VPN or for whom Always On

17  VPN has been implemented" without limitation to the accused encrypted messaging and mobile

18  VPN functionalities and in that the scope of the Request is not limited by time or to the United

19  States.  Apple further objects to this Request on the ground and to the extent that it seeks

20  documents in a manner different from how Apple maintains them in its ordinary course of

21  business.

22        Subject to its objections, Apple is willing to meet and confer with MPH regarding the

23  scope of this Request.

24  **REQUEST FOR PRODUCTION NO. 108:**

25        All support logs, error logs, troubleshooting inquiries, or diagnostics relating to Always

26  On VPN.

27

28

APPLE'S OBJECTIONS AND RESPONSES TO MPH'S SECOND SET OF REQUESTS FOR PRODUCTION (NOS. 99-128)
CASE NO. 3:18-cv-05935-TLT
sf-5832813

11

**RESPONSE TO REQUEST FOR PRODUCTION NO. 108:**

Apple incorporates its Objections to Definitions and Instructions as set forth above. Apple further objects to this Request to the extent that it calls for information that falls within the protection of the attorney-client privilege, the common interest or joint defense privilege, the work-product doctrine, or any other applicable privilege, doctrine, or immunity.  Apple will not produce privileged documents responsive to this Request.  Apple further objects to this Request to the extent it seeks third party confidential information or seeks information protected from disclosure by third parties' rights of privacy.  Apple further objects to this Request as vague and ambiguous with respect to "relating to," "support logs," "error logs," "troubleshooting inquiries," and "diagnostics."  Apple further objects to this Request as seeking irrelevant information, overly broad, unduly burdensome, and not proportional to the needs of the case, including, without limitation, in that it requests information about "*All* support logs, error logs, troubleshooting inquiries, or diagnostics relating to Always On VPN" without limitation to the accused encrypted messaging and mobile VPN functionalities and in that the scope of the Request is not limited by time or to the United States.  Apple further objects to this Request on the ground and to the extent that it seeks documents in a manner different from how Apple maintains them in its ordinary course of business.

Subject to its objections, Apple is willing to meet and confer with MPH regarding the scope of this Request.

**REQUEST FOR PRODUCTION NO. 109:**

Documents and things sufficient to identify third parties from whom Apple has collected diagnostics, troubleshooting inquiries, and/or error logs relating to Always On VPN.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 109:**

Apple incorporates its Objections to Definitions and Instructions as set forth above. Apple further objects to this Request to the extent that it calls for information that falls within the protection of the attorney-client privilege, the common interest or joint defense privilege, the work-product doctrine, or any other applicable privilege, doctrine, or immunity.  Apple will not produce privileged documents responsive to this Request.

APPLE'S OBJECTIONS AND RESPONSES TO MPH'S SECOND SET OF REQUESTS FOR PRODUCTION (NOS. 99-128)
CASE NO. 3:18-cv-05935-TLT
sf-5832813

12

Apple further objects to this Request to the extent it seeks third party confidential information or seeks information protected from disclosure by third parties' rights of privacy. Apple further objects to this Request as vague and ambiguous with respect to "relating to," "collected," "third parties," "diagnostics," "troubleshooting inquiries," "error logs."  Apple further objects to this Request as seeking irrelevant information, overly broad, unduly burdensome, and not proportional to the needs of the case, including, without limitation, in that it requests information without limitation to the accused encrypted messaging and mobile VPN functionalities and in that the scope of the Request is not limited by time or to the United States. Apple further objects to this Request on the ground and to the extent that it seeks documents in a manner different from how Apple maintains them in its ordinary course of business.

Subject to its objections, Apple is willing to meet and confer with MPH regarding the scope of this Request.

**REQUEST FOR PRODUCTION NO. 110:**

Documents showing the number of devices configured to use Always On VPN by establishing a cellular tunnel to one server and a Wi-Fi tunnel to a second server.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 110:**

Apple incorporates its Objections to Definitions and Instructions as set forth above. Apple further objects to this Request to the extent that it calls for information that falls within the protection of the attorney-client privilege, the common interest or joint defense privilege, the work-product doctrine, or any other applicable privilege, doctrine, or immunity.  Apple will not produce privileged documents responsive to this Request.

Apple further objects to this Request to the extent it seeks third party confidential information or seeks information protected from disclosure by third parties' rights of privacy. Apple further objects to this Request as vague and ambiguous with respect to "configured," "use," "devices," "establishing," "cellular tunnel," "one server," "Wi-Fi tunnel," and "second server."  Apple further objects to this Request as seeking irrelevant information, overly broad, unduly burdensome, and not proportional to the needs of the case, including, without limitation, in that it requests information without limitation to the accused encrypted messaging and mobile

Apple's Objections and Responses to MPH's Second Set of Requests for Production (Nos. 99-128)
Case No. 3:18-cv-05935-TLT
sf-5832813

13

1    VPN functionalities and in that the scope of the Request is not limited by time or to the United

2    States.  Apple further objects to this Request on the ground and to the extent that it seeks

3    documents in a manner different from how Apple maintains them in its ordinary course of

4    business.  To the extent this Request requests anything other than what Apple has agreed to

5    produce, Apple objects that this Request seeks irrelevant information, and is overly broad and

6    unduly burdensome in that it is not relevant nor proportional to the needs of this case.

7          Subject to its objections, Apple responds as follows:  Apple has not located documents

8    responsive to this request after a reasonable and diligent search.

9    **REQUEST FOR PRODUCTION NO. 111:**

10         Documents showing the number of devices configured to use Always On VPN by

11   establishing a cellular tunnel and a Wi-Fi tunnel to one server.

12   **RESPONSE TO REQUEST FOR PRODUCTION NO. 111:**

13         Apple incorporates its Objections to Definitions and Instructions as set forth above.

14   Apple further objects to this Request to the extent that it calls for information that falls within the

15   protection of the attorney-client privilege, the common interest or joint defense privilege, the

16   work-product doctrine, or any other applicable privilege, doctrine, or immunity.  Apple will not

17   produce privileged documents responsive to this Request.

18         Apple further objects to this Request to the extent it seeks third party confidential

19   information or seeks information protected from disclosure by third parties' rights of privacy.

20   Apple further objects to this Request as vague and ambiguous with respect to "configured,"

21   "use," "devices," "establishing," "cellular tunnel," "one server," "Wi-Fi tunnel."  Apple further

22   objects to this Request as seeking irrelevant information, overly broad, unduly burdensome, and

23   not proportional to the needs of the case, including, without limitation, in that it requests

24   information without limitation to the accused encrypted messaging and mobile VPN

25   functionalities and in that the scope of the Request is not limited by time or to the United States.

26   Apple further objects to this Request on the ground and to the extent that it seeks documents in a

27   manner different from how Apple maintains them in its ordinary course of business.  To the

28   extent this Request requests anything other than what Apple has agreed to produce, Apple objects

APPLE'S OBJECTIONS AND RESPONSES TO MPH'S SECOND SET OF REQUESTS FOR PRODUCTION (NOS. 99-128)
CASE NO. 3:18-cv-05935-TLT
sf-5832813

14

1   that this Request seeks irrelevant information, and is overly broad and unduly burdensome in that

2   it is not relevant nor proportional to the needs of this case.

3       Subject to its objections, Apple responds as follows:  Apple has not located documents

4   responsive to this request after a reasonable and diligent search.

5   **REQUEST FOR PRODUCTION NO. 112:**

6       All documents and things discussing the value, benefits, disadvantages, or challenges of

7   configuring Always On VPN to establish a cellular tunnel to one server and a Wi-Fi tunnel to a

8   second server.

9   **RESPONSE TO REQUEST FOR PRODUCTION NO. 112:**

10      Apple incorporates its Objections to Definitions and Instructions as set forth above.

11  Apple further objects to this Request to the extent that it calls for information that falls within the

12  protection of the attorney-client privilege, the common interest or joint defense privilege, the

13  work-product doctrine, or any other applicable privilege, doctrine, or immunity.  Apple will not

14  produce privileged documents responsive to this Request.

15      Apple further objects to this Request as vague and ambiguous with respect to

16  "configuring," "establish," "cellular tunnel," "one server," "Wi-Fi tunnel," "second server,"

17  "value," "benefits," "disadvantages," and "challenges."  Apple further objects to this Request as

18  seeking irrelevant information, overly broad, unduly burdensome, and not proportional to the

19  needs of the case, including, without limitation, in that it requests "*All* documents and things

20  discussing the value, benefits, disadvantages, or challenges of configuring Always On VPN"

21  without limitation to the accused encrypted messaging and mobile VPN functionalities and in that

22  the scope of the Request is not limited by time or to the United States.  Apple further objects to

23  this Request as premature under Federal Rules of Civil Procedure Rule 26(a)(2) and 26(b)(4) to

24  the extent it seeks disclosure of information that is within the scope of expert testimony or

25  opinion, which Apple will provide in accordance with the Scheduling Order.  Apple further

26  objects to this Request on the ground and to the extent that it seeks documents in a manner

27  different from how Apple maintains them in its ordinary course of business.  To the extent this

28  Request requests anything other than what Apple has agreed to produce, Apple objects that this

Request seeks irrelevant information, and is overly broad and unduly burdensome in that it is not relevant nor proportional to the needs of this case.

Subject to its objections, Apple responds as follows:  Apple will produce responsive, non-privileged documents, if any, in its possession, custody, or control that it locates pursuant to a reasonable and diligent search.

**REQUEST FOR PRODUCTION NO. 113:**

All documents and things discussing the value, benefits, disadvantages, or challenges of configuring Always On VPN to establish a cellular tunnel and a Wi-Fi tunnel to the same server.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 113:**

Apple incorporates its Objections to Definitions and Instructions as set forth above. Apple further objects to this Request to the extent that it calls for information that falls within the protection of the attorney-client privilege, the common interest or joint defense privilege, the work-product doctrine, or any other applicable privilege, doctrine, or immunity.  Apple will not produce privileged documents responsive to this Request.

Apple further objects to this Request as vague and ambiguous with respect to "configuring," "establish," "cellular tunnel," "same server," "Wi-Fi tunnel," "value," "benefits," "disadvantages," and "challenges."  Apple further objects to this Request as seeking irrelevant information, overly broad, unduly burdensome, and not proportional to the needs of the case, including, without limitation, in that it requests "*All* documents and things discussing the value, benefits, disadvantages, or challenges of configuring Always On VPN" without limitation to the accused encrypted messaging and mobile VPN functionalities and in that the scope of the Request is not limited by time or to the United States.  Apple further objects to this Request as premature under Federal Rules of Civil Procedure Rule 26(a)(2) and 26(b)(4) to the extent it seeks disclosure of information that is within the scope of expert testimony or opinion, which Apple will provide in accordance with the Scheduling Order.  Apple further objects to this Request on the ground and to the extent that it seeks documents in a manner different from how Apple maintains them in its ordinary course of business.  To the extent this Request requests anything other than what Apple has agreed to produce, Apple objects that this Request seeks irrelevant

APPLE'S OBJECTIONS AND RESPONSES TO MPH'S SECOND SET OF REQUESTS FOR PRODUCTION (NOS. 99-128)
CASE NO. 3:18-cv-05935-TLT
sf-5832813

16

1   information, and is overly broad and unduly burdensome in that it is not relevant nor proportional

2   to the needs of this case.

3        Subject to its objections, Apple responds as follows:  Apple has not located documents

4   responsive to this request after a reasonable and diligent search.

5   **REQUEST FOR PRODUCTION NO. 114:**

6        All guides, manuals, tutorials, and references distributed by or on behalf of Apple relating

7   to the mobile device management (MDM) of Apple Devices and Always On VPN.

8   **RESPONSE TO REQUEST FOR PRODUCTION NO. 114:**

9        Apple incorporates its Objections to Definitions and Instructions as set forth above.

10  Apple further objects to this Request to the extent that it calls for information that falls within the

11  protection of the attorney-client privilege, the common interest or joint defense privilege, the

12  work-product doctrine, or any other applicable privilege, doctrine, or immunity.  Apple will not

13  produce privileged documents responsive to this Request.

14       Apple further objects to this Request as vague and ambiguous with respect to

15  "references," "tutorials," "guides," "distributed," "relating to," and "mobile device management

16  (MDM)."  Apple further objects to this Request as seeking irrelevant information, overly broad,

17  unduly burdensome, and not proportional to the needs of the case, including, without limitation,

18  in that it requests "*All* guides, manuals, tutorials, and references distributed by or on behalf of

19  Apple" without limitation to the accused encrypted messaging and mobile VPN functionalities

20  and in that the scope of the Request is not limited by time or to the United States.  Apple further

21  objects to this Request to the extent it seeks information that is publicly available, equally

22  available, or already available to MPH.  To the extent this Request requests anything other than

23  what Apple has agreed to produce, Apple objects that this Request seeks irrelevant information,

24  and is overly broad and unduly burdensome in that it is not relevant nor proportional to the needs

25  of this case.

26       Subject to these objections, Apple will produce responsive, non-privileged representative

27  guides, manuals, tutorials, or references, if any, in its possession, custody, or control that it

28

APPLE'S OBJECTIONS AND RESPONSES TO MPH'S SECOND SET OF REQUESTS FOR PRODUCTION (NOS. 99-128)
CASE NO. 3:18-cv-05935-TLT
sf-5832813

17

1   locates pursuant to a reasonable and diligent search that are related to mobile device management

2   and the accused Always-On VPN functionality.

3   **REQUEST FOR PRODUCTION NO. 115:**

4   Documents and things, including any research, analyses, or studies conducted by or on

5   behalf of Apple, relating to the return on investment from Always On VPN.

6   **RESPONSE TO REQUEST FOR PRODUCTION NO. 115:**

7   Apple incorporates its Objections to Definitions and Instructions as set forth above.

8   Apple further objects to this Request to the extent that it calls for information that falls within the

9   protection of the attorney-client privilege, the common interest or joint defense privilege, the

10   work-product doctrine, or any other applicable privilege, doctrine, or immunity.  Apple will not

11   produce privileged documents responsive to this Request.

12   Apple further objects to this Request as vague and ambiguous with respect to

13   "conducted," "relating to," "return on investment," "research," "analyses," and "studies."  Apple

14   further objects to this Request as seeking irrelevant information, overly broad, unduly

15   burdensome, and not proportional to the needs of the case, including, without limitation, in that it

16   requests "*any* research, analyses, or studies" without limitation to the accused encrypted

17   messaging and mobile VPN functionalities and in that the scope of the Request is not limited by

18   time or to the United States.  To the extent this Request requests anything other than what Apple

19   has agreed to produce, Apple objects that this Request seeks irrelevant information, and is overly

20   broad and unduly burdensome in that it is not relevant nor proportional to the needs of this case.

21   Subject to its objections, Apple responds as follows:  Apple has not located documents

22   responsive to this request after a reasonable and diligent search.

23   **REQUEST FOR PRODUCTION NO. 116:**

24   Documents and things showing the number of units of Apple Devices preconfigured for

25   Always On VPN and sold in the United States from September 2014 to the present.

26   **RESPONSE TO REQUEST FOR PRODUCTION NO. 116:**

27   Apple incorporates its Objections to Definitions and Instructions as set forth above.

28   Apple further objects to this Request to the extent that it calls for information that falls within the

APPLE'S OBJECTIONS AND RESPONSES TO MPH'S SECOND SET OF REQUESTS FOR PRODUCTION (NOS. 99-128)
CASE NO. 3:18-cv-05935-TLT
sf-5832813

18

1   protection of the attorney-client privilege, the common interest or joint defense privilege, the

2   work-product doctrine, or any other applicable privilege, doctrine, or immunity.  Apple will not

3   produce privileged documents responsive to this Request.

4        Apple further objects to this Request to the extent it seeks third party confidential

5   information or seeks information protected from disclosure by third parties' rights of privacy.

6   Apple further objects to this Request as vague and ambiguous with respect to "preconfigured for"

7   and "number of units."  Apple further objects to this Request as seeking irrelevant information,

8   overly broad, unduly burdensome, and not proportional to the needs of the case, including,

9   without limitation, in that it requests information without limitation to the accused encrypted

10  messaging and mobile VPN functionalities.  Apple further objects to this Request on the ground

11  and to the extent that it seeks documents in a manner different from how Apple maintains them in

12  its ordinary course of business.

13       Subject to its objections, Apple is willing to meet and confer with MPH regarding the

14  scope of this Request.

15  **REQUEST FOR PRODUCTION NO. 117:**

16       Documents and things sufficient to show the number of mobile device management

17  (MDM) profiles for Always On VPN, including enrollment profiles and configuration profiles,

18  installed on Apple Devices in the United States from September 2014 to the present.

19  **RESPONSE TO REQUEST FOR PRODUCTION NO. 117:**

20       Apple incorporates its Objections to Definitions and Instructions as set forth above.

21  Apple further objects to this Request to the extent that it calls for information that falls within the

22  protection of the attorney-client privilege, the common interest or joint defense privilege, the

23  work-product doctrine, or any other applicable privilege, doctrine, or immunity.  Apple will not

24  produce privileged documents responsive to this Request.

25       Apple further objects to this Request to the extent it seeks third party confidential

26  information or seeks information protected from disclosure by third parties' rights of privacy.

27  Apple further objects to this Request as vague and ambiguous with respect to "mobile device

28  management (MDM) profiles," "enrollment profiles," "configuration profiles," and "installed."

APPLE'S OBJECTIONS AND RESPONSES TO MPH'S SECOND SET OF REQUESTS FOR PRODUCTION (NOS. 99-128)
CASE NO. 3:18-cv-05935-TLT
sf-5832813

19

1  Apple further objects to this Request as seeking irrelevant information, overly broad, unduly
2  burdensome, and not proportional to the needs of the case, including, without limitation, in that it
3  requests information without limitation to the accused encrypted messaging and mobile VPN
4  functionalities.  Apple further objects to this Request on the ground and to the extent that it seeks
5  documents in a manner different from how Apple maintains them in its ordinary course of
6  business.

7       Subject to its objections, Apple is willing to meet and confer with MPH regarding the
8  scope of this Request.

9  **REQUEST FOR PRODUCTION NO. 118:**

10       Documents sufficient to show the number of MDM profiles for Always On VPN sent
11  from Apple servers to iOS devices from September 2014 to the present.

12  **RESPONSE TO REQUEST FOR PRODUCTION NO. 118:**

13       Apple incorporates its Objections to Definitions and Instructions as set forth above.
14  Apple further objects to this Request to the extent that it calls for information that falls within the
15  protection of the attorney-client privilege, the common interest or joint defense privilege, the
16  work-product doctrine, or any other applicable privilege, doctrine, or immunity.  Apple will not
17  produce privileged documents responsive to this Request.

18       Apple further objects to this Request to the extent it seeks third party confidential
19  information or seeks information protected from disclosure by third parties' rights of privacy.
20  Apple further objects to this Request as vague and ambiguous with respect to "MDM profiles"
21  and "sent from Apple servers to iOS devices."  Apple further objects to this Request as seeking
22  irrelevant information, overly broad, unduly burdensome, and not proportional to the needs of the
23  case, including, without limitation, in that it requests information without limitation to the
24  accused encrypted messaging and mobile VPN functionalities.  Apple further objects to this
25  Request on the ground and to the extent that it seeks documents in a manner different from how
26  Apple maintains them in its ordinary course of business.

27       Subject to its objections, Apple is willing to meet and confer with MPH regarding the
28  scope of this Request.

APPLE'S OBJECTIONS AND RESPONSES TO MPH'S SECOND SET OF REQUESTS FOR PRODUCTION (NOS. 99-128)
CASE NO. 3:18-cv-05935-TLT
sf-5832813

20

**REQUEST FOR PRODUCTION NO. 119:**

Documents sufficient to show the total number of downloads of each of the Apple Configurator and Apple Configurator 2 applications from the Apple App Store or other Apple sources, including applications, websites, and servers, from September 2014 to the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 119:**

Apple incorporates its Objections to Definitions and Instructions as set forth above. Apple further objects to this Request to the extent that it calls for information that falls within the protection of the attorney-client privilege, the common interest or joint defense privilege, the work-product doctrine, or any other applicable privilege, doctrine, or immunity. Apple will not produce privileged documents responsive to this Request.

Apple further objects to this Request to the extent it seeks third party confidential information or seeks information protected from disclosure by third parties' rights of privacy. Apple further objects to this Request as vague and ambiguous with respect to "other Apple sources," "applications," "websites," "servers," and "downloads." Apple further objects to this Request as seeking irrelevant information, overly broad, unduly burdensome, and not proportional to the needs of the case, including, without limitation, in that it requests information about "the total number of downloads of each of the Apple Configurator and Apple Configurator 2 applications" without limitation to the accused encrypted messaging and mobile VPN functionalities. Apple further objects to this Request on the ground and to the extent that it seeks documents in a manner different from how Apple maintains them in its ordinary course of business.

**REQUEST FOR PRODUCTION NO. 120:**

Documents and things sufficient to identify the number of iOS and iPadOS devices enrolled through or in Apple Configurator, Apple Configurator 2, Apple Device Enrollment Program, Automated Device Enrollment, Apple School Manager, Apple Business Manager, and/or Apple Business Essentials.

APPLE'S OBJECTIONS AND RESPONSES TO MPH'S SECOND SET OF REQUESTS FOR PRODUCTION (NOS. 99-128)
CASE NO. 3:18-cv-05935-TLT
sf-5832813

21

**RESPONSE TO REQUEST FOR PRODUCTION NO. 120:**

Apple incorporates its Objections to Definitions and Instructions as set forth above. Apple further objects to this Request to the extent that it calls for information that falls within the protection of the attorney-client privilege, the common interest or joint defense privilege, the work-product doctrine, or any other applicable privilege, doctrine, or immunity. Apple will not produce privileged documents responsive to this Request.

Apple further objects to this Request to the extent it seeks third party confidential information or seeks information protected from disclosure by third parties' rights of privacy. Apple further objects to this Request as vague and ambiguous with respect to "enrolled through or in" and "devices." Apple further objects to this Request as seeking irrelevant information, overly broad, unduly burdensome, and not proportional to the needs of the case, including, without limitation, in that it requests information about "the number of iOS and iPadOS devices" without limitation to the accused encrypted messaging and mobile VPN functionalities. Apple further objects to this Request on the ground and to the extent that it seeks documents in a manner different from how Apple maintains them in its ordinary course of business.

**REQUEST FOR PRODUCTION NO. 121:**

Documents and things sufficient to identify the number of supervised iOS and iPadOS devices.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 121:**

Apple incorporates its Objections to Definitions and Instructions as set forth above. Apple further objects to this Request to the extent that it calls for information that falls within the protection of the attorney-client privilege, the common interest or joint defense privilege, the work-product doctrine, or any other applicable privilege, doctrine, or immunity. Apple will not produce privileged documents responsive to this Request.

Apple further objects to this Request to the extent it seeks third party confidential information or seeks information protected from disclosure by third parties' rights of privacy. Apple further objects to this Request as vague and ambiguous with respect to "supervised iOS and iPadOS devices." Apple further objects to this Request as seeking irrelevant information,

APPLE'S OBJECTIONS AND RESPONSES TO MPH'S SECOND SET OF REQUESTS FOR PRODUCTION (NOS. 99-128)
CASE NO. 3:18-CV-05935-TLT
sf-5832813

22

1    overly broad, unduly burdensome, and not proportional to the needs of the case, including,

2    without limitation, in that it requests information about "the number of supervised iOS and

3    iPadOS devices" without limitation to the accused encrypted messaging and mobile VPN

4    functionalities.  Apple further objects to this Request on the ground and to the extent that it seeks

5    documents in a manner different from how Apple maintains them in its ordinary course of

6    business.

7          Subject to its objections, Apple responds as follows:  Apple has not located documents

8    responsive to this request after a reasonable and diligent search.

9    **REQUEST FOR PRODUCTION NO. 122:**

10         Documents sufficient to show the number of subscriptions and/or user sign-ups for Apple

11   School Manager.

12   **RESPONSE TO REQUEST FOR PRODUCTION NO. 122:**

13         Apple incorporates its Objections to Definitions and Instructions as set forth above.

14   Apple further objects to this Request to the extent that it calls for information that falls within the

15   protection of the attorney-client privilege, the common interest or joint defense privilege, the

16   work-product doctrine, or any other applicable privilege, doctrine, or immunity.  Apple will not

17   produce privileged documents responsive to this Request.

18         Apple further objects to this Request to the extent it seeks third party confidential

19   information or seeks information protected from disclosure by third parties' rights of privacy.

20   Apple further objects to this Request as vague and ambiguous with respect to "subscriptions

21   and/or user sign-ups."  Apple further objects to this Request as seeking irrelevant information,

22   overly broad, unduly burdensome, and not proportional to the needs of the case, including,

23   without limitation, in that it requests information about "the number of subscriptions and/or user

24   sign-ups for Apple School Manager" without limitation to the accused encrypted messaging and

25   mobile VPN functionalities.  Apple further objects to this Request on the ground and to the extent

26   that it seeks documents in a manner different from how Apple maintains them in its ordinary

27   course of business.

28

**REQUEST FOR PRODUCTION NO. 123:**

Documents sufficient to show the number of subscriptions and/or user sign-ups for Apple Business Manager.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 123:**

Apple incorporates its Objections to Definitions and Instructions as set forth above. Apple further objects to this Request to the extent that it calls for information that falls within the protection of the attorney-client privilege, the common interest or joint defense privilege, the work-product doctrine, or any other applicable privilege, doctrine, or immunity.  Apple will not produce privileged documents responsive to this Request.

Apple further objects to this Request to the extent it seeks third party confidential information or seeks information protected from disclosure by third parties' rights of privacy. Apple further objects to this Request as vague and ambiguous with respect to "subscriptions and/or user sign-ups."  Apple further objects to this Request as seeking irrelevant information, overly broad, unduly burdensome, and not proportional to the needs of the case, including, without limitation, in that it requests information about "the number of subscriptions and/or user sign-ups for Apple Business Manager" without limitation to the accused encrypted messaging and mobile VPN functionalities.  Apple further objects to this Request on the ground and to the extent that it seeks documents in a manner different from how Apple maintains them in its ordinary course of business.

**REQUEST FOR PRODUCTION NO. 124:**

Documents sufficient to show the number of subscriptions and/or user sign-ups for Apple Business Essentials.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 124:**

Apple incorporates its Objections to Definitions and Instructions as set forth above. Apple further objects to this Request to the extent that it calls for information that falls within the protection of the attorney-client privilege, the common interest or joint defense privilege, the work-product doctrine, or any other applicable privilege, doctrine, or immunity.  Apple will not produce privileged documents responsive to this Request.

APPLE'S OBJECTIONS AND RESPONSES TO MPH'S SECOND SET OF REQUESTS FOR PRODUCTION (NOS. 99-128)
CASE NO. 3:18-CV-05935-TLT
sf-5832813

24

Apple further objects to this Request to the extent it seeks third party confidential information or seeks information protected from disclosure by third parties' rights of privacy. Apple further objects to this Request as vague and ambiguous with respect to "subscriptions and/or user sign-ups."  Apple further objects to this Request as seeking irrelevant information, overly broad, unduly burdensome, and not proportional to the needs of the case, including, without limitation, in that it requests information about "the number of subscriptions and/or user sign-ups for Apple Business Essentials" without limitation to the accused encrypted messaging and mobile VPN functionalities.  Apple further objects to this Request on the ground and to the extent that it seeks documents in a manner different from how Apple maintains them in its ordinary course of business.

**REQUEST FOR PRODUCTION NO. 125:**

All surveys, including customer surveys, surveys of IT professionals, or surveys conducted during the course of litigation by Apple or any third party, relating to Virtual Private Network (VPN) solutions.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 125:**

Apple incorporates its Objections to Definitions and Instructions as set forth above. Apple further objects to this Request to the extent that it calls for information that falls within the protection of the attorney-client privilege, the common interest or joint defense privilege, the work-product doctrine, or any other applicable privilege, doctrine, or immunity.  Apple will not produce privileged documents responsive to this Request.

Apple further objects to this Request as vague and ambiguous with respect to "customer surveys," "surveys of IT professionals," "surveys conducted during the course of litigation," "any third party," and "relating to Virtual Private Network (VPN) solutions."  Apple further objects to this Request as seeking irrelevant information, overly broad, unduly burdensome, and not proportional to the needs of the case, including, without limitation, in that it requests "*All* surveys" without limitation to the accused encrypted messaging and mobile VPN functionalities and in that the scope of the Request is not limited by time or to the United States.  To the extent this Request requests anything other than what Apple has agreed to produce, Apple objects that

1   this Request seeks irrelevant information, and is overly broad and unduly burdensome in that it is

2   not relevant nor proportional to the needs of this case.

3           Subject to its objections, Apple responds as follows:  Apple has not located documents

4   responsive to this request after a reasonable and diligent search.

5   **REQUEST FOR PRODUCTION NO. 126:**

6           Documents sufficient to show the financial value of Apple's enterprise business.

7   **RESPONSE TO REQUEST FOR PRODUCTION NO. 126:**

8           Apple incorporates its Objections to Definitions and Instructions as set forth above.

9   Apple further objects to this Request to the extent that it calls for information that falls within the

10  protection of the attorney-client privilege, the common interest or joint defense privilege, the

11  work-product doctrine, or any other applicable privilege, doctrine, or immunity.  Apple will not

12  produce privileged documents responsive to this Request.

13          Apple further objects to this Request as vague and ambiguous with respect to "financial

14  value" and "enterprise business."  Apple further objects to this Request as seeking irrelevant

15  information, overly broad, unduly burdensome, and not proportional to the needs of the case,

16  including, without limitation, in that it requests information without limitation to the accused

17  encrypted messaging and mobile VPN functionalities and in that the scope of the Request is not

18  limited by time or to the United States.  Apple further objects to this Request as premature under

19  Federal Rules of Civil Procedure Rule 26(a)(2) and 26(b)(4) to the extent it seeks disclosure of

20  information that is within the scope of expert testimony or opinion, which Apple will provide in

21  accordance with the Scheduling Order.  Apple further objects to this Request on the ground and to

22  the extent that it seeks documents in a manner different from how Apple maintains them in its

23  ordinary course of business.

24  **REQUEST FOR PRODUCTION NO. 127:**

25          Documents and things sufficient to show or describe Apple's financial, strategic or

26  business reasons for acquiring MDM platform Fleetsmith.

27

28

APPLE'S OBJECTIONS AND RESPONSES TO MPH'S SECOND SET OF REQUESTS FOR PRODUCTION (NOS. 99-128)
CASE NO. 3:18-cv-05935-TLT
sf-5832813

26

**RESPONSE TO REQUEST FOR PRODUCTION NO. 127:**

Apple incorporates its Objections to Definitions and Instructions as set forth above. Apple further objects to this Request to the extent that it calls for information that falls within the protection of the attorney-client privilege, the common interest or joint defense privilege, the work-product doctrine, or any other applicable privilege, doctrine, or immunity.  Apple will not produce privileged documents responsive to this Request.

Apple further objects to this Request as vague and ambiguous with respect to "financial," "strategic," "business reasons," and "acquiring MDM platform Fleetsmith."  Apple further objects to this Request as seeking irrelevant information, overly broad, unduly burdensome, and not proportional to the needs of the case, including, without limitation, in that it requests information without limitation to the accused encrypted messaging and mobile VPN functionalities and in that the scope of the Request is not limited by time or to the United States. Apple further objects to this Request as premature under Federal Rules of Civil Procedure Rule 26(a)(2) and 26(b)(4) to the extent it seeks disclosure of information that is within the scope of expert testimony or opinion, which Apple will provide in accordance with the Scheduling Order. Apple further objects to this Request on the ground and to the extent that it seeks documents in a manner different from how Apple maintains them in its ordinary course of business.

**REQUEST FOR PRODUCTION NO. 128:**

Documents and things sufficient to show or describe Apple's financial, strategic or business reasons for offering Apple Business Essentials.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 128:**

Apple incorporates its Objections to Definitions and Instructions as set forth above. Apple further objects to this Request to the extent that it calls for information that falls within the protection of the attorney-client privilege, the common interest or joint defense privilege, the work-product doctrine, or any other applicable privilege, doctrine, or immunity.  Apple will not produce privileged documents responsive to this Request.

Apple further objects to this Request as vague and ambiguous with respect to "financial," "strategic," "business reasons," and "offering."  Apple further objects to this Request as seeking

APPLE'S OBJECTIONS AND RESPONSES TO MPH'S SECOND SET OF REQUESTS FOR PRODUCTION (NOS. 99-128)
CASE NO. 3:18-CV-05935-TLT
sf-5832813

27

1  irrelevant information, overly broad, unduly burdensome, and not proportional to the needs of the

2  case, including, without limitation, in that it requests information without limitation to the

3  accused encrypted messaging and mobile VPN functionalities and in that the scope of the Request

4  is not limited by time or to the United States.  Apple further objects to this Request as premature

5  under Federal Rules of Civil Procedure Rule 26(a)(2) and 26(b)(4) to the extent it seeks

6  disclosure of information that is within the scope of expert testimony or opinion, which Apple

7  will provide in accordance with the Scheduling Order.  Apple further objects to this Request on

8  the ground and to the extent that it seeks documents in a manner different from how Apple

9  maintains them in its ordinary course of business.

10

11

12

13       Dated:  March 25, 2024                    MORRISON & FOERSTER LLP

14

15

16                                                 By:  */s/ Ryan J. Malloy*
                                                         Ryan J. Malloy

17                                                     Attorneys for Defendant
                                                       APPLE INC.
18

19

20

21

22

23

24

25

26

27

28

1

**CERTIFICATE OF SERVICE**

2

3

I declare that I am employed with the law firm of Morrison & Foerster LLP, whose address is 707 Wilshire Boulevard, Los Angeles, California  90017-3543.  I am not a party to the within cause, and I am over the age of eighteen years.

4

I further declare that on March 25, 2024, I served a copy of:

5

6

**DEFENDANT APPLE INC.'S OBJECTIONS AND RESPONSES TO PLAINTIFF MPH TECHNOLOGIES OY'S SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS (NOS. 99-128)**

7

8

☒   **BY ELECTRONIC SERVICE [Fed. Rule Civ. Proc. rule 5(b)]** by electronically mailing a true and correct copy  through Morrison & Foerster LLP's electronic mail system to the e-mail address(es) set forth below, or as stated on the attached service list per agreement in accordance with Federal Rules of Civil Procedure rule 5(b).

9

10

Patricia L. Peden

11

BURKE, WILLIAMS & SORENSEN, LLP
1999 Harrison St., Ste. 1650

12

Oakland, CA  94612-3520
ppeden@bwslaw.com

13

Christopher J. Lee

14

David J. Sheikh
Brian E. Haan

15

Ashley E. LaValley
Dragan Gjorgiev

16

James D. Mitchell
LEE SHEIKH & HAAN LLC

17

125 S. Clark St., Ste. 1175
Chicago, IL  60603

18

clee@leesheikh.com
dsheikh@leesheikh.com

19

bhaan@leesheikh.com
alavalley@leesheikh.com

20

dgjorgiev@leesheikh.com
jmitchell@leesheikh.com

21

I declare under penalty of perjury that the foregoing is true and correct.

22

Executed at Los Angeles, California, this 25th day of March, 2024.

23

24

25

26

| Silvia Specht | /s/ Silvia Specht |
|---|---|
| (typed) | (signature) |

27

28

Certificate of Service