Patricia L. Peden, Esq. (SBN 206440)
ppeden@bwslaw.com
BURKE, WILLIAMS & SORENSEN, LLP
1999 Harrison Street, Suite 1650
Oakland, CA 94612
Phone: (510) 273.8780
Fax: (510) 839.9104

Christopher J. Lee (*Pro Hac Vice*)
clee@leesheikh.com
David J. Sheikh (*Pro Hac Vice*)
dsheikh@leesheikh.com
Brian E. Haan (*Pro Hac Vice*)
bhaan@leesheikh.com
Ashley E. LaValley (*Pro Hac Vice*)
alavalley@leesheikh.com
Dragan Gjorgiev (*Pro Hac Vice*)
dgjorgiev@leesheikh.com
James D. Mitchell (Pro Hac Vice)
jmitchell@leesheikh.com
LEE SHEIKH & HAAN LLC
125 South Clark Street, Suite 1175
Chicago, IL 60603
Phone: (312) 982-0070
Fax: (312) 982-0071

Attorneys for Plaintiff
*MPH TECHNOLOGIES OY*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| MPH TECHNOLOGIES OY,<br><br>Plaintiff,<br><br>vs.<br><br>APPLE INC.,<br><br>Defendant. | Case No. 3:18-cv-05935-TLT<br><br>**PLAINTIFF'S UNOPPOSED MOTION TO REFER DISCOVERY DISPUTE LETTER-MOTIONS TO MAGISTRATE JUDGE**<br><br>Date: August 27, 2024 (or earlier as ordered by the Court)<br>Time: 2:00 P.M.<br>Place: San Francisco Courthouse, Courtroom 9<br>Judge: Hon. Trina L. Thompson |

1

<u>**NOTICE OF UNOPPOSED MOTION AND UNOPPOSED MOTION**</u>

2

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

3

       PLEASE TAKE NOTICE that Plaintiff MPH Technologies Oy ("MPH"), respectfully moves

4

this Court under 28 U.S.C. § 636, Fed. R. Civ. P. 72, Civil Local Rule 72, and the Court's Standing

5

Order for Civil Cases for an Order referring all pending and future discovery dispute letter-motions to

6

a magistrate judge of this District. MPH's motion is based on this unopposed Motion and accompanying

7

Memorandum, the Declaration of James D. Mitchell, and a Proposed Order, together with the pleadings

8

and other papers on file in this action, and any other evidence and argument that the parties may present

9

in this briefing or at the hearing set for 2:00 PM on August 27, 2024 in Courtroom 9 of the San Francisco

10

Courthouse, or at the earliest possible time that the Court may hear the Motion, particularly in view of

11

the fast-approaching discovery deadlines and the large number of discovery motions that have been

12

pending without resolution. MPH proposes that this motion may be suitable for resolution on briefs

13

alone without a hearing, particularly in view of the discovery schedule in this case.

14

<u>**MEMORANDUM**</u>

15

**I.     INTRODUCTION**

16

       MPH respectfully seeks an Order referring the six pending discovery dispute letter-motions

17

(ECF Nos. 128, 129, 130, 131, 132 and 133) and any future discovery letter-motions in view of the

18

fast-approaching fact and expert discovery deadlines.

19

       MPH discussed this motion with Apple before filing it. (Mitchell Decl. ¶¶ 2–3). Apple stated

20

that it believes the Court is well equipped to address the pending discovery disputes in view of its

21

familiarity with this case since the lift of the lengthy stay in early 2023, the seven (7) patents-in-suit,

22

and MPH's prior motions. (*Id.* at Ex. A). MPH agrees, but also believes that, as a practical matter, the

23

pending discovery disputes should be directed to a magistrate judge to help move the case forward. In

24

addition to the six pending discovery dispute letter-motions, there are two pending motions before the

25

Court. Specifically, on December 1, 2023, MPH filed its *Partially Agreed Motion for Leave to Amend*

26

*Infringement Contentions*, ECF No. 103. On February 2, 2024, MPH filed its *Motion for*

27

*Reconsideration of the Court's Finding That The '581 Patent Claims Are Indefinite*, ECF No. 118.

28

Both motions were fully briefed and argued on March 19, 2024 with the Court issuing pre-argument

questionnaires and preliminary rulings on the day of the hearing. *See* ECF No. 124. The parties are awaiting the Court's rulings on those motions. If the pending discovery-dispute letters are referred to a magistrate judge, the Court can focus on the motion for leave and the motion for reconsideration.[1]

Since the filing of these two substantive motions, the parties have filed six discovery dispute-letters:

1. Joint Discovery Dispute Letter Regarding MPH's Document Requests (regarding documents on usage of the accused instrumentalities, documents on projected sales and profitability, iMessage-related financial information, and documents identifying programs for implementing "Always On VPN" and related financial information), dated April 8, 2024, ECF No. 128;

2. Joint Discovery Dispute Letter Regarding MPH's Interrogatory No. 6 (regarding information on commercial implementations of Always On VPN), dated April 17, 2024, ECF No. 129;

3. Joint Discovery Dispute Letter Regarding MPH's Document Requests on Licenses and Lawsuits with Similar Technologies, dated April 18, 2024, ECF No. 130;

4. Joint Discovery Dispute Letter Regarding Apple's RFPs and Email RFPs (regarding Apple's first set of Email RFPs, common interest privilege objections, and documents related to investigations, prior art searches, legal opinions, etc. concerning patentability, novelty, validity, enforceability, etc.), dated April 19, 2024, ECF No. 131;

5. Joint Discovery Dispute Letter Regarding MPH's Requests for Technical Documents and a Deadline for Substantial Completion of Production (regarding documents on the accused Always On VPN instrumentality, version histories and revision logs, and deadline for substantial completion of production), dated April 23, 2024, ECF No. 132; and

6. Joint Discovery Dispute Letter Regarding MPH's Second Set of Requests for the Production of Documents and Things (regarding Always On VPN customers, device quantities, and support materials, and Apple software/services relating to Always On VPN), dated April 23, 2024, ECF No. 133.

These discovery dispute letter-motions address issues relating to patent infringement, damages, validity and other issues such as common interest privilege objections. Five of the motions were filed by MPH.

---

[1] On April 15, 2024, MPH contacted the Courtroom Deputy stating that it believed that the parties would benefit from, and requested, guidance from the Court on when the Court would issue an order directing the parties to submit the further joint case management status report identified in the Court's Standing Order for Patent Cases. (Mitchell Decl. ¶ 4). Following Apple's response and MPH's reply email, the Courtroom Deputy informed both parties that the request had been "brought [ ] to chambers' attention and [was] awaiting a response/directive as to how to proceed" (*Id.* at Ex. B). MPH will file shortly a separate motion requesting a supplemental case management conference to discuss, among other issues, the motions for leave and the motion for reconsideration and the impact of these motions on the pretrial schedule.

1    The remaining letter-motion was filed by Apple.

2         The parties have been at a standstill with respect to many of the issues addressed in these six

3    (6) letter-motions for months leading up to the filing of the letter-motions in April 2024. (Mitchell Decl.

4    ¶ 10). That standstill has continued since the filing of the letter-motions over two (2) months ago. (*Id.*)

5    MPH believes that the resolution of these discovery disputes will allow the parties to complete not only

6    the issues addressed in the motions themselves, but also other related follow-up discovery matters. (*Id.*

7    at ¶ 11). Currently, fact discovery is set to close in less than four (4) months, on October 7, 2024, with

8    the parties' opening expert reports due on the same date. *See* ECF No. 83.

9         To expeditiously proceed with the remaining and disputed discovery matters in this case, MPH

10   respectfully seeks an Order referring to a magistrate judge under 28 U.S.C. § 636, Fed. R. Civ. P. 72,

11   Local Civil Rule 72, and the Court's Standing Order for Civil Cases. MPH has conferred with Apple,

12   which stated that "Apple does not oppose MPH moving for this request" and "Apple defers to the

13   Court's preference on this issue. In view of its familiarity with this case, the patents, and MPH's prior

14   motions, Apple believes that the Court is well equipped to resolve the pending discovery disputes."

15   (Mitchell Decl. ¶ 2, Ex. A).

16   **II.    THE COURT SHOULD EXERCISE ITS AUTHORITY TO REFER**
**DISCOVERY DISPUTE MOTIONS TO A MAGISTRATE JUDGE**
17

18        **A.  Current Scope of This Patent Lawsuit**

19        On September 27, 2018, MPH filed its complaint against Apple in this Court. ECF No. 1. After

20   a lengthy stay of over four (4) years pending the PTAB proceedings and the Federal Circuit appeals of

21   the *inter partes* review ("IPR") petitions filed by Apple, the Court lifted the stay on February 1, 2023.

22   ECF No. 77. On April 14, 2024, the Court entered a Case Management and Scheduling Order, ECF

23   No. 83, which provided, among other things, the schedule for claim construction, the fact discovery

24   cutoff of October 7, 2024 and the date for the parties' respective opening expert reports of October 7,

25   2024.

26        On December 1, 2023, MPH filed a partially agreed motion for leave to amend its infringement

27   contentions to add, among other things, its infringement contentions under the Doctrine of Equivalents

28   for the five (5) patents in the U.S. Patent No. 8,346,949 family based on positions taken by Apple

during the claim construction procedure and later adopted by the Court in its claim construction ruling on January 3, 2024. ECF No. 109. This motion was argued on March 19, 2024 with the Court issuing a pre-argument questionnaire by email. (Mitchell Decl. ¶ 5, Exs. C and D). Since that time, Apple has objected to providing discovery as "premature," *see, e.g.,* ECF No. 128, p. 1, and, likewise, MPH has largely avoided conducting discovery on a number of issues that may be impacted by the Court's ruling of that motion. (Mitchell Decl. ¶ 7). That motion, if granted, would enlarge the scope of the case.

In addition, MPH filed a motion on February 2, 2024 seeking reconsideration of the Court's claim construction ruling finding one of the terms of U.S. Patent No. 7,937,581 indefinite, which under patent law, leads to invalidation of all asserted claims of the patent. *See* ECF No. 118 at 1 (the indefiniteness order "runs afoul of the standard for claim indefiniteness imposed by the Supreme Court in *Nautilus, Inc. v. Biosig Instruments*, 572 U.S. 898 (2014)"). The motion was argued on March 19, 2024 with the Court issuing a pre-argument questionnaire and a preliminary ruling by email. (Mitchell Decl. ¶ 6, Exs. E, F, and G). The Court has not issued its ruling on the motion.

### B.  Current State of Discovery

On the discovery front, since the Court's claim construction ruling on January 3, 2024 declaring the '581 patent claims indefinite and, thus, invalid, neither party has conducted discovery on issues that are solely directed to potential infringement, validity, or damages relating to the '581 patent. (*Id.* at ¶ 8). That is because the Court's resolution of the reconsideration motion would alter the scope of the case significantly.

In the meantime, MPH has largely conducted discovery on issues related to the last-remaining patent in the case, U.S. Patent No. 8,037,302. (*Id.* at ¶ 9). Those issues make up the vast majority of discovery disputes brought via letter-motion seeking (a) Apple's documents on "usage of the accused instrumentalities, documents on projected sales and profitability, iMessage-related financial information, and documents identifying programs for implementing 'Always On VPN' and related financial information (ECF No. 128); (b) Apple's information on commercial implementations of the accused Always On VPN offering (ECF No. 129); (c) Apple's documents relating to its licenses and lawsuits with similar technologies (ECF No. 130); (d) Apple's technical documents, a definitive

deadline for substantial completion of production of documents, and version histories and revision logs (ECF No. 132); and (e) Apple's documents on the accused Always On VPN customers, device quantities, and support materials, and Apple software/services relating to Always On VPN (ECF No. 133).

As noted above, the parties have been at a standstill for many months on these issues, and MPH is unable to conduct meaningful and timely discovery on these issues without guidance from the Court on these disputes. (*Id.* at ¶¶ 10–11).

Apple, in turn, filed its discovery dispute letter-motion relating to its email requests, common interest privilege objections, and documents related to investigations, prior art searches, legal opinions, etc. concerning patentability, novelty, validity, enforceability, etc. (ECF No. 131). Again, the parties are at a standstill on these issues without the Court's guidance on the disputes.

### C.  This Court Has Authority to Refer Discovery Motions to Magistrate Judge

28 U.S.C. § 636(b)(1)(A) provides that "a judge may designate a magistrate judge to hear and determine any pretrial matter pending before the court, except a motion for injunctive relief, for judgment on the pleadings, for summary judgment, to dismiss or quash an indictment or information made by the defendant, to suppress evidence in a criminal case, to dismiss or to permit maintenance of a class action, to dismiss for failure to state a claim upon which relief can be granted, and to involuntarily dismiss an action." Rule 72(a) of the Federal Rules of Civil Procedure provides that a magistrate judge is authorized to hear and determine nondispositive matters such as discovery disputes upon the district court judge's referral.

Civil Local Rule 72, in turn, provides that "[e]ach Magistrate Judge appointed by the Court is authorized to exercise all powers and perform all duties conferred upon Magistrate Judges by 28 U.S.C. § 636, by the local rules of this Court, and *by any written order of a District Judge designating a Magistrate Judge to perform specific statutorily authorized duties* in a particular action." Civil Local Rule 72-1 (emphasis added).

Consistent with the foregoing authority, the Court's *Standing Order For Civil Cases Before District Judge Trina L. Thompson* states that "the Court may refer the case to a Magistrate Judge to

handle all discovery disputes."

**D. MPH's Ability to Conduct Timely and Adequate Discovery Is Severely Hampered Without Judicial Resolutions of the Discovery Dispute Letter-Motions, Especially In View of the Fast-Approaching Fact and Expert Discovery Deadlines**

As stated above, the parties have been at a standstill for months on many of the issues addressed in the six (6) pending discovery dispute letter-motions and the two substantive motions brought by MPH. While the parties are waiting for the Court's guidance on the myriad of issues addressed in these motions, they have been limited or entirely curtailed from taking discovery on a number of these issues. Given the fast-approaching fact discovery cutoff of October 7, 2024 (when the parties' opening expert reports are also due), there is good cause for the Court to refer the discovery letter-motions to a magistrate judge.

**III.    CONCLUSION**

For the reasons set forth above, MPH respectfully seeks an Order from the Court referring all pending and future discovery dispute letter-motions to a magistrate judge of this District and setting forth a specific time frame for the magistrate judge's resolution of these motions to allow the parties to conduct discovery before the existing discovery cutoff date and to assist the Court to manage the case schedule efficiently.

1    Dated: June 11, 2024                Respectfully Submitted,

2
                                          /s/      *James D. Mitchell*
3                                         Patricia L. Peden, Esq. (SBN 206440)
                                          ppeden@bwslaw.com
4                                         BURKE, WILLIAMS & SORENSEN, LLP
                                          1999 Harrison Street, Suite 1650
5                                         Oakland, CA 94612
                                          Phone: (510) 273.8780
6                                         Fax: (510) 839.9104

7                                         Christopher J. Lee (*Pro Hac Vice*)
8                                         clee@leesheikh.com
                                          David J. Sheikh (*Pro Hac Vice*)
9                                         dsheikh@leesheikh.com
                                          Brian E. Haan (*Pro Hac Vice*)
10                                        bhaan@leesheikh.com
                                          Ashley E. LaValley (*Pro Hac Vice*)
11                                        alavalley@leesheikh.com
                                          Dragan Gjorgiev (*Pro Hac Vice*)
12                                        dgjorgiev@leesheikh.com
                                          James D. Mitchell (*Pro Hac Vice*)
13                                        jmitchell@leesheikh.com
                                          LEE SHEIKH & HAAN LLC
14                                        125 South Clark Street, Suite 1175
                                          Chicago, IL 60603
15                                        Phone: (312) 982-0070
                                          Fax: (312) 982-0071
16

17                                        Attorneys for Plaintiff
18                                        *MPH TECHNOLOGIES OY*

19

20

21

22

23

24

25

26

27

28

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on June 11, 2024, the foregoing:

**PLAINTIFF'S UNOPPOSED MOTION TO REFER DISCOVERY
DISPUTE LETTER-MOTIONS TO MAGISTRATE JUDGE**

was served via electronic transmission on the following counsel of record.

| | |
|---|---|
| Bita Rahebi (brahebi@mofo.com)<br>Ryan J. Malloy (rmalloy@mofo.com)<br>Rose S. Lee (roselee@mofo.com)<br>Nima I. Kiaei (nkiaei@mofo.com)<br>Morrison & Foerster LLP<br>707 Wilshire Boulevard<br>Suite 6000<br>Los Angeles, CA 90017<br>(213) 892-5428<br>Fax: (213) 892-5200<br><br>Bethany Marvin Stevens (bstevens@wscllp.com)<br>Hannah L. Cannom (hcannom@wscllp.com)<br>Walker Stevens Cannom LLP<br>500 Molino Street #118<br>Los Angeles, CA 90013<br>213-337-4551<br>Fax: 213-403-4906 | Richard S.J. Hung (rhung@mofo.com)<br>Morrison & Foerster LLP<br>425 Market Street<br>San Francisco, CA 94105<br>(415) 268-7000<br>Fax: (415) 268-7522 |

*/s/      James D. Mitchell*
Attorneys for Plaintiff
MPH TECHNOLOGIES OY