# **EXHIBIT G**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MPH TECHNOLOGIES OY,<br><br>    Plaintiff,<br><br>  v.<br><br>APPLE, INC.,<br><br>    Defendant. | Case No.  18-cv-05935-TLT<br><br>**TENTATIVE RULING GRANTING MPH'S REQUEST TO REVISE ORDER CONSTRUING THE '581 PATENT CLAIMS 6, 7, AND 8 UNDER FED. R. CIV. P. 54(B)**<br><br>ECF Nos. 109, 118 |

Before the Court is MPH TECHNOLOGIES OY ("MPH")'s Motion for Reconsideration[1] of the Court's finding that the language in Claims 6, 7, and 8 of MPH's '581 Patent are indefinite because the term "the secure connection" in the disputed phrase: "the mobile terminal sending a secure message in the secure connection from the second address of the mobile terminal to the other terminal via the secure gateway" lacks an antecedent basis.  As such, the connection is changing and not staying the same, thus making the claim language indefinite.  *See Bushnell Hawthorne, LLC v. Cisco Sys., Inc.*, 813 Fed. App'x. 522 (Fed. Cir. 2020).  For the reasons stated below, MPH's request to revise the Court's Order Construing Claims, is GRANTED, but only as to the Court's finding that the language of the '581 Patent Claims 6, 7, and 8 is indefinite.

---

[1]   MPH refers to its Motion as one for reconsideration and cites Fed. R. Civ. P. 54(b) as the authority for bringing the motion, which is the Rule that gives district courts discretion to revise an order or judgment as long as not all claims have been fully litigated.  Apple refers to MPH's Motion as a Motion to Alter or Amend a Judgment under Fed. R. Civ. P. 59(e).  Because the Court looks to the substance of motions in drafting its Order, the Court will refer to the Motion as a Motion for Reconsideration in this Order and will analyze whether to grant the Order under Fed. R. Civ. P. 54(b) since the order at issue is the Order Construing the language in three claims of the '581 Patent in this action where multiple patents, and their claims, are at issue.  *See Lam Rsch.*, 65 F. Supp.3d at 869; *Adobe Sys. Inc. v. Wowza Media Sys., LLC*, 2014 WL 2731321, at *1 (N.D. Cal June 10, 2014) (allowing a claim construction reconsideration motion and citing Civil L.R. 7-9, which refers to 54(b)).  Plus, MPH has no relief under Fed. R. Civ. P. 59(e) as MPH's motion for reconsideration would have been untimely under 59(e).

1

On December 11, 2023, the Court held the *Markman* Hearing, ECF Nos. 106-108, and issued an Order Construing Claims on January 3, 2024. *See* ECF No. 109. MPH claims that the intrinsic evidence supports construing "the secure connection" to end at the security gateway. ECF No. 118 (Motion for Reconsideration); ECF No. 121 (Reply iso Motion for Reconsideration). However, the Court held that the plain and ordinary language of the claim does not support that construction. ECF No. 109, at 16-17. In reaching its conclusion, the Court relied only on some intrinsic evidence and *Bushnell Hawthorne*, 813 F. App'x at 526-527[2] to explain that Claims 6, 7, and 8 of the '581 Patent, the term "secure connection" lacks a proper antecedent basis. ECF No. 109 at 16. The Court goes on to explain:

> a term is indefinite if it "fail[s] to inform . . . those skilled in the art about the scope of the invention." *Nautilus*, 572 U.S. at 898–99, 908. And without an antecedent, a term risks indefiniteness. *See Bushnell Hawthorne*, 813 F. App'x at 526–27. Here, "the secure connection" lacks an antecedent. The first "secure connection" is between "a first address of the mobile terminal" and "a gateway address." '581 patent, 10:54–56. But the second "secure connection" is between "the second address of the mobile terminal" and "the other terminal." *Id.* at 11:1–3. By the claim's plain language, the secure connections are different, and the second secure connection thus lacks an antecedent. Underlining that conclusion is the claim's description of the secure connection "chang[ing]" during this process. *Id.* at 10:64–67.
>
> In short, the Court finds the language indefinite.

*Id.* at 16-17.

**STANDARD**

A movant can request that the district court revise an *interlocutory* order under some circumstances:

> When an action presents more than one claim for relief -whether as a claim, counterclaim, crossclaim, or third-party claim—or when multiple parties are involved, the court may

---

[2] The Court in *Bushnell Hawthorne* states: "Claim 1 of the '951 patent is, on its face, entirely unclear as to the meaning of "said different IP Address." As an initial matter, "said different IP Address" appears in the claim without antecedent basis. Prior to that point, the claim recites certain IP addresses, but never a "different one". *See* '951 patent, claim 1. The lack of antecedent basis signals a potential indefiniteness problem but does not end the inquiry." *Id.* at 813 F. App'x at 526.

direct entry of final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and *may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.*

Fed. R. Civ. P. 54(b) (emphasis added).

Rule 54(b) allows a district court the discretion to reconsider interlocutory orders, including claim constructions and permits courts to revise such orders. *See Lam Rsrch. Corp. v. Schunk Semiconductor*, 65 F. Supp.3d 863, 869 (N.D. Cal 2014); *Adobe*, 2014 WL 2731321, at *1 (allowing a claim construction reconsideration motion and citing Civil L.R. 7-9). However, "[l]ocal Rule 7–9(c) expressly prohibits repetitive arguments from being raised in a motion for reconsideration." *Lam Rsch.*, 65 F. Supp. 3d at 869.

35 U.S.C. §112 ¶ 2 requires that a patent must "conclude with one or more claims particularly pointing out and distinctly claiming the subject matter which the applicant regards as [the] invention". *Id.* In *Nautilus Inc. v. Biosig Instruments, Inc.*, 572 U.S. 898 (*Nautilus 2014*), the Supreme Court reviewed the Federal Circuit's two-fold analysis in *Biosig Instruments, Inc. v. Nautilus, Inc.*, 715 F.3d 891 (2013) (*Nautilus 2013*), asking if the claim was "amenable to construction" and if the claim, as construed, is not "insolubly ambiguous." *Id.* at 901-902. The Supreme Court considered the Federal Circuit's explanation that a claim is insolubly ambiguous if its claims, read in light of the specification delineating the patent and the prosecution history fail to inform with reasonable certainty a person of ordinary skill in the art ("POSITA") about the scope of the invention. *Id.*

The "insolubly ambiguous" language in *Nautilus 2013* was found to be too imprecise by the Supreme Court, so it "modified the standard by which lower courts examine allegedly ambiguous claims; [stating district courts] may now steer by the bright star of 'reasonable certainty,' rather than the unreliable 'insoluble ambiguity.' " *Biosig Instruments, Inc. v. Nautilus,*

3

*Inc.*, 783 F.3d 1374, 1379 (2015) ("*Nautilus 2015*") (citing *Nautilus 2014*, 572 U.S. 898 and *Palsgraf v. Long Island R.R. Co.*, 248 N.Y. 339 (1928) and *Jay v. Sec'y of Dep't of Health & Human Servs.*, 998 F.2d 979, 984 (Fed. Cir. 1993)). This essentially lowered the standard for finding a claim indefinite. *See id.*

The Supreme Court, after granting cert, vacated and remanded the case back to the Federal Circuit. *Id.* at 913. After applying the revised standard, the Federal Circuit still reached the same conclusion, finding that the patent was definite. *Nautilus 2015*, 783 F.3d at 1384. The Federal Circuit explained that the intrinsic evidence did signal to a POSITA that the "spacing" could not have been greater or less than a certain amount and that there were inherent limits to spacing *after looking at the Claim Language, Specification, and Prosecution History*. *Id.* at 1377. The Court identified the importance of a court's claim construction striking a balance between the inherent limitations of language and being "precise enough to afford clear notice" (via *Markman* hearings). *Id.* at 1378.

In claims construction, it is permissible to construe a claim in a similar manner that courts engage in contract interpretation, which includes looking to just intrinsic evidence. In *Teva* (decided after *Nautilus 2014*), Justice Breyer explains that "a patent claim is that 'portion of the document that defines the scope of the patentee's rights.'" *Teva Pharms. USA, Inc. v. Sandoz, Inc.*, 574 U.S. 318, 321 (2015) (quoting *Markman v. Westview Instruments, Inc.*, 517 U.S. 370 (1996)). This is just like how certain contract provisions define the scope of the rights of the parties to a contract. *Id.* at 325-326 (the Court in *Teva* compares construing claims with interpreting contracts and the similar process a court would engage in for both). When a court looks to intrinsic evidence alone, the court should be reviewing the Claim Language, Specification, and Prosecution History. *Nautilus 2015*, 783 F.3d at 1377. Given the above standard for determining indefiniteness, the Court tentatively grants MPH's Motion for Reconsideration since the Court's Order Construing Claims could include further analysis, such as

4

that of the prosecution history.³ The Court will therefore revise the portion of the Court's Order Construing Claims (ECF No. 109, at 16:3-17:4) which relate to the Court's finding that the language in the '581 Patent Claims 6, 7, and 8 is indefinite.

      IT IS SO ORDERED.

Dated: March 19, 2024

                                              TRINA L. THOMPSON
                                              United States District Judge

---

³ Even though MPH had an opportunity during the *Markman* hearing to counter Apple's indefiniteness argument with an argument about the prosecution history, the Court will exercise its discretion to revise its Order Construing Claims as discussed in this Order. *See Lam Rsch.*, 65 F. Supp. 3d at 869.

5