1   Patricia L. Peden, Esq. (SBN 206440)
    ppeden@bwslaw.com
2   BURKE, WILLIAMS & SORENSEN, LLP
    1999 Harrison Street, Suite 1650
3   Oakland, CA 94612
    Phone: (510) 273.8780
4   Fax: (510) 839.9104

5   Christopher J. Lee (*Pro Hac Vice*)
    clee@leesheikh.com
6   David J. Sheikh (*Pro Hac Vice*)
    dsheikh@leesheikh.com
7   Brian E. Haan (*Pro Hac Vice*)
    bhaan@leesheikh.com
8   Ashley E. LaValley (*Pro Hac Vice*)
    alavalley@leesheikh.com
9   Dragan Gjorgiev (*Pro Hac Vice*)
    dgjorgiev@leesheikh.com
10  James D. Mitchell (Pro Hac Vice)
    jmitchell@leesheikh.com
11  LEE SHEIKH & HAAN LLC
    125 South Clark Street, Suite 1175
12  Chicago, IL 60603
    Phone: (312) 982-0070
13  Fax: (312) 982-0071

14  Attorneys for Plaintiff
    *MPH TECHNOLOGIES OY*

15

16                **UNITED STATES DISTRICT COURT**

17              **NORTHERN DISTRICT OF CALIFORNIA**

18                  **SAN FRANCISCO DIVISION**

19

20  MPH TECHNOLOGIES OY,                    Case No. 3:18-cv-05935-TLT

21                         Plaintiff,        **PLAINTIFF'S UNOPPOSED
                                             MOTION FOR AN EXPEDITED
22                 vs.                       CASE STATUS AND
                                             MANAGEMENT CONFERENCE**
23  APPLE INC.,
                                             Date: August 27, 2024 (or earlier as
24                         Defendant.        ordered by the Court)
                                             Time: 2:00 P.M.
25                                           Place: San Francisco Courthouse,
                                             Courtroom 9
26                                           Judge: Hon. Trina L. Thompson

27

28

## <u>NOTICE OF MOTION AND MOTION</u>

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that Plaintiff MPH Technologies Oy ("MPH"), respectfully moves this Court under Fed. R. Civ. P. 16 and Civil Local Rule 16 for an Order setting an expedited case status and management conference. MPH's motion is based on this unopposed Motion and accompanying Memorandum, the Declaration of James D. Mitchell, and a Proposed Order, together with the pleadings and other papers on file in this action, and any other evidence and argument that the parties may present in this briefing or at the hearing set for 2:00 PM on August 27, 2024 in Courtroom 9 of the San Francisco Courthouse, or at the earliest possible time that the Court may hear the Motion, particularly in view of the fast-approaching discovery deadlines, two pending motions filed in December 2023 and February 2024 that would likely have a material impact on the scope and complexity of this multi-patent lawsuit, and the large number of unresolved discovery motions that were just referred to a Magistrate Judge yesterday.

MPH will concurrently file a separate motion formally requesting an expedited hearing on the present Motion, which Apple opposes for some reason. However, MPH believes that the present Motion may be suitable for resolution without a hearing, particularly in view of the unopposed nature of this motion, the fast-approaching discovery deadlines in this case and since the first-available hearing date for the Court of August 27, 2024 is less than six weeks from the discovery cutoff date.

MPH exchanged emails and conferred with Apple on two separate occasions about the relief being sought in this motion. Apple has stated that "MPH may describe its motion as 'unopposed' so long as MPH includes the complete position statement that [Apple counsel] provided in her June 10 email (Mitchell Decl. ¶ 3, Ex. B). That June 10, 2024 Email (*See* Ex. B), in response to MPH's request for Apple to stipulate to the requested CMC, stated that "Apple notes that the Court already set a complete schedule for the case through trial (ECF No. 83) [and] defers to the Court on its management of the case. For these reasons, Apple declines to stipulate to MPH's request for another CMC." That is consistent with Apple's April 16, 2024 Email on this issue where it stated that "[w]hile Apple understands that the Court has already set a further schedule for the case (ECF No. 183 [sic; should be 83]), it is happy to attend a CMC if the Court wishes to set one."

**MEMORANDUM**

**I. THE COURT SHOULD SCHEDULE AN EXPEDITED CASE STATUS AND MANAGEMENT CONFERENCE TO DISCUSS AND ADDRESS THE IMPACT THAT THE UNRESOLVED MOTIONS HAVE HAD ON THE PARTIES' ABILITY TO CONDUCT DISCOVERY IN THIS MULTI-PATENT LAWSUIT**

MPH respectfully seeks an Order setting an expedited case status and management conference at the Court's earliest convenience to discuss: (a) the status of the eight pending motions before the Court (including the six motions that have been referred to a Magistrate Judge earlier this week) that would have significant impact on the scope and nature of this case substantively and on discovery; (b) the impact the lack of rulings on these motions has had on the parties' ability to conduct discovery and conduct discovery adequately before the current fact discovery cutoff of October 7, 2024, which is also the current date for the parties' opening expert reports; and (c) a potential revised case management schedule depending on the timing and nature of the Court's and the Magistrate Judge's resolution of the pending motions.

The relief requested by MPH is consistent with the Court's Patent Standing Order, which contemplates further case management proceedings, including deadlines in the case schedule and other pretrial matters, upon issuance of a claim construction ruling. The Court issued a claim construction ruling on January 3, 2024. (ECF No. 109). This motion follows up on the inquiry made to the Courtroom Deputy on April 15, 2024 when MPH contacted the Courtroom Deputy and Apple's counsel by email, stating that it believed that the parties would benefit from, and requested, guidance from the Court on when the Court would issue an order directing the parties to submit the post-claim construction ruling joint case management status report identified in the Court's Standing Order for Patent Cases. (Mitchell Decl. ¶ 2). Following Apple's response and MPH's reply email, the Courtroom Deputy informed both parties that the request had been "brought [ ] to chambers' attention and [was] awaiting a response/directive as to how to proceed" (*Id.* at Ex. A).

### A. Current Status of Pending Motions

On September 27, 2018, MPH filed its complaint against Apple in this Court. (ECF No. 1). After a lengthy stay of over four years pending the PTAB proceedings and the Federal Circuit appeals

of the *inter partes* review ("IPR") petitions filed by Apple, the Court lifted the stay on February 1, 2023. (ECF No. 77). On April 14, 2024, the Court entered a Case Management and Scheduling Order (ECF No. 83), which provided, among other things, the schedule for claim construction, the fact discovery cutoff of October 7, 2024 and the date for the parties' respective opening expert reports of October 7, 2024.

On January 3, 2024, the Court issued its claim construction ruling construing claim terms found in the seven asserted patents. (ECF No. 109). The Court adopted some of the constructions proposed by MPH, some proposed by Apple, and, for one disputed term, issued its own construction. Apple's proposed constructions, and the Court's adoption of Apple's proposed constructions, with respect to the five patents in the U.S. Patent No. 8,346,949 ('949 patent) family led to MPH's *Partially Agreed Motion for Leave to Amend Infringement Contentions* (ECF No. 103) such that MPH can continue to assert infringement of the '949 patent family under the Doctrine of Equivalents.

The Court's claim construction order also found that one of the terms found in the asserted claims of U.S. Patent No. 7,937,581 ('581 patent) was indefinite, which under patent law means all asserted claims of the patent are deemed invalid, subject to appeal. MPH sought reconsideration of that ruling on February 2, 2024 so that it can re-assert that '581 patent in this lawsuit. *See Motion for Reconsideration of the Court's Finding That The '581 Patent Claims Are Indefinite*, ECF No. 118.

Both motions, ECF Nos. 103 and 118, were fully briefed and argued on March 19, 2024, with the Court issuing pre-argument questionnaires and a tentative ruling to grant the motion for reconsideration on the day of the hearing. *See* ECF No. 124. The motions remain pending. The outcomes of the motion for leave and the motion for reconsideration will dictate the scope of the lawsuit going forward.

In addition to the above motions, there are six (6) unresolved discovery dispute letter-motions:

1. Joint Discovery Dispute Letter Regarding MPH's Document Requests (regarding documents on usage of the accused instrumentalities, documents on projected sales and profitability, iMessage-related financial information, and documents identifying programs for implementing "Always On VPN" and related financial information), dated April 8, 2024, ECF No. 128;

2. Joint Discovery Dispute Letter Regarding MPH's Interrogatory No. 6 (regarding information on commercial implementations of Always On VPN), dated April 17, 2024, ECF No. 129;

3.  Joint Discovery Dispute Letter Regarding MPH's Document Requests on Licenses and Lawsuits with Similar Technologies, dated April 18, 2024, ECF No. 130;

4.  Joint Discovery Dispute Letter Regarding Apple's RFPs and Email RFPs (regarding Apple's first set of Email RFPs, common interest privilege objections, and documents related to investigations, prior art searches, legal opinions, etc. concerning patentability, novelty, validity, enforceability, etc.), dated April 19, 2024, ECF No. 131;

5.  Joint Discovery Dispute Letter Regarding MPH's Requests for Technical Documents and a Deadline for Substantial Completion of Production (regarding documents on the accused Always On VPN instrumentality, version histories and revision logs, and deadline for substantial completion of production), dated April 23, 2024, ECF No. 132; and

6.  Joint Discovery Dispute Letter Regarding MPH's Second Set of Requests for the Production of Documents and Things (regarding Always On VPN customers, device quantities, and support materials, and Apple software/services relating to Always On VPN), dated April 23, 2024, ECF No. 133.

On June 11, 2024, MPH filed an *Unopposed Motion To Refer Discovery Dispute Letter-Motions To Magistrate Judge* (ECF Nos. 134 and 135). The Court granted the motion on June 12, 2024, referring "FOR ALL DISCOVERY PURPOSES to a Magistrate Judge." (ECF No. 136).

**B.    The Pendency of the Eight (8) Unresolved Motions Has Had a Material Impact on the Parties' Ability to Conduct and Complete Discovery Before the Upcoming Fact and Expert Discovery Deadlines and the Court's Rulings on the Motions Would Likely Alter the Substantive and Procedural Scope and Nature of this Lawsuit**

As noted above, the Court on June 12, 2024, granted MPH's *Unopposed Motion To Refer Discovery Dispute Letter-Motions To Magistrate Judge. See* ECF No. 136. As of the filing of this motion, the parties have not been informed of the assigned Magistrate Judge, his or her contemplated schedule for hearings on the pending discovery motions, the likely time frame for the rulings on those letter-motions (ECF Nos. 128, 129, 130, 131, 132 and 133) and whether such rulings will come before the discovery cutoff date. In addition, MPH's *Partially Agreed Motion for Leave to Amend Infringement Contentions* (ECF No. 103) and *Motion for Reconsideration of the Court's Finding That The '581 Patent Claims Are Indefinite* (ECF No. 118) remain undecided.

In short, there are eight substantive, procedural and discovery dispute motions that remain undecided with the fact discovery cutoff and the opening expert reports due in less than four months. *See* ECF No. 83. The Court's rulings on these motions will potentially and substantially alter the substantive and procedural scope and nature of this lawsuit, not to mention having a significant impact

on the types and extents of fact and expert discovery necessary for the parties' claims, defenses and counterclaims. (Mitchell Decl. ¶ 8).

Thus, it makes sense for the parties to confer with the Court to discuss the current status of the pending motions, the likely time frame for the resolution and judicial guidance on these motions and the impact and consequences of such a time frame for the Court's guidance on the existing fact and expert discovery and other pretrial schedule.

**C.    The Unresolved Motions Have Limited MPH's Ability to Conduct Discovery**

The six discovery dispute letter-motions address issues relating to patent infringement, damages, validity and other issues such as common interest privilege objections. The parties have been at a standstill with respect to many of the issues addressed in these discovery dispute letter-motions for months leading up to the filing of the letter-motions in April 2024. (Mitchell Decl. ¶ 7). That standstill has continued since the filing of the letter-motions over two months ago. (*Id.*) MPH believes that the resolution of these discovery disputes will be necessary for the parties to complete not only the issues addressed in the motions themselves, but also other related follow-up discovery matters. (*Id.* at ¶ 9).

These disputed discovery issues presented in the existing discovery letter-motions relate largely to the last-remaining patent in the case, U.S. Patent No. 8,037,302. (*Id.* at ¶ 7). They include (a) Apple's documents on "usage of the accused instrumentalities, documents on projected sales and profitability, iMessage-related financial information, and documents identifying programs for implementing 'Always On VPN' and related financial information (ECF No. 128); (b) Apple's information on commercial implementations of the accused Always On VPN offering (ECF No. 129); (c) Apple's documents relating to its licenses and lawsuits with similar technologies (ECF No. 130); (d) Apple's technical documents, a definitive deadline for substantial completion of production of documents, and version histories and revision logs (ECF No. 132); and (e) Apple's documents on the accused Always On VPN customers, device quantities, and support materials, and Apple software/services relating to Always On VPN (ECF No. 133). As noted above, the parties have been at a standstill for many months on these issues, and MPH is unable to conduct meaningful and timely discovery on these issues without guidance from the Court on these disputes. (Mitchell Decl. ¶¶ 7–10).

The partially agreed motion for leave to amend MPH's infringement contentions, if granted,

would allow MPH to add, among other things, its infringement contentions under the Doctrine of Equivalents for the five '949 family patents. (ECF No. 103). Since the filing of this motion, Apple has objected to providing discovery as "premature," *see, e.g.*, ECF No. 128, p. 1. MPH has also largely avoided conducting discovery on issues that may be impacted by the Court's ruling on that motion (Mitchell Decl. ¶ 4) as the Court's ruling would either narrow (if denied) or enlarge (if granted) the scope of the case.

The motion for reconsideration of the indefiniteness, if granted, would amend the Court's claim construction ruling that found the asserted claims of the '581 patent indefinite (leading to invalidation of all asserted claims of the patent under patent law, *see* ECF No. 118 at 1). MPH would then be able to re-assert the '581 patent in this lawsuit. While the Court has tentatively ruled to grant the motion for reconsideration, MPH cannot rely on the tentative ruling; MPH cannot proceed on the basis that the '581 patent is in the lawsuit until the Court issues a final, definitive ruling that rescinds the finding of indefiniteness. At this time, the '581 patent is deemed invalid, subject to appeal, and MPH is unable to continue its infringement allegations based on that patent. MPH has not pursued, nor has Apple allowed, discovery solely directed to its allegations based on the '581 patent after the Court's claim construction ruling. (Mitchell Decl. ¶ 5).

### D. A Case Status and Management Conference Would Provide A Welcome Opportunity for the Parties to Discuss with the Court the Case Status and Case Management Issues as Impacted by the Court's Claim Construction Order and the Pendency of the Unresolved Motions

Rule 16 of the Federal Rules of Civil Procedure provides that "the court may order the attorneys and any unrepresented parties to appear for one or more pretrial conferences for such purposes as: (1) expediting disposition of the action; (2) establishing early and continuing control so that the case will not be protracted because of lack of management; (3) discouraging wasteful pretrial activities; (4) improving the quality of the trial through more thorough preparation; and ...." All of these considerations exist here as explained above.

Because the outcome and timing of the Court's and the Magistrate Judge's rulings on the eight (8) pending motions are unknown to the parties, MPH is not able to state definitively at this time whether it would be appropriate to amend the current Case Management and Scheduling Order (ECF

No. 83), which provided, among other things, the schedule for claim construction, the fact discovery cutoff of October 7, 2024, the date for the parties' respective opening expert reports of October 7, 2024 and the trial commencement date of March 24, 2025. (ECF No. 83). At this time, MPH is seeking an opportunity to discuss with the Court the current status of the pending motions, how the resolutions of these motions might impact the current schedule, whether the Case Management and Scheduling Order should be amended under Local Rule 16-2(d) and, if so, when the Court would be able to hold a jury trial in this case based on the amended schedule.

Otherwise, the parties will continue their months-long standstill on many of the issues addressed in the six (6) pending discovery dispute letter-motions and the two substantive and procedural motions brought by MPH while watching the time for fact discovery tick away. There is good cause for the Court to set a case status and management conference at its earliest convenience.

## III.    CONCLUSION

For the reasons set forth above, MPH respectfully seeks an Order from the Court setting an expedited case status and management conference to discuss: (a) the status of the eight pending motions before the Court and the Magistrate Judge that would have significant impact on the scope and nature of this case substantively and on discovery; (b) the impact of the lack of rulings on these motions has had on the parties' ability to conduct discovery and conduct discovery adequately before the current fact discovery cutoff of October 7, 2024, which is also the current date for the parties' opening expert reports; and (c) a potential revised case management schedule depending on the timing and outcomes of the pending motions.

1    Dated: June 13, 2024                Respectfully Submitted,

2
                                         /s/      *James D. Mitchell*
3                                        Patricia L. Peden, Esq. (SBN 206440)
                                         ppeden@bwslaw.com
4                                        BURKE, WILLIAMS & SORENSEN, LLP
                                         1999 Harrison Street, Suite 1650
5                                        Oakland, CA 94612
                                         Phone: (510) 273.8780
6                                        Fax: (510) 839.9104

7                                        Christopher J. Lee (*Pro Hac Vice*)
                                         clee@leesheikh.com
8                                        David J. Sheikh (*Pro Hac Vice*)
                                         dsheikh@leesheikh.com
9                                        Brian E. Haan (*Pro Hac Vice*)
                                         bhaan@leesheikh.com
10                                       Ashley E. LaValley (*Pro Hac Vice*)
                                         alavalley@leesheikh.com
11                                       Dragan Gjorgiev (*Pro Hac Vice*)
                                         dgjorgiev@leesheikh.com
12                                       James D. Mitchell (*Pro Hac Vice*)
                                         jmitchell@leesheikh.com
13                                       LEE SHEIKH & HAAN LLC
                                         125 South Clark Street, Suite 1175
14                                       Chicago, IL 60603
                                         Phone: (312) 982-0070
15                                       Fax: (312) 982-0071

16                                       Attorneys for Plaintiff
17                                       *MPH TECHNOLOGIES OY*

18

19

20

21

22

23

24

25

26

27

28

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on June 13, 2024, the foregoing:

**PLAINTIFF'S UNOPPOSED MOTION FOR AN EXPEDITED CASE STATUS AND MANAGEMENT CONFERENCE**

was served via electronic transmission on the following counsel of record.

| | |
|---|---|
| Bita Rahebi (brahebi@mofo.com)<br>Ryan J. Malloy (rmalloy@mofo.com)<br>Rose S. Lee (roselee@mofo.com)<br>Nima I. Kiaei (nkiaei@mofo.com)<br>Morrison & Foerster LLP<br>707 Wilshire Boulevard<br>Suite 6000<br>Los Angeles, CA 90017<br>(213) 892-5428<br>Fax: (213) 892-5200<br><br>Bethany Marvin Stevens (bstevens@wscllp.com)<br>Hannah L. Cannom (hcannom@wscllp.com)<br>Walker Stevens Cannom LLP<br>500 Molino Street #118<br>Los Angeles, CA 90013<br>213-337-4551<br>Fax: 213-403-4906 | Richard S.J. Hung (rhung@mofo.com)<br>Morrison & Foerster LLP<br>425 Market Street<br>San Francisco, CA 94105<br>(415) 268-7000<br>Fax: (415) 268-7522 |

*/s/      James D. Mitchell*
Attorneys for Plaintiff
MPH TECHNOLOGIES OY