1  Patricia L. Peden, Esq. (SBN 206440)
   ppeden@bwslaw.com
2  BURKE, WILLIAMS & SORENSEN, LLP
   1999 Harrison Street, Suite 1650
3  Oakland, CA 94612
   Phone: (510) 273.8780
4  Fax: (510) 839.9104

5  Christopher J. Lee (*Pro Hac Vice*)
   clee@leesheikh.com
6  David J. Sheikh (*Pro Hac Vice*)
   dsheikh@leesheikh.com
7  Brian E. Haan (*Pro Hac Vice*)
   bhaan@leesheikh.com
8  Ashley E. LaValley (*Pro Hac Vice*)
   alavalley@leesheikh.com
9  Dragan Gjorgiev (*Pro Hac Vice*)
   dgjorgiev@leesheikh.com
10 James D. Mitchell (*Pro Hac Vice*)
   jmitchell@leesheikh.com
11 LEE SHEIKH & HAAN LLC
   125 South Clark Street, Suite 1175
12 Chicago, IL 60603
   Phone: (312) 982-0070
13 Fax: (312) 982-0071

14 Attorneys for Plaintiff
   *MPH TECHNOLOGIES OY*

15

16                     **UNITED STATES DISTRICT COURT**

17                   **NORTHERN DISTRICT OF CALIFORNIA**

18                       **SAN FRANCISCO DIVISION**

19

20 MPH TECHNOLOGIES OY,                    Case No. 3:18-cv-05935-TLT

21                                         **PLAINTIFF'S MOTION TO**
                  Plaintiff,              **SHORTEN TIME TO HEAR**
22                                         **UNOPPOSED MOTION FOR AN**
                  vs.                      **EXPEDITED CASE STATUS AND**
23                                         **MANAGEMENT CONFERENCE**
   APPLE INC.,
24                                         Place: San Francisco Courthouse,
                  Defendant.              Courtroom 9
25                                         Judge: Hon. Trina L. Thompson

26

27

28

PLAINTIFF'S MOTION TO SHORTEN TIME TO HEAR UNOPPOSED MOTION
FOR AN EXPEDITED CASE STATUS AND MANAGEMENT CONFERENCE
CASE NO. 3:18-CV-05935-TLT

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## NOTICE OF MOTION AND MOTION

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that Plaintiff MPH Technologies Oy ("MPH") respectfully moves this Court, under Civil L. R. 6-3, for an order to shorten the time to hear *Plaintiff's Unopposed Motion for an Expedited Case Status and Management Conference,* filed on June 13, 2024 (ECF No. 137).

This motion is supported by this Notice of Motion and Motion, the following Memorandum, the attached Declaration of James D. Mitchell, and the Proposed Order submitted herewith, together with any judicially noticed facts, all pleadings and documents previously filed in this case, and any argument of counsel otherwise presented to the Court.

## RELIEF REQUESTED

MPH respectfully seeks an Order setting an earlier hearing date for *Plaintiff's Unopposed Motion for an Expedited Case Status and Management Conference* (ECF No. 137) than the first-available and currently-noticed hearing date (August 27, 2024 at 2:00 PM) if the Court decides that a hearing on the motion is necessary.

## MEMORANDUM

## I.   INTRODUCTION

The hearing for MPH's *Unopposed Motion for Expedited Case Status and Management Conference* ("Motion for Status Conference") is currently set for August 27, 2024, which was the earliest available hearing date. However, the rapidly approaching discovery deadlines set by the Court in its Case Management and Scheduling Order (ECF No. 83) necessitate that this motion be heard and decided as soon as possible, to ensure the parties have sufficient guidance to conduct the discovery required in the remaining time. That is particularly the case in view of the eight (8) substantive, procedural and discovery motions filed between December 2023 and April 2024 that remain undecided with the parties at a standstill on many of the issues raised in those pending motions.

Apple does not oppose the underlying *Motion for Status Conference*. Without articulating reasons, Apple has stated that it will not stipulate to or agree not to oppose this instant motion asking for an expedited hearing on the *Motion for Status Conference*. (Mitchell Decl. ¶ 3).

PLAINTIFF'S MOTION TO SHORTEN TIME TO HEAR UNOPPOSED MOTION
FOR AN EXPEDITED CASE STATUS AND MANAGEMENT CONFERENCE
CASE NO. 3:18-CV-05935-TLT

1

## II.    SUMMARY OF FACTS

On September 27, 2018, MPH filed its complaint against Apple in this Court. (ECF No. 1). After a lengthy stay of over four years pending the PTAB proceedings and the Federal Circuit appeals of the *inter partes* review ("IPR") petitions filed by Apple, the Court lifted the stay on February 1, 2023. (ECF No. 77). On April 14, 2023, the Court entered its Case Management and Scheduling Order, which provided, among other things, the cut-off for fact discovery and the exchange of opening expert reports both to occur on October 7, 2024. (ECF No. 83).

On December 1, 2024, MPH filed its *Partially Agreed Motion for Leave to Amend Infringement Contentions* ("*Motion for Leave to Amend*"). (ECF No. 103). On January 3, 2024, the Court issued its Order Construing Claims, which found, among other things, that the asserted claims of U.S. Patent No. 7,937,581 ('581 patent) were indefinite and, thus, invalid. (ECF No. 109). On February 2, 2024, MPH filed its *Motion for Reconsideration of the Court's Finding that the '581 Patent Claims Are Indefinite* ("*Motion for Reconsideration*"). (ECF No. 118). Both motions were argued on March 18, 2024. (ECF No. 124). In April 2024, the parties filed six discovery dispute letter-motions on issues relating to patent infringement, damages, validity, and other issues. (ECF Nos. 128, 129, 130, 131, 132, 133).

On April 15, 2024, MPH contacted the Courtroom Deputy stating that it believed that the parties would benefit from, and requested, guidance from the Court on when the Court would issue an order directing the parties to submit the further joint case management status report identified in the Court's Standing Order for Patent Cases. (Mitchel Decl. ¶ 2). Following Apple's response and MPH's reply email, the Courtroom Deputy informed both parties that the request had been "brought [ ] to chambers' attention and [was] awaiting a response/directive as to how to proceed" (*Id.*, Ex. A). On June 11, 2024, MPH filed an *Unopposed Motion to Refer Discovery Dispute Letter-Motions to Magistrate Judge* ("*Motion to Refer*"). (ECF No. 134). On June 12, 2024, the Court issued an Order, referring the case for all discovery purposes to a Magistrate Judge. (ECF No. 136). On June 13, 2024, MPH filed its *Motion for Expedited Case Status and Management Conference*. (ECF No. 137) for which this instant motion seeks an earlier hearing date.

Since the Court's claim construction ruling on January 3, 2024 declaring the '581 patent claims indefinite and, thus, invalid, neither party has conducted discovery on issues that are solely directed to

PLAINTIFF'S MOTION TO SHORTEN TIME TO HEAR UNOPPOSED MOTION
FOR AN EXPEDITED CASE STATUS AND MANAGEMENT CONFERENCE
CASE NO. 3:18-CV-05935-TLT

2

potential infringement, validity, or damages relating to the '581 patent. (*Id.* at ¶ 5).

In the meantime, MPH has largely conducted discovery on issues related to the last-remaining patent in the case, U.S. Patent No. 8,037,302 ('302 patent). (*Id.* at ¶ 6). However, issues relating to discovery of the '302 patent, among other issues, have led to the parties' filing of six discovery dispute letter-motions (ECF Nos. 128, 129, 130, 131, 132, 133). Due to these discovery disputes, the parties have been at a standstill for many months on these issues, and MPH is unable to conduct meaningful and timely discovery on these issues without guidance from the Court on these disputes. (*Id.* at ¶¶ 7–10).

The parties have previously sought five modifications to the case schedule in this case: (1) in October 2018 for Apple to respond to MPH's Complaint; (2) in February 2023 for the parties to continue the Case Management Conference; (3) in November 2023 to extend the deadline for the parties to complete mediation; (4) in December 2023 to extend the briefing schedule on MPH's *Motion for Leave to Amend Infringement Contentions*; and (5) in March 2024 to hear argument on MPH's *Motion for Reconsideration* at the previously scheduled March 19, 2024 hearing on MPH's *Motion for Leave to Amend Infringement Contentions*. (*Id.* at ¶ 11).

## III.    ARGUMENT

MPH believes that the parties would benefit from MPH's *Motion for Status Conference* being heard at the earliest possible date available for the Court if the Court believes oral argument is necessary on this unopposed motion.

As MPH has discussed in previous briefings and arguments before the Court, the outcome of both MPH's *Motion for Leave to Amend* and *Motion for Reconsideration* will have significant effects on the scope of discovery and other pretrial proceedings in this case. Specifically, the Court's ruling on MPH's *Motion for Leave to Amend* will drastically alter the scope of discovery regarding the U.S. Patent No. 8,346,949 patent family ('949 patent family), and the Court's ruling on MPH's *Motion for Reconsideration* will determine whether or not any discovery on the '581 patent will proceed to any extent. Discovery on these patents and the corresponding accused technologies has largely, or entirely in the case of the '581 patent, been brought to a halt pending the outcome of these motions.

PLAINTIFF'S MOTION TO SHORTEN TIME TO HEAR UNOPPOSED MOTION
FOR AN EXPEDITED CASE STATUS AND MANAGEMENT CONFERENCE
CASE NO. 3:18-CV-05935-TLT

3

Meanwhile, while the parties have attempted to proceed with discovery regarding the '302 patent, and to a limited extent the '949 patent family, discovery has otherwise been hindered by pending discovery disputes in the six (6) discovery dispute letter-motions that are unresolved. Collectively, these pending motions and discovery dispute letter-motions have prevented the parties from being able to proceed with completing written discovery and beginning party depositions.

Guidance from the Court (and, now with the June 12, 2024 referral, from the assigned Magistrate Judge on the discovery motions) is urgently needed to either preserve the current case schedule or to provide guidance on when the pending issues may be resolved and how it will impact the case schedule moving forward. The instant motion is a simple procedural motion that will help the parties receive this guidance from the Court at a time early enough to preserve the case schedule as best as possible. Further, Apple does not oppose the underlying *Motion for Status Conference* and, therefore, it should not require any lengthy briefing or any significant time to prepare for the hearing.

If MPH's *Motion for Status Conference* were not to be heard until August 27, 2024, which is just six weeks before the discovery cutoff and opening expert report due dates, MPH would stand to bear significant prejudice to its ability to timely and fully complete the discovery necessary to prove its infringement case. As stated previously, the case has largely been brought to a standstill while MPH has been unable to conduct any discovery on the '581 patent in light of the Court's claim construction ruling and the undecided *Motion for Reconsideration.* MPH has also had to largely refrain from conducting discovery on the '949 patent family while the *Motion for Leave to Amend* is pending with Apple objecting to such discovery as "premature," *see, e.g.,* ECF No. 130, p. 1, and has faced significant obstacles in conducting discovery on the '302 patent while numerous discovery dispute letter-motions have been pending.

If MPH were not to receive guidance on these issues until after August 27, 2024, it would ensure that the parties would be practically unable to complete fact discovery by the October 7, 2024 cut-off date, which may require that the remaining schedule be significantly pushed back. Due to the uncertainty in the Court's available trial dates for a complex patent infringement case, MPH stands to suffer incredible prejudice if its trial date is delayed months or even years, especially in a case that was filed in 2018 and was stayed almost four years for *inter partes* review proceedings initiated by Apple.

PLAINTIFF'S MOTION TO SHORTEN TIME TO HEAR UNOPPOSED MOTION
FOR AN EXPEDITED CASE STATUS AND MANAGEMENT CONFERENCE
CASE NO. 3:18-CV-05935-TLT

4

1    Even if the parties were to receive rulings on the major substantive pending motions in the very

2    near future, the parties would likely need to confer and receive guidance from the Court on whether

3    fact discovery can be completed by October 7, 2024, or whether a modification to the case schedule is

4    necessary at this point. The only way to minimize prejudice to MPH is for the parties to appear before

5    the Court and get its guidance from the Court on these issues impacting the case schedule as soon as

6    possible. Therefore, if a hearing is necessary for MPH's *Motion for Status Conference*, it really must

7    occur at the earliest opportunity the Court is available to hear arguments.

8    MPH's requested shortening of time would have no detrimental impact on the schedule of the

9    case, and no other deadlines would be impacted by this request. Further, neither party would face any

10   prejudice if this motion were granted. While Apple has refused to stipulate to the motion, it has not and

11   cannot cite any prejudice it would suffer if the Court were to expedite hearing on whether to have a

12   case status conference to address the pending issues that have brought this case to a standstill over the

13   past months. Rather, granting this motion to expedite the hearing on MPH's *Motion for Status*

14   *Conference* is the *only* way to ensure that the case schedule will either be preserved or modified to

15   allow for the parties to complete discovery and that neither side suffers any further prejudice. Neither

16   party will suffer prejudice for having an earlier hearing date than currently available.

17   **IV.    CONCLUSION**

18   For the foregoing reasons, MPH respectfully moves for an order shortening the time for the

19   Court to hear MPH's *Unopposed Motion for an Expedited Case Status and Management Conference*

20   (ECF No. 137) on the earliest possible date that is available for the Court.

21

22

23

24

25

26

27

28

1    Dated: June 14, 2024                    Respectfully Submitted,

2

3                                            /s/      *James D. Mitchell*
                                             Patricia L. Peden, Esq. (SBN 206440)
                                             ppeden@bwslaw.com
4                                            BURKE, WILLIAMS & SORENSEN, LLP
                                             1999 Harrison Street, Suite 1650
5                                            Oakland, CA 94612
                                             Phone: (510) 273.8780
6                                            Fax: (510) 839.9104

7
                                             Christopher J. Lee (*Pro Hac Vice*)
8                                            clee@leesheikh.com
                                             David J. Sheikh (*Pro Hac Vice*)
9                                            dsheikh@leesheikh.com
                                             Brian E. Haan (*Pro Hac Vice*)
10                                           bhaan@leesheikh.com
                                             Ashley E. LaValley (*Pro Hac Vice*)
11                                           alavalley@leesheikh.com
                                             Dragan Gjorgiev (*Pro Hac Vice*)
12                                           dgjorgiev@leesheikh.com
                                             James D. Mitchell (*Pro Hac Vice*)
13                                           jmitchell@leesheikh.com
                                             LEE SHEIKH & HAAN LLC
14                                           125 South Clark Street, Suite 1175
                                             Chicago, IL 60603
15                                           Phone: (312) 982-0070
                                             Fax: (312) 982-0071
16

17
                                             Attorneys for Plaintiff
18                                           *MPH TECHNOLOGIES OY*

19

20

21

22

23

24

25

26

27

28

PLAINTIFF'S MOTION TO SHORTEN TIME TO HEAR UNOPPOSED MOTION
FOR AN EXPEDITED CASE STATUS AND MANAGEMENT CONFERENCE
CASE NO. 3:18-CV-05935-TLT

6

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that on June 14, 2024 the foregoing:

**PLAINTIFF'S MOTION TO SHORTEN TIME TO HEAR UNOPPOSED MOTION FOR AN EXPEDITED CASE STATUS AND MANAGEMENT CONFERENCE**

was served via electronic transmission on the following counsel of record.

| | |
|---|---|
| Bita Rahebi (brahebi@mofo.com)<br>Ryan James Malloy (rmalloy@mofo.com)<br>Rose S Lee (roselee@mofo.com)<br>Nima I. Kiaei (nkiaei@mofo.com)<br>Morrison & Foerster LLP<br>707 Wilshire Boulevard<br>Suite 6000<br>Los Angeles, CA 90017-3543<br>(213) 892-5428<br>Fax: (213) 892-5200<br><br>Bethany Marvin Stevens (bstevens@wscllp.com)<br>Hannah L. Cannom (hcannom@wscllp.com)<br>Walker Stevens Cannom LLP<br>500 Molino Street #118<br>Los Angeles, CA 90013<br>213-337-4551<br>Fax: 213-403-4906 | Richard S.J. Hung (rhung@mofo.com)<br>Morrison & Foerster LLP<br>425 Market Street<br>San Francisco, CA 94105<br>(415) 268-7000<br>Fax: (415) 268-7522 |

/s/     _James D. Mitchell_
Attorneys for Plaintiff
MPH TECHNOLOGIES OY

PLAINTIFF'S MOTION TO SHORTEN TIME TO HEAR UNOPPOSED MOTION
FOR AN EXPEDITED CASE STATUS AND MANAGEMENT CONFERENCE
CASE NO. 3:18-CV-05935-TLT