UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MPH TECHNOLOGIES OY,<br><br>        Plaintiff,<br><br>        v.<br><br>APPLE, INC.,<br><br>        Defendant. | Case No. 18-cv-05935-TLT<br><br>**ORDER GRANTING MPH'S REQUEST TO REVISE ORDER CONSTRUING THE '581 PATENT CLAIMS 6, 7, AND 8 UNDER FED. R. CIV. P. 54(B)**<br><br>Re: ECF No. 118 |

### I.  INTRODUCTION

Before the Court is MPH Technologies Oy ("MPH")'s request for the Court to revise the portion of the Order Construing Claims concluding the language in Claims 6, 7, and 8 of MPH's '581 Patent are indefinite. ECF No. 118.  MPH refers to its Motion as one for reconsideration citing Fed. R. Civ. P. 54(b) as the authority for bringing the motion.  *Id.*  Rule 54(b) gives district courts discretion to revise an order or judgment if not all claims have been fully litigated. However, Apple, Inc. ("Apple") refers to MPH's Motion as a Motion to Alter or Amend a Judgment under Fed. R. Civ. P. 59(e).  ECF No. 119.  The order MPH would like the Court to reconsider includes multiple patents and their claims.  As such, the court will refer to MPH's Motion as a Motion for Reconsideration since not all claims have been found invalid in the Order Construing Claims, and therefore not all claims have been litigated.  ECF No. 109.

### II.  BACKGROUND

On December 11, 2023, the Court held the *Markman* Hearing, and thereafter issued the Order Construing Claims on January 3, 2024.  *See* ECF Nos. 106-109.  For one of the patents at issue, the '581 Patent, MPH urged the Court to find that the intrinsic evidence supports that "the secure connection" to end at the security gateway in the Court's construction of Claims 6, 7, and 8

of the '581 Patent. ECF Nos. 118, 121. Unconvinced, the Court reasons that the ordinary language of the claim does not support MPH's proposed construction. ECF No. 109, at 16-17.

The Court relies on a portion of the intrinsic evidence alongside *Bushnell Hawthorne, LLC v. Cisco Sys., Inc.*, 813 F. App'x 522 (Fed. Cir. 2020) to find the language of those three claims is indefinite. The Court explains the reasoning behind its finding of indefiniteness: "[A] term is indefinite if it 'fail[s] to inform . . . those skilled in the art about the scope of the invention.' *Nautilus*, 572 U.S. at 898–99, 908. And without an antecedent, a term risks indefiniteness. *See Bushnell Hawthorne*, 813 F. App'x at 526–27. Here, 'the secure connection' lacks an antecedent. The first 'secure connection' is between 'a first address of the mobile terminal' and 'a gateway address.' '581 patent, 10:54–56. But the second 'secure connection' is between 'the second address of the mobile terminal' and 'the other terminal.' *Id.* at 11:1–3. By the claim's plain language, the secure connections are different, and the second secure connection thus lacks an antecedent. Underlining that conclusion is the claim's description of the secure connection 'chang[ing]' during this process. *Id.* at 10:64–67. In short, the Court finds the language indefinite." ECF No. 109, at 16-17.

Disagreeing with the Court's findings as to Claims 6, 7, and 8 of the '581 Patent, MPH requests the Court reconsider its finding, which Apple opposes. ECF Nos. 118, 119. On March 19, 2024, the Court heard oral argument. ECF No. 124. For the reasons stated below, MPH's request for the Court to revise the Order Construing Claims, is **GRANTED**, but only as to the Court's finding the language of the '581 Patent Claims 6, 7, and 8 is indefinite.

**III. STANDARD**

A movant can request that the district court revise an *interlocutory* order under some circumstances: "When an action presents more than one claim for relief—whether as a claim, counterclaim, crossclaim, or third-party claim—or when multiple parties are involved, the court may direct entry of final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and *may be*

*revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities*." Fed. R. Civ. P. 54(b) (emphasis added). Rule 54(b) allows a district court the discretion to reconsider interlocutory orders, including claim constructions, and permits courts to revise such orders. *See Lam Rsrch. Corp. v. Schunk Semiconductor*, 65 F. Supp. 3d 863, 869 (N.D. Cal. 2014); *Adobe Sys. Inc. v. Wowza Media Sys., LLC*, 2014 WL 2731321, at *1 (N.D. Cal June 10, 2014) (allowing a claim construction reconsideration motion and citing Civil L.R. 7-9). However, "[l]ocal Rule 7–9(c) expressly prohibits repetitive arguments from being raised in a motion for reconsideration." *Lam Rsch.*, 65 F. Supp. 3d at 869.

**IV.   DISCUSSION**

MPH is asserting multiple claims in this patent infringement action for which no final judgment has been entered. The Order Construing Claims does not dispose of all claims and includes only a partial analysis of whether the language in the '581 Patent Claims 6, 7, and 8 is indefinite. As a result, the Court may reconsider that part of the order. *See* Fed. R. Civ. P. 54(b); *Lam Rsrch.*, 65 F. Supp. 3d at 869; *Adobe*, 2014 WL 2731321, at *1 (allowing a claim construction reconsideration motion and citing Civil L.R. 7-9). In reconsidering that part of the order, the Court should apply the standard for determining whether a claim is invalid because its language is indefinite based on intrinsic evidence only.

35 U.S.C. §112 ¶ 2 requires that a patent must "conclude with one or more claims particularly pointing out and distinctly claiming the subject matter which the applicant regards as [the] invention." *Id.* In *Nautilus 2014*, 572 U.S. 898, the Supreme Court reviewed the Federal Circuit's two-fold analysis in *Biosig Instruments, Inc. v. Nautilus, Inc.* (*Nautilus 2013*), 715 F.3d 891 (2013), asking if the claim was "amenable to construction" and if the claim, as construed, is not "insolubly ambiguous." *Id.* at 901-902. The Supreme Court considered the Federal Circuit's explanation that a claim is insolubly ambiguous if its claims, read in light of the specification delineating the patent and the prosecution history fail to inform with reasonable certainty a person of ordinary skill in the art ("POSITA") about the scope of the invention. *Id.*

The "insolubly ambiguous" language in *Nautilus 2013* was found to be too imprecise by the Supreme Court, so it "modified the standard by which lower courts examine allegedly

3

1 ambiguous claims; [stating district courts] may now steer by the bright star of 'reasonable
2 certainty,' rather than the unreliable 'insoluble ambiguity.' " *Biosig Instruments, Inc. v. Nautilus,*
3 *Inc. (Nautilus 2015)*, 783 F.3d 1374, 1379 (2015) (citing *Nautilus 2014*, 572 U.S. 898, *Palsgraf v.*
4 *Long Island R.R. Co.*, 248 N.Y. 339 (1928) and *Jay v. Sec'y of Dep't of Health & Human Servs.*,
5 998 F.2d 979, 984 (Fed. Cir. 1993)). This essentially lowered the standard for finding a claim
6 indefinite. *See id.*

7 The Supreme Court, after granting cert, vacated and remanded the case back to the Federal
8 Circuit. *Nautilus 2013*, 715 F.3d at 913. After applying the revised standard, the Federal Circuit
9 still reached the same conclusion, finding that the patent was definite. *Nautilus 2015*, 783 F.3d at
10 1384. The Federal Circuit explained that the intrinsic evidence did signal to a POSITA that the
11 "spacing" could not have been greater or less than a certain amount and that there were inherent
12 limits to spacing *after looking at the Claim Language, Specification, and Prosecution History*. *Id.*
13 at 1377. The Court identified the importance of a court's claim construction striking a balance
14 between the inherent limitations of language and being "precise enough to afford clear notice" (via
15 *Markman* hearings). *Id.* at 1378.

16 In claims construction, it is permissible to construe a claim in a similar manner that courts
17 engage in contract interpretation, which includes looking to just intrinsic evidence. In *Teva*
18 (decided after *Nautilus 2014*), Justice Breyer explains that "a patent claim is that 'portion of the
19 document that defines the scope of the patentee's rights.' " *Teva Pharms. USA, Inc. v. Sandoz,*
20 *Inc.*, 574 U.S. 318, 321 (2015) (quoting *Markman v. Westview Instruments, Inc.*, 517 U.S. 370
21 (1996)). This is just like how certain contract provisions define the scope of the rights of the
22 parties to a contract. *Id.* at 325-326 (the Court in *Teva* compares construing claims with
23 interpreting contracts and the similar process a court would engage in for both). When a court
24 looks to intrinsic evidence alone, the court should be reviewing the claim language, specification,
25 and prosecution history. *Nautilus 2015*, 783 F.3d at 1377.

26 *Bushnell Hawthorne* illustrates a case where the Court looks at intrinsic evidence alone.
27 The *Bushnell* Court states: "Claim 1 of the '951 patent is, on its face, entirely unclear as to the
28 meaning of 'said different IP Address.' As an initial matter, 'said different IP Address' appears in

4

the claim without antecedent basis.  Prior to that point, the claim recites certain IP addresses, but never a 'different one.'  *See* '951 patent, claim 1.  The lack of antecedent basis signals a potential indefiniteness problem but does not end the inquiry."  *Id.* at 813 F. App'x at 526.  Therefore *Bushnell*, in line with *Nautilus 2015*, supports that the Court's discussion of indefiniteness does not end after finding that an antecedent basis is lacking.  *Id.*

The above standard for determining indefiniteness with intrinsic evidence requires the Court to look to claim language, specification, and prosecution history.  The fact that the court in *Bushnell* did not include a discussion of the prosecution history is irrelevant because the *Bushnell* parties did not raise the issue of whether the prosecution history should be relied upon.  And, even though MPH had an opportunity during the *Markman* hearing to counter Apple's indefiniteness argument with an argument about the prosecution history, the Court will still exercise its discretion to revise its Order Construing Claims as discussed in this Order.  *See Lam Rsrch.*, 65 F. Supp. 3d at 869.  Accordingly, the Court will revise the portion of the Court's Order Construing Claims in ECF No. 109, at 16:3-17:4 so that it includes a discussion of the above standard in determining whether the language in the '581 Patent Claims 6, 7, and 8 is indefinite.

## V.     CONCLUSION

For the reasons stated above, the Court **GRANTS** MPH's request to revise the Order Construing Claims 6, 7, and 8 of the '581 Patent.

This Order resolves ECF No. 118.

**IT IS SO ORDERED.**

Dated: June 21, 2024

TRINA L. THOMPSON
United States District Judge