June 25, 2024

The Honorable Trina L. Thompson
San Francisco Courthouse, Courtroom 9
450 Golden Gate Avenue
San Francisco, CA 94102

    Re:    ***MPH Techs. Oy v. Apple Inc.*, No. 3:18-cv-05935-TLT (N.D. Cal.)**

Dear Judge Thompson:

Pursuant to the Court's Civil Standing Order, Defendant Apple Inc. and Plaintiff MPH Technologies Oy submit this joint discovery letter regarding disputes over MPH's responses to certain document requests and interrogatories (attached as Exhibits 1 and 2).

## I. APPLE'S POSITIONS

### A. MPH Should Provide a Complete Response to Rog 15

Apple's Rog 15 asks MPH to describe the role of each named inventor in the conception and reduction to practice of MPH's claimed inventions. This information is important for Apple to understand and test MPH's invention story. MPH's current response merely says that each inventor was "involved in the conception and reduction to practice"—with no further details—and cites the public prosecution histories for MPH's patents. MPH's position that it has no additional information is inconsistent with its counsel's representation of two inventors and its listing of an inventor on its initial disclosures. MPH either should provide the information or stipulate that it will not present an invention story at trial. This information is uniquely in MPH's possession, and Apple also needs it to evaluate inventorship under 35 U.S.C. § 102(f).

### B. MPH Should Provide a Complete Response to Rog 12

Apple's Rog 12 seeks a description of MPH's communications with third parties about its patents, including dates, subject matter, outcomes, and persons involved. This information is relevant for many reasons. For example, third parties' decisions not to purchase MPH's patents or take licenses would support Apple's position that the patents lack novelty and are less valuable than MPH contends. Third parties' assertions of invalidity and non-infringement would undermine MPH's allegation that Apple infringed its patents willfully. Additionally, MPH may have characterized its patents differently in past communications than it does here.

MPH refuses to provide a complete response to Rog 12. While MPH's current response cites MPH's responses to other rogs (Rogs 4 and 13), those responses fall far short of a complete response to Rog 12. (*See* Exs. 2 & 3.) For one thing, both responses are limited to MPH's communications with potential licensees, whereas Rog 12 covers communications about the patents more generally. Even with respect to potential licensees, neither response contains the detail requested by Rog 12, such as the date of the offer, the names of the persons who made and received it, and the result. MPH offers no explanation for refusing to provide this information.

MPH contends that Rog 12 is overbroad but fails to explain why.  MPH contests only the relevance of communications about funding of litigation involving the asserted patents.  But courts in patent cases "have generally ruled that litigation funding agreements and related documents are relevant and discoverable."  *Taction Tech., Inc. v. Apple Inc.*, No. 21-cv-00812, 2022 WL 18781396, at *5 (S.D. Cal. Mar. 16, 2022) (quotation omitted).  For example, this discovery is relevant to damages, as it reflects how the parties valued the patents.  *Id.*

### C.    MPH Should Produce Discovery Responsive to RFP 46 and Rog 16

Apple's RFP 46 seeks documents about products developed by MPH's predecessor companies Intra Secure Networks and NetSeal, including NetSeal's RoamMate product.  Apple's Rog 16 seeks information on the dates, locations, and circumstances of NetSeal's public disclosures, sales, and uses of RoamMate.  This discovery is relevant for two reasons.

First, RoamMate appears to be key prior art.  *See* Pre-AIA 35 U.S.C. § 102(b) (invention cannot have been described in printed publication or publicly known or used in the U.S. more than one year before U.S. patent application).  MPH argues that its patents "allow[] corporate or enterprise VPN users to move freely with mobile devices while ensuring uninterrupted and secure VPN connectivity over often unsecure networks."  (ECF 1 ¶ 21.)  A NetSeal press release described RoamMate in similar terms: "enabl[ing] the users to freely roam between any wireless or wired connections without dropping packets or sacrificing security."  (Ex. 4.)  The press release reveals that NetSeal displayed RoamMate in Las Vegas years before the applications for MPH's patents.  MPH's criticism that Apple's invalidity contentions do not discuss RoamMate is unfounded given that MPH failed to produce documents about RoamMate in response to Apple's May 1, 2023, RFP No. 8, which requests "All Documents related to Prior Art or potential Prior Art."

Second, MPH has made NetSeal products an issue in this case.  For example, MPH alleges that NetSeal was a "technology leader in the area of mobile communication security" and that "technologies developed and marketed by Netseal were recognized and accepted by the global mobile communications industry."  (ECF 1 ¶¶ 16–17.)  Without additional discovery as to its products, this would be an incomplete rendering as Netseal has gone bankrupt twice.

MPH has agreed only to produce "documents sufficient to show the functionalities of the NetSeal RoamMate product" and to cite them in its Rog response.  MPH should provide complete responsive information and documents (including source code and specifications).

### D.    MPH Should Provide a Complete Response to Rog 14

Apple's Rog 14 asks MPH to describe the history and relationships of its predecessors Intra Secure Networks and NetSeal.  Two specific aspects of the rog are at issue here.  First, the rog asks whether MPH's predecessors still possess documents and, if not, who currently possesses them.  This information is relevant to identifying third parties with discoverable information.  It is also critical to Apple's ability to understand whether MPH's document production contains (or should contain) documents from its predecessors.  But MPH refuses to provide the requested information.  During meet-and-confer discussions, MPH declined to answer whether it has collected and produced documents from its predecessors.

Second, the rog asks MPH for the terms of any transfers of its patents. This information is relevant to damages and standing. MPH provided only a Rule 33(d) document citation, which is improper here as the documents do not fully answer Apple's questions.[1] *See U.S. Sec. & Exch. Comm'n v. Volkswagen Aktiengesellschaft*, No. 19-cv-01391, 2022 WL 21697288, at *1 (N.D. Cal. Jan. 10, 2022) (ordering narrative response from party that failed to show that documents contained information). For example, the only cited document with payment terms is a sales contract for patents listed in an appendix that MPH did not produce.

### E. MPH Should Provide Discovery Responsive to RFP 49 and Rog 13

Rog 13 asks MPH to explain the following allegations in its Complaint: "MPH has continued its business of developing and licensing network mobility and security technologies developed by Netseal. MPH's patented technologies have been adopted and utilized by mobile and secure communications industries. A number of these patented technologies have been adopted by these industries and incorporated into their product lines as standard or 'default' features." RFP 49 asks for any documents supporting those allegations. These requests are relevant to MPH's anticipated trial theme that MPH is an important innovator (which Apple contests). MPH refuses to provide the requested documents and information. MPH's rog response contains no discussion of MPH's alleged development of technologies. Also, the response provides only one example ("MOBIKE") to support MPH's allegation that industries have adopted "a number" of its patented technologies as standard or default features. Apple is entitled to know the others.

## II.     MPH'S POSITIONS

### A. MPH Has Provided a Complete Response to Apple's Rog 15

Apple claims that Rog 15 seeks information for Apple "to evaluate inventorship [of the patents] under 35 U.S.C. § 102(f)." But, Apple has *not* asserted invalidity on this basis in its Answer (Dkt. 38) or its Patent L.R. 3-3 invalidity contentions. Nor has Apple identified *any* basis for challenging inventorship. In any event, MPH responded with the information available to it, including citing documents pursuant to FRCP 33(d), including the inventors' signed oaths declaring that they are original and joint inventors. The proper source of additional information regarding the inventors' specific roles is the third-party inventors, who are not employees of MPH or parties to this lawsuit, and Apple can take their depositions. Apple has served Rule 45 subpoenas on two of them, and received documents relating to their roles at Netseal, and has informed MPH that it intends to serve another subpoena on an inventor. MPH's position that it has no additional information is not, as Apple claims, "inconsistent with its counsel's representation of two inventors and its listing of an inventor on its initial disclosures." Apple cites no authority to support that common counsel affects discoverability. And Apple has also identified the inventors in its own 26(a)(1) disclosures, along with several other third parties. If Apple is asking MPH to summarize and contextualize contents of the documents previously produced about the inventors' roles and responsibilities at the prior owner companies of the patents, MPH is willing to supplement its answer.

---

[1] Apple is amenable to filing the cited documents under seal if the Court requests them.

### B. Apple's Rog 12 is Overbroad and Duplicative

Rog 12 is facially overbroad, not sufficiently particularized, unduly burdensome, and seeks discovery that is not relevant and proportional to the needs of the case. It broadly seeks a detailed narrative description and identification of *any and all* communications with *any and all* entities "related to[2]" any of the Asserted Patents and Related Patents and their applications at any time, without limiting the subject matter. MPH has already responded to Apple's Rog 4, which seeks an identification of "all Persons or entities who have ever held or been offered any interest in or rights to the Asserted Patents or any Related Patent….," including by identifying licensing communications pursuant to FRCP 33(d). Apple has not explained why a detailed description of any and all communications beyond what MPH provided for Rog 4 is relevant and proportional, particularly where Apple seeks *any and all* communications even remotely related to any patent or application, in *any* respect, with *any* entity, over the course of more than a decade, including internal MPH communications and privileged communications. At most, Apple has explained the relevance of communications with third parties regarding the purchase or licensing of the asserted patents, which are already covered by Rog 4. Moreover, MPH has produced and is in the process of producing further such communications covered by Apple's email requests.

Rog 12 is also so broad that it would cover any and all communications with any potential or actual litigation funding entities. This district's precedent is clear that such discovery is not relevant. *See, e.g.*, *MLC Intellectual Prop., LLC v. Micron Tech., Inc.*, 2019 WL 118595, at *1–2 (N.D. Cal. Jan. 7, 2019) (concluding that "discovery regarding 'persons and entities that have a financial interest in this litigation,' including an identification of any third party that is funding this litigation," is not warranted "because it is not relevant"); *NantWorks, LLC v. Niantic, Inc.*, 2022 WL 1500011, at *2 (N.D. Cal. May 12, 2022) (denying motion to compel interrogatory response to "[d]etail all entities having any financial or contingent interest in this case, including any contingent fee recovery interests and litigation funding agreements."). California courts have also found such communications and documents protected as attorney work product. *See, e.g.*, *GoTV Streaming, LLC v. Netflix, Inc.*, 2023 WL 4237609, at *13-14 (C.D. Cal. May 24, 2023).

Apple has made no attempt to explain the relevance of such communications beyond a conclusory statement and reliance on a single case from *another* district to contend that "litigation funding agreements and related documents" have been found relevant and discoverable. But, even in that case, the court allowed only very limited discovery into the *identity* of a funder and the *existence* of certain documents related to patent valuation, finding that the remaining discovery was either irrelevant or protected work product. *Taction Tech.*, 2022 WL 18781396, at **5-8.[3] Here, Apple seeks to compel much broader discovery than that allowed in *Taction*, including a detailed description of *any and all* communications concerning the patents, without limiting subject matter.

---

[2] Apple's definition of "related to" includes "relating to, *in any way*, relevant to a particular subject, *in whole or in part*, either directly or *indirectly*," which further broadens the scope.
[3] Later in *Taction*, the court once again refused to compel broad discovery on litigation funding, as have other California district courts. *Taction Tech., Inc. v. Apple, Inc.*, 2023 WL 4611826, at **4-7 (S.D. Cal. July 18, 2023); *see, e.g., GoTV Streaming, LLC,* 2023 WL 4237609, at *1.

## C. Apple Seeks Documents and Information on Irrelevant Products

Rog 16 seeks details regarding a NetSeal RoamMate Product, which is *not* MPH's product. RFP 46 seeks all documents about all products of now-defunct Netseal and NMT, including RoamMate, as well as MPH. Apple has not met its burden of showing the relevance of such discovery. Apple vaguely speculates that RoamMate "appears to be" prior art, but Apple has *not* identified RoamMate (or any other Netseal, NMT, or MPH products) in its invalidity contentions (which PLR 3-3(a) requires)—despite public information about RoamMate. Nor has MPH identified the product as an instrumentality that practices the claimed invention under PLR 3-1(g). Rather, MPH's response to Rog 16 identifies key differences between RoamMate and its patents. These discovery requests are a fishing expedition well outside of Apple's allegations.

Nevertheless, MPH has provided a sufficient and complete response to Rog 16. Under Rule 33(d), MPH identified hundreds of pages of documents describing the functionalities of different versions of RoamMate and also multiple documents in its possession which provide information about different versions of the RoamMate product. Apple has not explained why MPH's production and identification of documents are insufficient or why it should be allowed to seek all documents about *any and all* products of MPH and prior patent owners that are not even relevant to the case. Notably, Apple has refused to produce complete documents on a limited subset of its own products. *See* Dkt. 128 (regarding RFPs 90-91).

## D. The Parties' Alleged Dispute as to Rog 14 is Moot

MPH's response to Rog 14 thoroughly describes the history, asset transfers, and relationships of "Intra Secure Networks Oy [sic], Netseal Oy, Netseal Mobility Technologies – NMT Oy, Mobility Patent Holding – MPH Oy, and MPH Technologies Oy" based on the information available to MPH. MPH also cites documents under Rule 33(d). For the first time with its discovery dispute letter, Apple notified MPH of specific issues it had with MPH's response, including that it did not understand the relationship between "POY Mobility Patent Holding" and MPH, and that MPH had not produced a specific appendix. MPH promptly supplemented its response to clarify who "POY Mobility Patent Holding" is and produced the appendix. As for the identification of who possesses these entities' documents, Apple has not explained the relevance of such information. Regardless, MPH answered Rog 14 with the information available to it.

## E. The Parties' Alleged Dispute as to RFP 49 and Rog 13 is Moot

Regarding RFP 49, MPH has agreed to produce responsive documents. As for Rog 13, MPH has identified evidence supporting paragraph 21 of its Complaint in its response, including by citing documents produced. Apple simply disagrees with MPH on what it means to develop technology. Apple also takes issue with MPH's use of "for example" in its response. But, Apple also uses the same phrase in its own interrogatory responses. MPH's April 26, 2024 letter to Apple stated: "As a courtesy to Apple, MPH is reviewing its response and will supplement its response to either remove the use of the introductory phrase 'for example' or provide any additional 'examples' of which it is presently aware, assuming Apple agrees to do the same for its responses to Interrogatory Nos. 5 and 7. Please confirm." Ex. 5. Apple ignored MPH's letter and sent this dispute letter instead.

         Respectfully submitted,

Dated: June 25, 2024    By: */s/ Dragan Gjorgiev*
               Dragan Gjorgiev

               Attorneys for Plaintiff
               *MPH TECHNOLOGIES OY*

               Patricia L. Peden, Esq. (SBN 206440)
               ppeden@bwslaw.com
               BURKE, WILLIAMS & SORENSEN, LLP
               1999 Harrison Street, Suite 1650
               Oakland, CA 94612
               Phone: (510) 273-8780
               Fax: (510) 839-9104

               Christopher J. Lee (pro hac vice)
               clee@leesheikh.com
               David J. Sheikh (pro hac vice)
               dsheikh@leesheikh.com
               Brian E. Haan (pro hac vice)
               bhaan@leesheikh.com
               Ashley E. LaValley (pro hac vice)
               alavalley@leesheikh.com
               Dragan Gjorgiev (pro hac vice)
               dgjorgiev@leesheikh.com
               James D. Mitchell (pro hac vice)
               jmitchell@leesheikh.com
               LEE SHEIKH & HAAN LLC
               125 South Clark Street, Suite 1175
               Chicago, IL 60603
               Phone: (312) 982-0070
               Fax: (312) 982-0071

Dated:  June 25, 2024            By:  */s/ Ryan J. Malloy*
                                                            Ryan J. Malloy

Attorneys for Defendant
*APPLE INC.*

BITA RAHEBI
RYAN J. MALLOY
ROSE S. LEE
NIMA KIAEI
MORRISON & FOERSTER LLP
707 Wilshire Boulevard
Los Angeles, California 90017-3543
Telephone: (213) 892-5200
Facsimile:  (213) 892-5454
brahebi@mofo.com
rmalloy@mofo.com
roselee@mofo.com
nkiaei@mofo.com

RICHARD S.J. HUNG
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California  94105
Telephone: (415) 268-7000
Facsimile:   (415) 268-7522
rhung@mofo.com

**ATTESTATION**

Pursuant to Civil L.R. 5-1(h)(3) regarding signatures, I attest under penalty of perjury that concurrence in the filing of this document has been obtained from the other signatories.

Dated:  June 25, 2024            By:  */s/ Ryan J. Malloy*
                                                            Ryan J. Malloy

Attorney for Defendant
*Apple Inc.*