# EXHIBIT 1

1   Patricia L. Peden, Esq. (SBN 206440)
    ppeden@bwslaw.com
2   BURKE, WILLIAMS & SORENSEN, LLP
    1999 Harrison Street, Suite 1650
3   Oakland, CA 94612
    Phone: (510) 273.8780
4   Fax: (510) 839.9104

5

6   Christopher J. Lee (*Pro Hac Vice*)
    clee@leesheikh.com
    David J. Sheikh (*Pro Hac Vice*)
7   dsheikh@leesheikh.com
    Brian E. Haan (*Pro Hac Vice*)
8   bhaan@leesheikh.com
    Ashley E. LaValley (*Pro Hac Vice*)
9   alavalley@leesheikh.com
    Dragan Gjorgiev (*Pro Hac Vice*)
10  dgjorgiev@leesheikh.com
    James D. Mitchell (Pro Hac Vice)
11  jmitchell@leesheikh.com
    LEE SHEIKH & HAAN LLC
12  125 South Clark Street, Suite 1175
    Chicago, IL 60603
13  Phone: (312) 982-0070
    Fax: (312) 982-0071

14
    Attorneys for Plaintiff
15  *MPH TECHNOLOGIES OY*

16              **UNITED STATES DISTRICT COURT**

17             **NORTHERN DISTRICT OF CALIFORNIA**

18                 **SAN FRANCISCO DIVISION**

19   MPH TECHNOLOGIES OY,                    Case No. 3:18-cv-05935-TLT

20                        Plaintiff,          **MPH TECHNOLOGIES OY'S**
                                             **OBJECTIONS AND RESPONSES TO**
21                   vs.                      **APPLE, INC.'S SECOND SET OF**
                                             **REQUESTS FOR THE PRODUCTION**
22   APPLE INC.,                             **OF DOCUMENTS AND THINGS (NOS.**
                                             **44-50)**
23                        Defendant.

24                                           Judge: Hon. Trina L. Thompson

25

26          In accordance with Federal Rule of Civil Procedure 34, Plaintiff MPH Technologies Oy

27   ("MPH") responds to Defendant Apple, Inc.'s ("Apple") Second Set of Requests for the Production of

28   Documents and Things (Nos. 44-50) as follows:

In producing documents and things in response to Apple's requests, MPH will rely upon the permissible scope of discovery set forth by the Federal Rules of Civil Procedure, the Local Rules, Court orders and governing case law.

Except as otherwise specified in MPH's responses to the individual requests below, MPH will endeavor to produce additional non-privileged, non-work product documents and things responsive to Apple's requests on a rolling basis. As Apple is aware, MPH has already produced many documents responsive to these requests.

Where MPH specifies in its responses to specific Requests below that it is withholding documents or things due to attorney-client privilege, work product immunity, joint or common interest privilege, or any other applicable privilege or immunity, MPH will submit to Apple a privilege log on or before sixty (60) days before the close of fact discovery. *See* Dkt. 80, p. 6.

MPH objects to Apple's definition of "Communication(s)" as including email or other forms of electronic correspondence because the parties have negotiated an ESI Stipulation (Dkt. 88) that provides that "General ESI production requests under Federal Rules of Civil Procedure 34 and 45 shall not include email or other forms of electronic correspondence (collectively 'email')." MPH has lodged specific objections below on that basis where Apple apparently requested these materials, but MPH maintains the objection as to all requests intended by Apple to cover these materials.

MPH reserves the right to supplement and/or amend its responses as necessary or appropriate, as provided for in Federal Rule of Civil Procedure 26(e).

## REQUESTS FOR PRODUCTION

### REQUEST FOR PRODUCTION NO. 44:

All Documents Related to shareholders of MPH, including any Communications with shareholders of MPH and each shareholder's financial interest in MPH.

### RESPONSE:

MPH objects to this request as seeking documents that are protected by the attorney-client privilege, work product immunity, joint or common interest privilege, or any other applicable privilege or immunity. MPH objects to Apple's definition of "Related to" as vague and ambiguous, overly broad, unduly burdensome, and seeking irrelevant information not proportional to the needs of the case. MPH

objects to Apple's definition of "MPH" as overly broad, unduly burdensome, and seeking irrelevant information not proportional to the needs of the case to the extent it includes any entities other than MPH Technologies Oy. MPH objects to this request as seeking documents that are not relevant and not bearing on any issue, claim or defense in this case, including "Documents Related to ... each shareholder's financial interest in MPH." MPH further objects to this request as overly broad and not proportional to the needs of the case in that "*All* Documents Related to shareholders of MPH" are not clearly defined and not relevant to the claims and defenses in this case. MPH also objects to this request as overly broad, unduly burdensome, and seeking irrelevant information not proportional to the needs of the case because it is unlimited in time. MPH objects to this request as unreasonably cumulative or duplicative of Apple's Request Nos. 7 and 11. MPH objects to Apple's definition of "Communications" as including email or other forms of electronic correspondence because the parties have negotiated an ESI Stipulation (Dkt. 88) that provides that "General ESI production requests under Federal Rules of Civil Procedure 34 and 45 shall not include email or other forms of electronic correspondence (collectively 'email')."

Subject to and without waiving its objections, MPH will not produce documents responsive to this request as written. Further answering, MPH has filed its Certification of Conflicts and Interested Entities or Persons (Dkt. 13) pursuant to Civil L.R. 3-15 and its Corporate Disclosure Statement (Dkt. 13) pursuant to Federal Rule of Civil Procedure 7.1.

**REQUEST FOR PRODUCTION NO. 45:**

All Documents Related to any Communications with any litigation funding entities (including Omni Bridgeway).

**RESPONSE:**

MPH objects to this request as seeking documents that are protected by the attorney-client privilege, work product immunity, joint or common interest privilege, or any other applicable privilege or immunity. MPH objects to Apple's definition of "Related to" as vague and ambiguous, overly broad, unduly burdensome, and seeking irrelevant information not proportional to the needs of the case. MPH further objects to this request as overly broad and not proportional to the needs of the case in that "All Documents Related to any Communications with any litigation funding entities" are not clearly defined

and are not relevant to the claims and defenses in this case. MPH objects to this request as unreasonably cumulative or duplicative of Apple's Request No. 15. MPH further objects to this request as overly broad, unduly burdensome, and seeking irrelevant information not proportional to the needs of the case to the extent it seeks communications between MPH and any litigation funding entities. *See, e.g., MLC Intellectual Prop., LLC v. Micron Tech., Inc.*, 2019 WL 118595, at *2 (N.D. Cal. Jan. 7, 2019); *NantWorks, LLC v. Niantic, Inc.,* 2022 WL 1500011, at *2 (N.D. Cal. May 12, 2022). MPH also objects to this request as overly broad, unduly burdensome, and seeking irrelevant information not proportional to the needs of the case because it is unlimited in time. MPH objects to Apple's definition of "Communications" as including email or other forms of electronic correspondence because the parties have negotiated an ESI Stipulation (Dkt. 88) that provides that "General ESI production requests under Federal Rules of Civil Procedure 34 and 45 shall not include email or other forms of electronic correspondence (collectively 'email')."

Subject to and without waiving its objections, MPH will not produce documents responsive to this request as written. Further answering, MPH has filed its Certification of Conflicts and Interested Entities or Persons (Dkt. 13) pursuant to Civil L.R. 3-15 and its Corporate Disclosure Statement (Dkt. 13) pursuant to Federal Rule of Civil Procedure 7.1.

**REQUEST FOR PRODUCTION NO. 46:**

All Documents (including Communications) Related to any products developed or produced by Intra Secure Networks Oy, Netseal Oy, Netseal Mobility Technologies – NMT Oy, Mobility Patent Holding MPH Oy, and MPH Technologies OY, including the NetSeal RoamMate product discussed at the following URL, including the dates, locations, and circumstances of any public disclosures, sales, and uses of such products and any differences between the product and the Asserted Claims: https://news.cision.com/netprofile/r/netseal-technologies-showcases-secureip-mobility-for-existing-and-third-generation-networks,e42234.

**RESPONSE:**

MPH objects to this request as seeking documents that are protected by the attorney-client privilege, work product immunity, joint or common interest privilege, or any other applicable privilege or immunity. MPH objects to Apple's definition of "Related to" as vague and ambiguous, overly broad,

unduly burdensome, and seeking irrelevant information not proportional to the needs of the case. MPH objects to this request as seeking documents that are not relevant and not bearing on any issue, claim or defense in this case. Apple has not identified the relevance of "the NetSeal RoamMate product" to any issues in this case. For example, Apple has not identified "the NetSeal RoamMate product" in its Patent L.R. 3-3 Invalidity Contentions nor has MPH identified the product as an instrumentality that practices the claimed invention under Patent L.R. 3-1(g). MPH further objects to this request as overly broad and not proportional to the needs of the case in that "*All* Documents (including Communications) Related to *any* products" are not clearly defined and are not relevant to the claims and defenses in this case. MPH also objects to this request because it seeks opinion information that is more properly the subject of expert discovery, including whether documents show "any differences between the [NetSeal RoamMate] product and the Asserted Claims." MPH will disclose any such analyses and opinions (if relevant) pursuant to the Federal Rules of Civil Procedure, the Local Rules, and any Court Orders, including Scheduling Orders entered by the Court. MPH also objects to this request as vague and ambiguous because the cited URL does not identify any specific version or iteration of "the NetSeal RoamMate product." MPH also objects to this request as overly broad, unduly burdensome, and seeking irrelevant information not proportional to the needs of the case because it is unlimited in time. MPH objects to Apple's definition of "Communications" as including email or other forms of electronic correspondence because the parties have negotiated an ESI Stipulation (Dkt. 88) that provides that "General ESI production requests under Federal Rules of Civil Procedure 34 and 45 shall not include email or other forms of electronic correspondence (collectively 'email')." MPH also objects to this request as seeking documents and things outside of MPH's possession, custody, and control.

Subject to and without waiving its objections, MPH will produce non-privileged, non-work product, and non-email documents sufficient to show the functionalities of the NetSeal RoamMate product from prior to January 22, 2002 that are in MPH's possession, custody, or control, and are located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 47:**

All Documents (including Communications) Related to the role of Harri Yli-Kujala and each Named Inventor on each Asserted Patent in the conception, reduction to practice, research, design,

and/or development of the subject matter disclosed and/or claimed in the Asserted Patents, or Related to, the subject matter claimed and/or disclosed in the Asserted Patents.

**RESPONSE:**

MPH objects to this request as seeking documents that are protected by the attorney-client privilege, work product immunity, joint or common interest privilege, or any other applicable privilege or immunity. MPH objects to Apple's definition of "Related to" as vague and ambiguous, overly broad, unduly burdensome, and seeking irrelevant information not proportional to the needs of the case. MPH also objects to this request as overly broad and not proportional to the needs of the case in that "*All* Documents … Related to" the role of Harri Yli-Kujala and each Named Inventor in the conception, reduction to practice, research, design, and/or development of the subject matter disclosed and/or claimed in the Asserted Patents, or Related to, the subject matter claimed and/or disclosed in the Asserted Patents are not clearly defined and are not relevant to the claims and defenses in this case. MPH also objects to this request as overly broad, unduly burdensome, and seeking irrelevant information not proportional to the needs of the case because it is unlimited in time. MPH objects to this request as unreasonably cumulative or duplicative of Apple's Request No. 27. MPH objects to Apple's definition of "Communications" as including email or other forms of electronic correspondence because the parties have negotiated an ESI Stipulation (Dkt. 88) that provides that "General ESI production requests under Federal Rules of Civil Procedure 34 and 45 shall not include email or other forms of electronic correspondence (collectively 'email')." MPH also objects to this request as seeking documents and things outside of MPH's possession, custody, and control.

Subject to and without waiving its objections, MPH has already produced non-privileged, non-work product documents in MPH's possession, custody, or control that were located after a reasonable search in accordance with Patent Local Rule 3-2(b).

**REQUEST FOR PRODUCTION NO. 48:**

All Documents (including Communications) Related to the history and relationships of Intra Secure Networks Oy, Netseal Oy, Netseal Mobility Technologies – NMT Oy, Mobility Patent Holding MPH Oy, and MPH Technologies OY, including Documents Related to when each entity was founded and terminated and the terms (including monetary amounts) of any transfers of the Asserted Patents

and Related Patents among said entities.

**RESPONSE:**

MPH objects to this request as seeking documents that are protected by the attorney-client privilege, work product immunity, joint or common interest privilege, or any other applicable privilege or immunity. MPH objects to Apple's definition of "Related to" as vague and ambiguous, overly broad, unduly burdensome, and seeking irrelevant information not proportional to the needs of the case. MPH also objects to this request as overly broad and not proportional to the needs of the case in that "*All* Documents … Related to the *history* and *relationships*" of Intra Secure Networks Oy, Netseal Oy, Netseal Mobility Technologies – NMT Oy, Mobility Patent Holding MPH Oy, and MPH Technologies OY are not clearly defined and are not relevant to the claims and defenses in this case. MPH also objects to this request as overly broad and not proportional to the needs of the case in that "Documents Related to … any transfers of the … Related Patents" are not clearly defined and are not relevant to the claims and defenses in this case. MPH objects to this request as unreasonably cumulative or duplicative of Apple's Request No. 21. MPH objects to Apple's definition of "Communications" as including email or other forms of electronic correspondence because the parties have negotiated an ESI Stipulation (Dkt. 88) that provides that "General ESI production requests under Federal Rules of Civil Procedure 34 and 45 shall not include email or other forms of electronic correspondence (collectively 'email')." MPH also objects to this request as seeking documents and things outside of MPH's possession, custody, and control.

Subject to and without waiving its objections, MPH will produce non-privileged, non-work product, and non-email documents concerning when each of Intra Secure Networks Oy, Netseal Oy, Netseal Mobility Technologies – NMT Oy, Mobility Patent Holding MPH Oy, and MPH Technologies OY was founded and/or terminated that are in MPH's possession, custody, or control, and are located after a reasonable search, to the extent MPH has not done so already. MPH has already produced copies of the assignments for the Asserted Patents and the agreement for the transfer of the Asserted Patents to MPH.

**REQUEST FOR PRODUCTION NO. 49:**

All Documents (including Communications) Related to the following statement made in

Paragraph 21 of MPH's Complaint (Dkt. No. 1): "MPH has continued its business of developing and licensing network mobility and security technologies developed by Netseal. MPH's patented technologies have been adopted and utilized by mobile and secure communications industries. A number of these patented technologies have been adopted by these industries and incorporated into their product lines as standard or 'default' features."

**RESPONSE:**

MPH objects to this request as seeking documents that are protected by the attorney-client privilege, work product immunity, joint or common interest privilege, or any other applicable privilege or immunity. MPH objects to Apple's definition of "Related to" as vague and ambiguous, overly broad, unduly burdensome, and seeking irrelevant information not proportional to the needs of the case. MPH objects to Apple's definition of "MPH" as overly broad, unduly burdensome, and seeking irrelevant information not proportional to the needs of the case to the extent it includes any entities other than MPH Technologies Oy. MPH also objects to this request as overly broad and not proportional to the needs of the case in that "*All* Documents … Related to" the allegation quoted above are not clearly defined and are not relevant to the claims and defenses in this case. MPH also objects to this request as seeking documents that are equally available to both Apple and MPH or are in the possession of Apple and/or third parties. MPH objects to Apple's definition of "Communications" as including email or other forms of electronic correspondence because the parties have negotiated an ESI Stipulation (Dkt. 88) that provides that "General ESI production requests under Federal Rules of Civil Procedure 34 and 45 shall not include email or other forms of electronic correspondence (collectively 'email')."

Subject to and without waiving its objections, MPH will produce non-privileged, non-work product, and non-email documents to support its contention in paragraph 21 of its Complaint (Dkt. 1) that are in MPH's possession, custody, or control, and are located after a reasonable search, to the extent MPH has not done so already.

**REQUEST FOR PRODUCTION NO. 50:**

All Documents that support or undermine MPH's contention that any license identified in MPH's response to Apple's May 1, 2023 Interrogatory No. 4 is not comparable to a license to which MPH and Apple would have agreed in a hypothetical negotiation.

**RESPONSE:**

MPH objects to this request as seeking documents that are protected by the attorney-client privilege, work product immunity, joint or common interest privilege, or any other applicable privilege or immunity. MPH objects to Apple's definition of "MPH" as overly broad, unduly burdensome, and seeking irrelevant information not proportional to the needs of the case to the extent it includes any entities other than MPH Technologies Oy. MPH also objects to this request as overly broad and not proportional to the needs of the case in that "*All* Documents that *support* or *undermine* MPH's contention" are not clearly defined and are not relevant to the claims and defenses in this case, particularly to the extent such documents were not relied upon. MPH also objects to this request because it seeks opinion information that is more properly the subject of expert discovery, including whether documents "support or undermine MPH's contention that any license … is not comparable." MPH will disclose any such analyses and opinions (if relevant) pursuant to the Federal Rules of Civil Procedure, the Local Rules, and any Court Orders, including Scheduling Orders entered by the Court. MPH objects to this request as unreasonably cumulative or duplicative of Apple's Request Nos. 41 and 43.

Subject to and without waiving its objections, MPH will produce non-privileged, non-work product, and non-email documents it intends to rely on for comparing any license to a license MPH and Apple would have agreed to in a hypothetical negotiation that are in MPH's possession, custody, or control, and are located after a reasonable search, to the extent MPH has not done so already.

Dated: April 10, 2024        Respectfully submitted,

*/s/ Dragan Gjorgiev*
Patricia L. Peden, Esq. (SBN 206440)
ppeden@bwslaw.com
BURKE, WILLIAMS & SORENSEN, LLP
1999 Harrison Street, Suite 1650
Oakland, CA 94612
Phone: (510) 273.8780
Fax: (510) 839.9104

Christopher J. Lee (*Pro Hac Vice*)
clee@leesheikh.com
David J. Sheikh (*Pro Hac Vice*)
dsheikh@leesheikh.com
Brian E. Haan (*Pro Hac Vice*)
bhaan@leesheikh.com
Ashley E. LaValley (*Pro Hac Vice*)
alavalley@leesheikh.com
Dragan Gjorgiev (*Pro Hac Vice*)
dgjorgiev@leesheikh.com
James D. Mitchell (*Pro Hac Vice*)
jmitchell@leesheikh.com
LEE SHEIKH & HAAN LLC
125 South Clark Street, Suite 1175
Chicago, IL 60603
Phone: (312) 982-0070
Fax: (312) 982-0071

Attorneys for Plaintiff
*MPH TECHNOLOGIES OY*

1

**CERTIFICATE OF SERVICE**

2

The undersigned hereby certifies that on April 10, 2024 the foregoing:

3

**MPH TECHNOLOGIES OY'S OBJECTIONS AND RESPONSES**

4

**TO APPLE, INC.'S SECOND SET OF REQUESTS FOR THE PRODUCTION**

5

**OF DOCUMENTS AND THINGS (NOS. 44-50)**

6

was served via electronic transmission on the following counsel of record.

7

8

Bita Rahebi (brahebi@mofo.com)          Richard S.J. Hung (rhung@mofo.com)
Nima I. Kiaei (nkiaei@mofo.com)          Morrison & Foerster LLP

9

Rose S Lee (roselee@mofo.com)           425 Market Street
Ryan James Malloy (rmalloy@mofo.com)    San Francisco, CA 94105

10

Morrison & Foerster LLP                 (415) 268-7000
707 Wilshire Boulevard                  Fax: (415) 268-7522

11

Suite 6000
Los Angeles, CA 90017-3543

12

(213) 892-5428
Fax: (213) 892-5200

13

14

Bethany Marvin Stevens (bstevens@wscllp.com)
Hannah L. Cannom (hcannom@wscllp.com)

15

Walker Stevens Cannom LLP
500 Molino Street #118

16

Los Angeles, CA 90013
213-337-4551

17

Fax: 213-403-4906

18

19

/s/ *Dragan Gjorgiev*
Attorneys for Plaintiff

20

MPH TECHNOLOGIES OY

21

22

23

24

25

26

27

28