# EXHIBIT 5

# LEE SHEIKH & HAAN

125 South Clark Street, Suite 1175
Chicago, Illinois 60603

(312) 982-0070

_____

www.iplitigation.com

Dan Gjorgiev
Direct Dial: (312) 940-3807                                                                     dgjorgiev@leesheikh.com

April 26, 2024

*Via email (rmalloy@mofo.com)*

Ryan J. Malloy
Nima Kiaei
Morrison & Foerster LLP
707 Wilshire Boulevard
Los Angeles, CA 90017

Re:   **MPH Techs. Oy v. Apple Inc., No. 3:18-cv-05935-TLT (N.D. Cal.)**

Dear Counsel:

This letter follows up on the parties' April 22, 2024 meet-and-confer regarding MPH's Objections and Responses to Apple's Second Set of Requests for the Production of Documents and Things (Nos. 44-50) and MPH's Objections and Answers to Apple's Third Set of Interrogatories (Nos. 12-16). As an initial matter, the parties' meet-and-confer with respect to those discovery requests was not a productive use of the parties' time or sufficient under the Court's Civil Standing Order because Apple did not make a good faith effort to resolve any alleged dispute between the parties.

First, despite repeated requests from MPH, Apple refused to identify in advance the specific alleged discovery deficiencies it intended to raise during the meet-and-confer, depriving MPH of the opportunity to fully prepare for a productive discussion with Apple. *See* MPH's April 16, 2024, April 17, 2024, and April 18, 2024 emails. Apple instead stated that it would "attempt to walk through MPH's responses and objections with [MPH] live before bringing any issues to the Court's attention." *See* Apple's April 18, 2024 email. Then, during the meet-and-confer, Apple provided little to no information about why it believes MPH's responses are deficient, instead merely rushing to declare an "impasse" where MPH was seeking explanations about Apple's overbroad discovery requests. Accordingly, MPH believes that further discussions about Apple's discovery requests between the parties are warranted. In particular, MPH requests that Apple

Page 2
April 26, 2024

provide a written explanation as to why it believes MPH's responses are deficient, so that MPH can have a meaningful opportunity to address or resolve any legitimate concerns.

I.      **Apple's Requests for Production Nos. 44-50**

MPH has provided complete written responses to all of Apple's RFPs 44-50. Accordingly, Apple's vague assertion that "Apple requires … complete productions in response to each RFP" has not been helpful in identifying any alleged deficiencies in MPH's written responses. By contrast, Apple's last Objections and Responses to MPH's Second Set of Requests for the Production of Documents and Things (Nos. 99-128) merely stated that "Apple is willing to meet and confer with MPH regarding the scope of this Request" for **ten** of the document requests—rather than fully responding to the requests themselves.

MPH is attempting to work in good faith with Apple to address or resolve any legitimate deficiencies with MPH's written responses. So it can do so, MPH requests that Apple identify any alleged deficiencies with specificity and in writing. MPH has identified areas where further information is needed from Apple, as follows:

RFP 44 seeks any and all documents about "shareholders of MPH." Apple has not explained the relevance of such documents, noting only that such documents are somehow relevant to "liability, damages, and bias." Notably, Apple confirmed that it would not be producing documents about its own shareholders.

RFP 45 seeks documents about litigation funding entities. MPH has invited Apple to provide caselaw about the relevance of such documents, and to date, Apple has not done so. MPH intends to rely on at least the caselaw it cited in its written response to RFP 45 (from this District).

RFP 46 seeks any and all documents about any and all products of Netseal, NMT, and MPH, including RoamMate. Apple has not explained the relevance of such documents, noting only that such documents are somehow relevant to "liability, damages, invalidity, and inequitable conduct." But, Apple has not asserted an inequitable conduct defense (nor could it), nor has Apple identified any Netseal, NMT, or MPH products in its invalidity contentions. Thus, this request is a fishing expedition well outside what Apple has alleged. Also, Apple has not explained why MPH's written response on providing documents sufficient to show the functionalities of RoamMate is insufficient, nor has it explained why MPH current production of 231 documents which contain the terms [RoamMate OR "roam mate" OR roamate] is deficient. Notably, Apple has refused to produce complete documents on a *limited subset* of its own products, but is seeking any and all documents about *any and all* products from MPH. *See* Dkt. 128 (RFPs 90-91).

RFP 47 seeks any and all documents about the development of the subject matter disclosed in the Asserted Patents. MPH asked Apple to identify any differences between what is sought by RFP 47 and what MPH has already produced pursuant to RFP 27 and Patent Local Rule 3-2(b) and Apple could not do so. Apple explained that there is overlap between RFP 47 and RFP 49, particularly in regards to MPH's development of the subject matter claimed in the Asserted Patents, but MPH's written response already states that MPH will produce documents responsive

Page 3
April 26, 2024

to RFP 49. Apple has not identified what documents it is exclusively seeking with RFP 47 and that MPH has not already agreed to produce in response to other RFPs, such as RFPs 27 and 49.

RFP 48 seeks any and all documents about the history and relationships of MPH and its predecessors. Apple was unaware that MPH had produced documents responsive to RFP 48. MPH asked Apple to describe what additional types of documents Apple is asking for and Apple refused to do so.

RFP 49 seeks any and all documents about Paragraph 21 of MPH's Complaint. Apple refused to explain why it believes MPH's written response that MPH will produce responsive documents is insufficient. Again, we reiterate that we will produce all non-privileged, non-work product, and non-email documents responsive to this request that MPH locates after a reasonable search, to the extent it has not already done so.

RFP 50 seeks any and all documents "that support or undermine MPH's contention that any license identified in MPH's response to Apple's May 1, 2023 Interrogatory No. 4 is not comparable to a license to which MPH and Apple would have agreed in a hypothetical negotiation." We maintain that this is a wholly improper document request that is subject to input from a damages expert. Nevertheless, MPH confirms that it is not withholding any non-privileged, non-work product documents responsive to this request. Apple has not explained why it believes MPH's written response, which states that MPH will produce responsive documents, is otherwise deficient.

## II.   Apple's Interrogatories Nos. 12-16

Apple has also provided inadequate and unclear explanations as to why it believes MPH's responses to Apple's Interrogatories Nos. 12-16 are deficient. As explained below, MPH's written responses to Interrogatories Nos. 13-16 are thorough and complete, based on the information available to MPH. MPH's written response to Integratory No. 12 objects to the overbroad scope of Interrogatory No. 12.

Interrogatory No. 12 broadly seeks a detailed narrative description and identification of any and all communications with any and all entities regarding the Asserted Patents and Related Patents which is not sufficiently limited by subject matter or time. MPH has already provided responsive information in its written response to Apple's Interrogatory No. 4, which seeks an identification of "all Persons or entities who have ever held or been offered any interest in or rights to the Asserted Patents or any Related Patent or in this litigation…." Apple has not explained why a detailed description and identification of any and all communications beyond what MPH has provided in response to Interrogatory No. 4 is relevant, particularly because such a request read literally would include any communication regarding the patents, in any respect, with any entity, over the course of a decade, and could even seek to capture internal MPH communications and privileged communications between MPH and its counsel. Interrogatory No. 12 also plainly violates the parties' agreements regarding the deadline to exchange privilege logs and regarding email discovery. Apple has refused to provide a proposal for narrowing the scope of Interrogatory No. 12.

Page 4
April 26, 2024

Interrogatory No. 13 seeks an identification of evidence supporting paragraph 21 of MPH's Complaint. MPH has identified such evidence in its written response, including by citing to documents MPH has produced. Apple has not identified any deficiencies in MPH's written response and instead, seems to simply disagree with the positions taken by MPH. Apple also takes issue with MPH's use of the phrase "for example" in its response. Apple has used the same phrase multiple times in its own interrogatory responses, including in its recent supplemental responses to MPH's Interrogatory Nos. 5 and 7. As a courtesy to Apple, MPH is reviewing its response and will supplement its response to either remove the use of the introductory phrase "for example" or provide any additional "examples" of which it is presently aware, assuming Apple agrees to do the same for its responses to Interrogatory Nos. 5 and 7. Please confirm.

Interrogatory No. 14 seeks a description of the history and relationships of "Intra Secure Networks Oy [sic], Netseal Oy, Netseal Mobility Technologies – NMT Oy, Mobility Patent Holding – MPH Oy, and MPH Technologies Oy" along with an identification of who possesses any of these entities' documents. MPH's written response thoroughly describes the history, asset transfers, and relationships of these entities based on the information available to MPH. Its written response also cites to documents MPH has produced, which Apple's counsel had admittedly not reviewed prior to the parties' meet-and-confer. As described above, such documents are responsive to RFP 48. As for the identification of who possesses these entities' documents, MPH asked Apple to clarify *which* documents Apple is referring to, and Apple has responded that it is broadly seeking an identification of *any and all* company records previously possessed by each entity at any time, regardless of whether such documents would be relevant to any party's claim or defense. Apple did not explain the relevance of such information. However, in an attempt to address Apple's concerns, MPH clarified that it is not withholding any documents in its possession, custody, or control in response to any of Apple's RFPs on the basis that such documents were previously possessed or generated by either of Netseal Oy or Netseal Mobility Technologies – NMT. We are confirming whether MPH has any additional responsive information regarding who possesses the company records of these entities and will supplement the response if necessary.

Interrogatory No. 15 seeks a description of the role of each inventor named on an Asserted Patent. While Apple vaguely asserted that this information is relevant to "Section 102(f)," we noted that Apple has not asserted invalidity on that basis, and this interrogatory appears to be yet another fishing expedition by Apple. Nevertheless, MPH's written response provides the information currently available to MPH including by citing documents MPH has produced. Apple has not identified any information it believes MPH is withholding.

Interrogatory No. 16 seeks information about RoamMate. During the meet-and-confer, and as further explained above, Apple could not explain the relevance of this product, seeing as Apple has not asserted RoamMate as prior art in its invalidity contentions and MPH has not identified it as an instrumentality that practices the claimed inventions pursuant to Patent L.R. 3-1(g) or in response to Apple's Interrogatory No. 2. MPH has nonetheless identified significant differences between RoamMate and the asserted claims in its written response and has also cited numerous documents in its production. Apple has not identified any information it believes MPH is withholding.

Page 5
April 26, 2024

      In view of the foregoing explanations by MPH, to the extent Apple continues to believe that MPH's written responses to Apple's Second Set of Requests for the Production of Documents and Things (Nos. 44-50) or its Third Set of Interrogatories (Nos. 12-16) are somehow deficient, please promptly provide a written explanation as to why it does so, so that MPH can work in good faith to address or resolve any legitimate concerns. If Apple refuses to do so, and intends to proceed with a discovery dispute letter in bad faith instead, which was the impression that MPH received from the parties' April 22, 2024 meet-and-confer, MPH requests that Apple attach this letter for the Court's consideration.

      Best regards,

      /s/ Dan Gjorgiev

CC: All Counsel of Record