UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MPH TECHNOLOGIES OY,<br><br>    Plaintiff,<br><br>    v.<br><br>APPLE, INC.,<br><br>    Defendant. | Case No. 18-cv-05935-TLT<br><br>**ORDER GRANTING IN PART DENYING IN PART MPH'S MOTION FOR LEAVE TO AMEND INFRINGEMENT CONTENTIONS**<br><br>ECF Nos. 103, 138 |

Before the Court is Plaintiff MPH TECHNOLOGIES OY's ("MPH")'s Partially Agreed Motion for Leave to Amend Infringement Contentions under the Patent Local Rules which Defendant Apple, Inc. ("Apple") opposes in part. ECF No. 103 (Motion); ECF No. 110 (Opposition/Response). Apple agreed to permit MPH amend its infringement contentions for the '949 and '302 patents based on Apple software and products that were released after MPH's May 15, 2023 contentions. Apple did not agree, however, to MPH's request to amend its contentions to add new DOE contentions. Apple's disagreement stems from its position that MPH was not diligent, and that Apple would suffer undue prejudice if amendment were permitted. *See* ECF No. 103 (Motion), at 2:22-26; *see also* ECF No. 110 (Opposition/Response), at 6:1-2. MPH argues that Apple should agree to its motion for leave to amend, in its entirety, on the grounds: (1) MPH was diligent in seeking amendment to add new DOE contentions; and (2) Apple will suffer no prejudice if amendment were permitted. *See* ECF No. 103 (Motion). For the reasons stated below, MPH's Motion for Leave to Amend is GRANTED IN PART and DENIED IN PART.

The Patent Local Rules provide that DOE theories must be included in the initial infringement contentions, as the defendant/competitor is entitled to know DOE theories before serving its claim construction positions. "No later than 14 days after the Initial Case Management

1   Conference, a party claiming patent infringement shall serve on all parties a Disclosure of
2   Asserted Claims and Infringement Contentions…[which] shall contain the following
3   information…[w]hether each limitation of each asserted claim is alleged to be literally present or
4   present under the *doctrine of equivalents* in the Accused Instrumentality…" Patent Local Rule 3-
5   1(e) (emphasis added) (internal quotation marks omitted).  The Patent Local Rules permit
6   amendment to these contentions, stating in pertinent part: "Amendment of the Infringement
7   Contentions or the Invalidity Contentions may be made only by order of the Court upon a timely
8   showing of good cause."  Patent Local Rule 3-6.  The burden is on the moving party who "must
9   demonstrate good cause, an inquiry that considers first whether the moving party was diligent in
10  amending its contentions and then whether the non-moving party would suffer prejudice if the
11  motion to amend were granted."  *Fujifilm Corp. v. Motorola Mobility LLC*, No. 12-cv-03587-
12  WHO, 2014 WL 491745, at *3 (N.D. Cal. Feb 5, 2014) (citation omitted) (brackets in original).
13  The second inquiry regarding prejudice is not necessary if diligence is not shown: "If the moving
14  party is able to show diligence, then the court may then consider the prejudice to the non-moving
15  party."  *Id.* (citation omitted).
16      On December 2, 2023, MPH filed a Partially Agreed Motion for Leave to Amend
17  Infringement Contentions.  ECF No. 103 (Motion).  Among the requests in that motion, MPH
18  sought to add new DOE contentions under Civil L.R. 3-6 and Patent L.R. 3-6.  *Id.*  Nine days later,
19  the Court held the Markman hearing, and less than a month after that, on January 3, 2023, the
20  Court issued its Order Construing Claims.  *See* ECF No. 109.
21      When MPH sought to update its lists of Accused Instrumentalities for the '949 and '302
22  patents to include Apple's recently released products, released in Fall 2023, it had only been a
23  month or two since it had discovered those products before filing its motion.  *See* ECF Nos. 103,
24  110.  Therefore, not much time had passed between discovering new information that would form
25  the basis of MPH's request and the actual request.  Relatedly, Apple does not appear to dispute the
26  timeliness of MPH's request to amend to include the newly released products and software.  *See*
27  ECF No. 110 (Opposition/Response).  Nor does Apple claim MPH was not diligent in seeking
28  such an amendment.  *See id.*  Plus, MPH faces no opposition from Apple in amending the

2

1  contentions. For these reasons, the Court finds there is good cause for MPH to amend its
2  infringement contentions. Accordingly, the Court GRANTS MPH's request to amend its
3  infringement contentions to include recently released products by Apple among the List of the
4  Accused Instrumentalities for the '949 and '302 patents.
5      MPH is also seeking leave to add new DOE contentions. ECF No. 103 (Motion), at 5. This
6  request is alleged to be based on Apple's claim construction positions that show Apple is seeking to
7  "avoid infringement for its products or systems that either 'perform[] substantially the same function
8  in substantially the same way to obtain the same result,' *Lite-Netics LLC v. Nu Tsai Capital LLC*,
9  60 F.4th 1335, 1346 (Fed. Cir. 2023), or contain mere 'insubstantial differences,' *Voda v. Cordis*
10 *Corp.*, 536 F.3d 1311, 1326 (Fed. Cir. 2008), as MPH's claimed invention." *Id.* at 7. Through its
11 request to add new DOE contentions, MPH is seeking to include alternative theories of infringement
12 as follows: **(1) "Secure"** (secure connection, secure forwarding, securely forward, secure message):
13 MPH's theory is that not using IPSec is equivalent to using IPSec; **(2) "Unique identity"**: MPH's
14 theory is push tokens are equivalent to SPI values; **(3) "Intermediate computer":** MPH's theory
15 is using multiple computers is equivalent to using one computer; and **(4) "Negotiating" and**
16 **"Exchange"** terms or "key exchange terms": exchange terms are exchanging keys with one another.
17 MPH's theory is obtaining a key from a database is equivalent to negotiating and exchanging keys.
18 *Id.*; ECF No. 110 (Opposition/Response), at 6.
19     Apple contends adding new DOE contentions is improper because, *inter alia*, MPH has not
20 shown it is diligent in seeking amendment given MPH's access to the information forming the
21 basis for the amendment in the years leading up to MPH's request. *See* ECF No. 110
22 (Opposition/Response), at 11; ECF No. 110-4 (Exhibit 3 to Declaration of Ryan Malloy in support
23 of Apple's Opposition to MPH's Motion for Leave to Amend Infringement Contentions ("Malloy
24 Decl."), at 20-22 (including the brief submitted by MPH for the IPR proceedings that Apple was
25 seeking to "limit the invention to IPSec" through its constructions of "secure connection" and
26 "unique identity"). Apple argues MPH knew of Apple's positions on these relevant claim terms
27 for months, if not years. *See* ECF No. 110-3 (Exh. 2 to Malloy Decl.), at 2, 8-9 (showing in
28 February 2017, Apple had communicated with MPH regarding the "exchange" terms,

"negotiating," and "unique identity"); ECF No. 110-4 (Exh. 3 to Malloy Decl.), at 76 (showing MPH's brief submitted in February 2020 for the IPR proceedings for the '494 patent that Apple had taken the position that "secure connection" and "unique identity" are limited to IPSec); ECF No. 103-2 (Declaration of James D. Mitchell in support of MPH's Motion ("Mitchell Decl.")) ¶ 2 (showing on May 15, 2023, MPH served its Infringement Contentions on Apple, prior to the Rule 4-2 exchange); ECF No. 110, at 13-15 (showing in June 2023 Apple confirmed its position regarding its claim construction positions, including the interrogatory response explaining that a "single computer could not satisfy the 'intermediate computer' limitation"); ECF No. 103-2 (Mitchell Decl.) ¶ 6 (showing on August 3, 2023 the parties exchanged their preliminary claims constructions and extrinsic evidence pursuant to Patent Local Rule 4-2); ECF No. 98-1 (Malloy Decl.) ¶ 2; ECF No. 98-3 (Exhibit B to Malloy Decl.), at 2-3 (showing Apple's Patent L.R. 4-2 Preliminary Claim Constructions, which included the list of "secure" terms).

In *Cisco Sys., Inc. v. Teleconference Sys., LLC*, No. 09-cv-01550-JSW-NC, 2012 WL 9337627, at *3-4 (N.D. Cal. June 11, 2012) "the court measured the moving party's diligence in seeking leave to amend its infringement contentions from the date the opposing party served its proposed meritorious construction, rather than from the date the court issued its claim construction order." *Tech. Prop. Ltd. LLC v. Canon Inc.*, No. 14-cv-03640-CW-DMR, 2016 WL 1360756, at *3 (N.D. Cal. Apr. 6, 2016). Courts can therefore measure, and have measured, the moving party's diligence based on when the moving party had access to information that forms the basis for asserting additional DOE theories. *Nitride Semiconductors Co., Ltd. v. RayVio Corp.*, No. 17-cv-02952-EJD-SVK, 2018 WL 4214983, at *3 (N.D. Cal. 2018) (finding failure to demonstrate diligence in asserting additional DOE theories when party "knew or should have known of noninfringement positions more than eight months [prior] because of information exchanged earlier in the case" even if exchanged during discovery); *O2 Micro*, 467 F.3d at 1367 (finding the district court did not abuse its discretion in denying motion for leave to amend when patentee sought leave to amend its infringement contentions in May 2003 or early June 2003 when the patentee "had reason to know of the [ ] theory as early as March 2003 when it received a data sheet identifying the open lamp pin as part of [Competitor]'s initial disclosures.") In *O2 Micro*,

4

even with the patentee's explanations that the patentee was waiting for depositions and needed to develop its legal theory, the Court still found that three months was too long of a duration. *Id.*

Here, MPH had enough information to seek leave to amend its infringement contentions more than three months prior to its motion. The parties filed their joint case management statement showing that they agreed the infringement contentions deadline would be May 15, 2023. ECF No. 80 (Joint Case Management Statement & [Proposed] Order); ECF No. 83 (Case Management and Scheduling Order). That gave MPH enough time to consider the possible effect of the PTAB decision on the infringement contentions, and to also consider alternative theories, including DOE theories. Furthermore, at no point was MPH foreclosed from developing alternative legal theories while it waited for certain litigation milestones. Indeed, "[t]he Patent Local Rules provide a schedule for infringement contentions, production of documents supporting those contentions, a schedule for invalidity contentions and production of those supporting documents.[ ] The rules notably do not require disclosure of theories of noninfringement nor do they provide that a party's failure to disclose noninfringement theories justifies amendment to include DOE theories.[ ]" *Apple Inc. v. Samsung Elecs. Co.*, No. 12-CV-0630-LHK-PSG, 2013 WL 3246094, at *2 (N.D. Cal. June 26, 2013) (brackets added) (footnotes omitted).

In sum, MPH had multiple chances to develop its DOE theories but did not do so. Even taking the shortest duration of time in this case that MPH could have developed its DOE theories, four months from August 2023 to December 2023, that duration of time is too long under these circumstances. Given the foregoing, the Court finds MPH has not sufficiently shown diligence.

"If the Court finds that a party was not diligent, it need not consider the question of prejudice." *AbCellera Biologics Inc. v. Bruker Cellular Analysis, Inc.*, No. 20-CV-08624-JST-VKD, 2024 WL 1182873, at *6 (N.D. Cal. Mar. 18, 2024) (citing *O2 Micro*, 467 F.3d at 1368). In this case, the Court declines to consider prejudice to Apple because there was enough information accessible to MPH at the shortest, for four months, for it to develop its DOE theories.

Due to the foregoing, the Court GRANTS IN PART and DENIES IN PART MPH's Motion. MPH may amend its infringement contentions for the '949 and '302 patents, but MPH may not add new DOE contentions for the reasons stated above.

1    MPH has until **August 8, 2024** to amend its infringement contentions for the '949 and '302

2 patents and has until that same date to file any requests that the Court adjust this deadline.

3    This order resolves ECF Nos. 103 and 138.

4    IT IS SO ORDERED.

5 Dated: July 26, 2024

                                         _____
                                         HON. TRINA L. THOMPSON
                                         United States District Judge