*Via ECF*                                                                                                              August 29, 2024

Chief Magistrate Judge Donna M. Ryu
Oakland Courthouse, Courtroom 4 – 3rd Floor
1301 Clay Street, Oakland, CA 94612

      Re:    **MPH Technologies Oy v. Apple Inc., No. 3:18-cv-05935-TLT-DMR**
              **Discovery Dispute Letter on MPH's Requests for Production ("RPD")**

Dear Chief Magistrate Judge Ryu:

      MPH Technologies Oy respectfully submits this letter regarding RPDs 91, 119, 120, 122-124, and 126-128, which were originally addressed in Dkt. Nos. 128 and 133. Exhibit A includes the RPDs and objections. Following several meet-and-confers, the parties resolved their dispute over RPD 90, and Apple supplemented its response on August 19, 2024. The parties did not resolve the remaining RPDs identified above. Accordingly, MPH sent Apple a draft of this letter on August 22, 2024, requesting Apple's position promptly. After Apple did not respond, MPH followed up on August 27, 2024. Apple still has not responded, requiring MPH to file this letter on its own, particularly with the close of fact discovery quickly approaching. The remaining case management deadlines are: Fact Discovery Cut-off & Opening Expert Reports (Oct. 7, 2024); Expert Discovery Cut-off (Nov.18, 2024); Final Pre-Trial Conference (Feb. 20, 2025); and Trial (Mar. 24, 2025).

**I.**      **MPH's RPD Nos. 91, 119, 120, and 122-124**

      RPD 91 seeks documents showing all revenues Apple has received through the sale, licensing, or subscription of services, software, tools, programs, and subscriptions offered by Apple to configure, activate, supervise, or support devices for using the accused Always On VPN, including Apple Configurator, Apple Configurator 2, Apple Device Enrollment Program, Automated Device Enrollment, Apple School Manager, Apple Business Manager, and/or Apple Business Essentials. RPDs 119, 120, and 122-124 seek documents showing the number of subscriptions, downloads, enrolled devices, or user sign-ups for such services, software, tools, programs, and subscriptions. Apple has refused to produce any such responsive documents.

      Apple's documents provide that the accused Always-On VPN feature *is only* supported "[f]or devices managed through an MDM solution and supervised using Apple Configurator for Mac, Apple School Manager, Apple Business Manager, or Apple Business Essentials." *See* https://support.apple.com/guide/security/vpn-security-sec802e8ab55/web. "MDM" (Mobile Device Management) is used by enterprise customers to provide, manage, configure and/or supervise mobile devices such as phones, laptops, or tablets for employee use. MDM solutions are offered by third parties as well as Apple, which offers its own built-in device management through "Apple Business Essentials." https://support.apple.com/guide/deployment/intro-to-mdm-profiles-depc0aadd3fe/1/web/1.0. Apple also claims its "Device Enrollment Program" "simplifies initial setup by automating mobile device management (MDM) enrollment and supervision of devices during setup…." https://www.apple.com/mx/business-docs/DEP_Guide.pdf.

      The requested information is relevant to Apple's inducement and contributory infringement liability because Apple is admittedly providing such services and software to enable its customers and end users to configure, activate, supervise, and support the accused Always On

**3:18-CV-05935-TLT-DMR**

VPN. MPH has identified these services and software in its Infringement Contentions as a basis for its indirect infringement claims. MPH's expert may also consider usage-related information, such as the number of subscriptions and/or downloads of software or products that are necessary or recommended to implement Always On VPN, in determining the extent of direct infringement by Apple's customers and, thus, the extent of Apple's inducement or contributory infringement. The requested documents are also relevant to damages because Apple generates revenues by providing such services/software, which is related to the reasonable royalty rate analysis under at least *Georgia-Pacific* Factors 6, 10, and 11. *Georgia–Pacific Corp. v. U.S. Plywood Corp.,* 318 F. Supp. 1116, 1120 (S.D.N.Y. 1970); *Intex Recreation Corp. v. Bestway USA Inc.*, 2021 WL 6618494, at **2-4 (C.D. Cal. 2021) (ordering discovery of sales information for accessories compatible with accused products, which patentee contended were derivative or convoyed sales).

Apple argues that the software is not relevant because the user may not necessarily use it to implement Always-On VPN. But another court in this district already rejected that argument. *Aylus Networks Inc. v. Apple Inc.*, No. 3:13-cv-04700-EMC, Dkt. 120 (N.D. Cal. Apr. 9, 2015) ("To the extent that Airplay, no matter how small its role, draws more consumers to purchase video content/video games through the iTunes store so that they can, through their iPod Touch, iPad, or iPhone, direct that content to an accused AppleTV for display on a home television screen, those sales could shape the reasonable royalty analysis."); *Intex Recreation,* 2021 WL 6618494, at *4 ("That the accessories are marketed as compatible with both accused and unaccused spas, does not change the baseline relevance of this information."). Here, Apple does not contest that Always On VPN *must be* configured, activated, and supervised using these services/software, and MPH is entitled to discovery on their value and use. Moreover, *Thought, Inc. v. Oracle Corp.* (cited by Apple in the original dispute letter on this issue) is inapposite because MPH has identified specific products relevant to its royalty analysis and articulated how sales of these products are connected to sales of the infringing products.

**II.     MPH's Requests for Production 126-128**

RPDs 126-128 seek documents pertaining to the financial value of Apple's MDM software offerings, Apple Business Essentials (RPD 128), and other financial aspects of Apple's enterprise business, including its acquisition of MDM platform provider Fleetsmith (RPDs 126 and 127). As explained above, the accused Always-On VPN feature is *only* supported on devices managed through an MDM solution. https://support.apple.com/guide/security/vpn-security-sec802e8ab55/web. Apple offers its own built-in device management through its "Apple Business Essentials," https://support.apple.com/guide/deployment/intro-to-mdm-profiles-depc0aadd3fe/1/web/1.0, and also acquired an MDM provider "Fleetsmith" in 2020. https://techcrunch.com/2020/06/24/apple-has-acquired-fleetsmith-a-startup-that-helps-it-manage-apple-devices-remotely/. Apple vaguely contests the relevance of the requested materials.

The requested documents are relevant to infringement and damages. MPH contends that Apple is infringing the asserted patent by providing such software and services to enable its customers and end users to implement the accused Always On VPN. Additionally, the value of such enterprise and MDM software solutions and Apple's financial, strategic, or business reasons for offering them are relevant to the reasonable royalty analysis under at least *Georgia-Pacific* Factors 6, 10, and 11. *Georgia–Pacific Corp.,* 318 F. Supp. at 1120; *Intex Recreation Corp.*, 2021 WL 6618494, at **2-4; *Aylus Networks.*, No. 3:13-cv-04700-EMC, Dkt. 120. Apple should be ordered to promptly produce the requested documents.

|  |  |
|---|---|
|  | Respectfully submitted, |
| Dated: August 29, 2024 | By: */s/ Christopher J. Lee* |
|  | Christopher J. Lee |

Attorneys for Plaintiff
*MPH TECHNOLOGIES OY*

Patricia L. Peden, Esq.
BURKE, WILLIAMS & SORENSEN, LLP

Christopher J. Lee (pro hac vice)
David J. Sheikh (pro hac vice)
Brian E. Haan (pro hac vice)
Ashley E. LaValley (pro hac vice)
James D. Mitchell (pro hac vice)
LEE SHEIKH & HAAN LLC