**Via ECF**                                                                                                    August 29, 2024

Chief Magistrate Judge Donna M. Ryu
Oakland Courthouse, Courtroom 4 – 3rd Floor
1301 Clay Street, Oakland, CA 94612

      Re:    **MPH Technologies Oy v. Apple Inc., No. 3:18-cv-05935-TLT-DMR**
             **Joint Discovery Dispute Letter on MPH's Requests for Production ("RPD")**

Dear Chief Magistrate Judge Ryu:

Apple submits this response to MPH's August 29 letter (Dkt. No. 151). MPH gave Apple no warning that it intended to file its letter unilaterally or even a courtesy phone call. Had it done so, it would have learned that Apple was finalizing its portion. The Court should deny MPH's requested relief as procedurally improper. (Dkt. No. 144 (ordering "single joint discovery letter").)

**I.      MPH's RPD Nos. 91, 119, 120, and 122–124**

"[T]he goal of LRP 3-1, which is to make discovery manageable, is best served by denying discovery for instrumentalities that were not accused in the preliminary infringement contentions." *Kelora Sys., LLC v. Target Corp.*, No. 11-cv-1548, 2011 WL 5444419, at *2 (N.D. Cal. Nov. 9, 2011); *see also Icon-IP Pty Ltd. v. Specialized Bicycle Components, Inc.*, No. 12-cv-3844, 2014 WL 4593338, at *2 (N.D. Cal. Sept. 15, 2014) (denying discovery on unaccused products). That applies to MPH's overreaching demands for discovery on unaccused software independent of the accused Always-on VPN ("AOVPN") functionality.

That a customer *might* have used this software to configure AOVPN does not justify discovery. As MPH acknowledges, AOVPN does not require the use of Apple's unaccused software.[1] This is because "MDM solutions are offered by third parties as well as Apple." MPH also adduces no evidence that *any* customer has ever used Apple's unaccused software with AOVPN. MPH thus fails to show relevance. *Impinj, Inc. v. NPX USA, Inc.*, No. 19-cv-3161, 2022 WL 16586886, at *2 (N.D. Cal. Nov. 1, 2022) (denying discovery based on failure to show relevance).

MPH also cannot seek this discovery under a convoyed sales theory. That theory does not apply, as MPH does not and cannot show that the unaccused software is "part of [the same] 'functional unit'" as AOVPN. *Am. Seating Co. v. USSC Grp., Inc.*, 514 F.3d 1262, 1269 (Fed. Cir. 2008) (for convoyed sales, accused and unaccused products must be part of the same functional unit). The unaccused software manages mobile devices regardless of whether they use AOVPN, and AOVPN provides VPN functionality on mobile devices regardless of whether Apple's unaccused MDM software was used to manage or configure them. *See Warsaw Orthopedic, Inc. v. NuVasive, Inc.*, 778 F.3d 1365, 1375 (Fed. Cir. 2015) ("If the convoyed sale has a use independent of the patented device, that suggests a non-functional relationship."). Courts routinely deny convoyed sales discovery in cases like this. *See, e.g., Thought, Inc. v. Oracle*

---

[1] MPH vaguely asserts that "Always On VPN must be configured, activated, and supervised using these services/software." If "these" means Apple software, that is false and unsupported.

**3:18-CV-05935-TLT-DMR**
sf-6117968

*Corp.*, No. 12-cv-5601, 2015 WL 2357685, at *4 (N.D. Cal. May 15, 2015); *BASCOM Glob. Internet Servs., Inc. v. AT&T Corp.*, No. 3:14-CV-3942-M, 2017 WL 11490077, at *2 (N.D. Tex. July 31, 2017) (citing *Thought*, 2015 WL 2357685, at *4).

*Aylus Networks Inc. v. Apple Inc.*, No. 13-cv-4700, Dkt. 120 (N.D. Cal. Apr. 9, 2015) does not help MPH. There, convoyed sales discovery was allowed on video sales made using the accused functionalities. *See id.* at 5; *see also Thought*, 2015 WL 2357685, at *4 (distinguishing *Aylus* on this basis). Here, MPH does not limit its discovery to unaccused software sales involving AOVPN. In fact, MPH seeks discovery of unaccused software sales to customers who have never used AOVPN. The law does not allow this. *See Thought*, 2015 WL 2357685, at *4.

MPH's other arguments fail. MPH's bald speculation that the unaccused software "is relevant to Apple's inducement and contributory infringement" is insufficient. *See Hoffman v. Lassen Cty.*, No. 2:15-cv-1382, 2017 WL 2311683, at *3 (E.D. Cal. May 26, 2017) ("Discovery cannot be used to investigate theories and allegations that are [merely] speculation."). So too is MPH's passing reference to *Georgia-Pacific* factors, bereft of any analysis of how they apply.

Apple's financial production thus far is already fulsome, extending far beyond the scope of permissible damages. As the Federal Circuit has repeatedly held, damages for infringing method claims—the only type that MPH is asserting—is limited to "devices that actually performed the patented method during the relevant infringement period." *Cardiac Pacemakers, Inc. v. St. Jude Med., Inc.*, 576 F.3d 1348, 1359 (Fed. Cir. 2009); *see also Packet Intelligence LLC v. NetScout Sys., Inc.*, 965 F.3d 1299, 1314 (Fed. Cir. 2020) ("Method claims are not directly infringed by the mere sale of an apparatus capable of performing the claimed process."). Apple has already produced information for *all* sales of *all* accused iOS devices capable of using AOVPN, even though few of those devices have performed that allegedly patented method. Apple's current financial production more than suffices, and the Court should deny MPH's request for more.

## II. MPH's RPDs Nos. 126–128

MPH's requests broadly seek discovery into the "financial value of Apple's enterprise business" (RFP 126), "Apple's financial, strategic or business reasons for acquiring MDM platform Fleetsmith" (RFP 127), and "Apple's financial, strategic or business reasons for offering Apple Business Essentials" (RFP 128). But MPH fails to show any "functional" relationship between the accused AOVPN feature and these expansive categories, as to justify their production. *See Am. Seating*, 514 F.3d at 1269; *Warsaw*, 778 F.3d at 1375.

MPH's contention that Apple infringes by "providing the [unaccused] software and services to enable its customers . . . to implement . . . Always On VPN" is insufficient, especially absent evidence that any customer has actually used Apple's MDM software with AOVPN. *See Hoffman*, 2017 WL 2311683, at *3 (no discovery based on speculative allegations). The Court should deny these speculative requests, which are not relevant or proportional to the needs of this case. *See Thought*, 2015 WL 2357685, at *4 (denying discovery based on undeveloped convoyed sales theory); *BASCOM*, 2017 WL 11490077, at *2 (denying "request for all revenue, including non-accused [] products"); *Kelora*, 2011 WL 5444419, at *2 (similar); *Icon-IP*, 2014 WL 4593338, at *2 (similar).

                                                    Respectfully submitted,

Dated: August 29, 2024        By: */s/ Ryan Malloy*
                                                          Ryan Malloy

                                                          Attorneys for Defendant
                                                          *APPLE INC.*

BITA RAHEBI
RYAN J. MALLOY
ROSE S. LEE
NIMA KIAEI
MORRISON & FOERSTER LLP
707 Wilshire Boulevard
Los Angeles, California 90017-3543
Telephone: (213) 892-5200
Facsimile: (213) 892-5454
brahebi@mofo.com
rmalloy@mofo.com
roselee@mofo.com
nkiaei@mofo.com

RICHARD S.J. HUNG
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105
Telephone: (415) 268-7000
Facsimile: (415) 268-7522
rhung@mofo.com