*Via ECF*                                                                                           September 3, 2024

Chief Magistrate Judge Donna M. Ryu
Oakland Courthouse, Courtroom 4 – 3rd Floor
1301 Clay Street, Oakland, CA 94612

      Re:    **MPH Technologies Oy v. Apple Inc., No. 3:18-cv-05935-TLT-DMR**
               **Discovery Dispute Letter on MPH's Requests for Production ("RPD")**
               **Nos. 91, 119, 120, 122-124, and 126-128**

Dear Chief Magistrate Judge Ryu:

Plaintiff MPH Technologies Oy and Defendant Apple Inc. respectfully submit this letter regarding MPH's document requests identified above after multiple meet-and-confers, including on September 2, 2024 per the Court's August 30, 2024 Order, ECF No. 153. Exhibit A includes the relevant RPDs and objections. The remaining case deadlines and events are: October 7, 2024 (Fact Discovery Cut-off and Opening Expert Reports); November 18, 2024 (Expert Discovery Cut-off); Final Pre-Trial Conference (February 20, 2025); and Trial (March 24, 2025, 15 days).

    **I.**    **MPH'S POSITION**

The disputed document requests are directed to Apple's "Always On VPN" ("AOVPN") accused of infringing MPH's '302 patent. Apple offers AOVPN to its enterprise (such as corporate, school and government) customers. Before AOVPN use, Apple devices must be configured, supervised and managed using Apple software and "Mobile Device Management" ("MDM") services, or those of third-party MDM companies. MPH seeks information on Apple's acts of inducing and contributing to infringement through its provision of software and MDM services, and on the value of the enterprise business. MPH contends that enterprise-grade security, such as AOVPN, was and remains important to Apple's ability to enter and grow its enterprise business.

    **A.  MPH's RPD Nos. 91, 119, 120, and 122-124**

RPD 91 seeks Apple's revenues from its sale, licensing, software, tools, programs, and other subscriptions used to configure, activate, supervise, or support devices for using AOVPN. RPDs 119, 120, and 122-124 seek the number of subscriptions, downloads, enrolled devices, or user sign-ups. MPH has offered to compromise by limiting and clarifying their scope as follows:

(a) Apple's U.S. revenue from iOS/iPadOS enrollments in Apple Configurator, Apple Configurator 2, Apple Device Enrollment Program, Apple School Manager, Apple Business Manager, and Apple Business Essentials since 2014;
(b) U.S. downloads of Apple Configurator and Apple Configurator 2 since 2014; and
(c) U.S. subscriptions/sign-ups for Apple School Manager, Apple Business Manager, and Apple Business Essentials since 2014.

Apple's documents provide that the accused Always-On VPN feature *is only* supported "[f]or devices managed through an MDM solution and supervised using Apple Configurator for Mac, Apple School Manager, Apple Business Manager, or Apple Business Essentials," which are

Apple-provided software and services. *See* https://support.apple.com/guide/security/vpn-security-sec802e8ab55/web. MDM solutions are offered by third parties as well as Apple, which offers its own built-in device management through "Apple Business Essentials." https://support.apple.com/guide/deployment/intro-to-mdm-profiles-depc0aadd3fe/1/web/1.0. Apple also claims its "Device Enrollment Program" "simplifies initial setup by automating mobile device management (MDM) enrollment and supervision…." https://www.apple.com/mx/business-docs/DEP_Guide.pdf.

This information is relevant to inducement and contributory infringement liability because Apple is providing its software and services to enable its customers and end users to configure, activate, supervise, and support the accused AOVPN. Contrary to Apple's assertion, MPH has identified these services and software, including Apple Configurator, Apple Business Manager, Device Enrollment Program, Apple School Manager, and MDM solutions, in its Infringement Contentions as evidence of Apple's inducement and contributory infringement. The usage information MPH seeks, such as the number of subscriptions and downloads of software or products used to implement AOVPN is also relevant to the extent of direct infringement by Apple's customers. The information is further relevant under at least *Georgia-Pacific* reasonable royalty Factors 6 (effect of selling patented specialty in promoting other products and the value and extent of such derivative or convoyed sales), 10 (benefits to those using the invention), and 11 (extent and value of alleged infringer's use). *Georgia–Pacific Corp. v. U.S. Plywood Corp.,* 318 F. Supp. 1116, 1120 (S.D.N.Y. 1970); *Intex Recreation Corp. v. Bestway USA Inc.*, 2021 WL 6618494, at **2-4 (C.D. Cal. 2021) (ordering discovery of sales information for accessories compatible with accused products, which patentee contended were derivative or convoyed sales).

Another court in this District has rejected Apple's argument that it is not enough that these services and software "may" be used to implement Always-On VPN. *Aylus Networks Inc. v. Apple Inc.*, No. 3:13-cv-04700-EMC, Dkt. 120 (N.D. Cal. Apr. 9, 2015) ("To the extent that Airplay, no matter how small its role, draws more consumers to purchase video content/video games through the iTunes store so that they can, through their iPod Touch, iPad, or iPhone, direct that content to an accused AppleTV for display on a home television screen, those sales could shape the reasonable royalty analysis."); *Intex Recreation Corp. v. Bestway USA Inc.*, 2021 WL 6618494, at *4 (C.D. Cal. 2021) ("That the accessories are marketed as compatible with both accused and unaccused spas, does not change the baseline relevance of this information."). That is especially the case since Apple does not contest that AOVPN ***must be*** configured, activated, and supervised using a combination of these services/software. *Thought, Inc. v. Oracle Corp.* (cited by Apple in prior dispute letters on this issue) is inapposite because MPH has identified specific products relevant to its royalty analysis and articulated how sales of these products are connected to sales of the infringing products. MPH is entitled to the information so that it can question witnesses about it to establish how the software is used to enable acts accused of infringement.

None of the Federal Circuit cases cited by Apple assessed discoverability and are therefore not pertinent to the issues before the Court here. *Warsaw Orthopedic, Inc. v. NuVasive, Inc.,* 778 F.3d 1365, 1375 (Fed. Cir. 2015); *Am. Seating Co. v. USSC Grp., Inc.,* 514 F.3d 1262, 1269 (Fed. Cir. 2008); *Cardiac Pacemakers, Inc. v. St. Jude Med., Inc.,* 576 F.3d 1348, 1359 (Fed. Cir. 2009); *Packet Intelligence LLC v. NetScout Sys., Inc.,* 965 F.3d 1299, 1314 (Fed. Cir. 2020).

### B. MPH's Requests for Production 126-128

These requests seek information on the financial value of Apple's MDM offering, Apple Business Essentials (RPD 128), and financial aspects of Apple's enterprise business, including its acquisition of MDM platform provider Fleetsmith (RPDs 126 and 127). MPH has offered, and Apple also rejected, the following compromise instead of the full scope of the requests:

(a) The financial value of Apple's iOS/iPadOS U.S. enterprise business since 2014;
(b) Apple's U.S. financial and business reasons for acquiring Fleetsmith; and
(c) Apple's U.S. financial and business reasons for offering Apple Business Essentials.

The requested information is relevant to infringement and damages. Apple stands accused of infringing the asserted patent by providing the afore-mentioned enterprise-level software and services to enable its customers and end users to implement the accused AOVPN. The value of the enterprise and MDM software solutions and Apple's financial, strategic, or business reasons for offering them are relevant to the reasonable royalty analysis under at least *Georgia-Pacific* Factors 6, 10, and 11. *Georgia–Pacific Corp.,* 318 F. Supp. at 1120; *Intex Recreation Corp.*, 2021 WL 6618494, at **2-4; *Aylus Networks.*, No. 3:13-cv-04700-EMC, Dkt. 120.

Apple's other arguments ignore its own documents, third-party testimony and its own witnesses' testimony that AOVPN is indeed used by enterprise end-users whose enterprise-owned Apple devices are indeed configured, activated, supervised, and/or managed by software and MDM functions offered by Apple through Apple-acquired Fleetsmith (discontinued 2022) or Apple Business Essentials software or through third-party MDM companies.

## II.   APPLE'S POSITION

The Court's claim construction ruling (ECF No. 109) eliminated six of the seven patents that MPH asserted against Apple. MPH now asserts just one patent (the '302 patent) against just one Apple feature (AOVPN). To compensate for its claim construction loss that drastically cuts MPH's potential damages recovery under any theory, MPH seeks to improperly expand its damages theory for the '302 patent to cover Apple's entire "enterprise business." This over-expansive discovery should be denied as irrelevant, disproportional to the needs of the case, and beyond the scope of MPH's Rule 3-8 damages disclosure and infringement contentions.

### A.   Apple's Position on MPH's Non-Email RPD Nos. 91, 119, 120, and 122–124

"[T]he goal of LRP 3-1, which is to make discovery manageable, is best served by denying discovery for instrumentalities that were not accused in the preliminary infringement contentions." *Kelora Sys., LLC v. Target Corp.*, No. C 11-01548, 2011 WL 5444419, at *2 (N.D. Cal. Nov. 9, 2011). That applies to MPH's overreaching discovery requests here.

MPH seeks discovery on *unaccused*, multi-purpose software that is independent of AOVPN. *See, e.g.*, https://support.apple.com/guide/apple-business-manager/intro-to-apple-business-manager-axm7909096bf/web ("Apple Business Manager makes it easy to create a unique Managed Apple ID for each user in your organization . . . . Apple Business Essentials . . . [provides] 24/7 support, and iCloud storage."). To justify the discovery, MPH incorrectly asserts that "Apple does not contest that AOVPN ***must be*** configured, activated, and supervised using a

combination of these services/software." In fact, Apple engineers Tommy Pauly and Alice Dos Santos both testified that AOVPN can be configured using a simple "text editor." Moreover, the website cited by MPH states that AOVPN is "support[ed]" on devices that use the unaccused software, not—as MPH contends—that it "is only supported" on those devices. And MPH itself acknowledges that AOVPN can be managed by software "of third-party MDM companies."

Regardless, the discovery MPH seeks would be irrelevant and disproportional even if AOVPN did require the unaccused software. This is because MPH's requests seek financial and download data for that software *regardless of whether it was used with AOVPN*. *See Thought, Inc. v. Oracle Corp.*, No. 12-cv-5601, 2015 WL 2357685, at *4 (N.D. Cal. May 15, 2015) (denying financial discovery into non-accused products untethered to use of accused products).

MPH further fails to show that the unaccused software is "part of [the same] 'functional unit'" as AOVPN, as convoyed sales would require. *Am. Seating Co. v. USSC Grp., Inc.*, 514 F.3d 1262, 1269 (Fed. Cir. 2008) (accused and unaccused products must be part of the same functional unit for convoyed sales). The unaccused software configures and manages mobile devices regardless of whether they use AOVPN. *See Warsaw Orthopedic, Inc. v. NuVasive, Inc.*, 778 F.3d 1365, 1375 (Fed. Cir. 2015) ("If the convoyed sale has a use independent of the patented device, that suggests a non-functional relationship."). Courts deny convoyed sales discovery in such cases. *See, e.g.*, *Thought*, 2015 WL 2357685, at *4; *BASCOM Glob. Internet Servs., Inc. v. AT&T Corp.*, No. 3:14-CV-3942-M, 2017 WL 11490077, at *2 (N.D. Tex. July 31, 2017).

MPH's reliance on *Aylus Networks Inc. v. Apple Inc.*, No. 13-cv-4700, Dkt. 120 (N.D. Cal. Apr. 9, 2015) is misplaced. There, the court allowed discovery into a defendant's unaccused video sales that were *made using the accused functionalities*. *Id.* at 5; *see also Thought*, 2015 WL 2357685, at *4 (distinguishing *Aylus* on this basis). Here, by contrast, MPH seeks discovery into unaccused software sales made to customers *who have never used AOVPN*. The law does not allow this. *See Thought*, 2015 WL 2357685, at *4.

MPH's other arguments fail. MPH offers no explanation for its assertion that the unaccused software "is relevant to Apple's inducement and contributory infringement." Any such relevance theory suffers from the same defect as MPH's convoyed sales theory: MPH's requests are not limited to customers that use AOVPN. Unaccused software sales to customers that do not use AOVPN cannot possibly have induced or contributed to alleged infringement. Moreover, MPH's passing reference to *Georgia-Pacific* factors is bereft of any analysis of how they apply.

MPH does not dispute that Apple has produced the requested financials for the *accused* products. In fact, Apple's financials extend far beyond the scope of permissible damages. Damages for method claims (the only claims of the '302 patent) is limited to "devices that actually performed the patented method during the relevant infringement period." *Cardiac Pacemakers, Inc. v. St. Jude Med., Inc.*, 576 F.3d 1348, 1359 (Fed. Cir. 2009). Apple has already produced information for *all* sales of *all* accused iOS devices capable of using AOVPN, even though customers enabled AOVPN on only a small fraction of those devices.

As a compromise to resolve all disputes in this letter, Apple offered to produce: (1) U.S. revenue from Apple Business Essentials, Apple School Manager, and Apple Business Manager (2014 to

present); and (2) U.S. downloads of Configurator and Configurator 2 from the App Store (2014 to present). Part (1) provides all the information that MPH would need to calculate convoyed sales, as the Configurator products and Apple's Device Enrollment Program are free. Part (2) provides the information that MPH claims it needs to estimate customers' use of AOVPN.

Unfortunately, MPH rejected this compromise and countered only by "narrowing" its requests to U.S. data (obvious given patent law's territoriality principle) beginning in 2014 (obvious given that AOVPN was released then). Apple's compromise was fair, and MPH should have accepted it rather than burden the Court. The Court should deny MPH's requested relief in its entirety.

### B. Apple's Position on MPH's Non-Email RPDs Nos. 126–128

These requests seek discovery into the "financial value of Apple's enterprise business" (RFP 126), "Apple's financial, strategic or business reasons for acquiring MDM platform Fleetsmith" (RFP 127), and "Apple's financial, strategic or business reasons for offering Apple Business Essentials" (RFP 128). MPH clarified during a meet-and-confer that "enterprise business" means any product or service that Apple sells to business customers. Examples of Apple's "enterprise business" include Apple's MacBooks—which lack AOVPN functionality and are not accused of infringement—as well as iPhones and iPads on which AOVPN was never enabled and thus cannot have infringed the '302 patent (which contains only method claims).

MPH's Rule 3-8 damages disclosure does not disclose any contention that damages for the '302 patent relate in any way to the "financial value of Apple's enterprise business," or to Apple's reasons for acquiring Fleetsmith. The word "enterprise" appears just once, in an unrelated discussion of "the commercial relationship between MPH and Apple." "Fleetsmith" does not appear at all. For this reason alone, MPH's requested relief should be denied. *See Finjan, Inc. v. Cisco Systems Inc.*, No. 17-cv-00072-BLF(SVK), 2019 WL 1168536, *1–2 (N.D. Cal. Mar. 13, 2019) (denying patentee's motion to compel discovery beyond its Rule 3-8 disclosure).

Furthermore, MPH cites no authority suggesting that a patentee can obtain sweeping discovery into a defendant's entire business by accusing one feature of the defendant's products. Rather, courts have held that such discovery is irrelevant and disproportional to the needs of the case. *See Woodway USA, Inc. v. LifeCORE Fitness, Inc.*, No. 22CV492-JO (BLM), 2024 WL 890547, at *5 (S.D. Cal. Feb. 29, 2024) ("company-wide financial information" not "relevant and proportional to the needs of the case"); *C&C Jewelry Mfg., Inc. v. West*, No. C09-01303 JF (HRL), 2011 WL 2559638, at *1 (N.D. Cal. June 28, 2011) (denying discovery into defendant's "overall profitability, including revenues derived from non-accused products").

Apple's above compromise was fair for these requests also, as it addressed all "enterprise" sales that potentially could relate in any way to AOVPN. MPH instead insisted on pursuing discovery into unrelated enterprise sales. The Court should deny MPH's requested relief in its entirety.

Respectfully submitted,

By: */s/ Christopher J. Lee*

    Attorneys for Plaintiff
    *MPH TECHNOLOGIES OY*

    Patricia L. Peden, Esq.
    BURKE, WILLIAMS & SORENSEN, LLP

    Christopher J. Lee (pro hac vice)
    David J. Sheikh (pro hac vice)
    Brian E. Haan (pro hac vice)
    Ashley E. LaValley (pro hac vice)
    James D. Mitchell (pro hac vice)
    LEE SHEIKH & HAAN LLC
    125 South Clark Street, Suite 1175
    Chicago, IL  60603
    Telephone:  312-982-0070
    Facsimile:  312-982-0071

Dated:  September 3, 2024

By: */s/ Bita Rahebi*

    Attorneys for Defendant
    *APPLE INC.*

    Bita Rahebi
    Ryan J. Malloy
    Rose S. Lee
    Nima Kiaei
    MORRISON & FOERSTER LLP
    707 Wilshire Boulevard
    Los Angeles, California 90017-3543
    Telephone: (213) 892-5200
    Facsimile:  (213) 892-5454

    Richard S.J. Hung
    MORRISON & FOERSTER LLP
    425 Market Street
    San Francisco, California  94105
    Telephone: (415) 268-7000
    Facsimile:  (415) 268-7522

Dated:  September 3, 2024

**ATTESTATION**

      Pursuant to Civil L.R. 5-1(h)(3) regarding signatures, I attest under penalty of perjury that concurrence in the filing of this document has been obtained from the other signatories.

Dated:  September 3, 2024　　　　　　　By:  */s/ Bita Rahebi*

                                              Attorney for Plaintiff
                                              *MPH Technologies Oy*