# EXHIBIT A

## EXHIBIT A

**MPH'S REQUEST FOR PRODUCTION NO. 91 (05/01/2023):**

Documents and things sufficient to show all revenue received by Apple through its sale, licensing, or other offering of services, software, tools, programs, and/or subscriptions for users to configure, activate, and/or supervise devices utilizing Always On VPN, including Apple Configurator, Apple Configurator 2, Apple Device Enrollment Program, Apple School Manager, Apple Business Manager, and/or Apple Business Essentials.

**APPLE'S RESPONSE TO REQUEST FOR PRODUCTION NO. 91 (05/31/2023):**

Apple incorporates its Objections to Definitions and Instructions as set forth above. Apple further objects to this Request to the extent that it calls for information that falls within the protection of the attorney-client privilege, the common interest or joint defense privilege, the work-product doctrine, or any other applicable privilege, doctrine, or immunity. Apple will not produce privileged documents responsive to this Request. Apple further objects to this Request as vague and ambiguous with respect to "users" and "supervise devices." Apple further objects to this Request as seeking irrelevant information, overly broad, unduly burdensome, and not proportional to the needs of the case, including, without limitation, in that it requests documents without limitation to mobile VPN technologies. Apple further objects to this Request as seeking irrelevant information, overly broad, unduly burdensome, and not proportional to the needs of the case, including, without limitation, in that the scope of the Request is not limited by time or to the United States

**APPLE'S FIRST SUPP. RESPONSE TO REQUEST FOR PRODUCTION NO. 91 (2/29/2024):**

Subject to and maintaining its objections above, and after meeting and conferring with MPH regarding this Request, Apple supplements its Response to this Request as follows:

Apple objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case in requesting "all revenues received by Apple" when Apple has already produced documents sufficient to show the unit sales and revenue of the accused Apple Devices sold in the United States from July 2014 to March 2023 (Q4 FY2014 – Q2 FY2023), including all Apple products that MPH accuses of utilizing and enabling Always-on VPN when used with VPN gateways and VPN servers. Apple objects to this Request as seeking irrelevant information, overly broad, unduly burdensome, and not proportional to the needs of the case in seeking documents related to "all services, software, tools, programs, and/or subscriptions sold, licensed, or otherwise offered by Apple." These products are not accused instrumentalities in litigation, and MPH has not

articulated a theory establishing the relevance of the requested information under a collateral or convoyed sale theory.

Subject to these objections, Apple has produced non-privileged documents sufficient to show the sales, revenue, cost, and profits for the accused Apple Devices sold in the United States since September 2014 pursuant to Patent Local Rule 3-4(d)

**MPH'S REQUEST FOR PRODUCTION NO. 119 (02/22/2024):**

Documents sufficient to show the total number of downloads of each of the Apple Configurator and Apple Configurator 2 applications from the Apple App Store or other Apple sources, including applications, websites, and servers, from September 2014 to the present.

**APPLE'S RESPONSE TO REQUEST FOR PRODUCTION NO. 119 (03/25/2024):**

Apple incorporates its Objections to Definitions and Instructions as set forth above. Apple further objects to this Request to the extent that it calls for information that falls within the protection of the attorney-client privilege, the common interest or joint defense privilege, the work-product doctrine, or any other applicable privilege, doctrine, or immunity. Apple will not produce privileged documents responsive to this Request. Apple further objects to this Request to the extent it seeks third party confidential information or seeks information protected from disclosure by third parties' rights of privacy.

Apple further objects to this Request as vague and ambiguous with respect to "other Apple sources," "applications," "websites," "servers," and "downloads." Apple further objects to this Request as seeking irrelevant information, overly broad, unduly burdensome, and not proportional to the needs of the case, including, without limitation, in that it requests information about "the total number of downloads of each of the Apple Configurator and Apple Configurator 2 applications" without limitation to the accused encrypted messaging and mobile VPN functionalities. Apple further objects to this Request on the ground and to the extent that it seeks documents in a manner different from how Apple maintains them in its ordinary course of business.

**MPH'S REQUEST FOR PRODUCTION NO. 120 (02/22/2024):**

Documents and things sufficient to identify the number of iOS and iPadOS devices enrolled through or in Apple Configurator, Apple Configurator 2, Apple Device Enrollment Program, Automated Device Enrollment, Apple School Manager, Apple Business Manager, and/or Apple Business Essentials.

**APPLE'S RESPONSE TO REQUEST FOR PRODUCTION NO. 120 (03/25/2024):**

Apple incorporates its Objections to Definitions and Instructions as set forth above. Apple further objects to this Request to the extent that it calls for information that falls within the protection of the attorney-client privilege, the common interest or joint defense privilege, the work-product

doctrine, or any other applicable privilege, doctrine, or immunity. Apple will not produce privileged documents responsive to this Request.

Apple further objects to this Request to the extent it seeks third party confidential information or seeks information protected from disclosure by third parties' rights of privacy. Apple further objects to this Request as vague and ambiguous with respect to "enrolled through or in" and "devices." Apple further objects to this Request as seeking irrelevant information, overly broad, unduly burdensome, and not proportional to the needs of the case, including, without limitation, in that it requests information about "the number of iOS and iPadOS devices" without limitation to the accused encrypted messaging and mobile VPN functionalities. Apple further objects to this Request on the ground and to the extent that it seeks documents in a manner different from how Apple maintains them in its ordinary course of business.

**MPH'S REQUEST FOR PRODUCTION NO. 122 (02/22/2024):**

Documents sufficient to show the number of subscriptions and/or user sign-ups for Apple School Manager.

**APPLE'S RESPONSE TO REQUEST FOR PRODUCTION NO. 122 (03/25/2024):**

Apple incorporates its Objections to Definitions and Instructions as set forth above. Apple further objects to this Request to the extent that it calls for information that falls within the protection of the attorney-client privilege, the common interest or joint defense privilege, the work-product doctrine, or any other applicable privilege, doctrine, or immunity. Apple will not produce privileged documents responsive to this Request.

Apple further objects to this Request to the extent it seeks third party confidential information or seeks information protected from disclosure by third parties' rights of privacy. Apple further objects to this Request as vague and ambiguous with respect to "subscriptions and/or user sign-ups." Apple further objects to this Request as seeking irrelevant information, overly broad, unduly burdensome, and not proportional to the needs of the case, including, without limitation, in that it requests information about "the number of subscriptions and/or user sign-ups for Apple School Manager" without limitation to the accused encrypted messaging and mobile VPN functionalities. Apple further objects to this Request on the ground and to the extent that it seeks documents in a manner different from how Apple maintains them in its ordinary course of business.

**MPH'S REQUEST FOR PRODUCTION NO. 123 (02/22/2024):**

Documents sufficient to show the number of subscriptions and/or user sign-ups for Apple Business Manager.

**APPLE'S RESPONSE TO REQUEST FOR PRODUCTION NO. 123 (03/25/2024):**

Apple incorporates its Objections to Definitions and Instructions as set forth above. Apple further objects to this Request to the extent that it calls for information that falls within the protection of

the attorney-client privilege, the common interest or joint defense privilege, the work-product doctrine, or any other applicable privilege, doctrine, or immunity. Apple will not produce privileged documents responsive to this Request. Apple further objects to this Request to the extent it seeks third party confidential information or seeks information protected from disclosure by third parties' rights of privacy. Apple further objects to this Request as vague and ambiguous with respect to "subscriptions and/or user sign-ups."

Apple further objects to this Request as seeking irrelevant information, overly broad, unduly burdensome, and not proportional to the needs of the case, including, without limitation, in that it requests information about "the number of subscriptions and/or user sign-ups for Apple Business Manager" without limitation to the accused encrypted messaging and mobile VPN functionalities. Apple further objects to this Request on the ground and to the extent that it seeks documents in a manner different from how Apple maintains them in its ordinary course of business.

**REQUEST FOR PRODUCTION NO. 124 (02/22/2024):**

Documents sufficient to show the number of subscriptions and/or user sign-ups for Apple Business Essentials.

**APPLE'S RESPONSE TO REQUEST FOR PRODUCTION NO. 124 (03/25/2024):**

Apple incorporates its Objections to Definitions and Instructions as set forth above. Apple further objects to this Request to the extent that it calls for information that falls within the protection of the attorney-client privilege, the common interest or joint defense privilege, the work-product doctrine, or any other applicable privilege, doctrine, or immunity. Apple will not produce privileged documents responsive to this Request.

Apple further objects to this Request to the extent it seeks third party confidential information or seeks information protected from disclosure by third parties' rights of privacy. Apple further objects to this Request as vague and ambiguous with respect to "subscriptions and/or user sign-ups." Apple further objects to this Request as seeking irrelevant information, overly broad, unduly burdensome, and not proportional to the needs of the case, including, without limitation, in that it requests information about "the number of subscriptions and/or user sign-ups for Apple Business Essentials" without limitation to the accused encrypted messaging and mobile VPN functionalities. Apple further objects to this Request on the ground and to the extent that it seeks documents in a manner different from how Apple maintains them in its ordinary course of business.

**MPH'S REQUEST FOR PRODUCTION NO. 126 (02/22/2024):**

Documents sufficient to show the financial value of Apple's enterprise business.

**APPLE'S RESPONSE TO REQUEST FOR PRODUCTION NO. 126 (03/25/2024):**

Apple incorporates its Objections to Definitions and Instructions as set forth above. Apple further objects to this Request to the extent that it calls for information that falls within the protection of

the attorney-client privilege, the common interest or joint defense privilege, the work-product doctrine, or any other applicable privilege, doctrine, or immunity. Apple will not produce privileged documents responsive to this Request. Apple further objects to this Request as vague and ambiguous with respect to "financial value" and "enterprise business."

Apple further objects to this Request as seeking irrelevant information, overly broad, unduly burdensome, and not proportional to the needs of the case, including, without limitation, in that it requests information without limitation to the accused encrypted messaging and mobile VPN functionalities and in that the scope of the Request is not limited by time or to the United States. Apple further objects to this Request as premature under Federal Rules of Civil Procedure Rule 26(a)(2) and 26(b)(4) to the extent it seeks disclosure of information that is within the scope of expert testimony or opinion, which Apple will provide in accordance with the Scheduling Order. Apple further objects to this Request on the ground and to the extent that it seeks documents in a manner different from how Apple maintains them in its ordinary course of business.

**MPH'S REQUEST FOR PRODUCTION NO. 127 (02/22/2024):**

Documents and things sufficient to show or describe Apple's financial, strategic or business reasons for acquiring MDM platform Fleetsmith.

**APPLE'S RESPONSE TO REQUEST FOR PRODUCTION NO. 127 (03/25/2024):**

Apple incorporates its Objections to Definitions and Instructions as set forth above. Apple further objects to this Request to the extent that it calls for information that falls within the protection of the attorney-client privilege, the common interest or joint defense privilege, the work-product doctrine, or any other applicable privilege, doctrine, or immunity. Apple will not produce privileged documents responsive to this Request.

Apple further objects to this Request as vague and ambiguous with respect to "financial," "strategic," "business reasons," and "acquiring MDM platform Fleetsmith." Apple further objects to this Request as seeking irrelevant information, overly broad, unduly burdensome, and not proportional to the needs of the case, including, without limitation, in that it requests information without limitation to the accused encrypted messaging and mobile VPN functionalities and in that the scope of the Request is not limited by time or to the United States. Apple further objects to this Request as premature under Federal Rules of Civil Procedure Rule 26(a)(2) and 26(b)(4) to the extent it seeks disclosure of information that is within the scope of expert testimony or opinion, which Apple will provide in accordance with the Scheduling Order. Apple further objects to this Request on the ground and to the extent that it seeks documents in a manner different from how Apple maintains them in its ordinary course of business.

**MPH'S REQUEST FOR PRODUCTION NO. 128 (02/22/2024):**

Documents and things sufficient to show or describe Apple's financial, strategic or business reasons for offering Apple Business Essentials.

**APPLE'S RESPONSE TO REQUEST FOR PRODUCTION NO. 128 (03/25/2024):**

Apple incorporates its Objections to Definitions and Instructions as set forth above. Apple further objects to this Request to the extent that it calls for information that falls within the protection of the attorney-client privilege, the common interest or joint defense privilege, the work-product doctrine, or any other applicable privilege, doctrine, or immunity. Apple will not produce privileged documents responsive to this Request.

Apple further objects to this Request as vague and ambiguous with respect to "financial," "strategic," "business reasons," and "offering." Apple further objects to this Request as seeking irrelevant information, overly broad, unduly burdensome, and not proportional to the needs of the case, including, without limitation, in that it requests information without limitation to the accused encrypted messaging and mobile VPN functionalities and in that the scope of the Request is not limited by time or to the United States. Apple further objects to this Request as premature under Federal Rules of Civil Procedure Rule 26(a)(2) and 26(b)(4) to the extent it seeks disclosure of information that is within the scope of expert testimony or opinion, which Apple will provide in accordance with the Scheduling Order. Apple further objects to this Request on the ground and to the extent that it seeks documents in a manner different from how Apple maintains them in its ordinary course of business.