| | |
|---|---|
| PATRICIA L. PEDEN, ESQ. (SBN 206440)<br>ppeden@bwslaw.com<br>BURKE, WILLIAMS & SORENSEN, LLP<br>1901 Harrison Street, Suite 900<br>Oakland, CA 94612<br>Telephone:    (510) 273-8780<br>Facsimile:     (510) 839-9104<br><br>CHRISTOPHER J. LEE (*pro hac vice*)<br>clee@leesheikh.com<br>DAVID J. SHEIKH (*pro hac vice*)<br>dsheikh@leesheikh.com<br>BRIAN E. HAAN (*pro hac vice*)<br>bhaan@leesheikh.com<br>ASHLEY E. LAVALLEY (*pro hac vice*)<br>alavalley@leesheikh.com<br>JAMES D. MITCHELL (*pro hac vice*)<br>jmitchell@leesheikh.com<br>LEE SHEIKH & HAAN LLC<br>125 South Clark Street, Suite 1175<br>Chicago, IL 60604<br>Telephone:    (312) 982-0070<br>Facsimile:     (312) 982-0071<br><br>Attorneys for Plaintiff<br>*MPH TECHNOLOGIES OY* | BITA RAHEBI (SBN 209351)<br>brahebi@mofo.com<br>RYAN J. MALLOY (SBN 253512)<br>rmalloy@mofo.com<br>ROSE S. LEE (SBN 294658)<br>roselee@mofo.com<br>NIMA KIAEI (SBN 336142)<br>nkiaei@mofo.com<br>MORRISON & FOERSTER LLP<br>707 Wilshire Boulevard<br>Los Angeles, California 90017<br>Telephone:  (213) 892-5200<br>Facsimile:  (213) 892-5454<br><br>RICHARD S.J. HUNG (SBN 197425)<br>rhung@mofo.com<br>MORRISON & FOERSTER LLP<br>425 Market Street<br>San Francisco, California 94105<br>Telephone:  (415) 268-7000<br>Facsimile:  (415) 268-7522<br><br>Attorneys for Defendant<br>*APPLE INC.* |

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| MPH TECHNOLOGIES OY,<br><br>　　　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>APPLE INC.,<br><br>　　　　　　　　　　　Defendant. | Case No.  3:18-cv-05935-TLT-DMR<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Case Management Conference<br>Date: September 25, 2024<br>Time: 2 p.m. PST<br>Place: San Francisco Courthouse,<br>Courtroom 9 **(Videoconference)**<br>Judge: Hon. Trina L. Thompson |

JOINT CASE MANAGEMENT STATEMENT– CASE NO. 3:18-CV-05935-TLT-DMR

In accordance with Civil L.R. 16-10(d), paragraph 13 of the Court's Standing Order for Patent Cases, and the Court's July 22, 2024 Order (ECF No. 146), Plaintiff MPH Technologies Oy ("MPH") and Defendant Apple Inc. respectfully submit this Joint Case Management Statement for the Further Case Management Conference on September 25, 2024.

This Statement first addresses the issues in the Court's Standing Order for All Judges—Contents of Joint Case Management Statement. This Statement then addresses the issues in the Court's Patent Standing Order.

**PARTIES' STATEMENT ON ISSUES IN STANDING ORDER FOR ALL JUDGES OF THE NORTHERN DISTRICT OF CALIFORNIA**

**1. Jurisdiction and Service**

The parties have no additional updates to this section since the initial Case Management Statement, filed on April 6, 2023. (ECF No. 80).

**2. Facts**

MPH filed this lawsuit on September 27, 2018, alleging that Apple has willfully infringed MPH's patents directed to secure electronic communications. Apple denies MPH's allegations and contends that MPH's patents are invalid.

The lawsuit was stayed for nearly four years while eight Apple-initiated *inter partes* reviews of MPH's patents were adjudicated in the U.S. Patent and Trademark Office and the U.S. Court of Appeals for the Federal Circuit. After completion of the *inter partes* reviews, the Court lifted the stay.

The Court held a Case Management Conference on April 13, 2023. (ECF No. 82.) It issued a Case Management and Scheduling Order setting the case through trial, including:

- December 11, 2023: Claim construction hearing
- October 7, 2024: Deadline to complete fact discovery
- December 17, 2024: Deadline to file dispositive motions
- February 20, 2025: Final Pretrial Conference
- March 24, 2025: Trial

1  (ECF No. 83.)

2  On January 3, 2024, this Court issued an *Order Construing Claims* (ECF No. 109), which sets forth its claim construction of nine (9) disputed claim term groups. Specifically, this Court's *Order Construing Claims* adopted Apple's proposed constructions for the "secure" terms and the "unique identity" term of United States Patent Nos. 8,346,949; 9,762,397; 9,712,494; 9,712,502; and 9,838,362 ("the '949 patent family") and found the "establishing a secure connection" term of United States Patent No. 7,937,581 ("the '581 patent") to be indefinite.

On August 16, 2024, this Court issued an *Order Amending Portion of Order Construing Claims As To the '581 Patent Claims 6, 7 and 8* (ECF No. 149) holding that "Apple has shown by clear and convincing evidence that the Claim Language, viewed in light of the Specification and Prosecution History, support a finding that the language in the '581 Patent Claims 6, 7, and 8 is indefinite."

The parties are currently in the process of preparing a partial stipulated judgment for the Court's approval in which (a) MPH agrees, without prejudice to an appeal and its right to reinstatement of its claim of infringement in the event of remand, vacatur, reversal or any other outcome favorable to MPH by the United States Court of Appeals for the Federal Circuit for further proceedings on its claim of infringement of the '949 patent family, that it cannot presently meet its burden of proof of infringement of the '949 patent family under this Court's construction of the claim terms as set forth in the Court's January 3, 2024 *Order Construing Claims*; (b) MPH agrees, without prejudice to an appeal and its right to reinstatement of its claim of infringement of the '581 patent in the event of remand, vacatur, reversal or any other outcome favorable to MPH by the United States Court of Appeals for the Federal Circuit for further proceedings, that it cannot presently proceed with such claim of infringement because of this Court's rulings in its *Order Construing Claims* and *Order Amending Portion of Order Construing Claims As To the '581 Patent Claims 6, 7 and 8* that the "establishing a secure connection" term of the '581 patent is indefinite and that "the language in the '581 Patent Claims 6, 7, and 8 is indefinite," respectively; (c) Apple agrees to dismiss, without prejudice, its affirmative defenses and counterclaims directed

to the '949 patent family with the right to reassert them in the event the judgment of non-infringement on the '949 patent family is remanded to the Court after appeal; and (d) Apple agrees to dismiss, without prejudice, its affirmative defenses and counterclaims directed to the '581 patent that are not addressed in this Court's rulings in its *Order Construing Claims* and *Order Amending Portion of Order Construing Claims As To the '581 Patent Claims 6, 7 and 8* with the right to reassert them in the event the judgment of invalidity on the '581 patent is remanded to the Court after appeal.

If the contemplated partial stipulated judgment is approved by the Court, the current proceedings will be limited to the parties' claims and defenses related to United States Patent No. 8,037,302 ("the '302 patent"). The contemplated partial stipulated judgment will not address MPH's claim of infringement of the '302 patent and Apple's affirmative defenses and counterclaims with respect to the '302 patent.

**3. Factual and Legal Issues in Dispute**

The parties anticipate that the parties will dispute the following issues:

- Whether Apple directly and/or indirectly infringes any of the asserted claims of the '302 patent under 35 U.S.C. §§ 271(a)–(c) and, if so, whether the infringement is willful;

- Subject to 35 U.S.C § 315(e)(2), which in civil actions governs estoppel arising from final decisions of the Patent Office in *inter partes* reviews, whether any asserted claims of the '302 patent are invalid under 35 U.S.C §§ 102, 103, and 112;

- If liability is established as to the '302 patent, the amount of damages adequate to compensate MPH under 35 U.S.C. § 284;

- If liability and damages are established, whether such damages are limited by 35 U.S.C. §§ 286-288 and/or 28 U.S.C. § 1498, and if so, by how much;

- If liability is established as to the '302 patent, whether MPH is entitled to a permanent injunction under 35 U.S.C. § 283; and

- Whether this case is exceptional under 35 U.S.C. § 285, entitling the prevailing party to attorneys' fees.

### 4. Motions

Currently pending before Chief Magistrate Judge Donna M. Ryu is *MPH's Discovery Dispute Letter on MPH's Requests for Production Nos. 91, 119, 120, 122-124, and 126-128*. (ECF No. 156). A hearing on this motion has been set for October 10, 2024. (ECF No. 157).

### 5. Amendment of Pleadings

MPH seeks to add to its infringement contentions additional software and products recently introduced by Apple in September 2024. Apple is willing to consider MPH's request to amend its infringement contentions if it does not require additional discovery from Apple at this late juncture. Other than this anticipated amendment, the parties do not presently expect to amend the pleadings, but the parties reserve the right to do so in accordance with Fed. R. Civ. P. 15.

### 6. Evidence Preservations

The parties have no additional updates on this issue.

### 7. Disclosures

Prior to the stay in the litigation for the IPR proceedings, the parties exchanged initial disclosures on January 17, 2019. The parties served supplemental initial disclosures on April 20, 2023. Apple served its second supplemental initial disclosures on August 21, 2023, its third supplemental initial disclosures on July 8, 2024, and its fourth supplemental initial disclosures on September 6, 2024. MPH served its second supplemental initial disclosures on September 17, 2024.

### 8. Discovery Status and Anticipated Discovery

The parties have served written discovery on each other. They have also sought documents and taken depositions from third parties and two Apple witnesses. On June 26, 2024, the case was referred to Chief Magistrate Judge Donna M. Ryu for resolution of all discovery matters, including the parties' joint discovery letters (ECF Nos. 128, 129, 130, 131, 132, 133, and 142). (ECF No. 144). Chief Magistrate Judge Ryu denied the parties' previously-filed joint discovery letters

without prejudice, and directed the parties to "fully meet and confer and make best efforts to resolve or at least narrow their disputes." (*Id.*)  The parties have resolved most of their disputes and are engaged in this meet-and-confer process on the remaining disputes related to Apple's requests for discovery regarding litigation funding and communications on behalf of MPH related to licensing and monetization.  MPH contends that also pending are its request for the documents and testimony from *VirnetX v. Apple* patent litigation, which it contends Apple has not produced in time for the depositions of its witnesses scheduled for the week of September 23, 2024 despite its agreement to do by Friday, September 13, 2024 subject to its confidentiality obligations and, in any event, "well before" these depositions.  Apple contends that there is no dispute.  As Apple explained to MPH previously, it promptly executed on its third-party notice and consent requirements.  Apple expects to produce the requested *VirnetX* documents by September 20, and understands from the meet and confer that with this production, MPH's discovery issues Nos. 7 and 8 are now resolved.

The fact discovery cut-off is currently October 7, 2024. Apple has made its Rule 30(b)(1) and Rule 30(b)(6) witnesses available for deposition on September 25, 26 and 27, 2024 and October 3, 2024. MPH has made its Rule 30(b)(1) and Rule 30(b)(6) witnesses available for deposition on October 3 and 4, 2024.

Because the currently-set date for opening expert reports (October 7, 2024) falls on the same date for fact discovery cut-off, subject to the Court's approval, the parties have agreed to offer slight modifications to the expert discovery schedule so that the opening expert reports will be due on October 17, 2024 (instead of October 7, 2024) with the rebuttal expert reports due on November 18, 2024 (instead of October 28, 2024) and the completion of expert discovery on December 10, 2024 (instead of November 18, 2024). These proposed modifications to the expert discovery schedule will not affect the previously-set date for dispositive and *Daubert* motions and the subsequent dates previously set by the Court.

**9. Class Actions**

This is not a class action.

**10. Related Cases**

There are no Related Cases under Civ. L.R. 3-12.

**11.  Relief**

The parties refer to their statements for relief in their Initial Case Management Statement. (ECF No. 80).

**12.  Settlement and ADR**

On February 7, 2024, the parties participated in a mediation with Steven M. Bauer, Esq. of JAMS.  The mediation did not lead to a settlement of the lawsuit.

**13.  Consent to Magistrate Judge for All Purposes**

The Court has already referred all discovery matters to Chief Magistrate Judge Ryu. The parties do not consent to a Magistrate Judge for other matters.

**14.  Narrowing of Issues**

The anticipated filing before the September 25, 2024 Case Management hearing of the Partial Stipulated Judgment by the parties will reduce the scope of this case to MPH's claim of infringement of the '302 patent and Apple's defenses and counterclaims relating to the '302 patent.

**15.  Scheduling**

The Court previously entered a Case Management Order that scheduled the case through trial. (ECF No. 83).  As noted in Section 8, the parties anticipate, with the Court's approval, slightly modifications of the expert discovery dates.

**16.  Trial**

The parties refer to Section 15 above.

**17. Disclosure of Non-Party Interested Entities or Persons**

Apple has sought discovery on the existence and nature of any litigation funding in this lawsuit. As set forth below, MPH and Apple disagree on the relevance of any such discovery, and, in any event, MPH believes that any such discovery would be immunized from discovery under the work product and common interest doctrines.

Apple's motion to compel a third-party litigation funding entity for discovery pursuant to a subpoena was initially filed in the U.S. District Court for the District of Delaware, and then transferred to this district. The motion is set for hearing on October 18, 2024 before Magistrate Judge Alex G. Tse.

**18. Professional Conduct**

All attorneys of record have reviewed the Guidelines for Professional Conduct for the Northern District of California.

**PARTIES' STATEMENT ON ISSUES IN COURT'S PATENT STANDING ORDER**

**A. Whether either party wishes the Court to certify the claim construction ruling for immediate appeal to the Federal Circuit**

Neither party wishes the Court to certify the ruling for immediate appeal.

**B. The filing of dispositive motions, and the timing of those motions**

Under the April 14, 2023 CMC Order, the last day to file dispositive motions is December 17, 2024. (ECF 83, at p. 1.)

**C. If willful infringement has been asserted, whether the allegedly-infringing party wishes to rely on the advice of counsel defense—if so, the parties should be prepared to address proposals for resolving any attorney-client privilege issues that arise, and whether the parties believe bifurcation of the trial into liability and damages phases would be appropriate.**

Apple is not relying on the advice of counsel defense and thus did not have a disclosure to make under Patent Local Rule 3-7.

**D.     Anticipated post-claim construction discovery**

As set forth in Section 8 above, the parties have exchanged document requests, interrogatories, requests for admission and deposition notices, and are working on finishing discovery responses and fact witness depositions directed to the '302 patent on or before the current fact discovery cut-off date of October 7, 2024 other than the subject matters of the pending

discovery motion set to be heard in this case before Chief Magistrate Judge Ryu on October 10, 2024. The parties have resolved most of their discovery disputes and are engaged in a meet-and-confer process on the remaining disputes related to Apple's requests for discovery regarding litigation funding and communications on behalf of MPH related to licensing and monetization. MPH contends that also pending is its request for the documents and testimony from *VirnetX v. Apple* patent litigation, which it contends Apple has not produced in time for the depositions of its witnesses scheduled for the week of September 23, 2024 despite its agreement to do by Friday, September 13, 2024 subject to its confidential obligations and, in any event, "well before" these depositions.  As Apple explained, it is producing the agreements and believes there is no dispute.

**E. Proposed deadlines and court dates for the remainder of the case schedule**

The parties respectfully submit that it makes sense for the fact discovery cut-off date and the date for opening expert reports to be staggered by ten (10) days. Accordingly, the parties propose that the Court issue a revised CMC and Scheduling Order with deadlines and court dates set forth in Attachment A.

**F. Any Other Pretrial Matters**

None.

**G. The Progress of Settlement Discussions**

Please see Section 12 above.

|     |     |     |
| --- | --- | --- |
| 1   | Dated: September 19, 2024 | Respectfully Submitted, |
| 2   |     |     |
| 3   |     | */s/ Christopher J. Lee* |
| 4   |     | Attorneys for Plaintiff<br>*MPH TECHNOLOGIES OY* |

Dated: September 19, 2024            Respectfully Submitted,

                                               */s/ Christopher J. Lee*

                                               Attorneys for Plaintiff
                                               *MPH TECHNOLOGIES OY*

                                               Patricia L. Peden, Esq. (SBN 206440)
                                               BURKE, WILLIAMS & SORENSEN, LLP

                                               Christopher J. Lee (*Pro Hac Vice*)
                                               David J. Sheikh (*Pro Hac Vice*)
                                               Brian E. Haan (*Pro Hac Vice*)
                                               Ashley E. LaValley (*Pro Hac Vice*)
                                               James D. Mitchell (*Pro Hac Vice*)
                                               LEE SHEIKH & HAAN LLC


                                               Respectfully Submitted,


                                             */s/ Bita Rahebi*

                                             Attorneys for Defendant
                                             *APPLE INC.*

                                             Bita Rahebi (SBN 209351)
                                             Richard S.J. Hung (SBN 197425)
                                             Ryan J. Malloy (SBN 253512)
                                             Rose S. Lee (SBN 294658)
                                             Nima Kiaei (SBN 336142)
                                             MORRISON & FOERSTER LLP

**ATTESTATION CLAUSE**

I, Christopher J. Lee, am the ECF user whose identification and password are being used in this filing. In compliance with Civil Local Rule 5-1(i)(3), I hereby attest that Bita Rahebi of Morrison & Foerster LLP has concurred in the filing of this document.

Dated: September 19, 2024                             /s/ Christopher J. Lee

# ATTACHMENT A

| Event | Current Deadline | Parties' Proposal |
|---|---|---|
| Close of Fact Discovery | October 7, 2024 | No change other than any additional discovery allowed pursuant to pending discovery motion |
| Designation of Expert Witnesses, Exchange of Initial Expert Reports for Which Party Bears the Burden (Fed. R. Civ. P. 26(a)(2)) | October 7, 2024 | October 17, 2024 |
| Designation of Rebuttal Experts and Exchange of Rebuttal Expert Reports (Fed. R. Civ. P. 26(a)(2)) | October 28, 2024 | November 18, 2024 |
| Completion of Expert Discovery | November 18, 2024 | December 10, 2024 |
| Deadline to File Dispositive Motions and Any Motion to Limit or Exclude Expert Testimony | December 17, 2024 | No change |
| Pretrial Meet and Confer and Exchange of Evidence and Witnesses (Thompson Civil Pretrial S.O. ¶¶ 2–4) | 30 days before Pretrial Conference | 30 days before Pretrial Conference |
| Parties to Make Good Faith Effort to Stipulate to Evidentiary Issues and Exhibits' Admissibility; Parties to File Motions *in Limine* (Thompson Civil Pretrial S.O. ¶¶ 21, 24, 25) | 21 days before Pretrial Conference | 21 days before Pretrial Conference |
| Parties to File Pretrial Documents, Joint Pretrial Statement, Proposed Pretrial Order, and any Opposition Papers to Motions *in Limine* (Thompson Civil Pretrial S.O. ¶ 5) | February 6, 2025 | |
| Pretrial Conference | February 20, 2025 | |

| Event | Current Deadline | Parties' Proposal |
|---|---|---|
| Trial Briefs and Exhibits Due (Thompson Civil Pretrial S.O. ¶¶ 17, 23) | 7 days before Trial | 7 days before Trial |
| Parties to File Exhibit and Witness Lists (Thompson Civil Pretrial S.O. ¶ 23) | 3 days before Trial | 3 days before Trial |
| Jury Trial | March 24, 2025 – April 16, 2025 | |