| | |
|---|---|
| Patricia L. Peden, Esq. (SBN 206440)<br>ppeden@bwslaw.com<br>BURKE, WILLIAMS & SORENSEN, LLP<br>1999 Harrison Street, Suite 1650<br>Oakland, CA 94612<br>Phone: (510) 273.8780<br>Fax: (510) 839.9104<br><br>Christopher J. Lee (*Pro Hac Vice*)<br>clee@leesheikh.com<br>David J. Sheikh (*Pro Hac Vice*)<br>dsheikh@leesheikh.com<br>Brian E. Haan (*Pro Hac Vice*)<br>bhaan@leesheikh.com<br>Ashley E. LaValley (*Pro Hac Vice*)<br>alavalley@leesheikh.com<br>James D. Mitchell (Pro Hac Vice)<br>jmitchell@leesheikh.com<br>LEE SHEIKH & HAAN LLC<br>125 South Clark Street, Suite 1175<br>Chicago, IL 60603<br>Phone: (312) 982-0070<br>Fax: (312) 982-0071<br><br>Attorneys for Plaintiff<br>*MPH TECHNOLOGIES OY* | BITA RAHEBI (SBN 209351)<br>brahebi@mofo.com<br>RYAN J. MALLOY (SBN 253512)<br>rmalloy@mofo.com<br>ROSE S. LEE (SBN 294658)<br>roselee@mofo.com<br>NIMA KIAEI (SBN 336142)<br>nkiaei@mofo.com<br>Morrison & Foerster LLP<br>707 Wilshire Boulevard<br>Los Angeles, California 90017<br>Telephone:  (213) 892-5200<br>Facsimile:  (213) 892-5454<br><br>RICHARD S.J. HUNG (SBN 197425)<br>rhung@mofo.com<br>Morrison & Foerster LLP<br>425 Market Street<br>San Francisco, California 94105<br>Telephone:  (415) 268-7000<br>Facsimile:  (415) 268-7522<br><br>Attorneys for Defendant<br>*APPLE INC.* |

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| MPH TECHNOLOGIES OY,<br><br>   Plaintiff,<br><br>vs.<br><br>APPLE INC.,<br><br>   Defendant. | Case No. 3:18-cv-05935-TLT<br><br>[PROPOSED] **PARTIAL STIPULATED JUDGMENT AND ORDER ON UNITED STATES PATENT NOS. 8,346,949, 9,762,397, 9,712,494, 9,712,502, 9,838,362 AND 7,937,581**<br><br>Judge: Hon. Trina L. Thompson |

WHEREAS, this is a patent infringement action brought by plaintiff MPH Technologies Oy ("MPH") against defendant Apple Inc. ("Apple");

WHEREAS, this Court has jurisdiction over the claims in this action pursuant to 28 U.S.C. §§ 1331 and 1338;

WHEREAS, MPH has asserted that Apple infringes (a) claims 1, 3, 9, 11, 12, 13, and 28 of United States Patent No. 8,346,949; claim 1 of United States Patent No. 9,762,397; claims 2, 4, 9, and 11 of United States Patent No. 9,712,494; claims 7–9 of United States Patent No. 9,712,502; and claims 3, 5, 10, 12–14 and 16 of United States Patent No. 9,838,362 (collectively, "the '949 patent family"); (b) Claims 6–8 of United States Patent No. 7,937,581 ("the '581 patent"); and (c) claims 1–6, 9–11, 13, and 16 of United States Patent No. 8,037,302 ("the '302 patent");

WHEREAS, Apple denies infringement, and has asserted a number of affirmative defenses and counterclaims, including that the asserted claims of the patents in suit are invalid;

WHEREAS, on January 3, 2024, this Court issued an *Order Construing Claims* (Dkt. No. 109), which sets forth its claim construction of nine (9) disputed claim term groups;

WHEREAS, this Court's *Order Construing Claims* adopted Apple's proposed constructions for the "secure" terms and the "unique identity" term of the '949 patent family;

WHEREAS, this Court's *Order Construing Claims* found the "establishing a secure connection" term of all asserted claims (claims 6–8) of the '581 patent to be indefinite;

WHEREAS, MPH cannot meet its burden of proof of infringement of the '949 patent family under the Court's constructions of either the "secure" terms or the "unique identity" term as set forth in the Court's January 3, 2024 Order Construing Claims and cannot proceed with its claim of infringement for all asserted claims of the '581 Patent because of this Court's rulings in its Order Construing Claims and Order Amending Portion of Order Construing Claims As To the '581 Patent Claims 6, 7 and 8 that the "establishing a secure connection" term of the '581 patent is indefinite and that "the language in the '581 Patent Claims 6, 7, and 8 is indefinite";

WHEREAS, on August 16, 2024, this Court issued an *Order Amending Portion of Order Construing Claims As To the '581 Patent Claims 6, 7 and 8* (Dkt. No. 149) holding that "Apple has shown by clear and convincing evidence that the Claim Language, viewed in light of the Specification and Prosecution History, support a finding that the language in the '581 Patent Claims 6, 7, and 8 is indefinite";

WHEREAS, MPH respectfully disagrees with the Court's constructions of the "secure" terms and the "unique identity" term of the '949 patent family in the *Order Construing Claims* (Dkt. No. 109);

WHEREAS, MPH respectfully disagrees with this Court's finding in its *Order Construing Claims* (Dkt. No. 109) that the "establishing a secure connection" term of the '581 patent is indefinite;

WHEREAS, MPH respectfully disagrees with this Court's holding in its *Order Amending Portion of Order Construing Claims As To the '581 Patent Claims 6, 7 and 8* (Dkt. No. 149) that "the language in the '581 Patent Claims 6, 7, and 8 is indefinite";

WHEREAS, MPH agrees, without prejudice to an appeal and its right to reinstatement of its claim of infringement in the event of remand, vacatur, reversal or any other outcome favorable to MPH by the United States Court of Appeals for the Federal Circuit for further proceedings on its claim of infringement of the '949 patent family, that it cannot presently meet its burden of proof of infringement of the '949 patent family under this Court's construction of the claim terms as set forth in the Court's January 3, 2024 *Order Construing Claims*;

WHEREAS, MPH agrees, without prejudice to an appeal and its right to reinstatement of its claim of infringement of the '581 patent in the event of remand, vacatur, reversal or any other outcome favorable to MPH by the United States Court of Appeals for the Federal Circuit for further proceedings, that it cannot presently proceed with such claim of infringement because of this Court's rulings in its *Order Construing Claims* and *Order Amending Portion of Order Construing Claims As To the '581 Patent Claims 6, 7 and 8* that the "establishing a secure connection" term of the '581 patent is indefinite and that "the language in the '581 Patent Claims 6, 7, and 8 is indefinite," respectively;

WHEREAS, Apple agrees to dismiss, without prejudice, its affirmative defenses and counterclaims directed to the '949 patent family with the right to reassert them in the event the judgment of non-infringement on the '949 patent family is remanded to the Court after appeal;

WHEREAS, Apple agrees to dismiss, without prejudice, its affirmative defenses and counterclaims directed to the '581 patent that are not addressed in this Court's rulings in its *Order Construing Claims* and *Order Amending Portion of Order Construing Claims As To the '581 Patent Claims 6, 7 and 8* with the right to reassert them in the event the judgment of invalidity on the '581

patent is remanded to the Court after appeal;

WHEREAS, this Partial Stipulated Judgment does not, and is not intended to, address MPH's claim of infringement of the '302 patent and Apple's affirmative defenses and counterclaims with respect to United States Patent No. 8,037,302; and

WHEREAS, this stipulation does not impact the parties' claims, defenses and counterclaims relating to United States Patent No. 8,037,302;

IT IS HEREBY ORDERED that this Partial Stipulated Judgment is entered in favor of Apple and against MPH on MPH's claim that Apple infringes the '949 patent family subject to and without prejudice to an appeal and MPH's right to reinstatement of its claim of infringement in the event of remand, vacatur, reversal or any other outcome favorable to MPH by the United States Court of Appeals for the Federal Circuit;

IT IS HEREBY ORDERED that this Partial Stipulated Judgment is entered in favor of Apple and against MPH on Apple's counterclaim that Claims 6, 7 and 8 of the '581 patent are indefinite and, thus, invalid under 35 U.S.C. § 112 subject to and without prejudice to an appeal and MPH's right to reinstatement of its claim of infringement in the event of remand, vacatur, reversal or any other outcome favorable to MPH by the United States Court of Appeals for the Federal Circuit;

IT IS HEREBY ORDERED that this Partial Stipulated Judgment adjudicates fewer than all the claims or the rights and liabilities of the parties as provided in Fed.R.Civ.P 54(b), and, when the Court enters final judgment on all remaining claims, defenses, and counterclaims in this action, will become an appealable final judgment that is subject to the same right of appeal that MPH would have in the event a final judgment of non-infringement of the '949 patent family and invalidity due to indefiniteness of the '581 patent had been entered following either a dispositive ruling by the Court or a jury verdict due to the Court's claim constructions of claim terms of the '949 patent family and the '581 patent in its *Order Construing Claims* and *Order Amending Portion of Order Construing Claims As To the '581 Patent Claims 6, 7 and 8*; and

IT IS FURTHER ORDERED that Apple's affirmative defenses and counterclaims with respect to the '949 patent family and the '581 patent are dismissed without prejudice to Apple's right to reassert its defenses and counterclaims in the event of remand or any other assertions by MPH under those

patents.

**IT IS SO STIPULATED.**

| Dated: September 23, 2024 | Respectfully submitted, |
|---|---|
| | /s/ Christopher J. Lee |

Attorneys for Plaintiff
*MPH TECHNOLOGIES OY*

Patricia L. Peden, Esq. (SBN 206440)
BURKE, WILLIAMS & SORENSEN, LLP

Christopher J. Lee (*pro hac vice*)
David J. Sheikh (*pro hac vice*)
Brian E. Haan (*pro hac vice*)
Ashley E. LaValley (*pro hac vice*)
James D. Mitchell (*pro hac vice*)
LEE SHEIKH & HAAN LLC

Dated:  September 23, 2024              Respectfully submitted,
                                                                  /s/  Bita Rahebi

Attorneys for Defendant
*APPLE INC.*

Bita Rahebi (SBN 209351)
BRahebi@mofo.com
MORRISON & FOERSTER LLP
707 Wilshire Boulevard
Los Angeles, California  90017-3543
Telephone: 213.892.5200
Facsimile:  213.892.5454

Richard S.J. Hung (SBN 197425)
RHung@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: 415.268.7000
Facsimile:  415.268.7522

**ATTESTATION OF CONCURRENCE IN FILING**

Pursuant to Civil Local Rule 5-1(i)(3), I attest that concurrence in the filing of this document has been obtained from each of the signatories listed above.

Dated: September 23, 2024            */s/ Christopher J. Lee*

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

Dated: September 25, 2024

_____
Honorable Trina Thompson
United States District Judge